## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Nicole Jennings Wade, Jonathan
D. Grunberg, and G. Taylor
Wilson,

              Plaintiffs,

v.                                                            Case No. 1:22-cv-1073-MLB

L. Lin Wood,

              Defendant.

_____/

## <u>ORDER</u>

Plaintiffs and Defendant practiced law together for many years. Their relationship soured when Plaintiffs started their own firm. Plaintiffs claim Defendant owed them money, refused to pay, and bad-mouthed them on social media. Plaintiffs say Defendant ultimately made "accusations to his . . . 800,000 social media followers that Plaintiffs committed the crime of extortion and attempted extortion when Plaintiffs tried to privately resolve their disputes with" him. (Dkt. 1 ¶ 1.) Plaintiffs sued Defendant for defamation.

At the start of the case, Plaintiffs sent the Court a letter flagging a potential conflict of interest. The letter explained that (1) the undersigned used to work for Alston & Bird, LLP ("A&B"), (2) two A&B attorneys represented Defendant during the separation of their legal practices, (3) Plaintiffs' counsel sent the A&B attorneys a settlement offer (4) Defendant published that email on social media, characterizing it as extortion, and (5) Defendant's characterization of the settlement offer is central to Plaintiffs' defamation claims. Plaintiffs said they "believe" the two A&B attorneys "will be material witnesses to this case," which "may create an irreconcilable conflict for [the undersigned] as the presiding judge."

The Court immediately held a teleconference to discuss Plaintiffs' letter and disclose more information about the undersigned's connection to A&B. The parties discussed whether the A&B lawyers might be witnesses about the email they received from Plaintiffs' counsel and Defendant later published. The Court directed the parties to provide any other information that might cast doubt on the undersigned's impartiality or better establish the A&B attorneys as material witnesses. Plaintiffs followed up with an email saying they have no "additional facts

or circumstances to present" and "will be satisfied with whatever decision [the Court] makes on this issue." Defendant noted in a separate email that he "intend[s] to pursue a legal malpractice claim against [A&B] in the near future." That threatened litigation is neither part of this matter nor before the undersigned.[1]

The basic rule on recusal is codified in 28 U.S.C. § 455(a). It says a federal judge must "disqualify himself [or herself] in any proceeding in which his [or her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see also* Ga. Code of Judicial Conduct Rule 2.11(A). "The test is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990). Another provision says a judge should recuse if the judge "served as a lawyer in the matter in controversy, or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the

---

[1] The Court has attached Plaintiffs' initial letter, Plaintiffs' subsequent email to the Court, and Defendant's email as exhibits to this Order.

matter, or the judge or lawyer has been a material witness concerning it." 28 U.S.C. § 455(b)(2).[2]

The first two situations set forth in subsection (b)(2) do not apply here. And the third situation's use of the past tense—"has been a material witness"—means that would have had to happen during the judge's affiliation with the matter or with a lawyer who previously served as a witness. It does not require recusal when a judge's *former* colleagues may be material witnesses in a *new* matter. The provisions thus do not require the undersigned to recuse from this case. None of the undersigned's former A&B colleagues have been material witnesses so far. And at least *at this point*, the Court cannot see how anyone from A&B is likely to become a material witness going forward—including the two attorneys who represented Defendant in the early stages of his dispute with Plaintiffs and received an email from Plaintiffs' counsel. It

---

[2] Another provision requires recusal if a judge's relative is like to be a material witness. 28 U.S.C. § 455(b)(iv); *see* Ga. Code of Judicial Conduct Rule 2.11(A)(2)(d) (requiring recusal based on judge's specific relationship with material witness). No one suggests that is possible here.

is unclear whether those attorneys could provide any relevant, non-privileged information.  No such showing has been made.

The undersigned does have ties to A&B.  But based on the record now before the Court, those ties are too attenuated to raise serious questions about the Court's impartiality.  Recusal is not warranted under the current facts.  If that changes, the Court and the parties may revisit the issue.  The Court recognizes Plaintiffs have not moved for the Court's disqualification but issues this order to document the proceedings thus far.  The Court stayed the date by which Defendant must answer or otherwise file a responsive pleading to the complaint pending resolution of this issue.  The Court now **ORDERS** Defendant to do so within 30 days from the date of this order.

**SO ORDERED** this 21st day of April, 2022.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

# BUCKLEY | BEAL

**ANDREW M. BEAL**
Direct Dial: (404) 688-2685
Email: ABEAL@BUCKLEYBEAL.COM

March 30, 2022

## VIA ELECTRONIC MAIL ONLY

Honorable Michael L. Brown,
Judge, United States District Court
Northern District of Georgia

ATTN: Jessica Kelley,
Courtroom Deputy Clerk
1942 United States Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303-3309
Jessica_Kelley@gand.uscourts.gov

      Re:   Nicole Jennings Wade, et. al. v. L. Lin Wood, United States District
Court, Northern District of Georgia, Atlanta Division, CAF: 1:22-cv-
01073-MB

Dear Judge Brown:

This firm represents the Plaintiffs in the above-referenced lawsuit against attorney L. Lin Wood. This matter was recently assigned to you after Judge Totenberg declined the matter and Judge Jones recused himself.

This case involves claims by my clients, who were Mr. Wood's former law partners, against Mr. Wood for defamation. Most of Mr. Wood's defamatory statements relate to my clients' separation from Mr. Wood's law firm, a dispute for which Mr. Wood was represented by Mr. Christopher Marquardt and Mr. Joseph Burby of Alston and Bird, LLP. In fact, several of Mr. Wood's alleged defamatory statements were made in reference to communications made to Mr. Marquardt and Mr. Burby on behalf of my clients. For this reason, we believe your former partners

Hon. Michael Brown
March 30, 2022
Page 2

will be material witnesses to this case, and that fact alone may create an irreconcilable conflict for Your Honor as the presiding judge on this matter.

Additionally, Your Honor and Mr. Marquardt were witnesses and deponents in the matter of Stearns v. Alston and Bird. As such, we believe that Your Honor's close association with claims brought by this firm and Your Honor's former partners' involvement in this current litigation create grounds that cause us to respectfully request that Your Honor consider recusal from this case.

We thank Your Honor for consideration of this matter.

Sincerely,

Andrew M. Beal

cc:     L. Lin Wood, Esq, (via email)
        Ibrahim Reyes, Esq. (via email)
        clients (via email)

| **From:** | Michael Glosup |
| --- | --- |
| **To:** | Jessica Kelley |
| **Cc:** | Andrew Beal; Milinda Brown; Ibrahim Reyes; Lin Wood |
| **Subject:** | Wade, et. al. v. Wood, CAF: 1:22-cv-01073-MLB |
| **Date:** | Wednesday, April 6, 2022 2:43:05 PM |

**CAUTION - EXTERNAL:**

Dear Ms. Kelley,

Please see the below email from Andrew Beal to Judge Brown regarding the above-referenced matter.  We would appreciate if you would forward same to His Honor.

Thank you,

----------------

Dear Judge Brown:

Thank you very much for taking the time to conduct the telephone discussion with counsel regarding our email concerning recusal.  We do not have any additional facts or circumstances to present to you above what was discussed last week.

Again, we sincerely appreciate your making the time for us, and we are confident that we will be satisfied with whatever decision Your Honor makes on this issue.

Thank you.

**ANDREW M. BEAL**

Buckley Beal, LLP
Bank of America Plaza, Suite 3900
600 Peachtree Street
Atlanta, GA. 30308
(404) 688-2685



**BUCKLEY | BEAL**

MICHAEL L. GLOSUP, SENIOR PARALEGAL
**Direct:** 404-920-0344 | **Fax:** 404-688-2988 | **Email:** mglosup@buckleybeal.com

600 Peachtree Street, N.E. | Suite 3900 | Atlanta, Georgia 30308
www.buckleybeal.com

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

| | |
|---|---|
| **From:** | Lin Wood |
| **To:** | Jessica Kelley |
| **Cc:** | Andrew Beal; Milinda Brown; Michael Glosup; Ibrahim Reyes |
| **Subject:** | Re: Wade, et. al. v. Wood, CAF: 1:22-cv-01073-MLB |
| **Date:** | Wednesday, April 6, 2022 2:55:09 PM |

**CAUTION - EXTERNAL:**

Dear Ms. Kelley,

I am sorry that I was unable on short notice to attend the conference with Judge Brown last week.

Please allow this email to serve as notification to Judge Brown that I have placed Alston Bird on notice that I intend to pursue a legal malpractice claim against the firm in the near future.

Since Mr. Beal has raised concerns about Alston Bird partners as potential witnesses in this litigation, I felt it appropriate to share this information with the Court.

Thank you and God bless you.

Lin

L. Lin Wood
L. Lin Wood, P.C.
P.O. Box 52584
Atlanta, GA 30355-0584
Telephone: (404) 891-1402
Direct Dial: (404) 891-1406
E-Mail: lwood@linwoodlaw.com


> On Apr 6, 2022, at 2:43 PM, Michael Glosup <mglosup@buckleybeal.com> wrote:
>
>
> Dear Ms. Kelley,
>
> Please see the below email from Andrew Beal to Judge Brown regarding the above-referenced matter.  We would appreciate if you would forward same to His Honor.
>
> Thank you,
>
> ----------------
>
>
> Dear Judge Brown:
>
> Thank you very much for taking the time to conduct the telephone

discussion with counsel regarding our email concerning recusal.  We do not have any additional facts or circumstances to present to you above what was discussed last week.

Again, we sincerely appreciate your making the time for us, and we are confident that we will be satisfied with whatever decision Your Honor makes on this issue.

Thank you.

**ANDREW M. BEAL**

Buckley Beal, LLP
Bank of America Plaza, Suite 3900
600 Peachtree Street
Atlanta, GA. 30308
(404) 688-2685



MICHAEL L. GLOSUP, SENIOR PARALEGAL
**Direct:** 404-920-0344 | **Fax:** 404-688-2988 | **Email:** mglosup@buckleybeal.com
600 Peachtree Street, N.E. | Suite 3900 | Atlanta, Georgia 30308
www.buckleybeal.com

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.