UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ATLANTA

| | | |
|---|---|---|
| NICOLE JENNINGS WADE, | ) | |
| JOHNATHAN D. GRUNBERG, and | ) | |
| G. TAYLOR WILSON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | |
| L. LIN WOOD, | ) | FILE NO. 1:22-CV-01073 |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT L. LIN WOOD'S RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

COMES NOW, Defendant L. LIN WOOD, and files this Memorandum of Law in Support of Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim, and shows this Court as follows:

### INTRODUCTION AND STATEMENT OF FACTS

Plaintiffs' Complaint establishes it is "a defamation action against Defendant Wood." (*See* Verified Complaint for Defamation, Paragraph 1). The Complaint also states as follows: "Plaintiffs assert this defamation claim for Defendant Wood's indisputably knowing false statements of fact that Plaintiffs are guilty of criminal conduct for which Wood asserts Plaintiffs should be disbarred from the practice of law." (Id at Paragraph 4).

1

Specifically, Plaintiffs' Complaint sets forth a timeline of events, beginning with the Plaintiffs' departure from Defendant Wood's law firm in February of 2020 (Id at Paragraph 29). Paragraph 30 then alleges: "Immediately following Plaintiffs' departure from LLW PC, Defendant Wood began threatening each Plaintiff civilly, criminally, personally, physically, professionally, and/or financially via a multitude of false statements and vile and profane threats to Plaintiffs, many of which were copied to third parties." Paragraph 31 provides a specific example and explanation of allegedly "false statements" which were "copied to third parties" on February 14, 2020. (Id at Paragraph 31). Additionally, the Plaintiffs reference a March 4, 2020 email which contained "vague and made-up accusations of criminal conduct." (Id at Paragraph 40). Finally, the Plaintiffs' Complaint alleges as follows: "Defendant Wood has made numerous disparaging statements about each of the Plaintiffs and their law firm, WGW, over a period of more than two years." (Id at Paragraph 71).

## ARGUMENT AND CITATION TO AUTHORITY

I. **Standard of Review**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The Rule's purpose is to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A

plaintiff's failure to comply with Rule 8(a)(2) is grounds for dismissal. When considering a Rule 12(b)(6) motion to dismiss, the Court must accept all facts in the complaint as true and view them in the light most favorable to the plaintiff. *Hardy v. Regions Mortg., Inc.*, 449 F.3d 1357, 1359 (11th Cir. 2006). The Court need not, however, accept a plaintiff's legal conclusions. *Twombly*, 550 U.S. at 555.

"The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Simpson v. Sanderson Farms*, Inc., 744 F.3d 702, 708 (11th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims must be dismissed." *Valentine Communications, LLC v. Six Continents Hotels, Inc.*, 389 F. Supp. 3d 1223, 1229 (N.D. Ga. 2019); *see Twombly*, 550 U.S. at 544; *see also Financial Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007).

## II. **Plaintiffs fail to state a claim upon which relief can be granted because the statute of limitations has run as to their defamation claim.**

Under Georgia law, claims alleging injuries to reputation shall be brought within one year after the right of action accrues. *See* O.C.G.A. § 9-3-33; *Davis v. Hosp. Auth. Of Fulton County*, 154 Ga. App. 654, 656 (1980). Such actions for injuries to reputation encompass libel and slander claims and "must be brough within

one year of the date of the alleged defamatory acts." *Jahannes v. Mitchell*, 220 Ga. App 102, 105 (1996). Moreover, the fact a plaintiff was ignorant of the injurious act will not toll the statute. *See Irvin v. Bentley*, 18 Ga. App. 662 (1916).

As set forth in the Introduction and Statement of Facts, Plaintiffs' Complaint makes clear it is a defamation action and specifically references alleged false statements from 2020 that accused the Plaintiffs of criminal conduct. In particular, Paragraphs 30, 31, 40, and 71 of Plaintiffs' Complaint explicitly mention and rely on statements communicated to third parties in 2020 in support of their defamation claim. Unfortunately for the Plaintiffs, all such defamation claims asserted here are barred by the one year statute of limitations (S*ee* O.C.G.A. 9-3-33). It is without question that claims for injuries to reputation, which include libel and slander claims, "must be brought within one year of the date of the alleged defamatory acts." (Jahannes at 105).

Plaintiffs' Complaint has alleged defamatory acts that occurred in 2020. The obvious import of these allegations is that any claim for injuries to reputation was required to be asserted in 2021. The Plaintiffs' Complaint was filed on March 17, 2022. As a result, the Plaintiffs' Complaint fails to state a claim due to the expiration of the statute of limitations governing injuries to reputation.

## **CONCLUSION**

Plaintiffs failed to state a claim upon which relief can be granted in their Complaint regarding their defamation claims. Under Georgia law, the statute of limitations has expired on Plaintiffs' defamation claims, as they failed to bring such claims within one year of the alleged injurious statements.

WHEREFORE, Defendant L. LIN WOOD, asks that this Court GRANT his Motion to Dismiss and dismiss Plaintiffs' claims against him.

Respectfully submitted,

**DOWNEY & CLEVELAND, LLP**

By:  /s/ R. CHRISTOPHER HARRISON
    R. Christopher Harrison
    Georgia State Bar No. 333199
    harrison@downeycleveland.com

Downey & Cleveland, LLP
288 Washington Avenue
Marietta, GA 30060-1979
T: 770-422-3233
F: 770-423-4199

**L. LIN WOOD, P.C.**

By: /s/ L. LIN WOOD
    L. Lin Wood
    Georgia State Bar No. 774588
    lwood@linwoodlaw.com

L. Lin Wood, P.C.
P.O. Box 52584
Atlanta, GA 30355
T: 404-891-1402
F: 404-506-9111

**REYES LAWYERS, P.A.**

By: /s/ IBRAHIM REYES
    Ibrahim Reyes
    Florida State Bar No. 581798
    ireyes@reyeslawyers.com

Reyes Lawyers, P.A.
236 Valencia Avenue
Coral Gables, FL 33134
T: 305-445-0011
F: 305-445-1181

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Andrew M. Beal, Esq.
Milinda Brown, Esq.
Buckley Beal LLP
600 Peachtree Street, NE
Suite 3900
Atlanta, GA 30308

This 3rd day of June, 2022.

                **DOWNEY & CLEVELAND, LLP**

                By: /s/ R. CHRISTOPHER HARRISON
                    **R. CHRISTOPHER HARRISON**
                    Georgia State Bar No. 333199
                    harrison@downeycleveland.com