## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

NICOLE JENNINGS WADE,
JONATHAN D. GRUNBERG, and
G. TAYLOR WILSON,

        Plaintiffs,

    v.

L. LIN WOOD,

        Defendant.

Case No. 1:22-CV-01073

## PLAINTIFFS' SUPPLEMENTAL BRIEF IN OPPOSITION TO NON-PARTY GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY'S MOTION TO STAY

COME NOW Plaintiffs in the above-styled matter and file this supplemental brief in opposition to non-party Georgia Farm Bureau Mutual Insurance Company's ("GFB") Motion to Stay (Doc. 17).

## FACTUAL BACKGROUND

Plaintiffs filed this case on March 17, 2022 (Doc. 1), and Defendant originally filed a Motion to Dismiss, (Doc. 16), but shortly thereafter withdrew that motion (Doc. 20) and filed an answer on June 27, 2022. (Doc. 21). On May 31, 2022, in the Superior Court of Fulton County, GFB filed its Complaint for Declaratory Judgment including all parties to this matter as defendants in their Superior Court action (the "Declaratory Judgment Action"). GFB's Declaratory Judgment Action

seeks a ruling by the Superior Court of Fulton County that it does not owe Defendant Wood a duty to defend or indemnify him for Plaintiffs' claims of defamation brought in this case. Essentially, GFB alleged that Defendant's policies of insurance all expired long before the defamation which is alleged in this action, as well as other policy language defenses.

On June 7, 2022, GFB filed its Motion to Stay in this case without first seeking to intervene in the case. (Doc. 17). On June 16, 2022, Plaintiffs filed their opposition to non-party GFB's Motion to Stay. (Doc. 19). Because GFB had not attempted service of the Declaratory Judgment Action, Plaintiffs were unable to determine the merits of the Declaratory Judgment Action when they filed their response in opposition to GFB's Motion to Stay. (*See id.* at 4-5). Thereafter, on June 22, 2022, Plaintiffs acknowledged service of the GFB Declaratory Judgment Action complaint and filed their answer to said complaint on July 21, 2022. (a copy of which is attached hereto as Exhibit "A"). The purpose of this supplement is to provide the Court with an understanding of the merits of the Declaratory Judgment Action.

## ARGUMENT

Plaintiffs' answer to the Declaratory Judgment Action makes it abundantly clear that no genuine controversy regarding insurance coverage exists in that case as the coverage periods in Defendant's proffered insurance policies clearly expired

before the defamation alleged in this case. (See Exhibit "A"). Also, Defendant's request for coverage for Plaintiffs' claims of defamation cannot reasonably be based upon expired automobile insurance policies.  Instead, this Motion to Stay should be seen for exactly what it is – an attempt to delay this case as no justiciable issue exists.

As pointed out in Plaintiffs' original response to GFB's Motion to Stay (Doc. 19), this Court has routinely rejected motions to stay tort actions until the resolution of declaratory judgment actions involving disputes over insurance coverage.  *See, e.g., Cribb v. BR Mountain Homes, LLC*, 2017 WL 10574071, at *3 (N.D. Ga. Aug. 3, 2017) (denying motion to stay after considering the "balance of the interests present," and determining that granting a stay would prejudice the plaintiff by creating incentive to delay resolution of the declaratory judgment action); *Luxottica Grp., S.P.A. v. Airport Mini Mall, LC*, No. 1:15-cv-1422-AT, 2016 WL 9047105, at *1 (N.D. Ga. Jan. 8, 2016) (denying motion to stay, recognizing that the court "must weigh competing interests and maintain an even balance") (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)); *Hobby Lobby Stores, Inc. v. Woodall Roofing Co.*, No. 1:11-cv-2566-WSD, 2012 WL 12873026, at *4 (N.D. Ga. Sept. 24, 2012) (denying motion for stay where movants' "interests in determining which insurance companies and which parties are liable for any award of damages that might be awarded does not outweigh Plaintiffs' interest in litigating its claims in an efficient

and timely manner"); *Hartford Underwriters Ins. Co. v. Spizziri*, No. 1:09-CV-1277-BBM, 2009 WL 10669603, at *4 (N.D. Ga. Dec. 11, 2009) (denying motion to stay and noting that "there is no assurance that the coverage suit will be resolved speedily" and that "should the court grant [the motion] and indefinitely stay the Underlying Suit, [the insurance company] would lack incentive to expedite resolution of the coverage case").

Plaintiffs in the instant matter have already answered and admitted that as to the four policies set forth in the Declaratory Judgment Action, no coverage is provided for Defendant Wood because the four policies cover time periods prior to the defamation at issue in this case, and one policy relates only to automobile accidents. Plaintiffs' answer and admissions decidedly tips the "balance of the interests present" in favor of the Plaintiffs such that the Motion to Stay must be denied.

## **CONCLUSION**

As set forth more fully in Plaintiffs' response in opposition to GFB's Motion to Stay (Doc 19) and as set forth herein, Plaintiffs renew their prayer that this Court deny GFB's Motion to Stay.

Respectfully submitted, this 21ˢᵗ day of July, 2022.

/s/ *Andrew M. Beal*
Andrew M. Beal
Georgia Bar No. 043842
abeal@buckleybeal.com
Milinda L. Brown
Georgia Bar No. 363307
mbrown@buckleybeal.com

BUCKLEY BEAL, LLP
600 Peachtree Street, NE
Suite 3900
Atlanta, Georgia 30308
T: (404) 781-1100
F: (404) 688-2988
*Counsel for Plaintiffs*

## CERTIFICATION UNDER L.R. 7.1D.

Pursuant to Northern District of Georgia Civil Local Rule 7.1D, the undersigned counsel certifies that this PLAINTIFFS' SUPPLEMENTAL BRIEF IN OPPOSITION TO NON-PARTY GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY'S MOTION TO STAY is a computer document and was prepared in Times New Roman 14-point font, as mandated in Local Rule 5.1C.

This 20th day of June, 2022.

/s/ *Andrew M. Beal*
Andrew M. Beal
Georgia Bar No. 043842
abeal@buckleybeal.com
Milinda L. Brown
Georgia Bar No. 363307
mbrown@buckleybeal.com

BUCKLEY BEAL, LLP
600 Peachtree Street, NE
Suite 3900
Atlanta, Georgia 30308
T: (404) 781-1100
F: (404) 688-2988
*Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record.

Respectfully submitted, this the 21st day of July, 2022.

/s/ *Andrew M. Beal*
Andrew M. Beal
Georgia Bar No. 043842
abeal@buckleybeal.com
Milinda L. Brown
Georgia Bar No. 363307
mbrown@buckleybeal.com

BUCKLEY BEAL, LLP
600 Peachtree Street, NE
Suite 3900
Atlanta, Georgia 30308
T: (404) 781-1100
F: (404) 688-2988
*Counsel for Plaintiffs*

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| **GEORGIA FARM BUREAU MUTUAL** | : | |
| **INSURANCE COMPANY,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | **Civil Action No. 2022CV365689** |
| | : | |
| **NICOLE JENNINGS WADE,** | : | |
| **JONATHAN D. GRUNBERG,** | : | |
| **G. TAYLOR WILSON,** | : | |
| **AND L. LIN WOOD,** | : | |
| | : | |
| **Defendants.** | : | |

## <u>DEFENDANTS NICOLE JENNINGS WADE'S, JONATHAN D. GRUNBERG'S, AND G. TAYLOR WILSON'S VERIFIED ANSWER</u>

COMES NOW Defendants Nicole Jennings Wade, Jonathan D. Grunberg, and G. Taylor Wilson ("WGW Defendants" or "Defendants") and files this, their Verified Answer to the Verified Complaint for Declaratory Judgment ("Complaint"), showing the Court as follows:

1.

Defendants admit that Plaintiff initiated this action pursuant to O.C.G.A. § 9-4-2 and for declaratory judgment. Defendants deny that any such controversy exists between the Parties.

### PARTIES

2.

On information and belief, Paragraph 2 of the Complaint is admitted.

3.

Paragraph 3 of the Complaint is admitted.

4.

Paragraph 4 of the Complaint is admitted.

1

5.

Paragraph 5 of the Complaint is admitted.

6.

On information and belief, Paragraph 6 of the Complaint is admitted.

7.

Paragraph 7 of the Complaint is admitted.

## FACTUAL BACKGROUND -- POLICY PROVISIONS

8.

Defendants reincorporate and re-allege the answers and defenses set forth in paragraphs 1-7, as set forth above.

## GEORGIA FARM BUREAU POLICIES ONE, TWO, AND THREE

9.

On information and belief, Paragraph 9 of the Complaint is admitted.

10.

On information and belief, Defendants admit that Exhibit 1 is a copy of Policy One, and Defendants state that the referenced exhibit is a writing that speaks for itself.

11.

On information and belief, Paragraph 11 of the Complaint is admitted.

12.

On information and belief, Defendants admit that Exhibit 2 is a copy of Policy Two, and Defendants state that the referenced exhibit is a writing that speaks for itself.

13.

On information and belief, Paragraph 13 of the Complaint is admitted.

14.

On information and belief, Defendants admit that Exhibit 3 is a copy of Policy Three, and Defendants state that the referenced exhibit is a writing that speaks for itself.

Paragraphs 15 – 16

The quoted language is referenced in an exhibit that speaks for itself. Paragraphs 15 – 16 of the Complaint are admitted to the extent the allegations are consistent with the writing contained within the exhibit.

Paragraphs 14 – 16[1]

The quoted language is referenced in an exhibit that speaks for itself. Paragraphs 14 – 16 on page 5 of the Complaint are admitted to the extent the allegations are consistent with the writing contained within the exhibit.

Paragraphs 17 – 23

The quoted language is referenced in an exhibit that speaks for itself. Paragraphs 17 – 23 of the Complaint are admitted to the extent the allegations are consistent with the writing contained within the exhibit.

**GEORGIA FARM BUREAU POLICY FOUR**

24.

On information and belief, Paragraph 24 of the Complaint is admitted.

25.

On information and belief, Defendants admit that Exhibit 4 is a copy of Policy Four, and Defendants state that the referenced exhibit is a writing that speaks for itself.

---

[1] Plaintiff misnumbered paragraphs 14 – 15 on page 5 of the Complaint, which appears within the block of allegations responded to, as set forth above.

26.

The quoted language is referenced in an exhibit that speaks for itself. Paragraph 26 of the Complaint is admitted to the extent the allegations are consistent with the writing contained within the exhibit; otherwise, paragraph 26 is denied as stated.

**FACTUAL BACKGROUND – UNDERLYING CLAIMS**

27.

Defendants reincorporate and re-allege the answers and defenses set forth in paragraphs 1-26, as set forth above.

Paragraphs 28 – 86

Defendants admit Paragraphs 28 – 86 of the Complaint.

87.

On information and belief, Paragraph 87 of the Complaint is admitted.

88.

Defendants are without knowledge or information sufficient to form an opinion or belief as to whether Exhibit 6 is a copy of the Reservation of Rights Letter, and Defendants state that the referenced exhibit is a writing that speaks for itself. Paragraph 88 of the Complaint is admitted to the extent the allegations are consistent with the writing contained within the exhibit; otherwise, paragraph 88 is denied as stated.

**GFB'S REQUESTS FOR DECLARATORY JUDGMENT**

**SUBSECTION "A" TITLE**

89.

Defendants reincorporate and re-allege the answers and defenses set forth in paragraphs 1-88, as set forth above.

4

90.

Defendants admit that Plaintiff initiated this action to seek a declaration from the Court regarding the Homeowner Policies, but Defendants deny that there is a controversy or dispute between the Parties.

91.

The quoted language is referenced in an exhibit that speaks for itself. Paragraph 91 of the Complaint is admitted to the extent the allegations are consistent with the writing contained within the exhibit.

Paragraphs 92 – 95

Paragraphs 92 – 95 of the Complaint are admitted.

96.

Defendants admit that Plaintiff initiated this action to seek a declaration from the Court regarding the Homeowner Policies, but Defendants deny that there is a controversy or dispute between the Parties.

**SUBSECTION "B"**

97.

Defendants reincorporate and re-allege the answers and defenses set forth in paragraphs 1-96, as set forth above.

98.

Defendants admit that Plaintiff initiated this action to seek a declaration from the Court regarding the Homeowner Policies, but Defendants deny that there is a controversy or dispute between the Parties.

Paragraphs 99 – 101

Paragraphs 99 – 101 of the Complaint are admitted.

102.

Defendants admit that Plaintiff initiated this action to seek a declaration from the Court regarding the Homeowner Policies, but Defendants deny that there is a controversy or dispute between the Parties.

**SUBSECTION "C"**

103.

Defendants reincorporate and re-allege the answers and defenses set forth in paragraphs 1-102, as set forth above.

104.

Defendants admit that Plaintiff initiated this action to seek a declaration from the Court regarding the Homeowner Policies, but Defendants deny that there is a controversy or dispute between the Parties.

Paragraphs 105 – 107

Paragraphs 105 – 107 of the Complaint are admitted.

108.

Defendants admit that Plaintiff initiated this action to seek a declaration from the Court regarding the Homeowner Policies, but Defendants deny that there is a controversy or dispute between the Parties.

**SUBSECTION "D"**

109.

Defendants reincorporate and re-allege the answers and defenses set forth in paragraphs 1-108, as set forth above.

110.

Defendants admit that Plaintiff initiated this action to seek a declaration from the Court regarding the Homeowner Policies, but Defendants deny that there is a controversy or dispute between the Parties.

111.

Paragraph 111 of the Complaint is denied as stated.

112.

Paragraph 112 of the Complaint is admitted.

113.

Defendants admit that Plaintiff has no obligation to defend and no duty to indemnify Defendant Wood for a judgment based on the Homeowners Policies. Defendants deny the remaining allegations in Paragraph 113 as stated.

114.

Defendants admit that Plaintiff initiated this action to seek a declaration from the Court regarding the Homeowner Policies, but Defendants deny that there is a controversy or dispute between the Parties.

**SUBSECTION "E"**

115.

Defendants reincorporate and re-allege the answers and defenses set forth in paragraphs 1-114, as set forth above.

116.

Defendants admit that Plaintiff initiated this action to seek a declaration from the Court regarding the Homeowner Policies, but Defendants deny that there is a controversy or dispute between the Parties.

117.

Paragraph 117 of the Complaint is denied as stated.

118.

Paragraph 118 of the Complaint is admitted.

119.

Defendants admit that Plaintiff has no obligation to defend and no duty to indemnify Defendant Wood for a judgment based on the Homeowners Policies. Defendants deny the remaining allegations in Paragraph 119 as stated.

120.

Defendants admit that Plaintiff initiated this action to seek a declaration from the Court regarding the Homeowner Policies, but Defendants deny that there is a controversy or dispute between the Parties.

**SUBSECTION "F"**

121.

Defendants reincorporate and re-allege the answers and defenses set forth in paragraphs 1-120, as set forth above.

122.

Defendants admit that Plaintiff initiated this action to seek a declaration from the Court regarding the Homeowner Policies, but Defendants deny that there is a controversy or dispute between the Parties. Defendants further admit that the Homeowners Policies do not provide coverage because Defendant Wood's actions in the Underlying Complaint occurred outside of the policy periods for the Homeowners Policies.

Paragraphs 123 – 125

Paragraphs 123 – 125 of the Complaint are admitted.

126.

Defendants admit that Plaintiff initiated this action to seek a declaration from the Court regarding the Homeowner Policies, but Defendants deny that there is a controversy or dispute between the Parties. Defendants further admit that the Homeowners Policies do not provide coverage because Defendant Wood's actions in the Underlying Complaint occurred outside of the policy periods for the Homeowners Policies.

**SUBSECTION "G"**

127.

Defendants reincorporate and re-allege the answers and defenses set forth in paragraphs 1-126, as set forth above.

128.

Defendants admit that Plaintiff initiated this action to seek a declaration from the Court regarding Policy, but Defendants deny that there is a controversy or dispute between the Parties.

Paragraphs 129 – 131

Paragraphs 129 – 131 of the Complaint are admitted.

132.

Defendants admit that Plaintiff initiated this action to seek a declaration from the Court regarding Policy Four, but Defendants deny that there is a controversy or dispute between the Parties. Defendants further admit that Policy Four does not provide coverage because the Underlying Complaint does not involve an automobile accident.

## CONTROVERSY AND CLAIMS FOR RELIEF

133.

Defendants reincorporate and re-allege the answers and defenses set forth in paragraphs 1-132, as set forth above.

Paragraphs 134 – 135

Defendants deny that a conflict exists between Plaintiff and Defendants, and Defendants admit that the Homeowners Policies and Policy Four do not provide coverage to Defendant Wood for the claims raised in the Underlying Complaint.

136.

Defendants deny that the Homeowners Policies and Policy Four afford coverage to Defendant Wood.

137.

On information and belief, Paragraph 137 is admitted.

138.

Defendants deny the allegations in Paragraph 138 as stated.

Paragraphs 139 – 143

Paragraphs 139 – 143 of the Complaint are denied.

**PRAYERS FOR RELIEF**

This paragraph and its subparagraphs do not contain allegations requiring a response, but to the extent such a response is required, WGW Defendants admit that the Homeowner Policies and Policy Four do not provide coverage to Defendant Wood for the claims raised in the Underlying Complaint, and Defendants further state that there is no controversy or dispute between the Parties. Defendants further admit that Plaintiff may deny coverage and duty to defend Defendant Wood pursuant to the provisions of the Homeowners Policies and Policy Four. Defendants are without knowledge information sufficient to form a belief as to whether any additional policy would require Plaintiff to pay sums on behalf of Defendant Wood for the claims raised in the Underlying Complaint.

Except as specifically admitted herein, WGW Defendants deny all other claims or allegations that are raised or may have been raised by or in the Complaint.

WHEREFORE, Defendants prays:

a)   That the Court grant Plaintiff the relief it seeks to the extent it requests this Court deny coverage and a duty to defend Defendant Wood for claims in the Underlying Complaint based on the provisions of the Homeowners Policies and Policy Four;

b)   That the Court deny any further relief that Plaintiff seeks;

c)  That Plaintiff bear all cost of this action; and

d)  Grant any other relief this Court may deem just, proper, necessary, and appropriate.


This 21st day of July, 2022.


                                             /s/ *Andrew M. Beal*
                                             Andrew M. Beal
                                             Georgia Bar No. 043842
                                             abeal@buckleybeal.com
                                             Milinda L. Brown
                                             Georgia Bar No. 363307
                                             mbrown@buckleybeal.com
                                             *Counsel for Defendants Wade,*
                                             *Grunberg, and Wilson*

BUCKLEY BEAL LLP
600 Peachtree Street, NE, Suite 3900
Atlanta, GA 30308
Tel: 404-781-1100
Fax:  404-688-2685
*Counsel for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I have this day electronically submitted the foregoing to the Clerk of Court using the Court's e-filing system which will automatically send electronic mail notification of such filing and service to all counsel of record.

This 21st day of July, 2022.

/s/ *Andrew M. Beal*
Andrew M. Beal
Georgia Bar No. 043842
abeal@buckleybeal.com
Milinda L. Brown
Georgia Bar No. 363307
mbrown@buckleybeal.com
*Attorney for Defendants Wade,*
*Grunberg, and Wilson*

BUCKLEY BEAL, LLP
600 Peachtree Street, NE
Suite 3900
Atlanta, Georgia 30308
T: (404) 781-1100
F: (404) 688-2988

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

GEORGIA FARM BUREAU MUTUAL    :
INSURANCE COMPANY,    :
    :
    Plaintiff,    :
    :
    vs.    :    Civil Action No. 2022CV365689
    :
NICOLE JENNINGS WADE,    :
JONATHAN D. GRUNBERG,    :
G. TAYLOR WILSON,    :
AND L. LIN WOOD,    :
    :
    Defendants.    :

## VERIFICATION

I, NICOLE JENNINGS WADE, Defendant in the above-styled matter, hereby certify under penalty of perjury, before the undersigned officer authorized to administer oaths, that the information contained in the foregoing *Defendants Nicole Jennings Wade's, Jonathan D. Grunberg's, and G. Taylor Wilson's Verified Answer* is true and correct to the best of my knowledge, information, and belief.

This 21st day of July, 2022.

By: Nicole Jennings Wade

Sworn and subscribed before me
this 21st day of July, 2022.

NOTARY PUBLIC

My commission expires: April 4, 2023

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

GEORGIA FARM BUREAU MUTUAL          :
INSURANCE COMPANY,                  :
                                    :
        Plaintiff,                  :
                                    :
vs.                                 :          Civil Action No. 2022CV365689
                                    :
NICOLE JENNINGS WADE,               :
JONATHAN D. GRUNBERG,               :
G. TAYLOR WILSON,                   :
AND L. LIN WOOD,                    :
                                    :
        Defendants.                 :

## VERIFICATION

I, JONATHAN D. GRUNBERG, Defendant in the above-styled matter, hereby certify under penalty of perjury, before the undersigned officer authorized to administer oaths, that the information contained in the foregoing *Defendants Nicole Jennings Wade's, Jonathan D. Grunberg's, and G. Taylor Wilson's Verified Answer* is true and correct to the best of my knowledge, information, and belief.

This 21st day of July, 2022.

_____
By: Jonathan D. Grunberg

Sworn and subscribed before me
this 21st day of July, 2022.

_____
NOTARY PUBLIC

My commission expires: April 4, 2023

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

GEORGIA FARM BUREAU MUTUAL        :
INSURANCE COMPANY,                :
                                  :
        Plaintiff,                :
                                  :
vs.                               :        Civil Action No. 2022CV365689
                                  :
NICOLE JENNINGS WADE,             :
JONATHAN D. GRUNBERG,             :
G. TAYLOR WILSON,                 :
AND L. LIN WOOD,                  :
                                  :
        Defendants.               :

## VERIFICATION

I, G. TAYLOR WILSON, Defendant in the above-styled matter, hereby certify under penalty of perjury, before the undersigned officer authorized to administer oaths, that the information contained in the foregoing *Defendants Nicole Jennings Wade's, Jonathan D. Grunberg's, and G. Taylor Wilson's Verified Answer* is true and correct to the best of my knowledge, information, and belief.

This 21 day of JULY, 2022.

_____
By: G. Taylor Wilson

Sworn and subscribed before me
this 21st day of July, 2022.

_____
NOTARY PUBLIC

My commission expires: April 4, 2023