## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| NICOLE JENNINGS WADE, JONATHAN D. GRUNBERG, and G. TAYLOR WILSON,<br><br>          Plaintiffs,<br><br>     v.<br><br>L. LIN WOOD,<br><br>          Defendant. | Case No. 1:22-CV-01073 |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1.  **Description of Case:**

    (a) Describe briefly the nature of this action.

    **Plaintiffs' Description:**

    **This is a tort action in which Plaintiffs allege Defendant is liable to them for damages arising out of defamatory statements by Defendant. Plaintiffs have brought claims for defamation and defamation per se, which includes claims for presumed damages as well as compensatory damages, punitive damages, and attorneys' fees and costs.**

    **Defendant's Description:**

    **Defendant does not agree with the Plaintiffs' description of the case or**

the alleged and limited scope of the disputed issues represented by Plaintiffs. Instead, Defendant contends that Plaintiffs engaged in a pattern of conduct, beginning in February of 2020, that amounted to extortion and attempted extortion. Plaintiffs' Complaint references, at length, a fee dispute between the parties, efforts to resolve the dispute, and the Defendant's extortion claim, all of which are the subject of a separate, but related, civil action filed by the Plaintiffs alleging breach of contract and fraud that is pending in the State Court of Fulton County, Georgia.

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**Plaintiffs' Summary:**

Plaintiffs allege that Defendant Wood made knowingly false accusations and with a reckless disregard for the truth that Plaintiffs committed the crime of extortion and attempted extortion when Plaintiff tried to privately resolve their disputes with Defendant Wood after leaving his law firm in or around February 14, 2020.  The statements were made without privilege and were specifically designed to injure Plaintiffs and constitute libel per se under Georgia law.

2

**Defendant's Summary:**

**Defendant contends that the statements at issue are protected by the defenses of truth and substantial truth, and further contends that the statements at issue constitute protected opinion. Specifically, the Defendant contends that the statements made in 2020 were not published to 3rd parties without privilege and contends the Plaintiffs cannot prove that the 2021 Telegram statements at issue harmed them. Most importantly, Defendant contends the facts will demonstrate that, to the extent the Plaintiffs have allegedly been damaged, any such damage was actually created by the Plaintiffs due to their publication of the 2020 statements at issue in the Fulton County Complaint.**

(c) <u>The legal issues to be tried are as follows:</u>

**By the Plaintiffs:**

- **Liability of Defendant Wood for defamation.**

- **Whether the statements at issue by Defendant Wood constitute libel per se.**

- **Whether Defendant Wood published the defamatory statements in a deliberate attempt to cause harm to Plaintiffs.**

- **Whether Defendant Wood published the defamatory**

statements with actual malice and common law malice.

- **The amount of damages to be awarded. Here, damages are presumed and include claims for compensatory and punitive damages and attorneys' fees and costs.**

**By the Defendant:**

- **Whether the statements at issue are true.**

- **Whether the statements at issue are substantially true.**

- **Whether the statements at issue constitute protected opinion.**

- **Whether Plaintiffs pattern of conduct, beginning in February of 2020, constitutes criminal extortion.**

- **Whether Plaintiffs suffered any damages, given their initial publication of the 2020 statements in the Fulton County Complaint.**

(d) The cases listed below (include both style and action number) are:

1. Pending Related Cases: **Plaintiffs' Position: None. Plaintiffs have filed suit against Defendant Lin Wood and his firm L. Lin Wood, P.C. in the Superior Court of Fulton County for breach of contract and fraud unrelated to the claims in this case.**

   **Defendant's Position: Plaintiffs have filed suit in the Superior Court of Fulton County against Defendant and his firm and have alleged breach of contract and fraud. Plaintiffs' claims in the Fulton County suit are directly related to the allegations**

**here. In fact, Plaintiffs' Complaint extensively references and relies on the factual background and the allegations in the Fulton County suit.**

2. Previously Adjudicated Related Cases: **None.**

**2. This case is complex because it possesses one or more of the features listed below (please check):**

**Plaintiffs' Position:**

**This case is not complex.  It concerns a series of published statements showing Defendant's attempts to harm Plaintiffs by calling Plaintiffs extortionists, *inter alia*. The number of witnesses is limited almost exclusively to the parties, and the issues are straightforward.  Defendant's issues with the State Bar of Georgia are irrelevant here as they constitute confidential proceedings initiated by the State Bar of Georgia and do not involve Plaintiffs.**

| | | |
|---|---|---|
| ____ | (1) | Unusually large number of parties |
| ____ | (2) | Unusually large number of claims or defenses |
| ____ | (3) | Factual issues are exceptionally complex |
| ____ | (4) | Greater than normal volume of evidence |
| ____ | (5) | Extended discovery period is needed |
| ____ | (6) | Problems locating or preserving evidence |
| ____ | (7) | Pending parallel investigations or action by government |
| ____ | (8) | Multiple use of experts |
| ____ | (9) | Need for discovery outside United States boundaries |
| ____ | (10) | Existence of highly technical issues and proof |
| ____ | (11) | Unusually complex discovery of electronically stored information |

**Defendant's Position:**

**This case is complex for multiple reasons and an 8-month discovery track is needed. Due to the allegations of Plaintiffs' Complaint, as well as the related Fulton County suit, the Defendant anticipates a**

**greater than normal volume of evidence and a greater than normal amount of witnesses. Separately, the Defendant is aware of a parallel investigation by the State Bar of Georgia that arises out of Plaintiffs' allegations in the Fulton County suit. Finally, the discovery of ESI through Telegram adds to the complexity.**

|     |      |                                                                        |
|-----|------|------------------------------------------------------------------------|
| ____ | (1)  | Unusually large number of parties                                      |
| ____ | (2)  | Unusually large number of claims or defenses                           |
| ____ | (3)  | Factual issues are exceptionally complex                               |
| _x_ | (4)  | Greater than normal volume of evidence                                 |
| _x_ | (5)  | Extended discovery period is needed                                    |
| ____ | (6)  | Problems locating or preserving evidence                               |
| _x_ | (7)  | Pending parallel investigations or action by government               |
| ____ | (8)  | Multiple use of experts                                                |
| ____ | (9)  | Need for discovery outside United States boundaries                    |
| ____ | (10) | Existence of highly technical issues and proof                         |
| _x_ | (11) | Unusually complex discovery of electronically stored information       |

**3. Counsel:**

The following individually named attorneys are hereby designated as lead counsel for the parties:

<u>**Plaintiffs:**</u>    Andrew M. Beal, Esq.
Milinda L. Brown, Esq.
BUCKLEY BEAL LLP
600 Peachtree Street, NE, Suite 3900
Atlanta, GA 30308
Telephone: 404-781-1100
Facsimile: 404-688-2988
abeal@buckleybeal.com
mbrown@buckleybeal.com

<u>**Defendant:**</u>    R. Christopher Harrison, Esq.

DOWNEY & CLEVELAND, LLP
288 Washington Avenue
Marietta, Ga 30060
Telephone: 770-422-3233
Facsimile: 770-423-4199
harrison@downeycleveland.com

L. Lin Wood, Esq.
L. LIN WOOD, P.C.
P.O. Box 52584
Atlanta, GA 30355
Telephone: 404-891-1402
Facsimile: 404-506-9111
lwood@linwoodlaw.com

Ibrahim Reyes, Esq. (*admitted pro hac vice*)
REYES LAWYERS, P.A.
236 Valencia Avenue
Coral Gables, FL 33134
Telephone: 305-445-0011
Facismile: 305-445-1181
ireyes@reyeslawyers.com

**4.  Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

_____  Yes
 **X**   No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. **Parties to This Action:**

    (a)    The following persons are necessary parties who have not been joined: **Not applicable.**

    (b)    The following persons are improperly joined as parties: **Not applicable.**

    (c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: **Not applicable.**

    (d)    The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

    (a)    List separately any amendments to the pleadings that the parties anticipate will be necessary: **None.**

    (b)    Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary report and discovery schedule is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.   Filing Times for Motions:**

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.  All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1(A)(2).

(a)   *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b)   *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c)   *Other Limited Motions*: Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions, and motions for reconsideration.

(d)   *Motions Objecting to Expert Testimony*: Daubert motions with regards to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

**Defendant's Position:** The Defendant respectfully requests the ability to reserve the right to file a motion based on forum non conveniens, which the

Defendant contends would be fact-based and therefore requires the benefit of discovery, including but not limited to the depositions of Plaintiffs.

**8.  Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

**9.  Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.

Plaintiffs' Position: Plaintiffs do not believe a scheduling conference is necessary as no discovery dispute has arisen.  Defendant's desire to depose his own former lawyers will not require this Court's involvement.  Should Defendant attempt to subpoena Plaintiffs' counsel, counsel will move to quash and involve the Court at that time if necessary.

Defendant's Position: The Defendant requests a scheduling conference with the Court. Defendant wishes to discuss the following: the scope of discovery, out-of-state depositions, the depositions of Alston and Bird attorneys and Andrew Beal

due to their involvement in breach of contract and fraud allegations set forth in the

Fulton County suit, the scope of production related to ESI, and a parallel legal

proceeding. All of the above issues warrant discussion and make a scheduling

conference necessary.

**10. Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the

first defendant by answer to the complaint.  As stated in LR 26.2A, responses to

initiated discovery must be completed before expiration of the assigned discovery

period.

Cases in this court are assigned to one of the following three (3) discovery

tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period,

and (c) eight (8)-months discovery period.  A chart showing the assignment of cases

to a discovery track by filing category is contained in Appendix F.  The track to

which a particular case is assigned is also stamped on the complaint and service

copies of the complaint at the time of filing.

**Plaintiffs' Position:**

**This case is assigned to the four (4) month discovery track, beginning on**

**July 3, 2022 and ending on November 3, 2022.**

**Defendant's Position:**

**As demonstrated above, this matter is complex and involves a related pending action, as well as a separate legal proceeding. Defendant requests an 8-month discovery track, beginning on July 27, 2022, 30 days after the Defendant filed his Answer.**

Please state below the subjects on which discovery may be needed: **Liability and damages.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below: **Not applicable.**

11. **Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed? **Plaintiffs' Position: This is not a complex case, as mentioned above, and Plaintiffs state that no changes should be made to discovery.**

**Defendant's Position: See Defendant's response to paragraph 10.**

(b) Is any party seeking discovery of electronically stored information?

 **X**  Yes _____No

If "yes,"

(1)     The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

**By Plaintiff: No dispute exists.**

**By Defendant: The Parties have not agreed on the scope of the production of ESI and wish to discuss this at a scheduling conference.**

(2)     The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper of disk), and the inclusion or exclusion and use of meta data, and have agreed as follows:

**Plaintiffs request the initial production of documents in searchable [.PDF] format with logical unitization preserved; however, Plaintiffs reserve the right to request certain documents in native or near-native format, pursuant to Fed. R. Civ. P. 34(b)(1)(C). Plaintiffs are asking only what is required under the**

**Federal Rules of Civil Procedure and recognize that some documents will only be available in native format from others.**

**Defendant's Position:**

**The parties have not agreed on the scope of ESI production and wish to discuss this issue at a scheduling conference.**

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12. Other Orders:**
What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)? **None**

**13. Settlement Potential:**

(a) Lead counsel for the respective parties certify by their signatures below that the parties conducted a Rule 26(f) conference that was held on **June 30, 2022**, and that counsel for parties participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

**For Plaintiff**:   Lead counsel (signature):
*/s/ Andrew M. Beal*
Andrew M. Beal, Esq.
Georgia Bar No. 0438432
Milinda L. Brown, Esq.
Georgia Bar No. 363307
BUCKLEY BEAL LLP

600 Peachtree Street, NE, Suite 3900
Atlanta, GA 30308
Telephone: 404-688-2685
Facsimile: 404-688-2988
abeal@buckleybeal.com
mbrown@buckleybeal.com

**For Defendant**:    Lead counsel (signature):

*/s/ R. Christopher Harrison*
R. Christopher Harrison, Esq.
Georgia Bar No. 333199
DOWNEY & CLEVELAND, LLP
288 Washington Ave
Marietta, GA 30060
Telephone: 770-422-3233
Facsimile: 770-423-4199
harrison@downeycleveland.com


*/s/ L. Lin Wood*
L. Lin Wood, Esq.
Georgia Bar No. 774588
L. LIN WOOD, P.C.
P.O. Box 52584
Atlanta, GA 30355
Telephone: 404-891-1402
Facsimile: 404-506-9111
lwood@linwoodlaw.com


*/s/ Ibrahim Reyes*
Ibrahim Reyes, Esq.
Florida Bar No. 581798
REYES LAWYERS, P.A.
236 Valencia Avenue
Coral Gables, FL 33134
Telephone: 305-445-0011
Facsimile: 305-445-1181

ireyes@reyeslawyers.com

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(___) A possibility of settlement before discovery.

(___) A possibility of settlement after discovery.

(___) A possibility of settlement, but a conference with the judge is needed.
(**X**) No possibility of settlement.

(c) Counsel ( ) do or (**X**) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date ofthe next settlement conference has not yet been set.

(d) The following specific problems have created a hindrance to settlement ofthis case.

**14. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party isotherwise entitled to a jury trial.

(a) The parties (__) do consent to having this case tried before amagistrate judge of this Court.

(b)       The parties (**X**) do not consent to having this case tried before a

16

magistrate judge of this Court.


Respectfully submitted this 27th day of July, 2022.


**BUCKLEY BEAL LLP**                    */s/Andrew M. Beal.*
600 Peachtree Street, NE, Suite 3900    Andrew M. Beal, Esq.
Atlanta, GA 30308                       Georgia Bar No. 0438432
Telephone: 404-688-2685                 Milinda L. Brown, Esq.
Facsimile: 404-688-2988                 Georgia Bar No. 363307
abeal@buckleybeal.com                   *Attorneys for Plaintiffs*
mbrown@buckleybeal.com

**************
## SCHEDULING
## ORDER

Upon review of the information contained in the Joint Preliminary Report andDiscovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of CivilProcedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this ____day of _____, 2022.

_____

THE HONORABLE MICHAEL L. BROWN, UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF COMPLIANCE

The foregoing document complies with Local Rule 5.1 and was prepared using a 14-point Times New Roman font.

Dated:  July 27, 2022.                                By:    /s/*Andrew M. Beal*_____
                                                                      *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this date the foregoing **Joint Preliminary Report and Discovery Plan** was electronically filed with the Clerk using the CM/ECF system, which will send a notice of electronic filing to all registered users of the CM/ECF system.

Dated:  July 27, 2022.                                By:    /s/ *Andrew M. Beal*_____
                                                                      *Counsel for Plaintiffs*