**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

NICOLE JENNINGS WADE,
JONATHAN D. GRUNBERG, and
G. TAYLOR WILSON,

        Plaintiffs,

    v.

L. LIN WOOD,

        Defendant.

Case No. 1:22-CV-01073

## NOTICE OF INTENT TO ISSUE SUBPOENAS

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiffs hereby

notify the Court and all counsel of record that they propose to issue subpoenas to

produce documents on October 11, 2022 to following person or entity:

CARMICHAEL CONSULTING SOLUTIONS, LLC.

A true and correct copy of the foregoing proposed subpoena is attached hereto

as Exhibit 1.

Respectfully submitted this 10th day of October, 2022.

BUCKLEY BEAL LLP

By:  /s/ Andrew M. Beal
     Andrew M. Beal
     Georgia Bar No. 043842
     abeal@buckleybeal.com
     Milinda L. Brown
     Georgia Bar No. 363307
     mbrown@buckleybeal.com

600 Peachtree Stree
Suite 3900
Atlanta, GA  30308
Telephone:  (404) 781-1100
Facsimile:   (404) 781-1101
*Counsel for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that the foregoing has been prepared in

Times New Roman (14 point) font, as approved by the Court in LR 5.1C.

By:  /s/ Andrew M. Beal
     Andrew M. Beal
     Georgia Bar No. 043842
     *Counsel for PlaintiffS*

2

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date I electronically filed the foregoing **Notice of Intent to Issue Subpoena** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing all attorneys of record.

By:   /s/ Andrew M. Beal
       Andrew M. Beal
       Georgia Bar No. 043842

# EXHIBIT "1"

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) |  |
| *Plaintiff* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
| *Defendant* | ) |  |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

_____
*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
|  |  |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____   on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT "A"

## I. INSTRUCTIONS AND DEFINITIONS

1.      Each of the following requests seek all documents available to CARMICHAEL CONSULTING SOLUTIONS, LLC ("Carmichael"), its attorneys or agents, and any other person acting on its behalf. In lieu of producing materials that are in its custody and control but are not actually in its possession or in the possession of its counsel, Carmichael may, where appropriate, execute an authorization or authorizations enabling Plaintiffs to obtain copies of the materials at their own expense.

2.      As used in these requests, "person" shall mean an individual, firm, partnership, corporation, proprietorship, association or any other organization or entity.

3.      As used in these requests, "you," "your," or "Carmichael" shall mean Carmichael Consulting Solutions, LLC, a Georgia limited liability company registered to transact business in the State of Georgia, and any of its past or present employees, officers, commissions, directors, agents, or attorneys.

4.      As used in these requests, "document" is used in its customary broad sense to mean every writing or record of every type and description that is in the possession, control, or custody of defendant, including without limitation, the following items, whether printed, taped or recorded, filmed, reproduced by any

process, written or produced by hand, and whether an original, master or copy, namely:  agreements, communications, including intra-company communications and correspondence; cablegrams, radiograms, and telegrams; notes and memoranda; computer printouts; summaries; minutes and records of telephone conversations, meetings and conferences, including lists of persons attending meetings or conferences; summaries and records of personal conversations or interviews; books, manuals, publications and diaries; charts; financial records and/or summaries of financial records of any kind; photographs; reports and/or summaries of investigations and/or surveys; opinions and reports of consultants; reports and summaries of negotiations; drafts of originals or preliminary notes on, and marginal comments appearing on, any document; other reports and records; any other paper or physical thing containing writing; every copy of such writing or record where the original is not in the possession, custody, or control of the defendant, and every copy of every such writing or record where such copy contains any commentary or notation whatsoever that does not appear on the original. With respect to electronic documents, "document" also includes metadata or electronic records associated with any electronic documents which reflects the properties, characteristics, and changes to those electronic documents.

5.      If any documents identified in this request cannot be produced in full, produce them to the extent possible, specifying the reasons for your inability to

produce the remainder and stating whatever information, knowledge, or belief you have concerning the unproduced portion.

6.      As used in these requests, "concerning" means referring to, reflecting, evidencing, or supporting.

7.      If you withhold from production in whole or in part any document responsive to any request below on grounds of attorney-client privilege, the work product doctrine, or any other assertion of privilege, then provide, as to each document so withheld, the information required by Fed. R. Civ. P. 26(b)(5)(A).  This requirement applies both to documents withheld in their entirety and to any redactions from documents which you produce.

8.      Plaintiffs request the initial production of documents in searchable [.PDF] format with logical unitization preserved; however, Plaintiffs reserve the right to request certain documents in native or near-native format, pursuant to Fed. R. Civ. P. 34(b)(1)(C). Native format requires production in the same format in which the information was customarily created, used, and stored by you. Documents that do not exist in a native electronic format or which require redaction of privileged content are hereby requested to be produced in searchable [.PDF] format with logical unitization preserved.

9.      If you believe that a request is confusing, vague, or ambiguous, please apply a reasonable construction to the request and respond accordingly. You may

3

specify your construction of the request in the written portion of your response. Alternatively, you may contact Plaintiff's counsel, who will provide clarification upon request.

## I. **DOCUMENTS TO BE PRODUCED**

Carmichael shall produce the following documents:

1.   All correspondence and communications of any kind between L. Lin Wood, or any of his employees or agents, and any employee, owner, or agent at Carmichael regarding the forensic examination of his computer or any computer provided to Carmichael by L. Lin Wood, L. Lin Wood, P.C., or any of his employees or agents at any time from January 2020 to present;

2.   Any instructions or information provided to Carmichael regarding any computer search from L. Lin Wood, any of his employees or agents, or L. Lin Wood, P.C.;

3.   All invoices for work performed on behalf of L. Lin Wood or L. Lin Wood, P.C. for the period January 1, 2020 to present;

4.   Copies of any documents, evidence, or the like discovered during the investigation(s) of L. Lin Wood's computer or any computer provided to Carmichael by L. Lin Wood, L. Lin Wood, P.C., or any of his employees or agents;

5.    All reports, findings, and summaries from the investigation of the

computer(s);

6.  All documents and communications of any kind that reference, relate to, discuss, or otherwise identify the Plaintiffs–Nicole Wade, Jonathan Grunberg, and Taylor Wilson–or any one of the Plaintiffs;

7.  All documents and communications of any kind discovered during the investigation(s) of L. Lin Wood's computer or any computer provided to Carmichael by L. Lin Wood, L. Lin Wood, P.C., or any of his employees or agents that include any of the following words: "extortionists", "extort", "extorting", "extortion", or "blackmail";

8.  Copies of all notes of conversations, diaries, memorandum, telephone calls, or meetings relating to any worked You performed on behalf of L. Lin Wood, any of his employees or agents, or L. Lin Wood, P.C.; and

9.  All correspondence and communications of any kind from January 1, 2020 to present between You and any individual or entity referencing, pertaining to, or relating to any computer search performed on behalf of L. Lin Wood, any of his employees or agents, or L. Lin Wood, P.C..