# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| NICOLE JENNINGS WADE, JONATHAN D. GRUNBERG, and G. TAYLOR WILSON,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>L. LIN WOOD,<br><br>　　　　Defendant. | Case No. 1:22-CV-01073 |

## PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO EXTEND DISCOVERY PERIOD

Plaintiffs file this brief in opposition to Defendant L. Lin Wood's ("Defendant" or "Wood") Motion to Extend Discovery Period (Doc. 55), showing the Court as follows:

The Court should deny Defendant's motion to extend discovery because (1) Defendant failed to follow this Court's order regarding filing any request at least thirty (30) days before the close of discovery; (2) none of the witnesses referenced in Defendant's motion are new or unanticipated and were even referenced in the initial status hearing in this matter; and (3) Defendant's failure to pursue discovery diligently and promptly should not be rewarded.

1

## DISCOVERY HISTORY

On August 17, 2022, this Court in a status hearing entered an Order setting the end of discovery as December 16, 2022. *See* Exhibit A, transcript of August 17, 2022 hearing, at 29:1-11; *see also* Doc. 33, Minute Sheet for August 17, 2022 hearing. The Court further ordered that any request for an extension of the discovery period be made 30 days before the close of discovery, or November 16, 2022. *See* Exhibit A, transcript of August 17, 2022 hearing, at 29:1-11. Since even before the entry of this Order, Plaintiffs have diligently pursued discovery and complied with the discovery requests served upon them. Plaintiffs served their first set of discovery on July 19, 2022 and served a second set on July 28, 2022. *See, e.g.*, Docs. 24, 29. Furthermore, Plaintiffs served discovery on three non-parties to this action on July 28, 2022. *See, e.g.*, Doc. 28. Plaintiffs continued written discovery by serving a third set of interrogatories and requests for production of documents on Defendant on October 11, 2022, and then Plaintiffs served a fourth request for production of documents on November 16, 2022. *See, e.g.*, Docs. 43, 52. Plaintiffs made themselves available in the first week in November and sat for depositions noticed by the Defendant.

Defendant was originally scheduled to sit for his deposition on November 8, 2022 but was rescheduled to December 14, 2022, due to Plaintiffs' lead counsel's

contracting covid.  (*See* Plaintiff's Notice of Defendant's deposition, Doc. 54). Yesterday counsel for Defendant Wood informed Plaintiffs' counsel that his deposition scheduled for tomorrow would need to be rescheduled again due to Defendant Wood's recent illness. It is unclear if Defendant will consent[1] to the taking of Plaintiff's deposition outside the discovery period or if Defendant is attempting to use this re-schedule of Defendant's previously noticed deposition as some form of justification for his request to extend the discovery period.  In any case, Plaintiffs will file a motion to take the deposition outside the discovery period this week before the close of the discovery period.

Conversely, Defendant did not serve any written discovery until October 6, 2022, nearly two months after the August 17th hearing and after two sets of written discovery were served by Plaintiffs. *See* Doc. 41.  Moreover, Defendant did not even serve his discovery requests in time to receive the responses or the responsive documents before the depositions of Plaintiffs, which were scheduled around August 29, 2022. *See* Docs. 34-36. Defendant has served no follow up discovery. Plaintiffs served their responses to Defendant's discovery requests on November 11th, and without any inquiry or communication from Defendant whatsoever, Plaintiffs sent

---

[1] Defendant's counsel has not responded to the requests regarding consent as of the time of this filing.

their responsive documents to Defendant on December 8th.  It is important to note that the substantial majority of all documents Plaintiffs produced were already produced to Defendant Wood's prior counsel almost two years previously.

Other than serve one set of basic discovery requests and take the depositions of Plaintiffs, Defendant Wood has not attempted any other discovery throughout the discovery period in this matter. Defendant has not sought the depositions of these additional witnesses identified in colloquy with the Court in the preliminary hearing and has not even sent an email to Plaintiffs' counsel or to the witnesses inquiring about scheduling such depositions, the need for a subpoena, or the types of documents these witnesses might possess.   In short, Defendant has waited until the expiration of the discovery period without even suggesting the need for such discovery.  Defendant has demonstrably not diligently and promptly pursued discovery.

Furthermore, Defendant has failed to fully comply with the discovery served upon him within the time set forth in the applicable rules.  In fact, Defendant served untimely responses to the first two sets of discovery requests, and so far, Defendant has only timely served one set of responses to the third set of discovery requests with an agreed upon extension.

Now, in order to remedy his own tardiness and lack of diligence, Defendant seeks this Court's intervention granting him an extension of an additional three months to complete what should have been done in the last four months. Defendant's claim in his motion that Plaintiffs' testimony at deposition has expanded this litigation is simply an alibi for Defendant's failure to timely pursue discovery. Defendant should not be rewarded for adverse outcomes entirely of his own making.

## ARGUMENT AND CITATION OF AUTHORITY

In *Ashmore v. Sec'y, Dep't of Transp.*, 503 Fed. Appx. 683, 686 (11th Cir. 2013), the Eleventh Circuit held that:

> We cannot conclude that the district court abused its discretion by denying the motion to extend discovery after [movant's] considerable delay in even beginning the discovery process.

In fact, the Eleventh Circuit has "often held that a district court has not abused its discretion by holding the litigants to the clear terms of its scheduling order." *See id.* Rule 16 of the Federal Rules of Civil Procedure requires that the Court's scheduling order contain, among other things, a limit on the time for the parties to complete discovery and file motions. *See* Fed. R. Civ. P. 16(b)(3)(A). After a

scheduling order has been issued, Rule 16(b)(4) provides that it "may be modified only for good cause and with the judge's consent." *See* Fed. R. Civ. P. 16(b)(4).

"To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence." *See Ashmore v. Sec'y, Dep't of Transp.*, 503 Fed. Appx. at 685; *see also Romero v. Drummond Co.*, 552 F.3d 1303, 1319 (11th Cir. 2008) ("To establish good cause, the party seeking the extension must have been diligent."). "[T]he moving party cannot establish the diligence necessary to show good cause ... if the party failed to seek the needed information before the deadline." *Williams v. Blue Cross & Blue Shield of Fla., Inc.*, 2010 WL 3419720, at *1 (N.D. Fla. Aug. 26, 2010) (citing *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235 (11th Cir. 2009) ); *see also* Charles A. Wright et al., 6A Federal Practice and Procedure § 1522.1, at 231 (a party seeking to reopen discovery must show why court's deadlines could not "reasonably" have been met "despite [its] diligence"). Additionally, Local Rule 26.1B explains that motions for extension of time for completing discovery "will be granted only in exceptional cases where the circumstances on which the request is based did not exist or the attorney or attorneys could not have anticipated that such circumstances would arise

at the time the Joint Preliminary Report and Discovery Plan was filed." *See* Northern District of Georgia Local Rule 26.1B.

First, as noted above, Defendant failed to comply with the Court's Order to request an extension of discovery one-month prior to the close of discovery. Specifically, in the August 17th hearing regarding discovery, the Court ordered this case to a four-month discovery track with discovery ending on December 16, 2022, and additionally, the Court ordered that "[i]f more time is needed, or is anticipated to be needed, any discovery extension needs to be requested ***30 days before the end of discovery***." *See* Exhibit A, transcript of August 17, 2022 hearing, at 29:1-11 (emphasis added); *see also* Doc. 33, Minute Sheet for August 17, 2022 hearing. Therefore, Defendant had until November 16, 2022, to file a motion to extend discovery. However, Defendant failed to move for a discovery extension by the November 16th deadline, and Defendant did not file his motion to extend discovery until November 29th. Accordingly, the Court should deny Defendant's motion.

Second, Defendant's entire argument of Plaintiffs' witnesses and claims being a surprise is completely unfounded and deeply concerning, and in fact, the witnesses Defendant argues are "new" were specifically identified by the Defendant before the commencement of discovery. Specifically, at the August 17th status conference, held shortly after the Parties submitted their Joint Preliminary Discovery Report, the

agenda included, *inter alia*, the discovery period, ESI on Defendant Wood's Telegram, and scope for discovery. *See, e.g.*, Exhibit A, transcript of August 17, 2022 hearing. At the August 17th hearing, counsel for Defendant argued for a longer discovery period because of the allegations and statements related to malice in Plaintiffs' Complaint and that certain witnesses were necessary for Defendant. *See* Exhibit A at 22:16-25 – 23:1-20. Interestingly, Joey Burby, Chris Marquardt, and Todd McMurtry were three of the witnesses Defendant's counsel identified at the August 17th hearing. *See id.* at 23:7-12 ("Mr. Harrison: … you have Mr. Marquardt, Mr. Burby, … And then Todd McMurtry…."). In fact, the Court walked through the list of possible witnesses with counsel for Defendant and Plaintiffs, and the three witnesses Defendant argues now support his request for a discovery extension were discussed at length at the August 17th hearing. Defendant in fact knew what witnesses he alleges were necessary for discovery in this case since the outset of this matter, but Defendant failed to diligently pursue discovery.

  Defendant relies heavily on Plaintiffs' deposition testimony from November 1, 2, and 3 for the assertion that these three individuals must be deposed. However, the cited testimony is misrepresented to the Court. Plaintiffs have, for some time, claimed that McMurtry participated in the fraud with Defendant Wood, and there is even reference to the fraud and McMurtry's participation in this Complaint to

establish Defendant Wood's malice against Plaintiffs. *See, e.g.*, Doc. 1 at ¶¶ 60-65. As a result, Defendant's claim that this testimony being new is completely groundless. However, as to Burby and Marquardt, Plaintiffs never once testified that they participated in the fraud with Defendant Wood. *See, e.g.*, Nicole Jennings Wade's deposition transcript attached to Defendant's Motion as Exhibit A, Doc. 55-1 at 13, 39:4-7 ("Q. So Joey Burby and Chris Marquardt would be parties to that fraud if that's true, wouldn't they?    A. I don't know because I don't know what happened on your side of the table."); *see also id.* at 40:4-10 ("Q. Do you believe Joey Burby was participating in fraud? A. I don't know."). The fact that Defendant asked questions that are not relevant to this case, i.e., Plaintiff Grunberg's personal feelings regarding Burby and Marquardt, does not support a discovery extension.

In fact, a quick review of the cited deposition testimony and the Complaint in this matter shows that Plaintiffs' position has been consistent throughout this litigation—Defendant made defamatory statements against Plaintiffs on Telegram and the defamatory statements were made with knowledge of falsity and with a reckless disregard for the truth, in part for Defendant Wood's own stated purpose of attempting to "destroy" Plaintiffs. All of the statements at issue here, the defamatory statements and the statements showing Defendant's malice, are all included in the Complaint, and moreover, nothing new came out during the depositions.

Third, as mentioned more fully above, the history in this case shows the utter lack of diligence on Defendant's behalf in the pursuit of discovery rendering him wholly ineligible for the extension he undeservedly seeks. Defendant has only served one set of discovery on Plaintiffs and took their depositions in this matter, and Defendant has failed to do anything else in this case. As a result, the Court should deny his untimely request to extend discovery to avoid awarding Defendant's lack of diligence in pursuing discovery in this matter.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs request that this Court deny Defendant's Motion for the Extension of discovery and enforce the current scheduling order.

Respectfully submitted, this 13th day of December, 2022.

/s/ *Andrew M. Beal*
Andrew M. Beal
Georgia Bar No. 043842
abeal@buckleybeal.com
Milinda L. Brown
Georgia Bar No. 363307
mbrown@buckleybeal.com

BUCKLEY BEAL, LLP
600 Peachtree Street, NE
Suite 3900
Atlanta, Georgia 30308
T: (404) 781-1100
F: (404) 688-2988
Counsel for Plaintiffs

## **CERTIFICATION UNDER L.R. 7.1D.**

Pursuant to Northern District of Georgia Civil Local Rule 7.1D, the undersigned counsel certifies that this PLAINTIFFS' BRIEF IN OPPOSITION TO MOTION TO EXTEND DISCOVERY PERIOD is a computer document and was prepared in Times New Roman 14-point font, as mandated in Local Rule 5.1C.

This 13th day of December, 2022.

/s/ *Andrew M. Beal*
Andrew M. Beal
Georgia Bar No. 043842
abeal@buckleybeal.com
Milinda L. Brown
Georgia Bar No. 363307
mbrown@buckleybeal.com

BUCKLEY BEAL, LLP
600 Peachtree Street, NE
Suite 3900
Atlanta, Georgia 30308
T: (404) 781-1100
F: (404) 688-2988

Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record.

Respectfully submitted, this the 13th day of December, 2022.

/s/ *Andrew M. Beal*
Andrew M. Beal
Georgia Bar No. 043842
abeal@buckleybeal.com
Milinda L. Brown
Georgia Bar No. 363307
mbrown@buckleybeal.com

BUCKLEY BEAL, LLP
600 Peachtree Street, NE
Suite 3900
Atlanta, Georgia 30308
T: (404) 781-1100
F: (404) 688-2988

Counsel for Plaintiffs