UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| NICOLE JENNINGS WADE, JONATHAN D. GRUNBERG, and G. TAYLOR WILSON | ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION |
| v. | ) ) | |
| L. LIN WOOD, | ) ) | FILE NO. 1:22-CV-01073 |
| Defendant. | ) ) ) | |

### DEFENDANT'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO EXTEND DISCOVERY PERIOD

In light of Plaintiffs' opposition to Defendant's request to extend the discovery period, the Defendant offers the following for consideration by the Court:

First, Plaintiffs' Brief seems to suggest that the party who sends more discovery requests is, by default, somehow more diligent than the opposing party. This argument is akin to taking the position that the party who calls the most witnesses at trial should prevail. The Defendant sent written discovery requests to the Plaintiffs over two months ago. Not a single document was provided by the Plaintiffs in response until December 7, 2022, just nine days before the expiration of the discovery period. This intentional delay and dump of documents so close to the expiration of the discovery period is unacceptable and inequitable.

Based on a recent email exchange with Drew Beal, lead counsel for the Plaintiffs, the Plaintiffs' position is that the Plaintiffs "made a huge production to Alston & Bird back in 2020…" (See Exhibit "A", email exchange between counsel). As illustrated in the above email exchange, Mr. Beal's position appears to be as follows: We produced documents to your client's former counsel years ago in the separate Fulton County action. As a result, you should have had those documents and we had no duty to produce them to you.

Such a position is, truly, unbelievable. The Defendant served timely written discovery requests in this action. The Plaintiffs had a duty to respond. They failed to produce any responsive documentation in this matter until December 7, 2022. Counsel for the Defendant is still reviewing the production at this time. Moreover, Plaintiffs' Brief states that the Defendant "has served no follow up discovery." (See Plaintiffs' Brief, p. 3). How could any meaningful and targeted follow-up discovery have been served given the fact that no documentation was produced until December 7, 2022?

Second, the Plaintiffs' Brief alleges that the Defendant "has not even sent an email" to the witnesses (Todd McMurtry, Joey Burby, and Chris Marquardt) inquiring about knowledge they may possess. This statement is incorrect. Counsel for the Defendant has communicated in writing with counsel for these witnesses and has spoken with counsel for Joey Burby and Chris Marquardt. These discussions are

ongoing. All three witnesses are represented and, of course, counsel for the Defendant cannot speak to the witnesses directly. On this particular point, counsel for the Defendant believes the written communications with counsel for the witnesses may constitute protected work product. Should the Court wish to see the communications, they can be produced in a manner that protects the communications.

Third, counsel for the Defendant acknowledges the Court's statements at the August 17, 2022 hearing concerning the timing of requests for an extension of the discovery period. However, the Court also stated as follows:

> But with the caveat that, Mr. Harrison, your client will, of course, not be caught short and unable to do necessary discovery provided that he's working diligently now. But we will determine whether there is a need for more discovery when we have more details in front of us. (See August 17, 2022 hearing transcript, p. 29).

The Defendant first requested dates to depose the Plaintiffs in late July – before the August 17, 2022 hearing. Those depositions did not take place until early November. The Defendant sent targeted and tailored written discovery requests to the Plaintiffs in early October. The Plaintiffs failed to produce a single document until December 7, 2022. Plaintiffs' counsel has, incredibly, taken the position that

responsive documentation was not actually required to be produced because it was produced to separate counsel in another action. This explanation is without merit and does not meet the required standard governing production of responsive documents.

The effect of the Plaintiffs' gamesmanship is clear: The Defendant has been "caught short" and is now "unable to do necessary discovery." The discovery period should be extended to allow the Defendant to conduct necessary and needed discovery. An extension would also allow the Plaintiffs to complete the deposition of the Defendant which was cancelled once due to Mr. Beal's illness and a second time more recently due to the illness of the Defendant.

Respectfully submitted,

**DOWNEY & CLEVELAND, LLP**

By: /s/ R. CHRISTOPHER HARRISON
    R. CHRISTOPHER HARRISON
    Georgia State Bar No. 333199
    harrison@downeycleveland.com
    Attorneys for Defendant

Downey & Cleveland, LLP
288 Washington Avenue
Marietta, GA 30060-1979
T: 770-422-3233
F: 770-423-4199

**L. LIN WOOD, P.C.**

By: /s/ L. LIN WOOD
    L. Lin Wood
    Georgia State Bar No. 774588
    lwood@linwoodlaw.com

L. Lin Wood, P.C.
P.O. Box 52584

Atlanta, GA 30355
T: 404-891-1402
F: 404-506-9111

                               **REYES LAWYERS, P.A.**

                               By:/s/ IBRAHIM REYES
                                       Ibrahim Reyes
                                       Florida State Bar No. 581798
                                       ireyes@reyeslawyers.com

Reyes Lawyers, P.A.
236 Valencia Avenue
Coral Gables, FL 33134
T: 305-445-0011
F: 305-445-1181

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D) of the Northern District of Georgia, I hereby certify that this pleading has been prepared in compliance with Local Rule 5.1(C) using 14-point Times New Roman Font.

        Respectfully submitted,

        **DOWNEY & CLEVELAND, LLP**

        By: /s/ R. CHRISTOPHER HARRISON
            R. CHRISTOPHER HARRISON
            Georgia State Bar No. 333199
            harrison@downeycleveland.com
            Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served the following counsel of record with a true and correct copy of the foregoing pleading via electronic service and/or by depositing said copy in the United States Mail, with sufficient postage affixed thereon, and properly addressed to the following:

Andrew M. Beal, Esq.
Milinda Brown, Esq.
Buckley Beal LLP
600 Peachtree Street, NE
Suite 3900
Atlanta, GA 30308

This 14th day of December, 2022.

          **DOWNEY & CLEVELAND, LLP**

          By: /s/ R. CHRISTOPHER HARRISON
            R. CHRISTOPHER HARRISON
            Georgia State Bar No. 333199

**Misty Kiker**

**From:** Andrew Beal <ABeal@buckleybeal.com>
**Sent:** Tuesday, December 13, 2022 6:53 PM
**To:** Chris Harrison; Milinda Brown
**Cc:** Michael Glosup; Lin Wood; Ibrahim Reyes
**Subject:** RE: Wade, et al v. Wood Document Production

Chris

No, I am saying that the documents should not have been new to anyone as we produced them all to your client two years ago. We produced them again, but they really don't go to the defamation claim much at all – they are communications between the parties that you called for so we produced them.

ANDREW M. BEAL | BUCKLEY BEAL, LLP
**Direct:** 404-920-0324 | **Fax:** 404-688-2988 | **Email:** abeal@buckleybeal.com
Bank of America Plaza, Suite 3900 | 600 Peachtree Street, N.E. | Atlanta, Georgia 30308

---

**From:** Chris Harrison <harrison@downeycleveland.com>
**Sent:** Tuesday, December 13, 2022 6:13 PM
**To:** Andrew Beal <ABeal@buckleybeal.com>; Milinda Brown <mbrown@buckleybeal.com>
**Cc:** Michael Glosup <mglosup@buckleybeal.com>; Lin Wood <lwood@linwoodlaw.com>; Ibrahim Reyes <ireyes@reyeslawyers.com>
**Subject:** RE: Wade, et al v. Wood Document Production

Drew,

Your response is troubling. It appears your position is as follows:

**We gave documents to your client's former counsel years ago in a separate action. As a result, you have had or should have had those documents and we had no duty to produce them to you.**

Is this really your position? Would you not agree that I am entitled to the responsive documents in this action and that all such responsive documents were required to be produced timely and not dumped on me one week before the expiration of the discovery period?

**From:** Andrew Beal <ABeal@buckleybeal.com>
**Sent:** Friday, December 9, 2022 11:32 AM
**To:** Chris Harrison <harrison@downeycleveland.com>; Milinda Brown <mbrown@buckleybeal.com>; Misty Kiker <misty@downeycleveland.com>
**Cc:** Michael Glosup <mglosup@buckleybeal.com>; Lin Wood <lwood@linwoodlaw.com>; Ibrahim Reyes <ireyes@reyeslawyers.com>
**Subject:** RE: Wade, et al v. Wood Document Production

They are the responsive documents. We have given you everything we have that is responsive.



1

I am not sure why you are disappointed – you had all the documents and now you have a formal, bates numbered, organized set. I assumed that your client would show you what we had produced to him. He did that, right? In fact, when we discussed things, I said, "You have that. . ." about several types of documents. I really don't think we have sat on anything in this case.

**ANDREW M. BEAL | BUCKLEY BEAL, LLP**

**Direct:** 404-920-0324 | **Fax:** 404-688-2988 | **Email:** abeal@buckleybeal.com
Bank of America Plaza, Suite 3900 | 600 Peachtree Street, N.E. | Atlanta, Georgia 30308

---

**From:** Chris Harrison <harrison@downeycleveland.com>
**Sent:** Friday, December 9, 2022 11:29 AM
**To:** Andrew Beal <ABeal@buckleybeal.com>; Milinda Brown <mbrown@buckleybeal.com>; Misty Kiker <misty@downeycleveland.com>
**Cc:** Michael Glosup <mglosup@buckleybeal.com>; Lin Wood <lwood@linwoodlaw.com>; Ibrahim Reyes <ireyes@reyeslawyers.com>
**Subject:** RE: Wade, et al v. Wood Document Production

When were you intending to tell me that, Drew? How was I supposed to know?

Also, as I am sure you would agree, I am entitled to responsive documents in this case. Very disappointing.

**From:** Andrew Beal <ABeal@buckleybeal.com>
**Sent:** Friday, December 9, 2022 11:26 AM
**To:** Chris Harrison <harrison@downeycleveland.com>; Milinda Brown <mbrown@buckleybeal.com>; Misty Kiker <misty@downeycleveland.com>
**Cc:** Michael Glosup <mglosup@buckleybeal.com>; Lin Wood <lwood@linwoodlaw.com>; Ibrahim Reyes <ireyes@reyeslawyers.com>
**Subject:** RE: Wade, et al v. Wood Document Production

The substantial majority of all the documents are in the possession of your client's former counsel, Alston & Bird. Without being cavalier about this, I don't believe we are really producing much new. My clients made a huge production to Alston & Bird back in 2020, and the majority of these documents are those documents with bates numbers on them.

**ANDREW M. BEAL | BUCKLEY BEAL, LLP**

**Direct:** 404-920-0324 | **Fax:** 404-688-2988 | **Email:** abeal@buckleybeal.com
Bank of America Plaza, Suite 3900 | 600 Peachtree Street, N.E. | Atlanta, Georgia 30308

---

**From:** Chris Harrison <harrison@downeycleveland.com>
**Sent:** Friday, December 9, 2022 9:47 AM
**To:** Milinda Brown <mbrown@buckleybeal.com>; Misty Kiker <misty@downeycleveland.com>
**Cc:** Andrew Beal <ABeal@buckleybeal.com>; Michael Glosup <mglosup@buckleybeal.com>; Lin Wood <lwood@linwoodlaw.com>; Ibrahim Reyes <ireyes@reyeslawyers.com>
**Subject:** RE: Wade, et al v. Wood Document Production
**Importance:** High

Milinda,

Thanks for your email. Several things to address:

Please make sure that my co-counsel, Lin and Ibrahim, are copied on emails.

I have not been able to view the Plaintiffs' production, which was provided for the first time on 12/7, because I was on trial earlier this week.

I concerned about the timing of the production. Your office responded to the Defendant's first written discovery requests on 11/11. However, for some reason that has never been addressed or explained, you did not provide a single document in response until 12/7, almost a month later and only 9 days before the current expiration date for the discovery period. Can you provide any explanation for this delay?

**From:** Milinda Brown <mbrown@buckleybeal.com>
**Sent:** Wednesday, December 7, 2022 6:52 PM
**To:** Chris Harrison <harrison@downeycleveland.com>; Misty Kiker <misty@downeycleveland.com>
**Cc:** Andrew Beal <ABeal@buckleybeal.com>; Michael Glosup <mglosup@buckleybeal.com>
**Subject:** Wade, et al v. Wood Document Production

Chris,

I am sending a file share link to Misty via separate email through sharepoint, and it is also pasted below for access to discovery documents. For all of the documents that Defendant produced in this matter, the copy we received from Defendant was not bates stamped for use in this litigation. I have bates stamped everything and those documents are being produced back to you for your convenience. The following is a list of the documents in the file share folder link:

- Defendant Wood's first production, dated 22.08.31;
- Defendant Wood's supplemental production, dated 22.11.4;
- Defendant's third document production, dated 22.11.17;
- Defendant's Telegram chat threads in native html and pdf, in the folder entitled "0000001";
- Plaintiffs' discovery production in folder entitled " Plaintiffs' Production".

Misty- please email or call me if you have any problems accessing the documents. Here is the link just in case the default email does not go through.
https://buckleybeallg.sharepoint.com/:f:/r/sites/CDII/Shared%20Documents/Client%20Share/WGW%20Fed?csf=1&web=1&e=swuVFk

Best,

Milinda Brown | BUCKLEY BEAL, LLP
**Direct:** 404-920-0314 | **Fax:** 404-688-2988 | **Email:** mbrown@buckleybeal.com
Bank of America Plaza, Suite 3900 | 600 Peachtree Street, N.E. | Atlanta, Georgia 30308