**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| NICOLE JENNINGS WADE, JONATHAN D. GRUNBERG, and G. TAYLOR WILSON,<br><br>    Plaintiffs,<br><br>v.<br><br>L. LIN WOOD,<br><br>    Defendant. | Case No. 1:22-CV-01073 |

## PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT

WHEREAS the Parties hereto have been and may be requested to produce or disclose through discovery certain materials and information which they maintain may contain sensitive information of L. Lin Wood, (hereinafter referred to as "Defendant") or Nicole Jennings Wade, Jonathan D. Grunberg, or G. Taylor Wilson (hereinafter referred to as "Plaintiffs");

AND WHEREAS the Parties hereto, while not specifically conceding the privileged or confidential nature of said materials or the consequences of their public disclosure, are being permitted to inspect and obtain said materials and information;

1

IT IS THEREFORE ORDERED that:

1. All written materials produced or disclosed by any party hereto and marked as "CONFIDENTIAL", or on behalf of any party pursuant to discovery, during pretrial discovery in this action shall be automatically designated as "SUBJECT TO CONFIDENTIALITY ORDER" ("Protected Material") and shall be revealed only as provided herein. By entering this *Confidentiality Order*, the Court and the Parties do not intend to create any presumption with regard to the actual confidentiality of any material, or to alter the normal burden of proof necessary for obtaining a protective order from the Court. Any dispute between the Parties as to the confidentiality of any specific material, except as provided in paragraphs 3 and 4, shall be resolved pursuant to paragraph 2 of this *Confidentiality Order*.

2. If a party hereto contests the assertion that any protected material qualifies as "CONFIDENTIAL" or "SUBJECT TO CONFIDENTIALITY ORDER", pursuant to this *Confidentiality Order*, the contesting party shall notify in writing counsel for the producing or disclosing party and identify the material at issue. Upon such written notification, the producing or disclosing party shall have fourteen (14) days to file a *Motion for Protective Order* with respect to the contested material. The confidentiality of the

   contested material shall be maintained in accordance with this *Confidentiality Order* until and unless the Court rules that the contested material is not entitled to such protection.

3. Any document, material, or other information designated as entitled to protection under this Order, which is submitted to the Court in support of a pleading or motion, or introduced at a hearing, trial, or other proceeding in this action, may continue as protected material only by Order of the Court in accordance with these procedures. If information entitled to protection under this Order is submitted to the Court in support of a pleading or motion, such information shall maintain its protected status for ten (10) days. During this ten-day period, the party who designated the information as protected may move the Court to continue the protected status of the information by filing a motion for continued protection. The moving party shall indicate whether the motion is opposed. If the motion is opposed, the opposing party shall have five (5) days from the date that the original motion is filed to file a response.

4. A party who seeks to introduce protected information at a hearing, trial, or other proceeding shall advise the Court at the time of introduction that the information sought to be introduced is protected. If the party who designated

the information as protected requests the protection be continued, the Court will conduct an in camera review of the information to determine if the information is entitled to continued protection.

5. A party's attorney may distribute materials protected by this *Confidentiality Order* or share information obtained from materials protected by this *Confidentiality Order* with the following categories of persons, except by further order of the Court:

   (a) Counsel of record and supporting personnel employed by counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks, commercial copy vendors, and shorthand reporters;

   (b) Technical advisers, consultants, or experts and their necessary support personnel retained by the parties subject to this *Order*, and who have signed the form attached hereto as Exhibit A;

   (c) Any of the parties to this proceeding (and if any party is not an individual person, then to that party's officers, directors, employees, agents, and insurers whose assistance is required in the preparation or evaluation of the case and who must have access to the materials to render such assistance);

 (d) Any lay witness from whom testimony is taken or to be taken in this proceeding, except that such person may be shown Protected Material only during his or her testimony and in preparation for it;

 (e) The Court, its personnel, clerk of court personnel, jurors, and stenographic reporters; and

 (f) Graphics, translation, design, copying, or outside computer services necessary for document handling, retained by counsel for purposes of preparing demonstrative or other exhibits for this action, or non-technical jury or trial consulting services, who have signed the form attached hereto as Exhibit A.

6. In the event that any person (a) is served with a subpoena in another action; (b) is served with a demand in another action to which he or she is a party; (c) receives a request by any judicial, arbitral, administrative, regulatory or legislative body, or (d) is served with any other legal process by one not a party to this litigation seeking protected material, that person shall give prompt written notice of such event to counsel of record for the producing or disclosing party to provide the non-disclosing party an opportunity to object to the production of such documents. If a party does not take steps to prevent disclosure of such documents within ten (10) business days of

the date written notice is given, the party to whom the request is directed may produce such documents in response thereto.

7. Nothing herein shall be deemed to limit any party's rights to discovery in connection with this action, or to restrict the prosecution, defense or settlement of this litigation.

8. Nothing in this Order shall restrict any party to this proceeding or its attorneys from disclosing or using, in any manner and for any purpose, its own Protected Material. Nothing in this Order shall restrict any party to this proceeding or its attorneys from disclosing or using, in any manner and for any purpose, information in the party's possession or known by the party, before disclosure by any other party, or of information that is public knowledge, or is independently developed or acquired outside the production and exchange of documents and information between the Parties to this Order. If a party possessed Protected Information when the lawsuit was filed, then nothing in this Order prohibits that party from using that Protected Information in the ordinary course of its business.

9. Nothing in this Order affects whether information is discoverable.

10. This *Confidentiality Order* may be modified by the Court sua sponte, or upon

motion of the parties, for good cause shown.

SO ORDERED this_____ day of_____, 2023.

                                                        _____
                                                        Judge Michael L. Brown,
                                                        United State District
                                                        Court Northern District
                                                        of Georgia

**Consented To By:**

| | |
|---|---|
| **BEAL SUTHERLAND BERLIN & BROWN LLP** <br> 945 East Paces Ferry Rd NE <br> Suite 2000 <br> Atlanta, GA 30326 <br> Telephone: 678-449-0422 <br> drew@beal.law <br> milinda@beal.law <br> *Attorney for Plaintiffs* | /s/ *Andrew M. Beal* <br> Andrew M. Beal, Esq. <br> Georgia Bar No. 0438432 <br> Milinda L. Brown, Esq. <br> Georgia Bar No. 363307 |
| **DOWNEY & CLEVELAND, LLP** <br> 288 Washington Avenue <br> Marietta, Georgia 30060 <br> harrison@downeycleveland.com <br> Tel: 770-422-3233 <br> Fax: 770-423-4199 | /s/ *R. Christopher Harrison* <br> R. Christopher Harrison, <br> Georgia Bar No. 333199 |
| **L. LIN WOOD, P.C.** <br> P.O. Box 52584 <br> Atlanta, GA 30355 <br> Telephone: 404-891-1402 <br> Facsimile: 404-506-9111 <br> lwood@linwoodlaw.com | /s/ *L. Lin Wood* <br> L. Lin Wood <br> Georgia Bar No. 774588 |
| **REYES LAWYERS, P.A.** <br> 236 Valencia Avenue <br> Coral Gables, FL 33134 <br> Telephone: 305-445-0011 <br> Facsimile: 305-445-1181 <br> ireyes@reyeslawyers.com <br> *Counsel for Defendant* | /s/ *Ibrahim Reyes* <br> Ibrahim Reyes (admitted pro hac vice) <br> Florida Bar No. 581798 |

# **EXHIBIT A**

# **(NON-DISCLOSURE AGREEMENT/ACKNOWLEDGMENT)**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| NICOLE JENNINGS WADE, JONATHAN D. GRUNBERG, and G. TAYLOR WILSON,<br><br>  Plaintiffs,<br><br>v.<br><br>L. LIN WOOD,<br><br>  Defendant. | Case No. 1:22-CV-01073 |

## NON-DISCLOSURE AGREEMENT

I,_____, do solemnly swear that I am fully familiar with the terms of the Protective Order entered in the above-styled action (the "Civil Action"), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. For purposes of enforcing this Order, I hereby consent to the jurisdiction of any Court which the Action is before.

Dated: _____                    _____
                                          Signature

                                          _____
                                          Printed Name

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| NICOLE JENNINGS WADE, JONATHAN D. GRUNBERG, and G. TAYLOR WILSON,<br><br>   Plaintiffs,<br><br>   v.<br><br>L. LIN WOOD,<br><br>   Defendant. | Case No. 1:22-CV-01073 |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing CONFIDENTIALITY AGREEMENT AND ORDER (proposed) upon all parties of record by filing same with the Court's electronic filing system which will deliver a copy to all counsel of record:

Respectfully submitted, this the 16th day of March, 2023.

**BEAL SUTHERLAND BERLIN & BROWN LLP**
945 East Paces Ferry Rd NE
Suite 2000
Atlanta, GA 30326
Telephone: 678-449-0422
drew@beal.law
milinda@beal.law
*Attorney for Plaintiffs*

/s/ Andrew M. Beal
Andrew M. Beal, Esq.
Georgia Bar No. 0438432
Milinda L. Brown, Esq.
Georgia Bar No. 363307