# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| NICOLE JENNINGS WADE, ) <br> JONATHAN D. GRUNBERG, and ) <br> G. TAYLOR WILSON ) <br> ) <br> Plaintiffs, ) <br> ) CIVIL ACTION <br> v. ) <br> ) <br> L. LIN WOOD, ) FILE NO. 1:22-CV-01073 <br> ) <br> Defendant. ) <br> _____ ) | |

## DEFENDANT'S BRIEF IN SUPPORT OF MOTION
## FOR SUMMARY JUDGMENT

COMES NOW, Defendant L. LIN WOOD, appearing specially and without submitting to the jurisdiction and venue of this Court, and files this Brief in Support of Motion for Summary Judgment, and respectfully shows this Court as follows:

The present matter was commenced on March 17, 2022 by Plaintiffs NICOLE WADE, JONATHAN GRUNBERG, and TAYLOR WILSON (hereinafter, the "Plaintiffs") against Defendant L. LIN WOOD (hereinafter, the "Defendant"), for damages purportedly associated with online statements made by the Defendant. *See* Plaintiffs' *Verified Complaint for Defamation*.

Notwithstanding these allegations, the claims pending against the Defendant are barred as a matter of law and should be dismissed with prejudice, because this

Court does not have personal jurisdiction over this particular Defendant. *See* Fed. R. Civ. P. 4(k)(1)(A); O.C.G.A. § 9-10-91. The Plaintiffs have not, and cannot, set forth evidence showing that this Court has the authority to exercise personal jurisdiction over the Defendant. As such, their claims are barred as a matter of law, and should be dismissed with prejudice. *See* Fed. R. Civ. P. 56(a).

## INTRODUCTION AND BRIEF STATEMENT OF FACTS

Crucially, it is undisputed in this matter that at the time of the filing of the Plaintiffs' Verified Complaint for Defamation (hereinafter, the "Complaint"), Plaintiffs Wade and Grunberg were residents of Georgia, Plaintiff Wilson was a resident of Tennessee, and Defendant Wood was a resident of South Carolina. *See* Plaintiffs' *Verified Complaint for Defamation*.

The Plaintiffs allege in their Complaint that, following the conclusion of a business relationship that existed between the Parties, which ended on or about February 14, 2020, the Defendant uttered statements that allegedly constituted defamation. *See Id*. The Plaintiffs further allege, generally, that they are entitled to damages as a result of statements made by the Defendant (hereinafter, the "Statements at Issue"). *See Id.*

However, all claims asserted by the Plaintiffs are barred as matter of law and should be dismissed with prejudice, because this Court, pursuant to Fed. R. Civ. P. 4 and Georgia's Long-Arm Statute, O.C.G.A. § 9-10-91, does not have authority to

exercise personal jurisdiction over the Defendant. As such, the Plaintiff's claims cannot survive before this Court, and should be dismissed accordingly.

## BRIEF ARGUMENT AND CITATION TO AUTHROITY

The Due Process Clause of the Fourteenth Amendment "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985) *citing Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). Further, the "Due [P]rocess [Clause] requires that a non-resident defendant have certain minimum contacts with the forum so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1274 (11th Cir. 2002).

Moreover, while the above authority provides the *constitutional* limits inside which personal jurisdiction may be exercised, in order for a plaintiff to successfully assert a claim against a defendant, their claims must also comply procedurally with all applicable long-arm statutes, as contemplated by Fed. R. Civ. P. 4; *see In re Uni-Marts, LLC*, 399 B.R. 400, 406 (Bankr. D. Del. 2009): ("Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure generally limits *in personam* jurisdiction of the federal courts over non-resident defendants to that which a court of general

jurisdiction in the forum state would have."); *see also Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 109 (1987).

## I. The Plaintiffs Claims Are Barred As A Matter Of Law Because This Court Does Not Have Personal Jurisdiction Over The Defendant.

This case should be dismissed with prejudice because this Court does not have personal jurisdiction over the Defendant. Pursuant to Rule 4 of the Federal Rules of Civil Procedure, which govern the procedure for all civil matters filed in this Court, "[s]erving a summons . . . establishes personal jurisdiction over a defendant: . . . who is subject to the jurisdiction of a court of general jurisdiction *in the state where the district court is located*." Fed. R. Civ. P. 4(k)(1)(A) (emphasis supplied). As such, in order to determine whether this Court has personal jurisdiction over the Defendant, *Georgia's* long-arm statute must be examined.

Georgia, however, does not permit its Courts of general jurisdiction to exercise personal jurisdiction over nonresidents if the alleged cause of action *is for defamation*. *See* O.C.G.A. § 9-10-91(2). Specifically, the long-arm statute provides,

> A court of this state may exercise personal jurisdiction over any nonresident or his or her executor or administrator, as to a cause of action arising from any of the acts, omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he or she were a resident of this state, if in person or through an agent, he or she: . . . .
>
> (2) Commits a tortious act or omission within this state, *except as to a cause of action for defamation* of character arising from the act. O.C.G.A. § 9-10-91.

The above considered, at issue in this matter is whether this cause of action complies with *Georgia's* long-arm statute. Fed. R. Civ. P. 4(k)(1)(A); *see also* O.C.G.A. § 9-10-91(2). Because it does not, the Plaintiff's claims are barred as a matter of law and should be dismissed with prejudice. See *Worthy v. Eller*, 265 Ga. App. 487, 488 (2004); *quoting Balmer v. Elan Corp.,* 261 Ga. App. 543, 546 (2003), *citing Cassells v. Bradlee Mgmt. Svcs.,* 161 Ga. App. 325, 327 (1982): ("The language of the statute is clear, unequivocal and unambiguous in *mandating the exclusion of* an action predicated on defamation.") (emphasis supplied).

Here, it is undisputed that the Defendant, at all times relevant hereto, resided and was domiciled in the state of South Carolina. *See* Plaintiffs' *Verified Complaint for Defamation; See also* Defendant L. Lin Wood's *Affidavit*, (attached as **Exhibit A**). It is also undisputed that the Plaintiffs' cause of action in this case is one for defamation. *Id.* And finally, it is evident that Georgia's long-arm statute, according to the Georgia Court of Appeals, *expressly excludes* Georgia courts from exercising personal jurisdiction over claims for defamation against nonresident defendants. *See Cassells,* 161 Ga. App. at 327.

As such, pursuant to Georgia's long-arm statute, which applies in this Court pursuant to Fed. R. Civ. P. 4(k)(1)(A), it is clear that this Court does not have personal jurisdiction over the Defendant since this matter involves claims for

defamation against a nonresident defendant. The Plaintiffs' claims therefore must be dismissed with prejudice and the Defendant is entitled to Summary Judgment.

WHEREFORE, Defendant Wood hereby respectfully requests that this Court GRANT his Motion for Summary Judgment and dismiss the claims asserted by the Plaintiffs against him with prejudice.

          Respectfully submitted,

          **DOWNEY & CLEVELAND, LLP**

          By: /s/ R. CHRISTOPHER HARRISON
              **R. CHRISTOPHER HARRISON**
              Georgia State Bar No. 333199
              **JACKSON A. GRINER**
              Georgia State Bar No. 495020
              harrison@downeycleveland.com
              *Attorneys for Defendant*

Downey & Cleveland, LLP
288 Washington Avenue
Marietta, GA 30060-1979
T: 770-422-3233
F: 770-423-4199

          **L. LIN WOOD, P.C.**

          By: /s/ L. LIN WOOD
              L. Lin Wood
              Georgia State Bar No. 774588
              lwood@linwoodlaw.com

L. Lin Wood, P.C.
P.O. Box 52584
Atlanta, GA 30355
T: 404-891-1402
F: 404-506-9111

[*Signatures continue onto next page*]

**REYES LAWYERS, P.A.**

By:/s/ IBRAHIM REYES
    Ibrahim Reyes
    Florida State Bar No. 581798
    ireyes@reyeslawyers.com

Reyes Lawyers, P.A.
236 Valencia Avenue
Coral Gables, FL 33134
T: 305-445-0011
F: 305-445-1181

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D) of the Northern District of Georgia, I hereby certify that this submission has been prepared in compliance with Local Rule 5.1(C), using 14-point Times New Roman Font.

    Respectfully submitted,

    **DOWNEY & CLEVELAND, LLP**

    By: /s/ R. CHRISTOPHER HARRISON
        **R. CHRISTOPHER HARRISON**
        Georgia State Bar No. 333199
        **JACKSON A. GRINER**
        Georgia State Bar No. 495020
        harrison@downeycleveland.com
        *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served the following counsel of record with a true and correct copy of the foregoing pleading via electronic service and/or by depositing said copy in the United States Mail, with sufficient postage affixed thereon, and properly addressed to the following:

Andrew M. Beal, Esq.
Milinda Brown, Esq.
Buckley Beal, LLP
600 Peachtree Street, NE
Suite 3900
Atlanta, GA 30308

This 17th day of April, 2023.

                                             **DOWNEY & CLEVELAND, LLP**

                                             By: /s/ R. CHRISTOPHER HARRISON
                                                   **R. CHRISTOPHER HARRISON**
                                                   Georgia State Bar No. 333199
                                                   **JACKSON A. GRINER**
                                                   Georgia State Bar No. 495020

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NICOLE JENNINGS WADE, JONATHAN D. GRUNBERG, and G. TAYLOR WILSON<br><br>Plaintiffs,<br><br>v.<br><br>L. LIN WOOD,<br><br>Defendant. | CIVIL ACTION<br><br>FILE NO. 1:22-CV-01073 |

## AFFIDAVIT OF L. LIN WOOD

I, L. Lin Wood, being duly sworn, depose and state as follows:

1. My name is L. Lin Wood. I am over 18 years of age and of sound mind, and I am capable of making this affidavit. I have personal knowledge of the facts set forth herein, and, if called to testify about those facts, I could and would do so competently and under oath.

2. At all times since February of 2021, I have been a resident of South Carolina, and have intended to remain as a resident of South Carolina.

3. I currently hold a valid driver's license issued by the State of South Carolina and am registered to vote as a citizen of South Carolina.

- 1 -



EXHIBIT A

4. While I maintain a Post Office Box for L. Lin Wood, P.C., a professional corporation registered to transact business in Georgia, I have not practiced law in Georgia since 2021 except to the extent that I am involved as co-counsel in matters pending against me.

5. I have not conducted any other business associated with the practice of law aside from attending various hearings scheduled by the State Bar of Georgia.

FURTHER AFFIANT SAYETH NAUGHT.

_____
L. LIN WOOD

Sworn to and Subscribed before me on this

17 day of April, 2023.

_____
Notary Public
exp. 3/4/2025

