## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This **SETTLEMENT AGREEMENT AND GENERAL RELEASE** (this "Agreement") is made and entered into this 17th day of March 2020, by and between L. Lin Wood, P.C. and L. Lin Wood (collectively, "Wood"), on the one hand, and Wade, Grunberg & Wilson, LLC, Nicole Wade, Wade Law, LLC, Jonathan Grunberg, J.D. Grunberg, LLC, Taylor Wilson, G. Taylor Wilson, LLC, and Grunberg & Wilson, LLC (collectively "WGW"), on the other (each party hereto a "Party" and all collectively, the "Parties").

### RECITALS

WHEREAS, Nicole Wade, Jonathan Grunberg, and Taylor Wilson and Wood are lawyers who practiced law and shared office space together for several years.

WHEREAS, WGW never held any ownership interest in L. Lin Wood, P.C. (hereinafter "LLW PC") but have worked as lawyers of L. Lin Wood, P.C. on cases since 2018.

WHEREAS, the Parties have determined that it is in their mutual interest to amicably resolve disputes regarding their business affiliation, define with certainty the parties' obligations and rights regarding cases on which they have been or are presently working together on a case-by-case basis, and to terminate their shared office space arrangement.

WHEREAS, the Parties have agreed to compromise and resolve all claims and controversies now existing between them, and each of the Parties enters into this Agreement to memorialize its understanding and agreement with respect to such compromise and resolution.

NOW, THEREFORE, in consideration of the foregoing, and the respective agreements, warranties and covenants contained herein, the Parties hereto agree, covenant and warrant as follows:

1. Fee Split for Legal Work.

   A. LLW PC shall pay to WGW a portion of its fees for the following cases as set forth herein (or, as applicable, WGW will pay a portion of fees to LLW PC), subject to the offset for lease expenses described in Section 2 below:

      i.            from the LLW PC fee, and the parties acknowledge that       was and is the client of LLW PC.

      ii.           from the LLW PC fee, and the parties acknowledge that       was and is the client of LLW PC.

      iii.        of the LLW PC court-approved fee, and the parties acknowledge that       was and is the client of LLW PC.



**EXHIBIT**

_B_

Wood Initials: _MWW_

WGW Initials: _____

iv.                                    of the court-approved fee will be paid to LLW
PC         of the court-approved fee will be paid to WGW), and the parties
acknowledge          was and is the client of WGW.

v.                                        of the court-approved fee will be paid to
LLW PC        of the court-approved fee will be paid to WGW), LLW PC
will timely reimburse WGW for        of reasonable expenses incurred, and
the parties acknowledge            vas and is the client of WGW.

vi.                              of the court-approved fee will be paid to LLW
PC (        of the court-approved fee will be paid to WGW), LLW PC will
timely reimburse WGW for          of reasonable expenses incurred, and the
parties acknowledge               was and is the client of WGW.

B.      LLW PC shall pay the stated portion of said fees for the three settled cases – i.e.,
the ones described in (i), (ii), and (iii) above – to WGW, minus the lease amount referenced
in Section 2 below, within 72 hours of LLW PC's receipt of its portion of the fees from the
settlement, said payment to be made via wire transfer to WGW at

. In the highly unlikely event that the Court approves the settlement
but lowers the fee amount paid to LLW PC for that                        the parties will
make a corresponding adjustment to the amount set forth in subpart (iii) above.

C.      WGW shall pay the stated portion of said fees for the three cases that have not yet
settled – i.e., the ones described in (iv), (v), and (vi) above – to LLW PC within 72 hours
of WGW's receipt of its portion of any fees from such cases. With respect to those three
cases, each Party will be reimbursed for expenses he or it had incurred as of the date of this
Agreement on a dollar-for-dollar basis if and when a recovery is had.

D.      With respect to the pending
LLW PC shall pay to WGW and its members          of LLW PC's
contractual portion of any contingent fee received by LLW PC in connection with those
cases. Any such payments shall be made within 72 hours of LLW PC's receipt of its portion
of the fees from those cases. With respect to those two cases, the Parties acknowledge that
. was and is the client
of LLW PC. Except as expressly described in this Agreement, WGW and its members shall
make no claim for any case in which LLW PC was and is the attorney for its client,
The Parties
acknowledge and agree that WGW and its members have no claim, and make no claim, of
entitlement to fees for any other matter, pending or otherwise, in which
is the client of LLW PC.

E.      With respect to the hourly fee client, \
, the Parties recognize that        was and is the client of WGW.

2

Wood Initials:

WGW Initials:

currently owes approximately                in overdue bills to LLW PC. The Parties agree to cooperate in attempting to recover these fees, and in the event of any such recovery, payments will be allocated first to expenses owed to LLW PC, if any, and the remainder split      WGW and      LLW PC.

F.      With respect to other hourly fee clients, the Parties agree that those hourly billable matters brought to LLW PC by Nicole Wade, Jonathan Grunberg, or Taylor Wilson were and are clients of WGW, and that LLW PC will cooperate in providing any information or documents for those clients to WGW. The Parties agree that those hourly billable matters brought to LLW PC by Wood were and are clients of LLW PC. The Parties agree that, except as set forth herein and in Section 1(E), no further amounts will be due to either side with respect to any hourly fee billable matters.

2.  Office Lease.

A.      WGW shall pay to LLW PC the amount of $285,000.00 in full satisfaction of any obligations WGW may have, or be alleged to have, under the lease agreement with PR II Regions Plaza, LLC for Suite 2040 at Regions Plaza (the "Lease"). This amount shall be deducted from the payment by LLW PC to WGW referenced in Section 1(B) above. Thus, the total payment required by Section 1(B) shall be in the total amount of

B.      WGW (which, as noted above, includes its members in their individual capacities and their respective LLCs) shall have no further obligation or liability under the Lease. LLW PC will take all necessary steps to remove the names of WGW members from the Lease and/or to ensure that they have no obligation for further Lease payments, including if possible obtaining a release from PR II Regions Plaza, LLC of WGW or, if such release cannot be obtained, LLW PC and L. Lin Wood, individually, shall agree to indemnify WGW against any claims by PR II Regions Plaza, LLC, or any affiliate, subsidiary, related party, or assignee, relating to the Lease.

3.  Non-Disparagement.  LLW PC and L. Lin Wood, individually, agree not to disparage WGW. This agreement is not to be construed to imply or suggest that LLW PC and/or L. Lin Wood has disparaged WGW or its members prior to the date of this Agreement. Nothing in this provision prevents the Parties from providing truthful information about each other and its members in response to a court order or subpoena, or during any federal, state, or local governmental body investigation or proceeding. LLW PC and L. Lin Wood, individually, do not seek in this Agreement any legal protection regarding any future disparagement of LLW PC and L. Lin Wood, individually, but shall address any future false and defamatory statements by WGW and its members about LLW PC and L. Lin Wood, individually, on a case-by-case basis as provided by law.

4.  Mutual General Release.

  *A. Release by Wood.*  LLW PC and L. Lin Wood, individually, hereby irrevocably and unconditionally forever release and discharge WGW (as defined above), and their heirs, executors, administrators and assigns, and their attorneys and representatives, and

3

Wood Initials: 

WGW Initials:

waive any and all rights with respect to, all manner of actual or potential claims, actions, causes of action, suits, judgments, rights, demands, debts, damages or accountings of whatever nature, legal, equitable or administrative, whether the same are now known or unknown, which LLW PC and L. Lin Wood, individually, ever had, now have or may claim to have, upon or by reason of any acts or omissions of WGW or it members up to the effective date of this Agreement, including but not limited to all claims and liabilities arising from any acts, omissions, cases, or business relationships that have occurred or commenced, or allegedly have occurred or commenced, prior to the date that this Agreement is signed. This is a general release of all such claims.

B. *Release by WGW.* Nicole Wade, Jonathan Grunberg, and Taylor Wilson, and Wade, Grunberg & Wilson, LLC, for themselves and itself, hereby irrevocably and unconditionally forever release and discharge LLW PC and L. Lin Wood, individually, and their heirs, executors, administrators and assigns, and their attorneys and representatives, and waive any and all rights with respect to, all manner of actual or potential claims, actions, causes of action, suits, judgments, rights, demands, debts, damages or accountings of whatever nature, legal, equitable or administrative, whether the same are now known or unknown, which WGW and its members ever had, now have or may claim to have, upon or by reason of any acts or omissions of LLW PC and L. Lin Wood, individually, up to the effective date of this Agreement, including but not limited to all claims and liabilities arising from any acts, omissions, cases, or business relationships that have occurred or commenced, or allegedly have occurred or commenced, prior to the date that this Agreement is signed. This is a general release of all such claims.

C. The Parties hereby absolutely, unconditionally and irrevocably, covenant and agree with and in favor of each other Party that they shall not sue (at law, in equity, in any regulatory proceeding or otherwise), or maintain any suit against, any Party released above on the basis of any claim released, remised and discharged above.

D. The Parties understand, acknowledge and agree that the releases set forth above may be pleaded as a full and complete defense and may be used as a basis for an injunction against any action, suit or other proceeding which may be instituted, prosecuted or attempted in breach of the provisions of such releases.

E. The Parties agree that no fact, event, circumstance, evidence or transaction which could now be asserted or which may hereafter be discovered shall affect in any manner the final, absolute and unconditional nature of the release set forth above.

F. Notwithstanding anything to the contrary in this Section 4 and in this Agreement, the Parties acknowledge and agree that any actions necessary to enforce the terms of this Agreement are not released or barred. Further, the Parties acknowledge and agree that any claims or actions necessary to invoke any defenses and/or insurance protections against any claims for malpractice are not released or barred.

4

Wood Initials:

WGW Initials:

5. No Further Money Owed. The Parties acknowledge and agree that, except as set forth expressly in Section 1 of this Agreement, there is no further money owed by LLW PC and/or L. Lin Wood, individually, to WGW and/or its members, or by WGW and/or its members to LLW PC and L. Lin Wood, individually.

6. Miscellaneous Provisions.

   A. Applicable Law. This Agreement shall be construed and governed by the laws of the State of Georgia, irrespective of its choice of law rules. The Parties consent to jurisdiction and venue in Georgia in any action brought to enforce the terms of this Agreement.

   B. Jointly Drafted. The Parties and their respective counsel mutually contributed to the preparation of, and have had the opportunity to review and revise, this Agreement. Accordingly, no provision of this Agreement shall be construed against any Party because that Party, or its counsel, drafted the provision. This Agreement and all of its terms shall be construed equally as to each Party.

   C. Entire Agreement. This Agreement contains the entire agreement between the Parties relating to the subject matter hereof, integrates all the terms and conditions mentioned or incidental to this Agreement, and supersedes all prior negotiations or writings. No modification or waiver of any provisions of this Agreement shall be valid unless in writing and signed by all parties hereto.

   D. Counterparts. This Agreement may be executed in counterparts, each of which may be enforceable as an original, but all of which taken together shall constitute but one agreement. Electronic execution and delivery of this Agreement by a Party shall constitute legal, valid and binding execution and delivery of this Agreement.

   E. Fees and Costs. Each Party shall bear his, her, or its own costs and attorneys' fees.

   F. Acknowledgments and Competency. The Parties represent that they have read and understand the provisions of this Agreement; that they are entering into this Agreement knowingly and voluntarily; and that they sought the advice of counsel prior to executing this Agreement. The Parties further agree that, upon information and belief, each Party to this Agreement is mentally and physically competent in all respects, including their ability to enter into this Agreement and any and all prior agreements which formed the basis in whole or in part for certain disputes between the parties which have been resolved by this Agreement.

   **IN WITNESS WHEREOF,** the Parties have executed this Settlement Agreement and Release as of the day and year written above.

**L. Lin Wood, P.C.**

5

Wood Initials: 

WGW Initials:

By: __L. LIN WOOD__

Name: __L. LIN WOOD__

Title: __PRESIDENT__

_____

**L. Lin Wood**

Wood Initials:

WGW Initials:

WADE, GRUNBERG & WILSON, LLC

By: _____

Name: _____

Title: _____


Nicole Wade, Individually and on behalf of
Wade Law, LLC


Jonathan Grunberg, Individually and on behalf
of J.D. Grunberg, LLC and Grunberg &
Wilson, LLC


Taylor Wilson, Individually and on behalf of G.
Taylor Wilson, LLC and Grunberg & Wilson,
LLC

Wood Initials:

WGW Initials: