UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NICOLE JENNINGS WADE, ) <br> JONATHAN D. GRUNBERG, and ) <br> G. TAYLOR WILSON ) <br> ) <br> Plaintiffs, ) <br> ) CIVIL ACTION <br> v. ) <br> ) <br> L. LIN WOOD, ) FILE NO. 1:22-CV-01073 <br> ) <br> Defendant. ) <br> _____ ) | |

### DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT

COMES NOW, Defendant L. LIN WOOD, appearing specially and without submitting to the jurisdiction and venue of this Court, and files this Reply to Plaintiffs' Response to Defendant's Motion for Summary Judgment, and respectfully shows the Court as follows:

### BRIEF ARGUMENT AND CITATION TO AUTHROITY

Given the evidence of record in this case, it is clear that the claims asserted by the Plaintiffs are barred as a matter of law and should be dismissed with prejudice. The Plaintiffs have not, and cannot, set forth evidence sufficient to survive a motion for summary judgment, and have failed to refute that the Defendant's statements consisted only of opinions and present-sense impressions which were wholly

- 1 -

protected by the Defendant's right to free speech, and are therefore not actionable here. *See* Ga. Const. art. I, § 1, ¶ V.

Crucially, the Plaintiffs cannot factually refute that they are limited-purpose public figures for the purposes of this case, because they undisputedly engaged in the controversy that stemmed from the conclusion of the business relationship between the Parties. *See* Plaintiffs' *Verified Complaint for Defamation; See also* Defendant Lin Wood's *Deposition Testimony* (attached to Defendant's Memorandum of Law in Support of Second Motion for Summary Judgment as "**Exhibit A**"), p. 17-18, l. 24-8. In fact, it was the Plaintiffs who chose to end the business relationship. *Id.* Nonetheless, because the Plaintiffs voluntarily participated in a controversy that involved multiple lawyers, multiple business, and several of those lawyers' clients, they did indeed "inject themselves" into public controversy. *See Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 351 (1974).

Yet, the Plaintiffs do not provide support for their contention that a comment on the acts of another in their capacity as a limited-purpose public figure cannot constitute a conditionally privileged statement pursuant to O.C.G.A. § 51-5-7(9), even though the statute's plain meaning clearly specifies that it would. The Plaintiffs also do not successfully refute the mountain of evidence in the form of testimony from the Defendant, where he clearly explains, not only that he *believes* that the statements at issue in this matter (hereinafter referred to as the "Statements at Issue")

were true, but also that they were only made in direct response to actions taken by the Plaintiffs during negotiations over formation of the March 17, 2020 Agreement (hereinafter referred to as the "Agreement"), and in connection with their service of the August 26, 2020 demand letter received by the Defendant (hereinafter referred to as the "August 26, 2020 Demand").

Specifically, the Defendant anticipated that the Plaintiffs would contend that some sort of agreement was formed between the Parties during February of 2020, notwithstanding the fact that there were a number of issues which were *not* resolved, nor agreed-to, during the preliminary discussions that took place in February. *See* Defendant Lin Wood's *Deposition* (attached to Defendant's Memorandum of Law as **Exhibit A**), p. 24-25, l. 17-6. The Defendant then also suspected, after receiving the August 26, 2020 Demand and being faced with a deadline set to expire just *20 hours* after service, that he was being faced with an intrusive and salaciously worded draft Complaint and a monetary figure he felt was arbitrary and unfounded. *See Id* at p. 202-03, l. 21-1. The Defendant therefore felt extorted. *Id*; *see also Id* at p. 137, l. 1-3.

Thus, while the Plaintiffs contend that the Defendant authored the Statements at Issue with *both* knowledge of falsity and malice, they fail to refute the Defendant's clear testimony supporting that all statements made were merely responses to, and opinions concerning, the actions taken by the Plaintiffs purportedly in an effort to

resolve the issues between the Parties, but seemingly also in an effort to thwart the Defendant from truly being able to investigate and determine whether the terms of the Agreement and the amount demanded by the August 26, 2020 Demand had any reasonable basis.

Because the Plaintiffs, by and through their actions, did attempt to sever their business relationship with the Defendant *without* providing any amount to cover the lease for L. Lin Wood, P.C., and because they attempted to obtain a demanded amount of above *one million dollars, without even giving the Defendant a full 24 hours* to consider the terms, they did indeed contribute to the public controversy that ensued between the Parties during the conclusion of the business relationship between them. They also acted in a way that led the Defendant to subjectively conclude that he was being extorted. It therefore cannot be said that the Statements at Issue were made with actual malice. Instead, they were a foreseeable response to the 'negotiation' tactics utilized by the Plaintiffs.

Further, the Plaintiffs also cannot produce evidence sufficient to support any recovery for defamation *per se* in this case, because they have failed to show that the Statements at Issue contained any accusations of specific, criminal conduct. Instead, they simply rely upon the fact that the word "extortion," which has both a plain meaning and a separate meaning as a legal term of art, was used within the Statements at Issue. Nevertheless, because the Defendant did not allege that the

Plaintiffs acted in manner that fulfilled the legal, statutory definition of the crime of extortion, but *did* explain at length the specific acts of the Plaintiffs that he believed constituted ***acts*** of extortion, the evidence plainly indicates that Statements at Issue, at most, alleged that the Plaintiffs engaged in the act of extortion by and through the use of their 'negotiation' tactics. The Statements at Issue did not, however, allege specific facts or elements such that would constitute an accusation of criminal culpability.

Finally, the Plaintiffs also contend that the Statements at Issue are not protected opinions, and they attempt to support this contention by arguing that the Statements at Issue are capable of being proven false. Such a contention begs the question though: how can one's subjective statement as to how she perceives or views a given situation be proven false?

In his deposition, the Defendant explained at length:

> I made my statements I believe in May of 2021, when at a time that I had been taken on being Counsel to myself I was coming under fierce attack in South Carolina with their Complaint, which is exactly why I think they filed it for. So[,] I made a decision to speak out as a lawyer for myself for myself in the Court of public opinion, and **I did believe at the beginning, I believed in the middle, and I believed at the end** that what was done in reference to the filing of this Superior Court lawsuit in September of 2020 was pure extortion. **My opinion has never changed.** *See* Defendant Lin Wood's *Deposition* (attached to Defendant's Memorandum of Law as **Exhibit A**), p. 110-11, l. 16-4.

Moreover, the Defendant also, in directly explaining his perception as to the Statements at Issue, described:

> People feel extorted in different ways. I have told you why I felt extorted in the two instances, one that showed the pattern; and two, that I thought was extortion. And nobody complained when I put extortion in my public statement that I issued right after the lawsuit was filed. They put in the public record that I had said extortion to Dexter King and another lawyer. They spread the accusation or my opinion of extortion around the world, and they complained that I made a comment about it on Telegram, where you don't really know how many people see it. *See Id* at p. 148, l. 2-14.

Considering these excerpts, in addition to the entirety of the Defendant's testimony, it is plainly evident that the Statements at Issue were wholly subjective, and were merely recitations of the present-sense impressions being formed by the Defendant as to the conduct exhibited by the Plaintiffs in connection with the formation of the Agreement and through their service of the August 26, 2020 Demand.

Because the Statements at Issue have not been shown to amount to any more than the Defendant's mere explanations of his impressions of the Plaintiffs' conduct, it is clear that they are subjective, protected opinions. *See Gertz*, 418 U.S. at 339–40. Moreover, because the Plaintiffs attempted to exclude consideration of the L. Lin Wood, P.C. lease during the formation of the Agreement, and left the Defendant with less than 20 hours to consider the monetary figure demanded in their August 26, 2020 Demand, a very clear explanation exists in this case as to *how*, and *why*, the Defendant formed the subjective opinions that he did. The Defendant then also supports this explanation by discussing himself exactly how he formed his opinions. See Defendant Lin Wood's *Deposition* (attached to Defendant's Memorandum of Law as **Exhibit A**):

> I believe they extorted me into the agreement of March 17th, because they were interfering with my relationship with my children. That is documented. You don't do that to me.
>
> They were threatening me with their accusations, false about my mental health. They were threatening my efforts for Richard Jewell to have President Trump award him posthumously the Presidential Medal of Freedom.
>
> And their baseless allegations also threatened what I was doing in an ongoing effort for Nicholas Sandmann and they knew it. And I think they used that leverage and it worked. I gave in, but I felt extorted. Then I believe clearly without any doubt in my mind it is my opinion they extorted me or tried to extort me with respect to the demand that you made when you sent over that incredibly scandalous, irrelevant, impertinent Complaint that they were determined to file, so they could smear my name and they did it. *Id* at p. 48-49, l. 15-11.

Therefore, it is evident that the Statements at Issue were mere opinions, rather than statements of fact or allegations of specific, criminal conduct. While the Plaintiffs may disagree with the statements made, they cannot establish their falsity given their subjective and opinionated nature. *See Gertz*, 418 U.S. at 339–40: ("Under the First Amendment[,] there is no such thing as a false idea. However pernicious an opinion may seem, we depend for its correction not on the conscience of judges and juries[,] but on the competition of other ideas."). Thus, it is clear that the Defendant did not utter defamatory remarks when he made the Statements at Issue. Instead, he merely communicated subjective, protected opinions to others regarding the conduct exhibited by the Plaintiffs, and therefore is entitled to judgment as a matter of law.

## **CONCLUSION**

Here, the Plaintiffs cannot refute the role they played in creating the controversy associated with the end of the business relationship between the Parties, but also cannot produce evidence aside from self-serving affidavits showing that the Defendant possessed any knowledge either of falsity or reckless disregard for the truth. The Plaintiffs have also failed to adequately show that the Defendant objectively accused them of any specific, criminal conduct, but have also failed to allege *any* actual damages in this case. The Plaintiffs therefore have not shown that a triable issue exists as to either their claims of common law defamation, or defamation *per se*, and cannot recover here as a matter of law. Defendant Wood is thus entitled to summary judgment.

WHEREFORE, Defendant Wood hereby respectfully requests that this Court GRANT his Second Motion for Summary Judgment and dismiss the claims asserted by the Plaintiffs against him with prejudice.

This 9th day of June, 2023.

[*Signatures on next page*]

                    Respectfully submitted,

                    **DOWNEY & CLEVELAND, LLP**

                    By: <u>/s/ R. CHRISTOPHER HARRISON</u>
                         **R. CHRISTOPHER HARRISON**
                         Georgia State Bar No. 333199
                         **JACKSON A. GRINER**
                         Georgia State Bar No. 495020
                         harrison@downeycleveland.com
                         *Attorneys for Defendant*

Downey & Cleveland, LLP
288 Washington Avenue
Marietta, GA 30060-1979
T: 770-422-3233
F: 770-423-4199

                    **L. LIN WOOD, P.C.**

                    By: <u>/s/ L. LIN WOOD</u>
                         L. Lin Wood
                         Georgia State Bar No. 774588
                         lwood@linwoodlaw.com

L. Lin Wood, P.C.
P.O. Box 52584
Atlanta, GA 30355
T: 404-891-1402
F: 404-506-9111

              [*Signatures continue onto next page*]

**REYES LAWYERS, P.A.**

By:/s/ IBRAHIM REYES
    Ibrahim Reyes
    Florida State Bar No. 581798
    ireyes@reyeslawyers.com

Reyes Lawyers, P.A.
236 Valencia Avenue
Coral Gables, FL 33134
T: 305-445-0011
F: 305-445-1181

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D) of the Northern District of Georgia, I hereby certify that this submission has been prepared in compliance with Local Rule 5.1(C), using 14-point Times New Roman Font.

Respectfully submitted,

**DOWNEY & CLEVELAND, LLP**

By: /s/R. CHRISTOPHER HARRISON
    **R. CHRISTOPHER HARRISON**
    Georgia State Bar No. 333199
    **JACKSON A. GRINER**
    Georgia State Bar No. 495020
    harrison@downeycleveland.com
    *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the following counsel of record with a true and correct copy of the foregoing pleading via electronic service and/or by depositing said copy in the United States Mail, with sufficient postage affixed thereon, and properly addressed to the following:

Andrew M. Beal, Esq.
Milinda Brown, Esq.
Buckley Beal, LLP
600 Peachtree Street, NE
Suite 3900
Atlanta, GA 30308

This 9th day of June, 2023.

                      **DOWNEY & CLEVELAND, LLP**

                      By: /s/ R. CHRISTOPHER HARRISON
                            **R. CHRISTOPHER HARRISON**
                            Georgia State Bar No. 333199
                            **JACKSON A. GRINER**
                            Georgia State Bar No. 495020
                            *Attorneys for Defendant*