# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| NICOLE JENNINGS WADE, JONATHAN D. GRUNBERG, and G. TAYLOR WILSON,<br><br>Plaintiffs,<br><br>v.<br><br>L. LIN WOOD,<br><br>Defendant. | Case No. 1:22-cv-1073-MLB |

## PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs file this reply brief in support of their Motion for Partial Summary Judgment ("Motion") as follows:

## INTRODUCTION

Defendant Wood has failed to refute *any fact* proffered by Plaintiffs in support of their Motion and failed to provide *any legal authority* to refute Plaintiffs' arguments. Wood expressly admitted 37 of Plaintiffs' 62 Material Facts as to Which There Is No Genuine Issue to be Tried ("Statement of Facts"). (*Compare*[1] Dkt. 71-2 *with* Dkt. 78-1). Of the 25 which purport to deny or object to any portion of Plaintiffs' Statement of Facts, all but two simply state that Defendant objects "to the extent" the statement of fact mischaracterizes the facts, and none contain an actual cite to the record. (*Compare, e.g.,* Dkt. 78-1 ¶¶ 37-38 (denying Plaintiffs' statements of fact explaining the various issues encompassed by their August 2020 settlement offer, but only "to the extent it improperly mischaracterizes the wording

---

[1] Wood's response to the SMF is difficult to follow because it does not comply with this Court's requirement that "a party responding to a statement of material facts shall copy into its response document the numbered statement to which it is responding and provide its response to that statement immediately following." (Dkt. 6 at 9). Although Wood did not file his own statement of facts as to which he contends there is a genuine issue to be tried, Plaintiffs are filing herewith a reply statement of facts so that the initial statements are included as required and for this Court's convenience, and to demonstrate that Wood fails to actually deny *any* of Plaintiffs' Statement of Material Facts.

1

included within the August 26, 2020 Demand" and otherwise failing to provide any contrary evidence, at all)). As such, Defendant Wood fails to deny any statements of fact set forth by Plaintiffs as a matter of law.

Indeed, Defendant Wood—possessing no evidence other than his self-serving deposition testimony to support his factual, and sometimes legal, positions—failed to meet his burden in any respect to overcome Plaintiffs' Statement of Facts, most significantly by failing to point to any evidence to dispute them. *See* L.R. 56.1(B)(2) (requiring the respondent to refute Plaintiff's statements of fact "by specific citations to evidence"). Defendant Wood's response brief does not even have a fact section, lest he be forced to highlight the overwhelming discrepancy in the parties' evidence. Indeed, Defendant can point to no evidence of extortion in this matter.

Defendant Wood's sparse legal authority fares no better. Wood cited five cases—total—in his response brief and then only for general principles of law. He applied none of those cases to the facts and circumstances of this case, and the generalities cited are not helpful for this Court to resolve the issues. In particular, *first*, Defendant Wood *does not in any manner dispute that his accusations of extortion are false*. He does not assert that there exists evidence from which a jury could deem them true and has no argument on it at all. (*Compare* Dkt. 78).

*Second*, Wood cites zero cases to support his position that somehow his brand

2

of accusations of extortion—for which Plaintiffs should be criminally prosecuted and disbarred—are not defamatory *per se*. Similarly, Wood cites no authorities to support his made-up "present sense impression" argument and made-up claim that a defendant must specify every statutory element of a crime to be defamatory—*zero authority for these propositions*. (*Compare id.* at 10-11).

*Third*, in support of his opposition on the element of unprivileged publication, Defendant Wood admits publication but incredibly asserts that his statements were nonetheless privileged because Plaintiffs are somehow public officials. (*Compare id.* at 8-10). Defendant Wood improperly tries—*again without any authority*—to build a bridge between public figures and public officials to bring his false accusations within Georgia's qualified privilege statute, O.C.G.A. § 51-5-7(9), apparently based upon the misconception that its reference to "public men or public women in their public capacity" refers to public figures instead of officials.[2] But Plaintiffs' public or private status does not affect the privilege analysis at all. It merely addresses Plaintiffs' substantive burden on the issue of fault, which is the only relevant proposition addressed by the two authorities Wood cites in support of this argument.

---

[2] In any case, Plaintiffs are private figures as addressed in their opposition to Defendant's Second Motion for Summary Judgment (Dkt. 80 at, *e.g.*, 11-14), and Wood provides no facts to support the position they are public figures.

3

*Fourth*, the three remaining "authorities" cited by Defendant Wood in his protected opinion argument merely cite to basic premises and provide *zero* support for his actual arguments. Particularly, Wood strangely claims that a defendant must assert "that one fulfilled the elements of the crime of extortion as contemplated by the Georgia code" to accuse another of a crime. (Dkt. 78 at 4). He then argues that his purported subjective intentions as to what he conveyed are relevant—they are not—all the while admitting that he accused Plaintiffs of having "engaged in the *act* of extorting him." (*Id.* at 6). Finally, Defendant Wood provides *no* support for his position that he provided a truthful and fair disclosure of the purported facts underlying his purported subjective opinion that Plaintiffs engaged in criminal conduct and should be disbarred and criminally prosecuted.

## STATEMENT OF FACTS

Defendant Wood alternately (1) expressly admitted Plaintiffs' Statement of Facts and (2) otherwise admitted the balance of Plaintiffs' Statement of Facts by operation of law by failing to actually contradict *any* fact.

In the first instance, Defendant Wood admitted that he published each of the defamatory statements – full stop. (*Cf.* 78-1 ¶¶ 1-16). The only apparent "dispute" on qualified privilege is Defendant's incredible idea that Plaintiffs are public officials.

Wood admitted that the parties reached an agreement regarding the sharing of fees. (Dkt. 78-1 at ¶ 18). Similarly, Defendant Wood admitted—expressly or by operation of law—that, per the March 2020 agreement, Plaintiffs were entitled to a liquidated sum of $647,949.99 for three settled cases after reducing their compensation by $285,000.00 (Dkt. 71-8 ¶¶ 21-22), and that two additional fees were owed at the time of the August 2020 demand, but Plaintiffs did not know the amount of their earned fee because of confidentiality. (*id.* ¶¶ 21, 25).

Moreover, Wood admitted—at times expressly and otherwise by failing to offer any contrary evidence at all—that Plaintiffs never demanded more than the amount they were owed under the March 2020 agreement until *after* they sent the draft complaint to Wood; that no monetary demand accompanied the draft complaint, and that Plaintiffs did not increase their demand until *after* Wood called Plaintiffs' clients, mutual clients, and Plaintiffs' co-counsel accusing them of extortion. (*Id.* ¶¶ 27-30, 33-35, 37).

Fundamentally in this regard, Defendant Wood offered zero facts to contradict that Plaintiffs' purportedly extortionate August 2020 settlement offer "was an attempt to resolve all issues between the parties, including:

- "future [contingency] payments that Wood would owe Plaintiffs under the March Agreement," (*Id.* ¶ 38);

- which future payments "specifically related" to the "most sizable fee and case comprising" the liquidated amounts owed, which Plaintiffs "estimated … to be worth at least $337,500," (*Id.* ¶ 39-41);

- "the liquidated Initial Payment of $647,949.99," (*Id.*);

- "Defendant Wood's defamation and violation of non-disparagement to Plaintiffs' clients and co-counsel," (*Id.*);

- "Plaintiffs' fraud claim and attendant damages," (*Id.*);

- and "Plaintiffs' attorney's fees," in return for terminating "the parties' relationship with finality" and "releasing Plaintiffs' newly arising tort and contract claims." (*Id.* ¶¶ 40-41).

Perhaps the most significant of Wood's failures was to identify *any* threats—again unsurprising given there were none—which Plaintiffs allegedly made against him which could possibly explain or justify his false accusations. Plaintiffs first stated:

> Plaintiffs have never made any threat whatsoever to Wood, beyond stating that they would sue him if he refused to settle, despite the fact that Wood repeatedly threatened them with lawsuits, bar grievances, and potential criminal prosecutions. (Wade Decl. ¶ 49-51-52; Wilson Decl. ¶ 3-4, 42-43; Declaration of Jonathan Grunberg dated April 17, 2023, attached to the Brief as Exhibit D, at ¶ 3, 7).

(Dkt. 71-2 ¶ 54). Wood's response again failed to identify *any* threats Plaintiffs ever allegedly made against him. He can point to no piece of writing of any kind, nor has he claimed that any oral statement of some kind was made, that constituted a threat. Instead, his response only states that this fact mischaracterized his deposition

6

testimony, but his deposition testimony was not even cited in support of such fact. (Dkt. 78-1 ¶ 54). Regardless, nowhere, has Defendant Wood ever pointed to any threat, much less the absurd ones he describes as "the threat of a continued attack in my relationship with my children, my efforts ongoing for Nicholas Sandmann, and to jeopardize my efforts to try to ask the President to give Richard Jewell the presidential Medal of Freedom." (Dkt. 71-2 ¶ 53).[3]

Instead, the following testimony reveals the true and yet unbelievable basis for Wood's false accusations of criminal extortion:

> They were interfering with my relationship with my children and their discussions, whether they were by text or Email or by phone were ***subject to being discovered by the media***, ***there is no privacy***. And that threatened my efforts with respect to the ongoing representation of Nicholas Sandmann. It threatened my efforts … to try to have President Trump to give Richard Jewell the Presidential Medal of Freedom. (Wood Dep. 67:11-25 (emphasis added)).
> …
> But I have got concerns they may be saying it to other people, or what they were saying to the people they did say it to. It could be leaked out into the public discussion. I mean there is no privacy. ***Everything you say on your phone, your Email's, and your texts is captured in the air***…. Study about cell phones and Email's and texts, and how they are in the air and they capture it, Palentir [sic]. (*Id.* 163:17-25, 164:4-6 (emphasis added)).

That is the "reality" of Wood's accusations against Plaintiffs. They are based

---

[3] The same is true of Plaintiffs' Statement of Fact numbers 55-56, stating that they "never threatened to go to the media or any other third party…" and only ever "threatened" litigation. (Dkt. 78-1 ¶¶ 55-56).

on his "concerns" of some implicit conceptual threat that Plaintiffs "may be" saying unspecified things to unspecified people, or that Plaintiffs' unspecified private communications might be hacked by nefarious bad actors and leaked to the media. It was not that Plaintiffs actually threatened anything or anyone. Defendant has no evidence Plaintiffs did or said anything threatening, and his imagined "concerns" do not somehow make Plaintiffs' extortionists.

## ARGUMENT

### I.  Defendant Wood's Lack of Factual and Legal Support Is Dispositive.

As the Court is well aware, once the moving party carries its initial burden of showing no dispute of genuine fact, "the nonmovant bears the burden of showing ***specific facts*** indicating summary judgment is improper because a material issue of fact does exist. In carrying this burden, '[a] mere "scintilla" of evidence supporting the opposing party's position will not suffice…'" *Brown v. QuikTrip Corp.*, 1:18-CV-03126-JPB, 2021 WL 778655, at \*2 (N.D. Ga. Mar. 1, 2021) (emphasis added) (citing *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990)). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986) (discussing when the evidence presented by the nonmoving party "is merely colorable, or is not significantly probative, summary judgment may be granted."). This is not a matter of weighing evidence; Wood has no evidence of any threats made by Plaintiffs.

Second, in a dovetailing rule of law, the failure to provide specific facts or legal authorities is dispositive on summary judgment and discrete issues within a motion for summary judgment. As the Eleventh Circuit has stated in an admittedly different but nonetheless elucidating context, "[t]he sound of [Wood's] silence is deafening." *United States v. Lowery*, 166 F.3d 1119, 1124 (11th Cir. 1999) (citation omitted). When a party does "not respond" to an argument, it is "unopposed" and "abandoned." *Brown*, 2021 WL 778655, at *3 (collecting cases). Moreover,

> Rule 7.1B requires not just that a party generally "respond" to a motion but mandates that a party respond to each portion of a motion. Consequently, a party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed.

*Kramer v. Gwinnett Cnty., Georgia*, 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004), *aff'd sub nom. Kramer v. Gwinnett Cnty., Ga.*, 116 Fed. Appx. 253 (11th Cir. 2004) (citations omitted).

Having failed to support their own factual and legal positions, Wood cannot expect Plaintiffs or the Court to go hunting for their support. *See, e.g.*, *Patrick v. City of Birmingham*, 2:09-CV-1825-VEH, 2010 WL 11468979, at *2 (N.D. Ala. Oct. 28, 2010) (noting "the failure to reference any legal authority constitutes an undeveloped argument and waives the issue.") (citing *Flanigan's Enters., Inc. v. Fulton County, Ga.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001)); *Yunker v. AllianceOne Receivables Mgmt., Inc.*, 10CV61796-UU, 2011 WL 13323094, at *1 (S.D. Fla.

9

Aug. 2, 2011) (noting that "a failure to make an argument in response to a motion for summary judgment generally operates as a waiver") (citations omitted).[4]

## II. Plaintiffs Did Not Commit Extortion and Wood Failed to Respond to the Issue Factually or Legally.

Despite it being Plaintiffs' first legal argument (Dkt. 71-1 at 12-13), Wood fails even to argue that Plaintiffs committed extortion or that there is evidence from which a jury could so infer. (*Compare* Dkt. 78). Specifically, Wood has not and cannot cite any evidence that Plaintiffs ever made any threat other than to make a settlement offer prior to pursuing civil litigation, which is not extortion as a matter of settled law. *See State v. Cohen*, 302 Ga. 616, 623 (2017) ("mere 'threats to sue cannot constitute criminal extortion.'") (quoting *U.S. v. Pendergraft*, 297 F.3d 1198, 1205 (11th Cir. 2002)).

Indeed, as Plaintiffs forecasted in their opening brief, "Wood has not, and cannot, identify any actual threats Plaintiffs communicated to Wood" which could

---

[4] This is because the Eleventh Circuit follows "the party presentation principle" which "rel[ies] on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present," who "are responsible for advancing the facts and arguments entitling them to relief." *United States v. Campbell*, 26 F.4th 860, 872 (11th Cir. 2022), *cert. denied*, 214 L. Ed. 2d 19, 143 S. Ct. 95 (2022) (citations and quotations omitted); *see also Cote v. Philip Morris USA, Inc.*, 985 F.3d 840, 846 (11th Cir. 2021) (holding that an "issue is abandoned when passing references to it are made only in, for example, a brief's statement of the case or summary of the argument").

constitute extortion. (Dkt. 71-1 at 17). Instead, he can point only to his wholly unsubstantiated generalized testimony to the contrary, and he actually testified that it was his "concern" Plaintiffs' alleged private communications might be hacked. (Dkt. 78-1 ¶¶ 54-56; Wood Dep. 67:11-25, 163:17-25, 164:4-6). Plaintiffs are entitled to judgment on the element of falsity.

### III. Defendant Wood's Accusations Are Defamatory Per Se and Wood Failed to Respond to the Issue Factually or Legally.

Defendant Wood's only argument on this point is that "Plaintiffs fail to address the difference between an allegation that one has engaged in the *act of extortion*, generally, versus another allegation that one *fulfilled the elements* of the *crime of extortion* as contemplated by the Georgia Code." (Dkt. 78 at 11) (emphasis in original). This assertion, unsurprisingly, was also unaccompanied by any legal support.

There can be no dispute that, "[w]hether stated directly or by implication or innuendo, it is libelous per se to falsely state that a person is guilty of a crime…." *Harcrow v. Struhar*, 236 Ga. App. 403, 404 (1999) (holding implied accusation of killing a cat defamatory per se without specifying elements of crime). Indeed, defamation per se includes merely "[i]mputing to another a crime punishable by law" or "[m]aking charges against another in reference to his trade," not that one must specify every element of the crime. *Am. Civil Liberties Union, Inc. v. Zeh*, 312 Ga.

11

647, 661 (2021) (citation omitted). In any case, lack of legal authority aside, Wood's accusations included multiple specific statements of purported fact regarding Plaintiffs' alleged extortion; he did not merely label Plaintiffs, e.g., "extortionist lawyers."

### IV. Plaintiffs Are Entitled to Judgment on Of and Concerning, Again Unaddressed by Defendant Wood.

Defendant Wood did not address or contradict that his accusations are about the Plaintiffs as a matter of law. (*Compare,* generally, Dkt. 78).

### V. Defendant Wood's False Accusations Are Not Conditionally Privileged, and Wood Cites No Authority for His Propositions.

Wood's sole position on the issue of conditional privilege is somehow that Plaintiffs' alleged and entirely supported status as limited purpose public figures brings Wood's accusations within the confines of O.C.G.A. § 51-5-7(9), governing "[c]omments upon the acts of public men and women in their public capacity and with reference thereto." (*Id.* at 8-9). But that statute has only ever been held to be applied to public officials, not public figures.[5] *See, e.g.*, *Davis v. Shavers*, 225 Ga. App. 497, 498-99 (1997) (determining city official was public official pursuant to O.C.G.A. § 51-5-7(9)); *see also* Dkt. 18 at 14-15 (collecting cases). Regardless,

---

[5] Plaintiffs are not public figures, but their private and public figure status does not affect the privilege analysis.

Wood has not even attempted to meet the other elements of a conditional privilege, including the requirement of good faith and evidence that the statements were properly limited in scope and made to proper persons. *See, e.g.*, *N. Atlanta Golf Ops, LLC v. Ward*, 363 Ga. App. 259, 263-64 (2022) (determining no privilege where plaintiff chose "Twitter as the forum"); *Melton v. Bow*, 241 Ga. 629, 630 (1978) (determining no privilege where accusations "made to persons not concerned with the investigation").

**VI. Defendant Wood's Accusations Are Statements of Provably False Fact and Not Protected Opinion, and Wood Cites No Authority for His Central Positions.**

Wood's purported subjective beliefs are irrelevant, because whether a statement is factual is an objective inquiry based on the publication itself. *Cf. Gast v. Brittan*, 277 Ga. 340, 341 (2003) (noting that the inquiry is whether "the opinion can reasonably be interpreted, according to the context of the entire writing in which the opinion appears, to state or imply defamatory facts"); *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 695 (11th Cir. 2016) ("Whether a particular statement constitutes fact or opinion 'is … to be decided based on what the average person hearing or reading the communication would take it to mean.'") (citation omitted). Wood's newly added language that he "communicat[ed] to others he felt he was being extorted," does not alter the actual, objective language of his accusations any more

13

than his repeated attempts to argue that a defendant must spell out all the statutory elements of a crime for it to be provably false. (*Compare* Dkt. 78 at 4-5). It is truly as though Wood has not read his own accusations[6] or his own irrelevant deposition testimony.[7] Wood's bases remain false and incomplete. (*Compare* Dkt. 71-1 at 23-24 *with Deeb v. Saati*, 778 Fed. Appx. 683, 687-88 (11th Cir. 2019)) (holding that defendant "cannot invoke … opinion defense … if the facts underlying the opinion are false or inaccurately presented.").

## CONCLUSION

Plaintiffs' Motion should be granted, and this Court should enter partial summary judgment in favor of Plaintiffs that Defendant Wood's accusations were: 1) false and defamatory and about Plaintiffs; 2) published without privilege; and 3) defamatory *per se*. Plaintiffs are also entitled to judgment as a matter of law rejecting Defendant Wood's asserted defenses of falsity and opinion. Granting this Motion will leave for trial the issues of whether Wood committed at least negligence in publishing the accusations and the measure of damages.

---

[6] He states, e.g., "Plaintiffs committed the crime of attempted extortion and Mr. Wood is still considering whether to purse criminal action". (Wade Decl. ¶¶ 12-14).
[7] Where he states, e.g., that he could still take out a warrant on Plaintiffs. (Wood Dep. 186:4-7).

Respectfully submitted this 9th day of June, 2023.

/s/ *Andrew M. Beal*
Andrew M. Beal
Georgia Bar No. 043842
drew@beal.law
Milinda L. Brown
Georgia Bar No. 363307
milinda@beal.law

Beal Sutherland Berlin & Brown LLP
945 East Paces Ferry Rd. NE
Suite 2000
Atlanta, GA  30326
Telephone: (678) 449-0422

*Attorneys for Plaintiff*

## CERTIFICATE UNDER L.R. 7.1D

Pursuant to Northern District of Georgia Civil Local Rule 7.1D, the undersigned counsel certifies that this *Plaintiffs' Reply Brief in Support of Motion for Partial Summary Judgment* is a computer document and was prepared in Times New Roman 14-point font, as mandated in Local Rule 5.1C.

Dated: June 9, 2023.

/s/ *Andrew M. Beal*
*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| NICOLE JENNINGS WADE, JONATHAN D. GRUNBERG, and G. TAYLOR WILSON,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>L. LIN WOOD,<br><br>　　　　Defendant. | Case No. 1:22-CV-01073 |

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record.

Respectfully submitted this 9th day of June, 2023.

　　　　　　　　　　　　　　　　　　/s/ *Andrew M. Beal*
　　　　　　　　　　　　　　　　　　Andrew M. Beal, Esq.
　　　　　　　　　　　　　　　　　　Georgia Bar No. 043842

16