**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| NICOLE JENNINGS WADE, JONATHAN D. GRUNBERG, and G. TAYLOR WILSON,<br><br>Plaintiffs,<br><br>v.<br><br>L. LIN WOOD,<br><br>Defendant. | Case No. 1:22-cv-1073-MLB<br><br>**Conference IS Requested** |

# CONSOLIDATED PRETRIAL ORDER

1.

There are no motions or other matters pending for consideration by the court except as noted:

2.

All discovery has been completed, unless otherwise noted, and the court will not consider further motions to compel discovery. (Refer to LR 37.1B). Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.

3.

Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.

1

4.

Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections. (When there are multiple claims, list each claim and its jurisdictional basis separately.)

Plaintiffs' Complaint alleges diversity jurisdiction, pursuant to 28 U.S.C. § 1332 (a)(1). Defendant contested jurisdiction in a Motion previously filed with the Court. The Court denied Defendant's Motion.

5.

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:    Andrew Beal
drew@beal.law
Milinda Brown
milinda@beal.law
Beal, Sutherland, Berlin & Brown, LLC
2200 Century Parkway NE, Suite 100
Atlanta, GA 30345

Defendant:

R. Christopher Harrison
Jackson A. Griner
Downey &Cleveland, LLP
288 Washington Avenue
Marietta, GA 30060
harrison@downeycleveland.com

Other Parties: N/A

6.

Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR 39.3(B)(2)(b)). State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.

None.

7.

The captioned case shall be tried (**XX**) to a jury or ( ) to the court without a jury, or ( ) the right to trial by jury is disputed.

8.

State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.

Plaintiffs request that the trial be bifurcated as a result of Plaintiffs' demand for punitive damages, in accordance with O.C.G.A. § 51-12-5.1(d). *See, e.g.*, *Galack v. PTS of America, LLC*, 2015 WL 11578452, at *1-2 (Sept. 9, 2015) (quoting *Webster v. Boyett*, 269 Ga. 191, 192-93 (1998)). In the first phase of the trial, the parties should present evidence on liability and the propriety of punitive damages and attorneys' fees, and the jury will determine liability, and, if appropriate, the amount of compensatory damages and whether punitive damages and attorneys' fees will be awarded. If the jury finds in favor of Plaintiffs on liability and determines that punitive damages and/or attorneys' fees should be awarded, Plaintiffs would request that there be a second phase of trial during which the parties will present

3

evidence as to the amount of punitive damages and attorneys' fees, and the jury will make a determination as to the amount due for such claims.

The Defendant contests Plaintiffs' claims for punitive damages and attorney's fees and contends the evidence does not and will not support any award on either claim. Subject to the Defendant's position, the Defendant does not contest the Plaintiffs' proposal for bifurcation.

9.

Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.

> *In accordance with this Court's Standing Order Regarding Civil Litigation § u. Pretrial Order (p. 10-11), the parties have not duplicated the Court's standard Qualifying Questions and Background Jury Questions to be asked of prospective jurors at trial.*

10.

Attached hereto as Attachment "B-1" are the general questions which Plaintiffs wish to be propounded to the jurors on voir dire examination.

Attached hereto as Attachment "B-2" are the general questions which Defendant wishes to be propounded to the jurors on voir dire examination.

The court shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.

*In accordance with this Court's Standing Order Regarding Civil Litigation § u. Pretrial Order (p. 11), the parties must submit a single, unified set of proposed voir dire. The parties may divide the list according to the questions that each party proposes to ask but any objections by the opposing party must be included directly below the question at issue.*

11.

State any objections to plaintiff's voir dire questions:

    Defendant objects to Questions 5, 6, 10, 11 and 19.

State any objections to defendant's voir dire questions:

    Plaintiffs object to Questions 1 through 7. They call for narratives, presuppose that Defendant Wood has an "opinion" or "free speech" defense which has already been rejected by the Court as a matter of law, and questions 6 and 7 are unduly prejudicial and bolstering. Further, Plaintiffs object to Question 3 on the grounds that it is an incomplete statement of the law, and Question 11 as it improperly inquires about jurors' religious beliefs.

State any objections to the voir dire questions of the other parties, if any:

*In accordance with this Court's Standing Order Regarding Civil Litigation § u. Pretrial Order (p. 11), any objections are included in Attachment B directly below the question at issue.*

12.

All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870. See Fed.R.Civ.P. 47(b).

13.

State whether there is any pending related litigation. Describe briefly, including style and civil action number.

In the Fulton County Superior Court, Plaintiffs (and their law firm) have filed suit against Defendant and his law firm for breach of contract and fraud. (*Wade, et al. v. Wood, et al.*, Fulton County Superior Court, CAF: 2020-CV-339937).

Additionally, Plaintiffs (and their law firm) have filed suit against Defendant, his law firm, and other entities owned and/or controlled by Defendant for fraudulent transfers. (*Wade, et al. v. Wood, et al.*, Fulton County Superior Court, CAF: 2024-CV-001349).

14.

Attached hereto as Attachment "C" is plaintiffs' outline of the case which includes a succinct factual summary of plaintiffs' cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiffs shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, plaintiffs shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

15.

Attached hereto as Attachment "D" is the defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision

authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

16.

Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the non-cooperating counsel.

17.

The legal issues to be tried are as follows:

**By the Plaintiffs:**

(1) Whether Plaintiffs have established by a preponderance of the evidence that Defendant acted negligently in making the false accusations of criminal extortion against Plaintiffs;

(2) Whether Plaintiffs have established by clear and convincing evidence that Defendant made the defamatory statements about Plaintiffs with actual malice, i.e., actual knowledge of the falsity of the statements or reckless disregard for the truth or falsity of the statements;

(3) The amount of any compensatory damages to be awarded to Plaintiffs;

(4) Whether Plaintiffs have established by clear and convincing evidence that punitive damages should be awarded in accordance with O.C.G.A. § 51-12-5.1, and if so, the amount of punitive damages to be awarded;

(5) Whether Plaintiffs have established by a preponderance of the evidence that Defendant acted with specific intent to harm Plaintiffs in accordance with O.C.G.A. § 51-12-5.1(f); and

(6) Whether Plaintiffs have established that they are entitled to an award of attorneys' fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11, and if so, the amount of attorneys' fees and expenses to be awarded.

**By Defendant:**

Plaintiffs are only entitled to a recovery of provable actual damages based on proof of negligent publication of a false and defamatory statement of fact by a preponderance of the evidence. For the recovery of any other damages to be permitted, the Plaintiffs must prove, by clear and convincing evidence, publication of a false and defamatory statement of fact with Constitutional actual malice, i.e., actual knowledge of falsity or reckless disregard for truth or falsity.

18.

Attached hereto as Attachment "F-1" for the plaintiff, Attachment "F-2" for the defendant, is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might

express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included. Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness.

All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means. Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

*In accordance with this Court's Standing Order § u (p. 11), in listing witnesses, a party may not reserve the right to supplement his list and may not adopt another party's list by reference. Witnesses not identified in the pretrial order may not be used during trial, unless it is necessary to allow evidence to be introduced to prevent a manifest injustice.*

19.

Attached hereto as Attachment "G-1" for the plaintiff, "G-2" for the defendant, are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

> *In accordance with this Court's Standing Order at § u (p. 11), the exhibits intended to be introduced at trial shall be specifically identified. The parties shall mark their exhibits using Arabic numbers (for example, Plaintiff's Exhibit 1). The parties shall adhere to the guidelines for color coding of exhibit stickers set forth in Local Rule 16.4B(19)(b). The parties shall number each exhibit separately. For example, exhibits should not be grouped as "hospital records" or "photographs." In listing exhibits, a party may not reserve the right to supplement his list and may not adopt another party's list by reference. Exhibits not identified in the pretrial order may not be used during trial, unless it is necessary to allow evidence to be introduced to prevent a manifest injustice.*

20.

The following designated portions of the testimony of the persons listed below may be introduced by deposition:

By Plaintiffs:

Portions of the March 27, 2024, deposition of Todd McMurtry, Esq., taken in the matter *Wade, et al. v. Wood, et al.*, Civil Action File No. 2020-CV-339937, pending in the Superior Court of Fulton County, Georgia, including:

10:17-17:9
18:10-19:11
30:14-31:6
33:19-34:6
34:23-35:17
81:8-81:18
140:15-25

Portions of the deposition(s) of Defendant L. Lin Wood taken in this litigation and in the matter *Wade, et al. v. Wood, et al.*, Civil Action File No. 2020-CV-339937, pending in the Superior Court of Fulton County, Georgia.

Plaintiffs object to any attempt by Defendant to introduce at trial depositions of non-parties who are within the Court's subpoena power.

By Defendant:
Portions of the depositions of Plaintiffs, Todd McMurtry, Joseph Burby and Christopher Marquardt

Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial. Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

21.

Attached hereto as Attachments "H-1" for the plaintiff, "H-2" for the defendant, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.

22.

In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered. In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury.

Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

> *In accordance with this Court's Standing Order § z Jury Charges (pp. 13-14), requests to charge and verdict forms shall be filed on CM/ECF no later than noon on the Friday before the case is calendared for trial, unless otherwise ordered by the Court. LR 51.1A, ND Ga. The parties must also email to Ms. Kelley, in Microsoft Word format, an electronic copy of the proposed jury instructions.*
>
> *The parties must file **a single, unified set of proposed jury instructions** that clearly identifies those jury instructions to which both parties agree and those instructions to which the parties do not agree. For those instructions that are not agreed upon, the parties should indicate in consolidated fashion (using redline or different fonts) precisely what language is contested and the*

*grounds for any objection. In other words, the Court requires a consolidated set of jury instructions to which all parties agree. Following the agreed-upon jury instructions, the parties should include those instructions to which opposing counsel objects. Where an instruction is not agreed upon, the parties should indicate who is proposing the instruction and the legal basis for the instruction and for the other party's opposition to the instruction.*

*Counsel must use the Eleventh Circuit Pattern Jury Instructions and O'Malley's Federal Jury Practice and Instructions, if applicable. If state law applies, counsel shall present the appropriate pattern instruction from the applicable state.*

23.

If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.

A proposed jury verdict form is attached hereto as Attachment "I."

24.

Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.

25.

If the case is designated for trial to the court without a jury, counsel are directed to submit proposed findings of fact and conclusions of law not later than the opening of trial.

Not applicable.

26.

The court (__) has or (XX) has not discussed settlement of this case with counsel. It appears at this time that there is:

(__) A good possibility of settlement.

(__) Some possibility of settlement.

( XX) Some possibility of settlement.

( ) Little possibility of settlement.

(__) No possibility of settlement.

27.

Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.

The Court has specially set this matter for trial, beginning 8/7/24.

**Defendant's Request for Postponement:**

As the Court is aware, the Plaintiffs filed a separate suit, *Wade, et al v. Wood, et al,* Fulton County Superior Court, CAFN: 2020-CV-339937, alleging breach of contract and fraudulent inducement. To the extent the Plaintiffs intend or will attempt to allege in this matter that Defendant Wood breached a contract, never intended to honor a contract, and/or committed fraud, Defendant Wood objects to the special setting of this matter for trial and requests that the Court postpone the trial until such time as dispositive motions concerning the allegations of breach of

14

contract and fraud have been fully and finally adjudicated in the Fulton County Superior Court lawsuit. Plaintiffs are attempting to litigate claims for breach of contract and fraud, distinct claims pending in an entirely separate lawsuit, in this defamation action. Defendant Wood cannot and should not be forced to defend such claims in this forum and Plaintiffs should not be allowed to suggest, imply, state, or otherwise argue that Defendant Wood breached a contract, never intended to honor a contract, and/or committed fraud. Any and all such allegations are unproven, have been and continue to be contested by Defendant Wood, through counsel, in the separate Fulton County Superior Court lawsuit, and are patently outside the scope of the Plaintiffs' defamation lawsuit which should be confined to certain discrete statements. In keeping with the Court's May 1, 2024 Order Setting Trial, Defendant Wood will file a Motion in Limine addressing the above issue and concerns.

**Plaintiffs' Response to Defendant's Request for Postponement:**

Plaintiff objects to Defendant's untimely request as it is not founded in the law, and this Court has specifically denied an almost identical request. The Court has already specially set this matter for trial, and this belated request for

postponement is a bad faith delay tactic made in an inappropriate place in this pretrial order.

Plaintiffs will respond to any motion in limine filed by Defendant on these grounds and assert that any such motion is meritless. Moreover, the extent to which Defendant argues (blatantly false) facts about his purported lack of fraudulent intent in defrauding Plaintiffs in his purported summary of the case belies his rather incredible position that his fraud has nothing to do with this case.

28.

The plaintiffs estimate that it will require two to three days to present their evidence. The defendant estimates that it will require 3 days to present its evidence. It is estimated that the total trial time is 5-6 days.

29.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case (XX) submitted by stipulation of the parties or (__) approved by the court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.

IT IS SO ORDERED this _____ day of _____, 20

_____
Honorable Michael L. Brown
United States District Judge

Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this court, as supplemented by this Court's Instructions to Parties and Counsel.

**Consented to by:**

/s/ Andrew M. Beal
Andrew M. Beal
Georgia Bar No. 043842
Milinda Brown
Georgia Bar No. 363307
BEAL SUTHERLAND
BERLIN & BROWN, LLC
2200 Century Parkway NE
Suite 100
Atlanta, GA 30345
drew@beal.law
milinda@beal.law
678-449-0422
*Counsel for Plaintiffs*

**Consented to by:**

/s/ R. Christopher Harrison**
R. Christopher Harrison
Georgia Bar No. 333199
Jackson A. Griner
Georgia Bar No. 495020
DOWNEY & CLEVELAND, LLP
288 Washington Avenue
Marietta, Georgia  30060
harrison@downeycleveland.com
770-422-3233
**signed with express permission

/s/ John P. Exum, Jr.
John P. Exum, Jr.
Georgia Bar No. 568819
JOHN EXUM LAW, LLC
2625 Piedmont Road NE
Suite 56-480
Atlanta, GA 30324
jexum@johnexum.com
252-560-5325
*Counsel for Defendant*