## ATTACHMENT H-2:

## DEFENDANT'S TRIAL BRIEF

Defendant Wood hereby objects to the extent this Court will allow a trial of this matter to go forward without the jury being able to hear and determine all issues of fact which are in dispute. The Defendant further states for the purposes of preserving the Record that it would be improper for such a trial to commence unless the jury were allowed to hear evidence and arguments as to all issues of fact.

Namely, in its March 12, 2024 Opinion & Order (hereinafter, the "Opinion & Order"), this Court granted summary judgment to the Plaintiffs on three of the four elements of their defamation claim, those being (1) whether the Defendant's remarks constituted false and defamatory statements, (2) whether the Defendant's remarks constituted unprivileged publication, and (4) whether the Defendant's remarks caused harm. In doing so, the Court opined that (1) the Defendant's remarks constituted false and defamatory statements *as a matter of law,* (2) no reasonable jury could conclude the Defendant's remarks constituted privileged communications, and that (3) the Defendant's remarks were defamatory *per se* since they imputed to another a crime punishable by law. *See* Court's *March 12, 2024 Opinion & Order*, p. 6-7; 22-23; 24. The Court also denied summary

judgment to the Defendant on the third element of the Plaintiffs' defamation claim, that being the element of fault.

Pursuant to the Seventh Amendment to the United States Constitution, issues of *law* raised during the pendency of a civil action are to be resolved by the *court* before which the civil action has been brought; issues of *fact*, on the other hand, are to be determined by the *jury* following trial. *See Baltimore & Carolina Line v. Redman*, 295 U.S. 654, 657 (1935); *Sowers v. R.J. Reynolds Tobacco Co.*, 975 F.3d 1112, 1128 (11th Cir. 2020); *see accord* U.S. Const. amend. VII; *see also Dimick v. Schiedt*, 293 U.S. 474, 486 (1935): ("Maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care.").

Moreover, the Federal Rules of Civil Procedure set forth that "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution--or as provided by a federal statute--is preserved to the parties inviolate." Fed. R. Civ. P. 38. Rule 38 goes on to state: "a party may demand a jury trial by . . . filing [a] demand in accordance with Rule 5(d)." *Id.* Further, "a party may specify the issues that it wishes to have tried by a jury; otherwise, it is considered to have demanded a jury trial on all the issues so triable." *Id.*

In the present case, the Court granted summary judgment to the Plaintiffs on the issues of falsity, defamatory nature, lack of privilege, and the presence of harm, all of which are issues of *fact* which should be determined and decided by the jury. Because this Court entered an opinion granting judgment as a matter of law on issues which can only be properly decided by a jury, the Defendant respectfully contends that the Court has committed error and wishes to preserve his objection upon the Court's Record, outside the presence of the jury and at a time designated and allowed by the Court.