UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NICOLE JENNINGS WADE, ) <br> JONATHAN D. GRUNBERG, and ) <br> G. TAYLOR WILSON ) <br>   ) <br> Plaintiffs, ) <br>   ) CIVIL ACTION <br> v. ) <br>   ) <br> L. LIN WOOD, ) FILE NO. 1:22-CV-01073 <br>   ) <br> Defendant. ) <br> _____ ) | |

## **DEFENDANT'S MOTION IN LIMINE**

COMES NOW, L. LIN WOOD, Defendant to the above-styled civil action, and hereby respectfully Moves in Limine to exclude the following from the trial of this defamation case:

Defendant respectfully contends that Plaintiffs and counsel should be barred from making arguments at the trial of this matter which are irrelevant to the issues pending and are only intended to produce unfair prejudice and mislead the jury. *See* Fed. R. Evid. 401, 403. Under Rule 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Under Rule 402, "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. Under Rule 403, courts also "may exclude relevant evidence if its probative value is

- 1 -

substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Courts in other jurisdictions have also found that the "established considerations applicable to the admissibility of evidence [are] the probativeness, materiality and reliability of the evidence, on the one side, and any tendency to mislead, prejudice, or confuse the jury on the other . . . ." United States v. Williams, 583 F.2d 1194, 1198 (2d Cir. 1978).

Additionally, courts in other jurisdictions have found unadjudicated claims to be inadmissible. *See Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976) (finding that a "consent judgment between a federal agency and a private corporation which is **not the result of any actual adjudication of any of the issues** … cannot be used as evidence in subsequent litigation between that corporation and another party") (emphasis added); *see also*, *In re GDC Technics, LLC*, 643 B.R. 417, 430 (Bankr. W.D. Tex. 2022) (prohibiting claimant "from relying on unadjudicated allegations … to support his claim"). "[R]eferences to preliminary steps in litigation and administrative proceedings that did not result in an adjudication on the merits or legal or permissible findings of fact are, as a matter of law, immaterial under Rule 12(f)" of the Federal Rules of Civil Procedure. *In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 218 F.R.D. 76, 77 (S.D.N.Y. 2003).

Here, Plaintiffs have introduced in Paragraphs 52, 55, 56, 67, 70, 122, and 133 of the Plaintiffs' Complaint, Dkt. 1, unadjudicated allegations of fraud and contract breach from separate state court case proceedings against Defendant that are of no consequence in determining Plaintiffs' claim of defamation in this proceeding. The allegations of contract breach and fraud in *Wade, et al v. Wood, et al.*, CAFN: 2020-CV-339937, pending in the Superior Court of Fulton County, are currently subject to Summary Judgment Motions. Plaintiffs' more recent case *Wade et al. v. Wood et al.*, CAFN: 24CV001349 in the Superior Court of Fulton County alleges fraudulent transfers by Defendant Wood and others. This more recent case still awaits the Defendants' response to the Complaint. Defendant Wood cannot and should not be forced to defend such claims in either of the two Fulton County cases in this forum. Plaintiffs should not be allowed to suggest, imply, state, or otherwise argue that Defendant Wood breached a contract, never intended to honor a contract, and/or committed fraud. Such allegations are unproven and have been and continue to be contested by Defendant Wood in the separate lawsuits pending in the Superior Court of Fulton County. The allegations are also patently outside the scope of the Plaintiffs' defamation lawsuit, which must be confined to Defendant's 19 allegedly defamatory statements found in paragraph 110(a)-(s) of the Complaint. The allegations of fraud and contract breach are simply not relevant to the defamation claims pending in the case at bar. *See* Fed. R. Evid. 401 and 402 and 403. These

irrelevant allegations pertaining to contract breach and fraud therefore inadmissible to this proceeding.

If the Court nevertheless were to find even a modicum of probative value to these allegations in separate state court actions, it would be far outweighed by prejudice and potential to confuse the issues before the jury. Again – assuming even a smidgeon of relevance – Plaintiffs' introducing unadjudicated allegations of fraud and contract breach from their separate litigations with Mr. Wood would serve only to cast Mr. Wood in a negative light. Such allegations would unfairly exacerbate the false impression from this lawsuit that Mr. Wood intended to harm the Plaintiffs, even though the reality is that Mr. Wood had done everything in his power to help Plaintiffs and their careers until they filed their first suit against him.

Allegations of fraud and contract breach in other litigation would also confuse the issues to be decided, as fraud and contract breach are wholly separate actions from defamation with completely different elements to be proven. Under the Court's Summary Judgment ruling (which Defendant Wood has reserved his right to appeal), the only issues properly before the Court for the jury whether Mr. Wood's published statements on social media about the Plaintiffs were published negligently and (2) whether the statements were published with actual malice as defined by *New York Times v. Sullivan*, and (3) damages, if any. Allegations of fraud or breach of contract have no relevance to the issues in this first amendment free speech case, and allow

any such evidence or allegations would be highly prejudicial to the Defendant and would be erroneous as a matter of law.

Therefore, Defendant requests that Plaintiffs be barred from arguing that Defendant purportedly engaged in fraud, and/or purportedly breached a contract that allegedly existed between him and the Plaintiffs.

As if being irrelevant, immaterial, unfairly prejudicial and confusing on the issues to be decided in this defamation case is not enough, these claims of fraud and contract breach also have not been sufficiently *pled*. See Fed. R. Evid. 401 and 402 and 403; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-57 (2007); *see accord* Dkt. 1, Plaintiffs' *Verified Complaint for Defamation*. Under *Twombly*, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555 (quoting *Papasan* v. *Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Under *Iqbal*, a "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." 556 U.S. at 678 (2009) (internal citations omitted). To be plausible, claims cannot be "naked assertions devoid of further factual enhancement." *Id.* Claims have "facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Also, "the plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotations and citations omitted). Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief." *Id.* (internal quotations and citations omitted).

Here, Plaintiffs' naked assertions of fraud and contract breach on the part of Defendant have no factual enhancement whatsoever. As explained earlier, these assertions are still *issues of fact* to be determined in other litigation. If it is not enough that these yet to be determined issues of fact would constitute duplicitous litigation that would be unfairly prejudicial to Mr. Wood and confusing to the jury as to the issues, the Court should acknowledge that Plaintiffs have failed to plead them in the sufficient manner required by the Supreme Court of the United States.

Plaintiffs have yet to lay a proper foundation for introducing at trial any evidence that Defendant Wood allegedly breached a contract, never intended to honor a contract, and/or committed fraud, in their Complaint or otherwise. A proper foundation has not been established because the allegations (1) remain unresolved and disputed by Defendant Wood in a separate civil action (*Wade, et al v. Wood, et al.*, CAFN: 2020-CV-339937, pending in the Superior Court of Fulton County), (2)

are issues of fact which have not yet been determined by any jury, and most importantly for the purposes of the instant case, (3) certainly have not been sufficiently pled by the Plaintiffs' Complaint given the facts raised and the evidence identified therein. *See Iqbal*, 556 U.S. at 677-80; *Twombly*, 550 U.S. at 554-57. Allowing the trial of this defamation action to go forward with such allegations being referenced, yet not supported by any proper determination of facts, would create a substantial risk of prejudice to Defendant Wood who contests all remaining matters both in the present action and those issues pending in the Superior Court of Fulton County. *See* Fed. R. Evid. 403.

Particularly, in Paragraphs 52, 55, 56, 67, 70, 122, and 133 of the Plaintiffs' Complaint, the Plaintiffs reference either the separate civil action pending in the Superior Court of Fulton County, or the allegations at issue in that separate civil action. *See* Dkt 1. The paragraphs *do not*, however, allege *facts* sufficient for the Complaint to serve as a well-pleaded complaint properly raising claims for breach of contract and/or fraud. *See Iqbal*, 556 U.S. at 677-80; *Twombly*, 550 U.S. at 554-57. Such allegations are therefore unsubstantiated.

Moreover, in their Brief in Opposition to Defendant's Motion for Stay and Request for Relief from Filing of Consolidated Pretrial Order, the Plaintiffs accuse the Defendant of planning to "fraudulently conceal[] . . . assets in an attempt to thwart Plaintiff's [sic] collection of the amounts that they will undoubtedly be

awarded in this and other litigation." *See* Dkt. 95, Plaintiffs' *Brief in Opposition to Defendant's Motion for Stay and Request for Relief from Filing of Consolidated Pretrial Order*, p. 3. The Plaintiffs go on to assert, without reference to any factual support, that Defendant Wood "fraudulently transferred assets to avoid payment of the judgments that are anticipated to be entered against him." *See* Dkt. 95 at p. 8.

These irrelevant, unsupported, and reckless accusations, which were included in the Plaintiffs' *original* Complaint as well as in their *latest* substantive filing, show that the Plaintiffs intend to try and litigate not only their defamation claims, but also their unrelated claims for breach of contract and/or fraud. Unless the Court limits the Plaintiffs, the Plaintiffs will make unsupported statements accusing Defendant Wood of breach of contract and/or fraud in this lawsuit through testimony that could certainly be given additional and unfair weight by the average juror because the Plaintiffs are attorneys.

To the extent the Plaintiffs will, or intend to, attempt to allege at the trial of this defamation action that Defendant Wood allegedly breached a contract, never intended to honor a contract, and/or committed fraud, Defendant Wood objects to the special setting of this matter for trial and respectfully requests that the Court postpone the trial until such time as dispositive motions concerning the allegations of breach of contract and fraud have been fully and finally adjudicated in the above-referenced lawsuit pending in the Superior Court of Fulton County. Allowing the

trial to go forward, without such issues having been resolved, would risk subjecting Defendant Wood to (A) unfair prejudice, (B) cause confusion about the issues to be litigated and/or (C) create duplicitous litigation resulting from the injection of matters which are not at issue in the present case.

Defendant Wood respectfully contends that any evidence of or related to any allegation that he allegedly breached a contract, never intended to honor a contract, and/or committed fraud is highly prejudicial, confusing as to the issues to be litigated, as they are the subject of contested allegations in now two separate lawsuits, and not relevant to the defamation claims set forth by the Plaintiffs in this Case. *See* Fed. R. Evid. 401 and 402 and 403. Such allegations have also not been sufficiently pled by the Complaint in this matter. Defendant Wood therefore respectfully urges this Honorable Court to exclude the same from the evidence to be presented at trial.

WHEREFORE, Defendant Wood hereby respectfully requests that the Court GRANT his Motion in Limine, and direct the parties, parties' counsel, and all of the parties' witnesses not to mention or present evidence of any of the above-referenced matters at trial.

This 24th day of May, 2024.

[*Signatures on next page*]

Respectfully submitted,

**DOWNEY & CLEVELAND, LLP**

By:   /s/ R. Christopher Harrison
      **R. CHRISTOPHER HARRISON**
      Georgia State Bar No. 333199
      **JACKSON A. GRINER**
      Georgia State Bar No. 495020
      harrison@downeycleveland.com
      *Attorneys for Defendant*

Downey & Cleveland, LLP
288 Washington Avenue
Marietta, GA 30060-1979
T: 770-422-3233
F: 770-423-4199

**JOHN EXUM LAW, LLC**

By:   /s/ John P. Exum, Jr.
      **JOHN P. EXUM, JR.**
      Georgia State Bar No. 568819
      jexum@johnexum.com
      *Attorneys for Defendant*

John Exum Law, LLC
2625 Piedmont Road NE, Suite 56-480
Atlanta, GA 30324
T: 252-560-5325

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D) of the Northern District of Georgia, I hereby certify that this submission has been prepared in compliance with Local Rule 5.1(C), using 14-point Times New Roman Font.

>Respectfully submitted,
>
>**DOWNEY & CLEVELAND, LLP**
>
>By: /s/ R. Christopher Harrison
>     **R. CHRISTOPHER HARRISON**
>     Georgia State Bar No. 333199
>     **JACKSON A. GRINER**
>     Georgia State Bar No. 495020
>     harrison@downeycleveland.com
>     *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served the following counsel of record with a true and correct copy of the foregoing pleading via electronic service and/or by depositing said copy in the United States Mail, with sufficient postage affixed thereon, and properly addressed to the following:

Andrew M. Beal, Esq.
Milinda Brown, Esq.
Buckley Beal, LLP
600 Peachtree Street, NE
Suite 3900
Atlanta, GA 30308

This 24th day of May, 2024.

                                           **DOWNEY & CLEVELAND, LLP**

                               By: /s/ R. Christopher Harrison
                                          **R. CHRISTOPHER HARRISON**
                                          Georgia State Bar No. 333199
                                          **JACKSON A. GRINER**
                                          Georgia State Bar No. 495020
                                          *Attorneys for Defendant*