## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| NICOLE JENNINGS WADE, JONATHAN D. GRUNBERG, and G. TAYLOR WILSON, | Case No. 1:22-cv-1073-MLB |
| Plaintiffs, | |
| v. | |
| L. LIN WOOD, | |
| Defendant. | |

### JOINT DEPOSITION DESIGNATIONS AND OBJECTIONS

Plaintiffs and Defendant, through undersigned counsel, submit this Joint

Deposition Designations and Objections, showing the Court as follows:

### Plaintiffs' Deposition Designations for L. Lin Wood
### United States District Court (Case No. 1:22-cv-1073-MLB)

**PLAINTIFF:** 6:1-4
    **DEFENDANT:** No Objection

**PLAINTIFF:** 11:2-11
    **DEFENDANT:** No Objection

**PLAINTIFF:** 21:21-22:2
    **DEFENDANT:** No Objection

**PLAINTIFF:** 22:21-25:6
    **DEFENDANT:** No Objection

**PLAINTIFF:** 43:19-44:6

**DEFENDANT:** No Objection

**PLAINTIFF:** 48:13-49:16
    **DEFENDANT:** No Objection

**PLAINTIFF:** 51:21-52:20
    **DEFENDANT:** No Objection

**PLAINTIFF:** 58:1-7
    **DEFENDANT:** No Objection

**PLAINTIFF:** 58:15-59:8
    **DEFENDANT:** No Objection

**PLAINTIFF:** 67:1-25
    **DEFENDANT:** No Objection

**PLAINTIFF:** 68:14-71:7
    **DEFENDANT:** Defendant Wood objects to the introduction at trial of the portion of his deposition testimony designated above. Defendant respectfully contends that this evidence is irrelevant to the claims pending in this defamation lawsuit and is only intended to produce unfair prejudice and mislead the jury. *See* Fed. R. Evid. 403.

Defendant believes that the Plaintiffs seek introduction of this evidence specifically to argue that Defendant Wood allegedly breached a contract, never intended to honor a contract, and/or committed fraud, distinct claims which are pending in an entirely separate lawsuit. *See Wade, et al v. Wood, et al.*, CAFN: 2020-CV-339937 (pending in the Superior Court of Fulton County). These allegations are outside the scope of the Plaintiffs' defamation lawsuit, have not been sufficiently pled by the Plaintiffs' Complaint, and are entirely unadjudicated. *See Iqbal*, 556 U.S. at 677-80; *Twombly*, 550 U.S. at 554-57; *see also In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 218 F.R.D. 76, 77 (S.D.N.Y. 2003); *In re GDC Technics, LLC*, 643 B.R. 417, 430 (Bankr. W.D. Tex. 2022). Evidence of the same is therefore irrelevant and immaterial to the Plaintiffs' defamation claims and must be ruled inadmissible. *Id.*

Defendant further hereby incorporates by reference the arguments set forth in his Motion in Limine, filed on May 24, 2024.

**PLAINTIFF:** 84:21-85:4
   **DEFENDANT:** No Objection

**PLAINTIFF:** 91:8-92:4
   **DEFENDANT:** Defendant Wood objects to the introduction at trial of the portion of his deposition testimony designated above. Defendant respectfully contends that this evidence is irrelevant to the claims pending in this defamation lawsuit and is only intended to produce unfair prejudice and mislead the jury. *See* Fed. R. Evid. 403.

Defendant believes that the Plaintiffs seek introduction of this evidence specifically to argue that Defendant Wood allegedly breached a contract, never intended to honor a contract, and/or committed fraud, distinct claims which are pending in an entirely separate lawsuit. *See Wade, et al v. Wood, et al.*, CAFN: 2020-CV-339937 (pending in the Superior Court of Fulton County). These allegations are outside the scope of the Plaintiffs' defamation lawsuit, have not been sufficiently pled by the Plaintiffs' Complaint, and are entirely unadjudicated. *See Iqbal*, 556 U.S. at 677-80; *Twombly*, 550 U.S. at 554-57; *see also In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 218 F.R.D. 76, 77 (S.D.N.Y. 2003); *In re GDC Technics, LLC*, 643 B.R. 417, 430 (Bankr. W.D. Tex. 2022). Evidence of the same is therefore irrelevant and immaterial to the Plaintiffs' defamation claims and must be ruled inadmissible. *Id.*

Defendant further hereby incorporates by reference the arguments set forth in his Motion in Limine, filed on May 24, 2024.

**PLAINTIFF:** 101:25-102:25
   **DEFENDANT:** Defendant Wood objects to the introduction at trial of the portion of his deposition testimony designated above. Defendant respectfully contends that this evidence is irrelevant to the claims pending in this defamation lawsuit and is only intended to produce unfair prejudice and mislead the jury. *See* Fed. R. Evid. 403.

Defendant believes that the Plaintiffs seek introduction of this evidence specifically to argue that Defendant Wood allegedly breached a contract, never intended to honor a contract, and/or committed fraud, distinct claims which are pending in an entirely separate lawsuit. *See Wade, et al v. Wood, et al.*, CAFN: 2020-CV-339937 (pending in the Superior Court of Fulton County).  These allegations are outside the scope of the Plaintiffs' defamation lawsuit, have not been sufficiently pled by the Plaintiffs' Complaint, and are entirely unadjudicated. *See Iqbal*, 556 U.S. at 677-80; *Twombly*, 550 U.S. at 554-57; *see also In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 218 F.R.D. 76, 77 (S.D.N.Y. 2003); *In re GDC Technics, LLC*, 643 B.R. 417, 430 (Bankr. W.D. Tex. 2022). Evidence of the same is therefore irrelevant and immaterial to the Plaintiffs' defamation claims and must be ruled inadmissible. *Id.*

Defendant further hereby incorporates by reference the arguments set forth in his Motion in Limine, filed on May 24, 2024.

**PLAINTIFF:** 103:18-104:3

**DEFENDANT:** Defendant Wood objects to the introduction at trial of the portion of his deposition testimony designated above. Defendant respectfully contends that this evidence is irrelevant to the claims pending in this defamation lawsuit and is only intended to produce unfair prejudice and mislead the jury. *See* Fed. R. Evid. 403.

Defendant believes that the Plaintiffs seek introduction of this evidence specifically to argue that Defendant Wood allegedly breached a contract, never intended to honor a contract, and/or committed fraud, distinct claims which are pending in an entirely separate lawsuit. *See Wade, et al v. Wood, et al.*, CAFN: 2020-CV-339937 (pending in the Superior Court of Fulton County).  These allegations are outside the scope of the Plaintiffs' defamation lawsuit, have not been sufficiently pled by the Plaintiffs' Complaint, and are entirely unadjudicated. *See Iqbal*, 556 U.S. at 677-80; *Twombly*, 550 U.S. at 554-57; *see also In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 218 F.R.D. 76, 77 (S.D.N.Y. 2003); *In re GDC Technics, LLC*, 643 B.R. 417, 430 (Bankr. W.D. Tex. 2022). Evidence of the same is therefore irrelevant and immaterial to the Plaintiffs' defamation claims and must be ruled inadmissible. *Id.*

Defendant further hereby incorporates by reference the arguments set forth in his Motion in Limine, filed on May 24, 2024.

**PLAINTIFF:** 112:1-113:10
    **DEFENDANT:** No Objection

**PLAINTIFF:** 117:7-118:11
    **DEFENDANT:** No Objection

**PLAINTIFF:** 119:6-120:16
    **DEFENDANT:** No Objection

**PLAINTIFF:** 120:19-122:15
    **DEFENDANT:** No Objection

**PLAINTIFF:** 124:1-129:23
    **DEFENDANT:** No Objection

**PLAINTIFF:** 130:11-131:3
    **DEFENDANT:** Defendant Wood objects to the introduction at trial of the entirety of the portion of his deposition testimony designated above. Defendant specifically objects to pg. 130:23-131:3 of the portion of his deposition testimony designated by the Plaintiffs. These statements simply have no relevance or connection to the claims pending in this case and are only intended to produce unfair prejudice and mislead the jury. *See* Fed. R. Evid. 403.

**PLAINTIFF:** 138:25-139:15
    **DEFENDANT:** No Objection

**PLAINTIFF:** 139:17-23
    **DEFENDANT:** No Objection

**PLAINTIFF:** 140:9-10
    **DEFENDANT:** No Objection

**PLAINTIFF:** 140:12-13

**DEFENDANT:** Defendant Wood objects to the introduction at trial of the portion of his deposition testimony designated above. The Defendant's specific knowledge of the elements of a criminal statutory offense has no bearing on, or relevance to, the claims pending in this case. *See* Fed. R. Evid. 401 and 402.

**PLAINTIFF:** 140:16-141:14
**DEFENDANT:** Defendant Wood objects to the introduction at trial of the portion of his deposition testimony designated above. The Defendant's specific knowledge of the elements of a criminal statutory offense has no bearing on, or relevance to, the claims pending in this case. *See* Fed. R. Evid. 401 and 402.

**PLAINTIFF:** 141:16-18
**DEFENDANT:** Defendant Wood objects to the introduction at trial of the portion of his deposition testimony designated above. The Defendant's specific knowledge of the elements of a criminal statutory offense has no bearing on, or relevance to, the claims pending in this case. *See* Fed. R. Evid. 401 and 402.

**PLAINTIFF:** 141:20-143:18
**DEFENDANT:** Defendant Wood objects to the introduction at trial of the portion of his deposition testimony designated above. The Defendant's specific knowledge of the elements of a criminal statutory offense has no bearing on, or relevance to, the claims pending in this case. *See* Fed. R. Evid. 401 and 402.

**PLAINTIFF:** 144:9-12
**DEFENDANT:** Defendant Wood objects to the introduction at trial of the portion of his deposition testimony designated above. Whether or not a contract, which is *not* at issue in the present action, contains confidentiality provisions has no bearing on, or relevance to, the claims pending in this case. *See* Fed. R. Evid. 401 and 402.

**PLAINTIFF:** 157:2-13
**DEFENDANT:** No Objection

**PLAINTIFF:** 157:24-163:2
**DEFENDANT:** No Objection

**PLAINTIFF:** 163:8-164:8

**DEFENDANT:** No Objection

**PLAINTIFF:** 177:1-11

    **DEFENDANT:** Defendant Wood objects to the introduction at trial of the portion of his deposition testimony designated above. Defendant respectfully contends that this evidence is irrelevant to the claims pending in this defamation lawsuit and is only intended to produce unfair prejudice and mislead the jury. *See* Fed. R. Evid. 403.

    Defendant believes that the Plaintiffs seek introduction of this evidence specifically to argue that Defendant Wood allegedly breached a contract, never intended to honor a contract, and/or committed fraud, distinct claims which are pending in an entirely separate lawsuit. *See Wade, et al v. Wood, et al.*, CAFN: 2020-CV-339937 (pending in the Superior Court of Fulton County). These allegations are outside the scope of the Plaintiffs' defamation lawsuit, have not been sufficiently pled by the Plaintiffs' Complaint, and are entirely unadjudicated. *See Iqbal*, 556 U.S. at 677-80; *Twombly*, 550 U.S. at 554-57; *see also In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 218 F.R.D. 76, 77 (S.D.N.Y. 2003); *In re GDC Technics, LLC*, 643 B.R. 417, 430 (Bankr. W.D. Tex. 2022). Evidence of the same is therefore irrelevant and immaterial to the Plaintiffs' defamation claims and must be ruled inadmissible. *Id.*

    Defendant further hereby incorporates by reference the arguments set forth in his Motion in Limine, filed on May 24, 2024.

**PLAINTIFF:** 186:16-189:17
    **DEFENDANT:** No Objection

**PLAINTIFF:** 217:22-218:5

    **DEFENDANT:** Defendant Wood objects to the introduction at trial of the portion of his deposition testimony designated above. Defendant respectfully contends that this evidence is irrelevant to the claims pending in this defamation lawsuit and is only intended to produce unfair prejudice and mislead the jury. *See* Fed. R. Evid. 403.

Defendant believes that the Plaintiffs seek introduction of this evidence specifically to argue that Defendant Wood allegedly breached a contract, never intended to honor a contract, and/or committed fraud, distinct claims which are pending in an entirely separate lawsuit. *See Wade, et al v. Wood, et al.*, CAFN: 2020-CV-339937 (pending in the Superior Court of Fulton County).  These allegations are outside the scope of the Plaintiffs' defamation lawsuit, have not been sufficiently pled by the Plaintiffs' Complaint, and are entirely unadjudicated. *See Iqbal*, 556 U.S. at 677-80; *Twombly*, 550 U.S. at 554-57; *see also In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 218 F.R.D. 76, 77 (S.D.N.Y. 2003); *In re GDC Technics, LLC*, 643 B.R. 417, 430 (Bankr. W.D. Tex. 2022). Evidence of the same is therefore irrelevant and immaterial to the Plaintiffs' defamation claims and must be ruled inadmissible. *Id.*

Defendant further hereby incorporates by reference the arguments set forth in his Motion in Limine, filed on May 24, 2024.

## <u>Plaintiffs' Deposition Designations for L. Lin Wood</u><br><u>Fulton County Superior Court (2020-CV-339937)</u>

**PLAINTIFF**: 174:11 – 175:21

    **DEFENDANT:** Defendant Wood objects to the introduction at trial of the portion of his deposition testimony designated above. Defendant respectfully contends that this evidence is irrelevant to the claims pending in this defamation lawsuit and is only intended to produce unfair prejudice and mislead the jury. *See* Fed. R. Evid. 403.

Defendant believes that the Plaintiffs seek introduction of this evidence specifically to argue that Defendant Wood allegedly breached a contract, never intended to honor a contract, and/or committed fraud, distinct claims which are pending in an entirely separate lawsuit. *See Wade, et al v. Wood, et al.*, CAFN: 2020-CV-339937 (pending in the Superior Court of Fulton County).  These allegations are outside the scope of the Plaintiffs' defamation lawsuit, have not been sufficiently pled by the Plaintiffs' Complaint, and are entirely unadjudicated. *See Iqbal*, 556 U.S. at 677-80; *Twombly*, 550 U.S. at 554-57; *see also In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 218 F.R.D. 76, 77 (S.D.N.Y. 2003); *In re GDC Technics, LLC*, 643 B.R. 417, 430 (Bankr. W.D. Tex. 2022). Evidence of the same

is therefore irrelevant and immaterial to the Plaintiffs' defamation claims and must be ruled inadmissible. *Id.*

Defendant further hereby incorporates by reference the arguments set forth in his Motion in Limine, filed on May 24, 2024.

### Deposition Designations for Todd V. McMurtry
### Fulton County Superior Court (2020-CV-339937)

**PLAINTIFF:** 10:17-13:13
   **DEFENDANT:** Defendant Wood objects to the introduction at trial of the entirety of the portion of the Deposition of Todd v. McMurtry designated above. Defendant specifically objects to pg. 12:19-25 of the portion of his deposition testimony designated by the Plaintiffs. This portion contains an objection by counsel for the witness which should not be included as part of evidence.

**PLAINTIFF:** 13:17-14:25
   **DEFENDANT:** No Objection

**PLAINTIFF:** 15:9-16
   **DEFENDANT:** No Objection

**PLAINTIFF:** 16:7-17:9
   **DEFENDANT:** No Objection

**PLAINTIFF:** 18:10-19:9
   **DEFENDANT:** No Objection

**PLAINTIFF:** 19:11
   **DEFENDANT:** No Objection

**PLAINTIFF:** 29:19-24
   **DEFENDANT:** Defendant Wood objects to the introduction at trial of the portion of the Deposition of Todd v. McMurtry designated above. Defendant respectfully contends that this evidence is irrelevant to the claims pending in this defamation lawsuit and is only intended to produce unfair prejudice and mislead the jury. *See* Fed. R. Evid. 403.

Defendant believes that the Plaintiffs seek introduction of this evidence specifically to argue that Defendant Wood allegedly breached a contract, never intended to honor a contract, and/or committed fraud, distinct claims which are pending in an entirely separate lawsuit. *See Wade, et al v. Wood, et al.*, CAFN: 2020-CV-339937 (pending in the Superior Court of Fulton County). These allegations are outside the scope of the Plaintiffs' defamation lawsuit, have not been sufficiently pled by the Plaintiffs' Complaint, and are entirely unadjudicated. *See Iqbal*, 556 U.S. at 677-80; *Twombly*, 550 U.S. at 554-57; *see also In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 218 F.R.D. 76, 77 (S.D.N.Y. 2003); *In re GDC Technics, LLC*, 643 B.R. 417, 430 (Bankr. W.D. Tex. 2022). Evidence of the same is therefore irrelevant and immaterial to the Plaintiffs' defamation claims and must be ruled inadmissible. *Id.*

Defendant further hereby incorporates by reference the arguments set forth in his Motion in Limine, filed on May 24, 2024.

**PLAINTIFF:** 35:5-20

**DEFENDANT:** Defendant Wood objects to the introduction at trial of the portion of the Deposition of Todd v. McMurtry designated above. Defendant respectfully contends that this evidence is irrelevant to the claims pending in this defamation lawsuit and is only intended to produce unfair prejudice and mislead the jury. *See* Fed. R. Evid. 403.

Defendant believes that the Plaintiffs seek introduction of this evidence specifically to argue that Defendant Wood allegedly breached a contract, never intended to honor a contract, and/or committed fraud, distinct claims which are pending in an entirely separate lawsuit. *See Wade, et al v. Wood, et al.*, CAFN: 2020-CV-339937 (pending in the Superior Court of Fulton County). These allegations are outside the scope of the Plaintiffs' defamation lawsuit, have not been sufficiently pled by the Plaintiffs' Complaint, and are entirely unadjudicated. *See Iqbal*, 556 U.S. at 677-80; *Twombly*, 550 U.S. at 554-57; *see also In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 218 F.R.D. 76, 77 (S.D.N.Y. 2003); *In re GDC Technics, LLC*, 643 B.R. 417, 430 (Bankr. W.D. Tex. 2022). Evidence of the same is therefore irrelevant and immaterial to the Plaintiffs' defamation claims and must be ruled inadmissible. *Id.*

Defendant further hereby incorporates by reference the arguments set forth in his Motion in Limine, filed on May 24, 2024.

**PLAINTIFF:** 45:25-46:20
**DEFENDANT:** Defendant Wood objects to the introduction at trial of the portion of the Deposition of Todd v. McMurtry designated above. Defendant respectfully contends that this evidence is irrelevant to the claims pending in this defamation lawsuit and is only intended to produce unfair prejudice and mislead the jury. *See* Fed. R. Evid. 403.

Defendant believes that the Plaintiffs seek introduction of this evidence specifically to argue that Defendant Wood allegedly breached a contract, never intended to honor a contract, and/or committed fraud, distinct claims which are pending in an entirely separate lawsuit. *See Wade, et al v. Wood, et al.*, CAFN: 2020-CV-339937 (pending in the Superior Court of Fulton County). These allegations are outside the scope of the Plaintiffs' defamation lawsuit, have not been sufficiently pled by the Plaintiffs' Complaint, and are entirely unadjudicated. *See Iqbal*, 556 U.S. at 677-80; *Twombly*, 550 U.S. at 554-57; *see also In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 218 F.R.D. 76, 77 (S.D.N.Y. 2003); *In re GDC Technics, LLC*, 643 B.R. 417, 430 (Bankr. W.D. Tex. 2022). Evidence of the same is therefore irrelevant and immaterial to the Plaintiffs' defamation claims and must be ruled inadmissible. *Id.*

Defendant further hereby incorporates by reference the arguments set forth in his Motion in Limine, filed on May 24, 2024.

**DEFENDANT:** 63
**PLAINTFF:** No Objection

**PLAINTIFF:** 63:25-64:10
**DEFENDANT:** Defendant Wood objects to the introduction at trial of the portion of the Deposition of Todd v. McMurtry designated above. Defendant respectfully contends that this evidence is irrelevant to the claims pending in this defamation lawsuit and is only intended to produce unfair prejudice and mislead the jury. *See* Fed. R. Evid. 403.

Defendant believes that the Plaintiffs seek introduction of this evidence specifically to argue that Defendant Wood allegedly breached a contract, never intended to honor a contract, and/or committed fraud, distinct claims which are pending in an entirely separate lawsuit. *See Wade, et al v. Wood, et al.*, CAFN: 2020-CV-339937 (pending in the Superior Court of Fulton County). These allegations are outside the scope of the Plaintiffs' defamation lawsuit, have not been sufficiently pled by the Plaintiffs' Complaint, and are entirely unadjudicated. *See Iqbal*, 556 U.S. at 677-80; *Twombly*, 550 U.S. at 554-57; *see also In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 218 F.R.D. 76, 77 (S.D.N.Y. 2003); *In re GDC Technics, LLC*, 643 B.R. 417, 430 (Bankr. W.D. Tex. 2022). Evidence of the same is therefore irrelevant and immaterial to the Plaintiffs' defamation claims and must be ruled inadmissible. *Id.*

Defendant further hereby incorporates by reference the arguments set forth in his Motion in Limine, filed on May 24, 2024.

**DEFENDANT:** 71:1 – 74:15
    **PLAINTFF:** Objection: All references to statements allegedly made by Alston & Bird are hearsay, Rule 801: 71:16 – 72:15, 73:14 (beginning with "So what…") – 73:16, 74:9-10 (beginning with "My position…").

**DEFENDANT:** 79:22 – 80:2
    **PLAINTFF:** Relevance objection, Rule 401.

**DEFENDANT:** 94:3 – 96:14;
    **PLAINTFF:** Hearsay objection, Rule 801: 94:3 – 95:14, 96:8 – 96:14.

**DEFENDANT:** 98:24 – 99:11
    **PLAINTFF:** Plaintiffs' counter designation: 98:18-99:11 for completeness purposes.

**PLAINTIFF:** 99:12-14
    **DEFENDANT:** Defendant Wood objects to the introduction at trial of the portion of the Deposition of Todd v. McMurtry designated above. Defendant respectfully contends that this evidence is irrelevant to the claims pending in this defamation lawsuit and is only intended to produce unfair prejudice and mislead the jury. *See* Fed. R. Evid. 403.

Defendant believes that the Plaintiffs seek introduction of this evidence specifically to argue that Defendant Wood allegedly breached a contract, never intended to honor a contract, and/or committed fraud, distinct claims which are pending in an entirely separate lawsuit. *See Wade, et al v. Wood, et al.*, CAFN: 2020-CV-339937 (pending in the Superior Court of Fulton County). These allegations are outside the scope of the Plaintiffs' defamation lawsuit, have not been sufficiently pled by the Plaintiffs' Complaint, and are entirely unadjudicated. *See Iqbal*, 556 U.S. at 677-80; *Twombly*, 550 U.S. at 554-57; *see also In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 218 F.R.D. 76, 77 (S.D.N.Y. 2003); *In re GDC Technics, LLC*, 643 B.R. 417, 430 (Bankr. W.D. Tex. 2022). Evidence of the same is therefore irrelevant and immaterial to the Plaintiffs' defamation claims and must be ruled inadmissible. *Id.*

Defendant further hereby incorporates by reference the arguments set forth in his Motion in Limine, filed on May 24, 2024.

**DEFENDANT:** 100:25 – 102:12
   **PLAINTFF:** Plaintiffs' counter designation: 101:7 – 102:17 for completeness purposes.

**PLAINTIFF:** 102:13-103:4
   **DEFENDANT:** Defendant Wood objects to the introduction at trial of the portion of the Deposition of Todd v. McMurtry designated above. Defendant respectfully contends that this evidence is irrelevant to the claims pending in this defamation lawsuit and is only intended to produce unfair prejudice and mislead the jury. *See* Fed. R. Evid. 403.

Defendant believes that the Plaintiffs seek introduction of this evidence specifically to argue that Defendant Wood allegedly breached a contract, never intended to honor a contract, and/or committed fraud, distinct claims which are pending in an entirely separate lawsuit. *See Wade, et al v. Wood, et al.*, CAFN: 2020-CV-339937 (pending in the Superior Court of Fulton County). These allegations are outside the scope of the Plaintiffs' defamation lawsuit, have not been sufficiently pled by the Plaintiffs' Complaint, and are entirely unadjudicated. *See Iqbal*, 556 U.S. at 677-80; *Twombly*, 550 U.S. at 554-57; *see also In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 218 F.R.D. 76, 77 (S.D.N.Y. 2003); *In re GDC Technics, LLC*, 643 B.R. 417, 430 (Bankr. W.D. Tex. 2022). Evidence of the same

is therefore irrelevant and immaterial to the Plaintiffs' defamation claims and must be ruled inadmissible. *Id.*

Defendant further hereby incorporates by reference the arguments set forth in his Motion in Limine, filed on May 24, 2024.

**PLAINTIFF:** 104:11-14
> **DEFENDANT:** Defendant Wood objects to the introduction at trial of the portion of the Deposition of Todd v. McMurtry designated above. Defendant respectfully contends that this evidence is irrelevant to the claims pending in this defamation lawsuit and is only intended to produce unfair prejudice and mislead the jury. *See* Fed. R. Evid. 403.

Defendant believes that the Plaintiffs seek introduction of this evidence specifically to argue that Defendant Wood allegedly breached a contract, never intended to honor a contract, and/or committed fraud, distinct claims which are pending in an entirely separate lawsuit. *See Wade, et al v. Wood, et al.*, CAFN: 2020-CV-339937 (pending in the Superior Court of Fulton County). These allegations are outside the scope of the Plaintiffs' defamation lawsuit, have not been sufficiently pled by the Plaintiffs' Complaint, and are entirely unadjudicated. *See Iqbal*, 556 U.S. at 677-80; *Twombly*, 550 U.S. at 554-57; *see also In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 218 F.R.D. 76, 77 (S.D.N.Y. 2003); *In re GDC Technics, LLC*, 643 B.R. 417, 430 (Bankr. W.D. Tex. 2022). Evidence of the same is therefore irrelevant and immaterial to the Plaintiffs' defamation claims and must be ruled inadmissible. *Id.*

Defendant further hereby incorporates by reference the arguments set forth in his Motion in Limine, filed on May 24, 2024.

**DEFENDANT:** 104:22 – 105:4
> **PLAINTFF:** Plaintiffs' Objection: Hearsay, Rule 801: 104:22 – 105:4.

**DEFENDANT:** 105:5 -13
> **PLAINTFF:** Plaintiffs' Objection: Hearsay, Rule 801: 105:5 – 105:13.

**PLAINTIFF:** 105:15-20

**DEFENDANT:** Defendant Wood objects to the introduction at trial of the portion of the Deposition of Todd v. McMurtry designated above. Defendant respectfully contends that this evidence is irrelevant to the claims pending in this defamation lawsuit and is only intended to produce unfair prejudice and mislead the jury. *See* Fed. R. Evid. 403.

Defendant believes that the Plaintiffs seek introduction of this evidence specifically to argue that Defendant Wood allegedly breached a contract, never intended to honor a contract, and/or committed fraud, distinct claims which are pending in an entirely separate lawsuit. *See Wade, et al v. Wood, et al.*, CAFN: 2020-CV-339937 (pending in the Superior Court of Fulton County). These allegations are outside the scope of the Plaintiffs' defamation lawsuit, have not been sufficiently pled by the Plaintiffs' Complaint, and are entirely unadjudicated. *See Iqbal*, 556 U.S. at 677-80; *Twombly*, 550 U.S. at 554-57; *see also In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 218 F.R.D. 76, 77 (S.D.N.Y. 2003); *In re GDC Technics, LLC*, 643 B.R. 417, 430 (Bankr. W.D. Tex. 2022). Evidence of the same is therefore irrelevant and immaterial to the Plaintiffs' defamation claims and must be ruled inadmissible. *Id.*

Defendant further hereby incorporates by reference the arguments set forth in his Motion in Limine, filed on May 24, 2024.

**PLAINTIFF:** 105:22-106:2
**DEFENDANT:** Defendant Wood objects to the introduction at trial of the portion of the Deposition of Todd v. McMurtry designated above. Defendant respectfully contends that this evidence is irrelevant to the claims pending in this defamation lawsuit and is only intended to produce unfair prejudice and mislead the jury. *See* Fed. R. Evid. 403.

Defendant believes that the Plaintiffs seek introduction of this evidence specifically to argue that Defendant Wood allegedly breached a contract, never intended to honor a contract, and/or committed fraud, distinct claims which are pending in an entirely separate lawsuit. *See Wade, et al v. Wood, et al.*, CAFN: 2020-CV-339937 (pending in the Superior Court of Fulton County). These allegations are outside the scope of the Plaintiffs' defamation lawsuit, have not been sufficiently pled by the Plaintiffs' Complaint, and are entirely unadjudicated. *See Iqbal*, 556 U.S. at 677-80; *Twombly*, 550 U.S. at 554-57; *see also In re Merrill Lynch & Co.*

*Research Reports Sec. Litig.*, 218 F.R.D. 76, 77 (S.D.N.Y. 2003); *In re GDC Technics, LLC*, 643 B.R. 417, 430 (Bankr. W.D. Tex. 2022). Evidence of the same is therefore irrelevant and immaterial to the Plaintiffs' defamation claims and must be ruled inadmissible. *Id.*

Defendant further hereby incorporates by reference the arguments set forth in his Motion in Limine, filed on May 24, 2024.

**DEFENDANT:** 106:4 – 107:3
  **PLAINTFF:** Plaintiffs' Objection: Hearsay, Rule 801:106:11 – 106:13 (beginning with "and they…"). Counter designation: 106:4 – 107:6, 130:20 – 131:5 for completeness purposes.

**PLAINTIFF:** 121:3-12
  **DEFENDANT:** Defendant Wood objects to the introduction at trial of the portion of the Deposition of Todd v. McMurtry designated above. Defendant respectfully contends that this evidence is irrelevant to the claims pending in this defamation lawsuit and is only intended to produce unfair prejudice and mislead the jury. *See* Fed. R. Evid. 403.

Defendant believes that the Plaintiffs seek introduction of this evidence specifically to argue that Defendant Wood allegedly breached a contract, never intended to honor a contract, and/or committed fraud, distinct claims which are pending in an entirely separate lawsuit. *See Wade, et al v. Wood, et al.*, CAFN: 2020-CV-339937 (pending in the Superior Court of Fulton County). These allegations are outside the scope of the Plaintiffs' defamation lawsuit, have not been sufficiently pled by the Plaintiffs' Complaint, and are entirely unadjudicated. *See Iqbal*, 556 U.S. at 677-80; *Twombly*, 550 U.S. at 554-57; *see also In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 218 F.R.D. 76, 77 (S.D.N.Y. 2003); *In re GDC Technics, LLC*, 643 B.R. 417, 430 (Bankr. W.D. Tex. 2022). Evidence of the same is therefore irrelevant and immaterial to the Plaintiffs' defamation claims and must be ruled inadmissible. *Id.*

Defendant further hereby incorporates by reference the arguments set forth in his Motion in Limine, filed on May 24, 2024.

**DEFENDANT:** 123:7-13
    **PLAINTFF:** Counter designation: 123:24 – 124:8 for completeness purposes.

**PLAINTIFF:** 124:9-14
    **DEFENDANT:** Defendant Wood objects to the introduction at trial of the portion of the Deposition of Todd v. McMurtry designated above. Defendant respectfully contends that this evidence is irrelevant to the claims pending in this defamation lawsuit and is only intended to produce unfair prejudice and mislead the jury. *See* Fed. R. Evid. 403.

    Defendant believes that the Plaintiffs seek introduction of this evidence specifically to argue that Defendant Wood allegedly breached a contract, never intended to honor a contract, and/or committed fraud, distinct claims which are pending in an entirely separate lawsuit. *See Wade, et al v. Wood, et al.*, CAFN: 2020-CV-339937 (pending in the Superior Court of Fulton County). These allegations are outside the scope of the Plaintiffs' defamation lawsuit, have not been sufficiently pled by the Plaintiffs' Complaint, and are entirely unadjudicated. *See Iqbal*, 556 U.S. at 677-80; *Twombly*, 550 U.S. at 554-57; *see also In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 218 F.R.D. 76, 77 (S.D.N.Y. 2003); *In re GDC Technics, LLC*, 643 B.R. 417, 430 (Bankr. W.D. Tex. 2022). Evidence of the same is therefore irrelevant and immaterial to the Plaintiffs' defamation claims and must be ruled inadmissible. *Id.*

    Defendant further hereby incorporates by reference the arguments set forth in his Motion in Limine, filed on May 24, 2024.

**PLAINTIFF:** 124:25-125:2
    **DEFENDANT:** Defendant Wood objects to the introduction at trial of the portion of the Deposition of Todd v. McMurtry designated above. Defendant respectfully contends that this evidence is irrelevant to the claims pending in this defamation lawsuit and is only intended to produce unfair prejudice and mislead the jury. *See* Fed. R. Evid. 403.

    Defendant believes that the Plaintiffs seek introduction of this evidence specifically to argue that Defendant Wood allegedly breached a contract, never intended to honor a contract, and/or committed fraud, distinct claims which are

pending in an entirely separate lawsuit. *See Wade, et al v. Wood, et al.*, CAFN: 2020-CV-339937 (pending in the Superior Court of Fulton County).  These allegations are outside the scope of the Plaintiffs' defamation lawsuit, have not been sufficiently pled by the Plaintiffs' Complaint, and are entirely unadjudicated. *See Iqbal*, 556 U.S. at 677-80; *Twombly*, 550 U.S. at 554-57; *see also In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 218 F.R.D. 76, 77 (S.D.N.Y. 2003); *In re GDC Technics, LLC*, 643 B.R. 417, 430 (Bankr. W.D. Tex. 2022). Evidence of the same is therefore irrelevant and immaterial to the Plaintiffs' defamation claims and must be ruled inadmissible. *Id.*

Defendant further hereby incorporates by reference the arguments set forth in his Motion in Limine, filed on May 24, 2024.

**DEFENDANT:** 129:6 – 130:6
　　**PLAINTFF:** No Objection

**PLAINTIFF:** 130:17-131:5
　　**DEFENDANT:** Defendant Wood objects to the introduction at trial of the portion of the Deposition of Todd v. McMurtry designated above. Defendant respectfully contends that this evidence is irrelevant to the claims pending in this defamation lawsuit and is only intended to produce unfair prejudice and mislead the jury. *See* Fed. R. Evid. 403.

Defendant believes that the Plaintiffs seek introduction of this evidence specifically to argue that Defendant Wood allegedly breached a contract, never intended to honor a contract, and/or committed fraud, distinct claims which are pending in an entirely separate lawsuit. *See Wade, et al v. Wood, et al.*, CAFN: 2020-CV-339937 (pending in the Superior Court of Fulton County).  These allegations are outside the scope of the Plaintiffs' defamation lawsuit, have not been sufficiently pled by the Plaintiffs' Complaint, and are entirely unadjudicated. *See Iqbal*, 556 U.S. at 677-80; *Twombly*, 550 U.S. at 554-57; *see also In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 218 F.R.D. 76, 77 (S.D.N.Y. 2003); *In re GDC Technics, LLC*, 643 B.R. 417, 430 (Bankr. W.D. Tex. 2022). Evidence of the same is therefore irrelevant and immaterial to the Plaintiffs' defamation claims and must be ruled inadmissible. *Id.*

Defendant further hereby incorporates by reference the arguments set forth in his Motion in Limine, filed on May 24, 2024.

**DEFENDANT:** 133:4-14
    **PLAINTFF:** No Objection

**DEFENDANT:** 133:23 – 134:2
    **PLAINTFF:** No Objection

**DEFENDANT:** 134:11 – 135:6
    **PLAINTFF:** Plaintiffs' Objection: Hearsay objection, Rule 801:  134:23-135:2.

**DEFENDANT:** 141:1 – 143:15
    **PLAINTFF:** Objection, vagueness: 141:4-6. Plaintiffs' Objection: Relevance objection, Rule 401.

**DEFENDANT:** 145:2 – 148:8
    **PLAINTFF:** Plaintiffs' Objection: Relevance objection, Rule 401 and unfairly prejudicial, Rule 403.

145:2-8: Objection regarding Paragraph 5 in complaint, question is not a complete statement of Paragraph 5.


/s/ Andrew M. Beal
Andrew M. Beal
Georgia Bar No. 043842
Milinda Brown
Georgia Bar No. 363307
BEAL SUTHERLAND
BERLIN & BROWN, LLC
2200 Century Parkway NE
Suite 100
Atlanta, GA 30345
drew@beal.law
milinda@beal.law
678-449-0422
*Counsel for Plaintiffs*

/s/ R. Christopher Harrison**
R. Christopher Harrison,
Georgia Bar No. 333199
DOWNEY & CLEVELAND, LLP
288 Washington Avenue
Marietta, Georgia  30060
harrison@downeycleveland.com
Tel: 770-422-3233
Fax: 770-423-4199

*/s/ Ibrahim Reyes (admitted pro hac vice)* Ibrahim Reyes, Esq.
Florida Bar No. 581798
REYES LAWYERS, P.A.
236 Valencia Avenue Coral

Gables, FL 33134 Tel: 305-445-0011
Facsimile: 305-445-1181
ireyes@reyeslawyers.com
*Counsel for Defendant*

**signed with express permission

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| NICOLE JENNINGS WADE, JONATHAN D. GRUNBERG, and G. TAYLOR WILSON, <br><br> Plaintiffs, <br><br> v. <br><br> L. LIN WOOD, <br><br> Defendant. | Case No. 1:22-cv-1073-MLB |

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing pleading upon all parties of record by filing same with the Court's electronic filing system which will deliver a copy to all counsel of record.

Respectfully submitted, this the 29th day of May, 2024.

BEAL SUTHERLAND
BERLIN & BROWN, LLC


/s/ Andrew M. Beal
Andrew M. Beal
Georgia Bar No. 043842