**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

NICOLE JENNINGS WADE,
JONATHAN D. GRUNBERG, and
G. TAYLOR WILSON,

        Plaintiffs,

   v.

L. LIN WOOD,

        Defendant.

Case No. 1:22-cv-1073-MLB

**PLAINTIFFS' BRIEF IN OPPOSITION TO**
**DEFENDANT'S MOTION IN LIMINE**

Plaintiffs Nicole Wade, Jonathan Grunberg, and Taylor Wilson file this brief in opposition to Defendant L. Lin Wood's Motion in Limine.[1]

**INTRODUCTION**

Defendant Wood asks the Court to "direct the parties, the parties' counsel, and all of the parties' witnesses not to mention or present evidence" regarding Defendant Wood's (alleged) underlying breach of contract and fraud. [Dkt. 103 at 9]. To support this request, Defendant Wood makes unsupportable claims that these issues

---

[1] Plaintiffs note that Defendant Wood did not confer with Plaintiffs about his Motion in direct disregard of this Court's Order Setting Trial. [Dkt. 101 at 1].

are "patently outside the scope of the Plaintiffs' defamation lawsuit" and lack "even a modicum of probative value" or a "smidgeon of relevance." [*Id.* at 3-4].

It is difficult to decipher or understand the legal import or relevance of most of what Defendant states in his Motion. Defendant Wood accused Plaintiffs of criminal extortion specifically in connection with Plaintiffs' assertion of claims against Wood for breach of contract and fraud, and those facts are not only palpably relevant to the legal issues to be tried but are also part of the fabric of the relationship between the parties, generally. The issues Defendant Wood would have excluded—breach of contract and fraud—are evident on the face of the defamatory posts at issue and are obviously relevant on the issues of actual and common law malice.

In fact, if granted, Defendant Wood's request would leave Wood with virtually no defense, Plaintiffs unable in large part to articulate why they made the settlement offer at issue, and the jury wondering what this dispute is about. Tempting as it is to accept Defendant Wood's request that he be prevented from uttering certain of the myriad lies which have spawned the parties' disputes, it simply makes no legal or common sense to do so. And Wood would almost certainly bring in these issues himself. Plaintiffs intend to try the actual, relevant facts of this case and therefore oppose Defendant Wood's Motion. Defendant Wood's assertion now that these issues are irrelevant is comical in light of Wood's "Summary of ***Relevant***

Background Facts" in the parties' proposed Pretrial Order [Dkt. 102-5 at 2-6 (emphasis added)].

Defendant Wood's chief argument is seemingly that "unadjudicated claims" in other litigation are inadmissible. The three cases he string cites for this proposition concern a litigant attempting *to use the unadjudicated claims of third-parties—i.e.*, rank hearsay—to support their direct claims. Defendant Wood's assertion that he will have to defend the state court claims in this action makes no sense—the jury will decide only Plaintiffs' defamation claim—and there is no risk that this matter could possibly prejudice his defenses in the state court matter.

More likely, given its frivolity, this Motion is presumably about Defendant Wood's never-ending attempt to delay being held responsible for his actions. His Motion is explicit in this regard. Having just had his hastily-filed motion for a stay of this matter pending his appeal of an insurance dispute denied, Defendant Wood now seeks in the alternative another indefinite stay of this proceeding until another state court proceeding between the parties is adjudicated. A motion in limine is not the proper vehicle, substantively or procedurally, to seek a stay at the eleventh-hour. That alternative request, too, should be denied.

In sum, Defendant Wood is concerned that entirely relevant evidence on the issues remaining in the case "would serve only to cast Mr. Wood in a negative light."

[*Id.* at 4]. It surely will. But it is also probative of actual malice. Instead of the relief Wood requests, he is free to try to make the jury argument that "the reality is that Mr. Wood had done everything in his power to help Plaintiffs and their careers…" [*Id.*]. That Defendant Wood is so concerned about the totality of his conduct and finds any reference to it to be highly prejudicial is well-founded, but relevant evidence is always prejudicial, and Defendant Wood's concern that the evidence against him is problematic for his case cannot be resolved in his favor by the Federal Rules of Evidence.

## BRIEF STATEMENT OF FACTUAL AND PROCEDURAL BACKGROUND

### I.    Facts Pertinent to Request to Exclude

Defendant Wood does not specify any particular evidence he wishes to exclude. He also fails to acknowledge that the subject matter he wishes to exclude is part and parcel of his false and defamatory accusations to be tried, and in which he, among other things, attacks the allegations of breach and fraud as frivolous lies. For instance, without limitation:

1.    His May 12, 2021, post begins with "I will no longer be silent about the frivolous lawsuit filed against me. In an effort to extort money from me…" [Dkt. 102-6 at ¶ 4]

2.    His May 19, 2021, post starts "Person A claims you owe $600K on a contract…. Person A then threatens to file a salacious and frivolous

fraud claim … UNLESS you immediately pay Person A $1.2M. Does that sound like criminal extortion to you?" [*Id.* ¶ 6]

3.      His May 26, 2021, post is of an RFA response in the underlying litigation stating, e.g., that "the frivolous lawsuit which Plaintiffs were threatening to file against Mr. Wood" constituted "the crime of attempted extortion…" [*Id.* ¶ 10]

4.      His June 16-18, 2021, posts were of his soliloquies during purported "depositions" of Plaintiffs in the underlying matter, and are nearly entirely about Plaintiffs' settlement demand and draft complaint constituting extortion. [*Id.* ¶¶ 11-12]

Moreover, Defendant Wood's Motion fails to acknowledge that one of the purported ways Wood falsely asserts that Plaintiffs extorted him was through an e-mail from Plaintiffs' counsel attaching a draft complaint for breach of contract and fraud—and Wood has made that argument throughout this case. [*See, e.g.,* Dkt. 74 (Def. MSJ) at 6-7]. Indeed, Plaintiffs' purportedly extortionate demand was premised partly on their claims for breach of contract and fraud.

The Court previously recognized the significance of the facts regarding Plaintiffs' draft complaint and the circumstances surrounding it in its Opinion & Order [Dkt. 90] granting Plaintiffs' summary judgment on certain issues and denying Defendant Wood's motion for summary judgment.

For instance, the Court noted that:

- "Plaintiffs said this amount would 'buy them out of' the March agreement and resolve Plaintiffs' claim for breach of contract, fraud, attorneys' fees, defamation, and breach of the non-disparagement clause in the March agreement," [*id.* at 4];

- "[O]ne of Defendant's Telegram posts did include a copy of the $1.25 million settlement demand," [*id.* at 14-15]; and

- Defendant Wood's "posts included several misrepresentations" and "omitted other pertinent facts too, including that Defendant was the one who drafted and proposed the March agreement … he received fees that ostensibly triggered his obligation to pay Plaintiffs … Plaintiffs baked into the demand their entitlement to future fees on several cases … and Defendant recently told key third parties that Plaintiffs were guilty of extortion, which arguably entitled Plaintiffs to additional damages under the non-disparagement clause in the March agreement." [*Id.* at 16-17].

The Court's summary judgment Order recognized the relevance of these types of facts both generally as necessary background for this dispute as well as specifically on the issue of actual malice. [*Id.* at 24 fn. 7 (holding that there was a

jury issue on actual malice "as explained in Plaintiffs' brief" at Dkt. 80 pp. 16-23)]. This ruling notably includes that "Wood … knew he breached his contract [and] was fully aware that Plaintiffs possessed significant [other] claims to justify their Settlement Offer," but failed to disclose those things in his false accusations. [Dkt. 80 at 16].

## II.    Facts Pertinent to Request for Stay

Defendant Wood's bad faith efforts to delay this litigation continue here. Not only is a motion in limine an inappropriate vehicle to seek to delay trial—and his Motion lacks any legal support for doing so—but also this is just the latest attempt by Wood to delay justice without any basis. Disregarding common courtesy extensions on various matters:

Defendant Wood first filed a wholly frivolous motion to dismiss on statute of limitations grounds [Dkt. 16], which he was forced to withdraw in the face of a Rule 11 motion. [Dkt. 20].[2]

After that unnecessary bad-faith delay, Defendant Wood then refused to timely file the Rule 26 Joint Preliminary Report and Discovery plan. [Dkt. 23]. He also failed to timely serve initial disclosures. [Dkt. 27].

---

[2] Defendant Wood's insurer also filed a Motion to Stay [Dkt. 17], which was denied.

After the Court ordered discovery to be completed by December 16, 2022, [Dkt. 33], Defendant Wood filed a Motion to Extend Discovery Period for ninety days, purportedly to take the depositions of Todd McMurtry, Joey Burby, and Chris Marquardt, [Dkt. 55]. Even though this Court granted the discovery extension "to give Defendant every opportunity to mount a defense," Wood did not take a single one of the additional depositions that he claimed were the basis for his motion.

After requiring an extension of time to file the pre-trial order [Dkt. 91], Defendant Wood still failed to participate in the timely preparation of the pre-trial order. Instead, he opted to file a frivolous motion to stay this proceeding on the basis that an appeal of an adverse ruling in an insurance coverage action was still pending. [Dkt. 93].

Now, after a hearing in which that motion to stay was denied and this matter was specially set for trial on a date convenient to all parties, Defendant Wood asks for another stay of this proceeding at the eleventh-hour, purportedly to allow a separate lawsuit adjudicating separate issues to be fully adjudicated. At no time (prior to this Motion) has Defendant Wood sought to stay this proceeding on the basis that the state-court proceeding exists, and it has been pending since August 2000, well before this lawsuit was even filed. For the reasons set forth below, even if he had done so, such a request would have been frivolous even if timely filed.

-8-

## **ARGUMENT**

To the extent Plaintiffs can decipher the legal reasons Defendant Wood offers for excluding any evidence regarding his breach and fraud, they respond to each. Defendant Wood appears to make four overarching arguments: (1) that evidence related to his breach and fraud is irrelevant; (2) that the relevance of such evidence is substantially outweighed by the risk of unfair prejudice; (3) that, somehow, failure to plead the elements of fraud and breach of contract is pertinent in a defamation case; and (4) "unadjudicated claims" of other litigation are inadmissible generally under Rule 12(f). Defendant Wood also makes nebulous reference to (5) some possibility of prejudice in other actions due to the purported possibility of inconsistent verdicts. Because arguments (3), (4) and (5) lack any arguable rational basis, Plaintiffs briefly respond to them together.

**I.      The Evidence at Issue is Highly Relevant and Probative of Fault, Malice, and Motive.**

As Defendant Wood acknowledges, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Through willful ignorance (Defendant Wood is a career defamation lawyer), Wood asserts that allegations of breach of contract and fraud have no possible relevance to this case. On the contrary, this type of evidence has immense relevance for many

reasons on at least two issues: (1) actual malice and (2) common law malice. Its relevance is precisely why Wood seeks to exclude it, not its "unfair" prejudice.

As this Court acknowledged in its Order granting summary judgment to Plaintiffs, Plaintiffs' allegedly extortionate settlement demand was explicitly premised, in part, on their claims for breach of contract and fraud. Plaintiffs do not need to prove that they had meritorious claims for breach of contract and fraud to prove actual malice because, *e.g.*, they took none of the acts identified by the extortion statute. Defendant knew that to be the case which underscores his knowledge of falsity and reckless disregard for the truth - because he knew that Plaintiffs had a good faith basis to make the settlement demand.

Moreover, the scope of evidence in a state of mind case is wide-ranging. As a general matter, "[c]ourts have traditionally allowed *any* direct or indirect evidence relevant to the state of mind of the defendant" in cases concerning actual malice. *Barber v. Perdue*, 194 Ga. App. 287, 289 (1989) (citing *Herbert v. Lando*, 441 U.S. 153, 160 (1979)); *see also Harte-Hanks Comms., Inc. v. Connaughton*, 491 U.S. 657, 668 (1989) ("[A] plaintiff is entitled to prove a defendant's state of mind through circumstantial evidence.").

For instance, this information is relevant on actual malice because Defendant Wood contradicts and misrepresents many of the actual facts regarding Plaintiffs'

claims and settlement offer in his defamatory allegations. *Cf. Hunt v. Liberty Lobby*, 720 F.2d 631, 644 (11th Cir. 1983) (holding a "publisher cannot feign ignorance or profess good faith when there are clear indications present which bring into question the truth or falsity of defamatory statements"). Wood misrepresented the issues to make his claims seem plausible when, in fact, they were not. *Cf. Westmoreland v. CBS, Inc.*, 596 F. Supp. 1170, 1176 (S.D.N.Y. 1984) (actual malice may be established when a defendant "knowingly or recklessly misstates the evidence to make it seem more convincing or condemnatory than it is").

Similarly, "[e]vidence of motive may bear a relation to the actual malice inquiry." *Barber*, 194 Ga. App. at 289 (citing *Harte-Hanks*); *see also* Fed. R. Evid. 404(b)(2) (holding that other acts of a defendant may be used to show "motive … intent … plan, knowledge, absence of mistake, or lack of accident"); *Demers v. Adams Homes of Nw. Fla., Inc.*, 321 Fed. App'x 847, 853-54 (11th Cir. 2019) (holding in a discrimination case that "wide evidentiary latitude must be granted those attempting to prove discriminatory intent … thus, discriminatory intent may be proven by direct or circumstantial evidence, such as that admitted under 404(b)"). Here, evidence of Defendant Wood's breach and fraud, and Plaintiffs' filing of litigation against him for it, tends to make it more likely that Defendant Wood's motive was not to tell the truth but to retaliate against Plaintiffs; contrary to his

"public service announcement" requesting that the public file bar complaints against Plaintiffs. This speaks to the general rule in intentional tort cases that a wide range of evidence is admissible even where the prior conduct is not necessarily directed at the plaintiff:

> Intent, good faith, motive, and other such matters relating to the state of a person's mind are usually not easily susceptible of direct proof. But frequently the state of mind accompanying the doing of an act is illustrated by other acts of a similar nature, done or proposed by the defendant in such a way as to indicate a general practice or course of conduct, or as to display motive, knowledge, intent, good faith, bad faith, and a variety of other such things.

*Troncalli v. Jones*, 237 Ga. App. 10, 16 (1999) (citations omitted).

This kind of evidence is even more obviously relevant when the conduct involves the parties at issue. This concept—that prior difficulties between the parties bear on actual malice and the motive or purpose of the defendant—is well-trodden, as previously articulated by the Supreme Court of the United States:

> The existence of actual malice may be shown in many ways. As a general rule, any competent evidence, either direct or circumstantial, can be resorted to, and all the relevant circumstances surrounding the transaction may be shown, *provided they are not too remote*, including *threats,* prior or subsequent defamations, subsequent statements of the defendant, *circumstances indicating the existence of rivalry, ill will, or hostility between the parties*, facts tending to show a reckless disregard of the plaintiff's rights…

*Herbert*, 441 U.S. 153, 164 n.12 (emphasis added) (citation omitted).[3]

Finally, this type of evidence is relevant to common law malice, as stated above, and punitive damages as well, for self-explanatory reasons. And, of course, it is relevant to Defendant Wood's credibility as a witness.

## II.    The Evidence Is Not *Unfairly* Prejudicial, Nor Is It Misleading, Confusing, or a Waste of Time.

Given the indisputable and significant relevance of the evidence sought to be excluded, Defendant Wood has an insurmountable burden on his Rule 403 argument. This is especially so here because any prejudice is not "unfair"—it would be appropriate and deserved—and likely slight in any case when compared to the corresponding relevance of the evidence.

As an initial matter, prejudice must be "unfair" to count in the analysis and, even then, it must substantially outweigh the evidence's relevance to qualify for exclusion under Rule 403. "[H]armful evidence is 'inherently prejudicial,'" and thus "it is only when the 'unfair prejudice substantially outweighs its probative value" that Rule 403 permits exclusion. *See, e.g., Head v. Thrash*, 1:21-CV-2057-SEG,

---

[3] *See also* 53 C.J.S. Libel & Slander; Injurious Falsehood § 248 (collecting cases explaining the myriad ways and reasons evidence of "defendant's feelings toward the plaintiff," circumstances showing "rivalry, antipathy, spite, or hostility," and prior "threats" made by defendant to plaintiff is admissible on issue of actual malice).

2023 WL 3664442, at *2 (N.D. Ga. Mar. 31, 2023) (citing *United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979)). "'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Id.* (citing *Old Chief v. United States*, 519 U.S. 172, 180 (1997)).

True, here Defendant Wood lacks competing evidence, but Rule 403 "is not designed to permit the court to 'even out' the weight of the evidence." *Barrera v. E. I. Du Pont De Nemours & Co., Inc.*, 653 F.2d 915, 921 n.6 (5th Cir. 1981 (citation omitted). Instead, because Rule 403 may exclude otherwise relevant evidence, it "is an 'extraordinary remedy' whose 'major function … is limited to excluding matters of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.'" *Sklar v. Clough*, CIVA 106-CV-0627-JOF, 2007 WL 2049698, at *7 (N.D. Ga. July 6, 2007) (citing *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001)). "Consequently, the Court's discretion to exclude evidence under Rule 403 as unduly prejudicial is narrowly circumscribed," and "should be used only sparingly since it permits the trial court to exclude concededly relevant evidence." *Anderson v. Brown Indus.*, 4:11-CV-0225-HLM, 2014 WL 12521732, at *4 (N.D. Ga. Mar. 14, 2014) (citations omitted). Finally, "the balance 'should be struck in

favor of admissibility.'" *Head*, 2023 WL 3664442, at *2 (citing *Mercer v. Alabama Dep't of Transp.*, No. 20-13722, 2022 WL 3910604, at *5 (11th Cir. Aug. 31, 2022)).

Given these standards, and the relevance of the evidence, exclusion would be impermissible. *Cf. Watts v. Allstate Ins. Co.*, 4:13-CV-0245-HLM, 2015 WL 13403788, at *2 (N.D. Ga. Mar. 9, 2015) (admitting evidence of prior fire at property in insurance contract dispute, including because "it can help explain Plaintiffs' motive" even though it is "[a]dmittedly … prejudicial" and noting that "evidence containing facts which explain conduct, ascertain motives or illuminate reasons for actions (state of mind) … are admissible in evidence").

Further, the evidence at issue is not confusing, misleading, or a waste of time; it is straightforward and simple. Moreover, Plaintiffs do not intend to engage in a mini-trial on non-dispositive issues, and the Court may control the volume of evidence as it sees fit at trial. To the extent that the Court has *any* concern about prejudice, confusion, wasting time, or cumulative evidence, it may give a proper limiting instruction to the jury. *See, e.g., IVC US, Inc. v. Linden Bulk Transp. SW, LLC*, 4:15-CV-0120-HLM, 2017 WL 5203055, at *3 (N.D. Ga. Apr. 4, 2017) (holding that the evidence "is not unduly prejudicial so as to warrant its exclusion under Rule 403, and, with proper instructions to the jury, it should not confuse the jury or waste time"); *Metro. Atlanta Rapid Transit Auth. v. Mosley*, 280 Ga. App.

486, 492-93 (2006) (admitting evidence of "prior conduct" on the issue of "state of mind" and holding moving party "failed to show that his interests could not be adequately protected by a limiting instruction to the jury").

**III.   This Is Not a Matter of Pleading Requirements, Plaintiffs Are Not Relying on Third-Party Hearsay Allegations, and There Is No Risk of Inconsistent Judgments.**

Defendant Wood's positions on these matters fail for much of the same analysis as above: the evidence is relevant, it is first-party evidence of the parties' relationship, and the jury will not be asked to adjudicate claims for fraud and breach of contract.

First, this is a post-summary judgment, pre-trial motion. Plaintiffs have no idea what Defendant Wood means when he says, *in his motion in limine*, "[a]s if being irrelevant, immaterial, unfairly prejudicial and confusing on the issues to be decided in this defamation is not enough, ***these claims of fraud and contract breach also have not been sufficiently pled***." [Dkt. 103 at 5] (emphasis added). *Iqbal* and *Twombly* have nothing to do with a motion in limine, and Plaintiffs have not pled causes of action for breach of contract and fraud. They have pled (and largely proved) a single count of defamation.

Second, Defendant Wood cites, in his brief at page 2, a series of cases for the proposition that "courts in other jurisdictions have found unadjudicated claims to be

inadmissible." [Dkt. 103 at 2]. These cases have nothing to do with this matter and, ordinarily, would not even warrant a footnote in this brief. If Plaintiffs opted to seek sanctions for Defendant Wood's filing of this Motion, they would brief them more fully, including because the ellipses employed by Wood constitute offensive misrepresentations suggesting that these deal with the same parties' other "unadjudicated" claims. These cases concern Rule 12(f) motions where a plaintiff was attempting to "steal" "allegations made by outsiders to support the party's cause of action."[4] They do not concern the issues here—first-party evidence regarding the parties' historical relationship and the defendant's state of mind.

Third, similarly, the fact that other litigation between *these parties* exists does not minimize the relevance or admissibility of this evidence, nor present some phantom risk of inconsistent judgments. This is a defamation case. Plaintiffs have

_____

[4] *See In re GDC Technics, LLC*, 643 B.R. 417, 430-32 (Bank. W.D. Tex. 2022) (disallowing a plaintiff from relying on "unadjudicated allegations made by outsiders to support" his case, calling the attempt to use hearsay allegations from a random third-party's unadjudicated lawsuit an attempt to "steal facts") (citing *Lipsky*); *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976) (finding a party could not use a third-party's "consent judgment" against defendant for res judicata purposes); *In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 218 F.R.D. 76, 77-79 (S.D.N.Y. 2003) (granting Rule 12(f) motion to strike allegations in complaint concerning a third-party's unadjudicated claims against the defendant) (citing *Lipsky*). Apparently, Defendant Wood's research for this argument consisted of finding the entirely inapposite *Lipsky* decision and then citing two other cases that cite *Lipsky* for the same entirely irrelevant proposition.

never asked this Court to decide issues of breach of contract and fraud, and will not ask the jury to do so now. Yet, Defendant Wood asserts that he "cannot and should not be forced to defend such claims [for breach and fraud] in either of the two Fulton County cases in this forum," which he says would "create a substantial risk of prejudice" to him while he "contests" the state court matter. [Dkt. 103 at 3, 7]. The jury will not decide fraud and breach but will instead consider whether Defendant Wood knew or acted negligently and/or recklessly with regard to the truth or falsity of the now-adjudicated fact that his accusations of extortion against Plaintiffs were false. Again, Plaintiffs do not need to prove that they had a good faith basis for their settlement demand, but that Defendant Wood knew they did is highly relevant.

## IV.   Defendant Wood's Alternative Request to Stay These Proceedings Is Improper and Should Be Denied.

Defendant Wood inappropriately buries in his motion in limine an assertion that "Defendant Wood objects to the special setting of this matter for trial and respectfully requests that the Court postpone the trial until such time as dispositive motions concerning the allegations of breach of contract have been fully and finally adjudicated in the above-referenced lawsuit pending in the Superior Court of Fulton County." [Dkt, 103 at 8]. There is no basis on which to stay these proceedings, factually or legally, and this latest bad faith attempt to delay trial of this action should be denied.

The Fulton County litigation has been pending since August 2020—long before this action was filed in March 2022. Wood's insurer, Georgia Farm Bureau, attempted to obtain a stay in April 2022, (Dkt. 17), but that attempt was rejected. To this day, Wood has not filed a motion to stay this litigation on the basis of the pending Fulton County litigation. In fact, Wood filed a motion to stay on the purported basis that there was some prejudice to proceeding while the declaratory judgment action with his insurer was on appeal, but he did not mention the pendency of the Fulton County litigation in that motion as a basis for a stay. (Dkt. 93). This Court properly denied that motion and set the case for trial. (Dkts. 100, 101).

It was only in the pretrial order and the instant motion in limine that Defendant Wood raised this new argument about staying this litigation pending "final[] adjucat[ion]" of the issues in the Fulton Superior litigation, and without citation to any supporting legal authority for a stay. This request should be denied as the improper delay tactic that it is. Further, it is untimely, and Defendant has no risk of prejudice as set forth above.  (*See* Dkt. 26 at 9; Local Rule 7.1(A)(2)).

## <u>CONCLUSION</u>

Plaintiffs request that Defendant Wood's Motion in Limine be denied.

Respectfully submitted this 7th day of June, 2024.

/s/ Andrew M. Beal
Andrew M. Beal
Georgia Bar No. 043842
drew@beal.law
Milinda L. Brown
Georgia Bar No. 363307
milinda@beal.law

Beal Sutherland Berlin & Brown LLP
2200 Century Parkway NE
Suite 100
Atlanta, GA 30345
Telephone: (678) 449-0422

*Attorneys for Plaintiff*

## CERTIFICATE UNDER L.R. 7.1D

Pursuant to Northern District of Georgia Civil Local Rule 7.1D, the undersigned counsel certifies that the foregoing document is a computer document and was prepared in Times New Roman 14-point font, as mandated in Local Rule 5.1C.

Dated: June 7, 2024.

/s/ *Andrew M. Beal*
*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| NICOLE JENNINGS WADE, JONATHAN D. GRUNBERG, and G. TAYLOR WILSON, | Case No. 1:22-cv-1073-MLB |
| Plaintiffs, | |
| v. | |
| L. LIN WOOD, | |
| Defendant. | |

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing pleading upon all parties of record by filing same with the Court's electronic filing system which will deliver a copy to all counsel of record.

Respectfully submitted, this the 7th day of June 2024.

**BEAL SUTHERLAND**
**BERLIN & BROWN, LLC**


<u>/s/ Andrew M. Beal</u>
Andrew M. Beal
Georgia Bar No. 043842

-22-