IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Nicole Jennings Wade, Jonathan D. Grunberg, G. Taylor Wilson,

        Plaintiffs,

v.

L. Lin Wood,

        Defendant.

        Case No. 1:22-cv-1073-MLB

_____/

## ORDER

Plaintiffs bring this defamation action against Defendant for falsely accusing them of criminal extortion. The Court previously granted partial summary judgment to Plaintiffs and set a jury trial for August 7, 2024. (Dkts. 90; 101.) Defendant now moves to exclude from trial any evidence that he "breached a contract, never intended to honor a contract, and/or committed fraud." (Dkt. 103 at 9.) Defendant claims this evidence should be excluded because it is irrelevant, unfairly prejudicial, and confusing. (Dkt. 103 at 9.) The Court denies Defendant's motion.

The evidence Defendant seeks to exclude is clearly relevant. Plaintiffs are suing Defendant for falsely characterizing their offer to settle several claims—including claims against Defendant for breach of contract and fraud—as criminal extortion. This means evidence about those claims is inextricably tied up with Defendant's alleged defamation and is necessary for the jury to understand the basic story and dispute in this case. The evidence is also relevant to Defendant's intent, which goes to malice, punitive damages, and attorneys' fees—all live issues for trial. (*See* Dkt. 102 at 3–4, 7–8.) If Plaintiffs' claims for breach of contract and fraud were obviously valid or strong, for example, a jury might find it more likely that Defendant knowingly lied when he accused Plaintiffs of committing criminal extortion for offering to settle those claims. Likewise, if the parties had a strained relationship that led to litigation involving contract and fraud claims shortly before Defendant made his allegedly defamatory statements, a jury might find it more likely that Defendant made those statements not with the intent to tell the truth but with the intent to retaliate or otherwise harm Plaintiffs. Indeed, Defendant explicitly admits that the evidence he seeks to exclude suggests he "intended to harm the Plaintiffs" (Dkt. 103 at 4)—exactly the

2

kind of intent that supports a malice finding or an award of punitive damages and attorneys' fees. *See, e.g.*, O.C.G.A. § 51-12-5.1(b) (punitive damages requires "willful misconduct, malice, fraud, wantonness, oppression, or . . . conscious indifference to consequences"); O.C.G.A. § 51-12-5.1(f) (uncapped punitive damages requires "specific intent to cause harm"); *Wilson v. Redmond Constr., Inc.*, 860 S.E.2d 118, 123 (Ga. Ct. App. 2021) (attorneys' fees warranted where defendant acts with "sinister motive" or "ill will").

The Court does not believe any unfair prejudice or jury confusion will occur if Plaintiffs introduce evidence about their underlying claims for breach of contract and fraud. But, even if the Court were wrong about that, it would still deny Defendant's motion given the substantial relevance of Plaintiffs' evidence, the Court's ability to control that evidence at trial, Plaintiffs' representation that they "do not intend to engage in a mini-trial on [these] issues" (Dkt. 107 at 15), and the Court's ability to give a limiting instruction to the jury if necessary. *See United States v. Gibson*, 708 F.3d 1256, 1281 (11th Cir. 2013) ("Rule 403 is an extraordinary remedy which should be used only sparingly" and, in doubtful cases, "the balance . . . should be struck in favor of

3

admissibility"); *IVC US, Inc. v. Linden Bulk Transportation SW, LLC*, 2017 WL 5203055, at *3 (N.D. Ga. Apr. 4, 2017) ("[T]he evidence at issue is not unduly prejudicial so as to warrant its exclusion under Rule 403, and, with proper instructions to the jury, it should not confuse the jury or waste time."); *see also United States v. Colston*, 4 F.4th 1179, 1192 (11th Cir. 2021) ("We always presume that a jury follows its instructions."). At any rate, the Court can see no unfair prejudice that substantially outweighs the probative value of the evidence and thus warrants exclusion under Rule 403—at least not on the current record.

Defendant counters that Plaintiffs' complaint fails to plausibly allege claims for breach of contract and fraud under the pleading standards set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). (Dkt. 103 at 5–7.) But this objection fails because Plaintiffs do not assert standalone claims for breach of contract and fraud in this litigation—their sole claim is for defamation—and, in any event, we are well past the pleading stage where *Twombly* and *Iqbal* apply.

Defendant also asks the Court to "postpone the trial until such time as dispositive motions concerning the allegations of breach of contract

4

and fraud have been fully and finally adjudicated in . . . the Superior Court of Fulton County." (Dkt. 103 at 8.) The Court denies this request as untimely because the Fulton County litigation has been pending since 2020—well before Plaintiffs filed this lawsuit in 2022—and the Court held a hearing less than two months ago at which all parties agreed to specially set the trial for August 7, 2024. (Dkts. 85-1 ¶¶ 46–47; 100; 101.) Defendant's request—which cites no supporting authority and is improperly embedded in a motion in limine—also fails on the merits because it does not identify a specific risk of material prejudice that will occur absent a stay. The jury in this case will not adjudicate Plaintiffs' underlying claims for breach of contract and fraud—only the state court will do that—and Defendant never explains how admitting evidence on those claims here will harm him there.

For all these reasons, the Court **DENIES** Defendant's Motion in Limine (Dkt. 103). To the extent Defendant's objections to Plaintiffs' deposition designations (Dkt. 104) are based on the same arguments as his motion in limine, the Court also **OVERRULES** those objections. The parties must be prepared to discuss *all other deposition designation*

5

***objections***—and any other trial-related issues—at the pretrial conference on July 9, 2024.[1]

**SO ORDERED** this 21st day of June, 2024.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

---

[1] Defendant's motion in limine includes a passing request to exclude evidence that he "fraudulently transferred assets to avoid payment of the judgments that are anticipated to be entered against him." (Dkt. 103 at 3, 7–8.) Plaintiffs do not respond to this request, so the Court assumes they do not intend to introduce such evidence. If the Court is mistaken, the parties must be prepared to discuss Defendant's request at the pretrial conference.