UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NICOLE JENNINGS WADE, JONATHAN D. GRUNBERG, and G. TAYLOR WILSON,<br><br>Plaintiffs,<br><br>v.<br><br>L. LIN WOOD,<br><br>Defendant. | CIVIL ACTION<br><br>FILE NO. 1:22-CV-01073 |

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DISQUALIFICATION

COMES NOW, L. LIN WOOD, Defendant to the above-styled civil action, and hereby files this his Memorandum of Law in Support of Motion for Disqualification, and respectfully shows this Honorable Court as follows:

Defendant Wood hereby respectfully contends that Judge Michael L. Brown must be disqualified from presiding over the present civil action, as a result of prior and current professional associations with two material witnesses in this case, R. Joseph Burby, IV and Christopher C. Marquardt (hereinafter, the "Material Witnesses"). These Material Witnesses are lawyers employed at the law firm Alston & Bird, LLP (hereinafter, the "Firm"), who previously represented Defendant Wood in connection with the controversy from which this matter purportedly arose.

- 1 -

Pursuant to 28 U.S.C. § 455, subsections (b)(2), (b)(4), and (b)(5)(iii), Defendant Wood respectfully asserts that Judge Brown's prior and current professional associations with the two Material Witnesses present a reasonable risk that the Court's impartiality might be questioned. *See* 28 U.S.C. § 455(a).

### I.       Defendant's Motion For Disqualification Pursuant To 28 U.S.C. § 455

Specifically, it is undisputed and has been disclosed in open court that Judge Brown, prior to his appointment to the United States District Court for the Northern District of Georgia, was employed as an attorney at the Firm. It is also undisputed and has been disclosed that Judge Brown's spouse is currently employed as an attorney at the Firm.

The two Material Witnesses to the present case are also currently employed as attorneys at the Firm and were both employed at the Firm during their representation of Defendant Wood. Allowing a lawyer who was formerly associated with these two witnesses, and whose spouse is currently associated with these two witnesses, to preside over the trial of this matter would present a substantial risk that either (A) Judge Brown not be able to remain impartial when ruling upon objections and evidentiary issues which could arise during the testimony of these witnesses, or (B) the witnesses may feel compelled *not to testify fully*, for fear of potential retribution resulting from how their testimony might ultimately be viewed by other members of the Firm, especially those in positions of management.

In other words, Judge Brown, because of *both* his prior association with the Material Witnesses, and his spouse's current association with them, might experience an understandable but indeed biased urge not to require the Material Witnesses to testify fully for fear that their testimony might expose the Firm to some form of liability. The Material Witnesses themselves, likewise, may feel the need to impose restrictions on their testimony because of a similar fear that their testimony might expose their Firm, or the fear that providing testimony before a Judge with multiple ties to their Firm, about work they conducted as employees of the Firm, might be discussed with or communicated to other current members of the Firm who may develop a negative reaction to the testimony.

Moreover, a recent order entered by this Court, dated June 21, 2024 (hereinafter, the "Order"), denied Defendant Wood's Motion in Limine which argued that evidence related to the claims asserted by the Plaintiffs in connection with a separate civil matter pending in the Superior Court of Fulton County (*Wade, et al v. Wood, et al.*, CAFN: 2020-CV-339937), should be excluded from this defamation case. Specifically, Defendant Wood urged the Court to rule inadmissible any evidence that he "allegedly breached a contract, never intended to honor a contract, and/or committed fraud." See Dkt. 103 at 9. After reviewing Defendant Wood's Motion, the Court denied the same and ruled that "*[t]he evidence* Defendant seeks to exclude is clearly relevant." See Dkt. 111 at 2 (emphasis supplied).

The Order, by determining that an *unknown quantity and breadth* of evidence related to allegations that the Defendant breached a contract, or engaged in fraud, is now admissible at trial, has drastically expanded the scope of the evidence the jury is set to hear during the trial of this Case. Based on the Order, it appears the Plaintiffs will be able to introduce significant evidence related to their allegations that Defendant Wood breached a contract and/or engaged in fraud. The level or amount of evidence they might be able to introduce on these issues has not been resolved by the Court, leading the Defendant to believe any and all such evidence could be fair game.

Because of the unexpected expansion of the scope of evidence, which is likely to be introduced at trial, Defendant Wood believes that the testimony of the Material Witnesses, which is crucial to his defense of the Plaintiffs' breach of contract and fraud allegations, will now be more important than ever in the present case. The risk that Judge Brown may be unable to remain impartial during the testimony of these witnesses, plus the risk that the witnesses may feel compelled not to testify fully, is therefore now more consequential than before.

Though Judge Brown was not employed at the Firm while the Material Witnesses were representing Defendant Wood, he was previously employed at the Firm along with the Material Witnesses. Judge Brown's spouse was also employed

at the Firm during the Material Witnesses' representation of Defendant Wood and remains so employed.

Under 28 U.S.C. § 455, subsection (b)(5)(iii), a district court judge shall disqualify himself if "[h]e *or his spouse*, . . . . [i]s known by the judge to have an interest that could be substantially affected by the outcome of the proceeding" 28 U.S.C. § 455(b)(5)(iii). Here, the two Material Witnesses had professional working relationships with Judge Brown's spouse *during* their representation of Defendant Wood, and they continue to have such relationships. The Material Witnesses also clearly have an interest in the testimony they are expected to offer, as the same will relate to work they performed in the professional capacity as lawyers of the Firm. Because of the professional working relationships between Judge Brown's spouse and the Material Witnesses, it is clear that the Material Witnesses, along with Judge Brown's spouse *who is a colleague of theirs*, will have "an interest that could be substantially affected by the outcome of" 28 U.S.C. § 455(b)(5)(iii).

Likewise, as introduced briefly above, the Court's Order has expanded the scope of the evidence the jury is set to hear during trial, to include evidence related to the Plaintiffs' breach of contract and fraud allegations. Defendant Wood therefore anticipates that the testimony of the Material Witnesses, which he suspects will be instrumental to his defense of these allegations, will now be critical in the present litigation. Accordingly, because the testimony of the Material Witnesses is indeed

expected to be "material" in this Case, the professional working relationships they maintained and still maintain with Judge Brown's spouse could create internal conflicts for these witnesses. Such a risk presents an immense risk of prejudice to Defendant Wood.

Accordingly, pursuant to 28 U.S.C. § 455(b)(2), (b)(4), and (b)(5)(iii), Defendant Wood respectfully submits that this Honorable Court must be disqualified from presiding over the present case as a result of the above-described prior and current professional associations with the two Material Witnesses, which present a reasonable risk that the Court's impartiality might be questioned. *See* 28 U.S.C. § 455(a).

II.     **Defendant's 28 U.S.C. § 144 Affidavit In Support Of Disqualification**

Defendant Wood hereby further contends that this Court has a personal bias or prejudice against him and in favor of the Plaintiffs to the present case. Accordingly, Defendant hereby respectfully submits as an attachment to this Motion his Affidavit pursuant to 28 U.S.C. § 144, which is attached hereto as "**Exhibit A**."

Regarding the timing of this submission, Defendant Wood hereby respectfully shows that he was not in a position to execute the attached affidavit until the Court's entry of the June 21, 2024 Order. The language of the Order, as understood by the Defendant, has greatly expanded the scope of the proceedings and in part, led the Defendant to execute the attached affidavit labeled as "**Exhibit A**." The attached

affidavit is hereby submitted to this Court in good faith, as shown by the Certificate of Counsel submitted contemporaneously herewith.

WHEREFORE, Defendant Wood hereby respectfully requests that this Honorable Court disqualify itself from presiding over the present case.

This 11th day of July, 2024.

                Respectfully submitted,

                **DOWNEY & CLEVELAND, LLP**

                By:   /s/ R. Christopher Harrison
                    **R. CHRISTOPHER HARRISON**
                    Georgia State Bar No. 333199
                    **JACKSON A. GRINER**
                    Georgia State Bar No. 495020
                    harrison@downeycleveland.com
                    *Attorneys for Defendant*

Downey & Cleveland, LLP
288 Washington Avenue
Marietta, GA 30060-1979
T: 770-422-3233
F: 770-423-4199

                **JOHN EXUM LAW, LLC**

                By:   /s/ John P. Exum, Jr.
                    **JOHN P. EXUM, JR.**
                    Georgia State Bar No. 568819
                    jexum@johnexum.com
                    *Attorneys for Defendant*

John Exum Law, LLC
2625 Piedmont Road NE, Suite 56-480
Atlanta, GA 30324
T: 252-560-5325

## CERTIFICATE OF COUNSEL

Pursuant to 28 U.S.C. § 144, the undersigned counsel for Defendant L. Lin Wood hereby state and certify that the attached affidavit of Defendant Wood, labeled as "**Exhibit A**," is hereby submitted to this Honorable Court in good faith.

Respectfully submitted,

**DOWNEY & CLEVELAND, LLP**

By: /s/ R. Christopher Harrison
 **R. CHRISTOPHER HARRISON**
 Georgia State Bar No. 333199
 **JACKSON A. GRINER**
 Georgia State Bar No. 495020
 harrison@downeycleveland.com
 *Attorneys for Defendant*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D) of the Northern District of Georgia, I hereby certify that this submission has been prepared in compliance with Local Rule 5.1(C), using 14-point Times New Roman Font.

    Respectfully submitted,

    **DOWNEY & CLEVELAND, LLP**

    By: /s/ R. Christopher Harrison
        **R. CHRISTOPHER HARRISON**
        Georgia State Bar No. 333199
        **JACKSON A. GRINER**
        Georgia State Bar No. 495020
        harrison@downeycleveland.com
        *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the following counsel of record with a true and correct copy of the foregoing pleading via electronic service and/or by depositing said copy in the United States Mail, with sufficient postage affixed thereon, and properly addressed to the following:

Andrew M. Beal, Esq.
Milinda Brown, Esq.
Buckley Beal, LLP
600 Peachtree Street, NE
Suite 3900
Atlanta, GA 30308

This 11th day of July, 2024.

        **DOWNEY & CLEVELAND, LLP**

        By:   /s/ R. Christopher Harrison
             **R. CHRISTOPHER HARRISON**
             Georgia State Bar No. 333199
             **JACKSON A. GRINER**
             Georgia State Bar No. 495020
             *Attorneys for Defendant*