## AFFIDAVIT OF L. LIN WOOD

Personally appeared before the undersigned officer, duly authorized to administer oaths, L. LIN WOOD, who after first being duly sworn, states that the following information is true and correct:

1.

I am L. LIN WOOD.

2.

I am of sound mind and give this Affidavit freely and voluntarily.

3.

For the reasons stated below, I believe that Judge Michael L. Brown (hereinafter "Judge Brown") has a personal bias against me or a personal bias in favor of Plaintiffs Nicole Jennings Wade, Jonathan D. Grunberg, and G. Taylor Wilson.

4.

On March 12, 2014, Judge Brown entered an Opinion and Order (Dkt. 90) (hereinafter "March 12, 2024 Order"). The March 12, 2024 Order granted Plaintiffs' Motion for Partial Summary Judgment and determined that certain statements I made were false and defamatory.

5.

I believe the March 12, 2024 Order demonstrates a personal bias against me because the question of truth or falsity of a statement is a question of fact. Because this issue is a question of fact, it cannot be decided by the Court and must be left to the jury.

6.

Judge Brown's March 12, 2024 Order as to falsity has deprived me of a fair trial and has improperly decided a fact issue, instead of allowing that issue to be decided by the jury.

7.

The March 12, 2024 Order, as worded, appears to prejudice me by depriving me of certain defenses, in particular, the ability to fully and completely argue that my subjective state of mind

at the time the statements were made must be considered. (See Dkt. 90, p. 18, "No reasonable jury could reach a different conclusion.")

8.

It is clear that Judge Brown has already made up his mind about my case before I have been allowed my right to fully present the case to a jury. Such bias against me will invariably unfairly impact a jury in its consideration of the case. The Court's one-sided view about my case creates a very real risk of the jury's being influenced against me, as they consider the evidence at trial.

9.

Separately, on June 21, 2024, Judge Brown entered an Order (Dkt. 111) (hereinafter "June 21, 2024 Order") denying my Motion in Limine. The June 21, 2024 Order, as I understand it, allows the Plaintiffs to introduce evidence as to their breach of contract claim and fraud claim, both unproven claims asserted in an entirely separate action, in this defamation action.

10.

It is my understanding that during the July 9, 2024 Pre-Trial Conference, Judge Brown stated that the scope of his June 21, 2024 Order was limited to only the fraud and breach of contract claims only to the extent that they pertain to the justification of Plaintiffs' settlement demand. I also understand that the at best questionable justifiability of Plaintiffs' settlement demand is at the heart of my claims of how I genuinely believe I was being extorted. While I appreciate Judge Brown's explanation, I nonetheless respectfully submit that even such a limited scope would open the door to material prejudice against me. Jurors would hear evidence that I allegedly breached a contract or committed fraud, neither of which has been determined by a court of law. Furthermore, it remains unclear exactly what evidence would be at my disposal to counter such ancillary allegations that supposedly relate to my state of mind. Not knowing exactly what evidence will come out of Plaintiffs' live testimony and not knowing what evidence I might need for my defense could cause the jurors to form an unfair opinion not only of my culpability in another case. It could in turn cause the jurors to form an unfair opinion of my liability in this case, especially since Judge Brown has already ruled for them that my statements were "provably false."

11.

I believe the June 21, 2024 Order creates a specific risk of material prejudice against me and further demonstrates Judge Brown's personal bias against me or in favor of Plaintiffs Nicole Jennings Wade, Jonathan D. Grunberg, and G. Taylor Wilson.

12.

I also believe that the tenor of Judge Brown's orders reflects a bias against me and my counsel. For example, the Court demeans my counsel's good faith effort to litigate legitimate issues as "borderline frivolous." (See, infra, ¶ 13). Also, while clear that Judge Brown was referring to a "violation of the court's prior instructions", (Docket Entry Order on Dec. 21, 2022), Judge Brown's choice of words "with great hesitation" in granting Defendant's Motion to Extend the discovery period suggest a reluctance to rule in Defendant's favor.

13.

The Court has repeatedly made rulings giving Plaintiffs the benefit of the doubt while refusing to view Defendant's positions in the most favorable light. (Docket Entry Order on Oct. 13, 2022 denying Georgia Farm Bureau Mutual Insurance Company's Motion to stay "for the reasons stated in Plaintiffs' opposition briefs (Dkts. 19; 25)"; (Dkt. 90 Docket Entry stating "the Court also DENIES Defendant's 68 First Motion for Summary Judgment- a borderline frivolous filing- for the reasons stated in Plaintiffs' 79 response brief.") Judge Brown's June 21, 2024 Order articulates what he apparently believes to be the potential benefits of Plaintiffs' being able to offer evidence of claims still subject to pending litigation, stating how "[i]f Plaintiffs' claims for breach of contract and fraud were obviously valid or strong …, a jury might find it more likely that the Defendant knowingly lied when he accused the Plaintiffs of committing criminal extortion for offering to settle those claims." June 21, 2024 Order, at 2. Judge Brown additionally offered the hypothetical of how

> if the parties had a strained relationship that led to litigation involving contract and fraud claims shortly before Defendant made his allegedly defamatory statements, a jury might find it more likely that Defendant made those statements not with the intent to tell the truth but with the intent to retaliate and harm Plaintiffs.

(Id.) Without even attempting a counter-balancing hypothetical for Defendant's position, Judge Brown dismisses out of hand "any unfair prejudice" to a jury from Plaintiffs' claims. (See id. at 3).

13.

All information provided in this Affidavit is true and correct to the best of my knowledge.

FURTHER AFFIANT SAYETH NAUGHT.

_____
L. LIN WOOD

Sworn to and Subscribed before me on this

_11_ day of _July_, 2024.

_____
Notary Public     exp. 3/4/2025

[Notary Seal: KIMBERLY BENNETT, NOTARY PUBLIC, DEKALB COUNTY, GEORGIA]