**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

NICOLE JENNINGS WADE,
JONATHAN D. GRUNBERG, and
G. TAYLOR WILSON,

        Plaintiffs,

    v.

L. LIN WOOD,

        Defendant.

Case No. 1:22-CV-1073-MLB

**PLAINTIFFS' BRIEF IN OPPOSITION TO**
**DEFENDANT'S MOTION FOR DISQUALIFICATION**

Plaintiffs Nicole Wade, Jonathan Grunberg, and Taylor Wilson file this brief in opposition to Defendant L. Lin Wood's Motion for Disqualification.

**SUMMARY**

After his other requests to delay this trial failed, Defendant has now moved to disqualify this Court on a groundless claim that is not supported by the law or the facts of this case. Defendant submits without proof or any basis that witnesses he intends to call at the trial of this case, who work for the same firm where Your Honor previously worked and where Your Honor's wife is currently employed, cannot testify truthfully because they are employed where he previously worked. Such an argument is both legally insufficient and factually absurd. Defendant struggles

-1-

mightily with different theories to explain why a lawyer cannot testify truthfully as a witness if that lawyer knows the judge. The final result is a two-pronged theory that either this Court would be inclined to rule on objections in favor of the witnesses (which would benefit *Defendant,* not Plaintiffs), or the witnesses would be afraid to testify truthfully because their testimony might harm their law firm (which would occur regardless of whomever is on the bench).

Defendant's brief presents a stew of law and citations without any order or logic. First, Defendant moves for disqualification of this Court pursuant to 28 U.S.C. § 455(b)(2), b(4), and (b)(5)(iii) on the basis of a vague and unsubstantiated risk "that the Court's impartiality might be questioned under 28 U.S.C. § 455(a)." Although Defendant identifies subsections 28 U.S.C. § 455 (b)(2), (4) and (5), his motion fails to address the minimum requirements of any of these subsections. Instead, Defendant relies entirely upon the discretionary standard under subsection (a). In an effort to make this Court's ruling on his motion even easier, Defendant states that his "evidence" of such questionable impartiality is the Court's prior rulings in the case, which is insufficient as a matter of law. The law is clear that a judge's rulings against a party is not grounds for disqualification. *See Moore v. Shands Healthcare, Inc.*, 617 Fed. Appx. 924, 927 (11th Cir. 2015).

Even a quick review reveals that Defendant's motion lacks any substance in law or fact and is nothing more than another last-minute, 'Hail Mary' attempt to delay the upcoming trial in this matter. This Court's disqualification is not warranted under any of the situations set forth by Defendant.

## ARGUMENT AND CITATION TO AUTHORITY

I.    **No grounds exist to disqualify this Court pursuant to 28 U.S.C. § 455.**

Defendant moves this Court for disqualification under what appears to be 28 U.S.C. § 455 on the grounds that Defendant has chosen to call two lawyers from the law firm of Alston & Bird to testify on his behalf that he identified as individuals with knowledge in his Initial Disclosures nearly two years ago. [Dkt. 27 at pp. 9-10]. Both of these attorneys previously represented Defendant in a business dispute with Plaintiffs, and those lawyers testified extensively in videotaped depositions in that other litigation. Their representation of Defendant ceased more than a year before Defendant made the statements that lead to this lawsuit, neither attorney has advised Defendant about any issues in this litigation, and Defendant cannot point to any such advice or representation.

Defendant structures his argument around two possible causes of harm to him from allowing this Court to preside over the trial of this matter with these two

attorneys testifying.  He speculates that such a trial "would present a substantial risk that either

(A) Judge Brown not be able to remain impartial when ruling upon objections and evidentiary issues which could arise during the testimony of these witnesses, or

(B) the witnesses may feel compelled *not to testify fully*, for fear of potential retribution resulting from how their testimony might ultimately be viewed by other members of the Firm, especially those in positions of management."  (*See* Dkt. 113-1 at 2) (emphasis in original).

Defendant fails to identify any extra-judicial facts in support of his wild suppositions that the Court's prior work affiliation with Defendant's witnesses could result in prejudice to *Defendant*.  Next, Defendant cannot explain how his witnesses' fear that their testimony might be viewed negatively by their law firm's management would change in any way with a different judge during this trial.  In both examples, Defendant has no basis for his claims; he is merely throwing out ideas as quickly as possible and without regard to plausibility, hoping that something will allow a delay in the trial schedule.

Defendant relies on several subsections of 28 U.S.C. § 455. Subsection 455(a) provides that a federal judge must "disqualify himself [or herself] in any proceeding

in which his [or her] impartiality might be reasonably questioned." 28 U.S.C. §

455(a).

Defendant has also moved for disqualification of this Court under in 28 U.S.C.

§ 455(b), which provides, *inter alia*, that a judge shall recuse under the following

circumstances, none of which apply here:

> (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

> (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

> (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

>> (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding[.]

28 U.S.C. § 455(b)(2), b(4), and (b)(5)(iii).

At the outset, Defendant purports to move this Court to disqualify Judge

Brown pursuant to 28 U.S.C. § 455(b)(2), b(4), and (b)(5)(iii); however, in his

argument Defendant contends only that "Judge Brown's prior and current

professional associations with the two material witnesses present a reasonable risk

that the Court's impartiality might be questioned." *See* 28 U.S.C. § 455(a)." [*See*

Dkt. 113 at 1; *see also* Dkt. 113-1 at 2-3]. Essentially, because there are clearly no grounds to disqualify this Court based on the categories in 28 U.S.C. § 455(b), Defendant is solely relying on a vague and unsubstantiated risk of this Court's impartiality being questioned under 28 U.S.C. § 455(a). Regardless, Defendant has failed to set forth any valid reasons to justify disqualification, and no objective, disinterested, lay observer would even question this Court's impartiality, much less entertain significant doubt.

### i.   No valid grounds exist for disqualification pursuant to 28 USC §455(b)(2).

The disqualification grounds set forth in 28 U.S.C. § 455(b)(2) only arise when a judge, or a lawyer the judge previously practiced with, served as counsel in the matter at issue while the judge was practicing law. *See* 28 U.S.C. § 455(b)(2). There is no dispute here that Judge Brown did not serve "as a lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served *during such association as a lawyer* concerning the matter". *See* 28 U.S.C. § 455(b)(2) (emphasis added). Any representation of Defendant by Alston & Bird started years after Judge Brown left Alston & Bird.   Thus, the first two enumerated disqualification situations set forth in 28 U.S.C. § 455(b)(2) do not apply here.

Additionally, the third situation where "the judge or such lawyer *has been* a material witness concerning [the matter]" also only applies if it occurred during the

judge's association with the matter or with a lawyer who previously served as a witness. *See* 28 U.S.C. § 455(b)(2) (emphasis added). "It does not require recusal when a judge's *former* colleagues may be material witnesses in a *new* matter." [Dkt. 9 at 4]. Such a situation does not exist here to warrant recusal.

Moreover, Defendant has failed to establish that these witnesses are "material witnesses," because they are not. Importantly, Alston & Bird did not represent Defendant at the time Defendant made the Defamatory Statements at issue in this action, nor did they represent Defendant at any point in this litigation. In fact, these witnesses did not advise Defendant on any issues regarding the defamation at issue in this litigation and have testified in deposition that they have no testimony on that issue.

Contrary to Defendant's contention, the Court's Order [Dkt. 103] denying Defendant's motion in limine did not expand anything for the upcoming trial, and the parties discussed Defendant's concerns at length at the pre-trial hearing wherein the Court made clear that Defendant's reading of the Order [Dkt. 103] was expansive in comparison to the clear text of the Court's ruling. Further, neither the Court, nor the jury will decide anything related to Alston & Bird as it is not a party to any claims here. Quite simply, these witnesses are not relevant, much less material, to any matter in this case.

Although Defendant's Motion appears to argue § 455(b), the argument is based solely upon the standard enunciated in § 455(a), and Plaintiffs will address it as such. Defendant's main concern appears to be that these witnesses *may* allegedly fear providing complete and truthful testimony is based solely on conjecture, and Defendant was not able to put forth any evidence that these witnesses would likely be motivated to give incomplete testimony.  Beyond mere speculation, Defendant's hypothesis makes no sense as Defendant has managed no evidence in support of his theory that witnesses who previously worked with Judge Brown would have some motivation to provide incomplete testimony in an action before this Court.  Such a claim defies logic and is based entirely on groundless speculation.  Further, these witnesses are members of the bar with ethical obligations to provide truthful testimony.  To suggest otherwise is to engage in a dishonest, groundless attempt to attack the ethics of a third party without meeting a minimum showing of a possible conflict, especially since these witnesses have testified extensively, on video, on all issues which could be at all related to their testimony here.  To suggest that these attorneys would now change their testimony should not considered by this Court.

**ii.    No valid grounds exist for disqualification pursuant to 28 USC §§ 455(b)(4) or (b)(5)(iii).**

Defendant wholly fails to identify any "interest that could be substantially affected by the outcome of the proceeding" to support disqualification under 28

U.S.C. §§455 (b)(4) or (b)(5)(iii). Defendant seemingly argues that these witnesses "have an interest in the testimony they are expected to offer," and that because Judge Brown's spouse may know these witnesses from work, that these three have some unidentified interest that could be affected by the outcome of this lawsuit.

First, there is no dispute that neither Judge Brown, nor his spouse, have a financial interest in the subject matter of this defamation action or the parties to this case, and thus, neither have "any other interest that could be substantially affected by the outcome of the proceeding". *See* 28 U.S.C. § 455(b)(4). Specifically, whether a jury finds Defendant Wood liable for defaming Plaintiffs at the upcoming trial will not affect this Court, his spouse, these witnesses or their common law firm.

Second, contrary to Defendant's contention, neither this Court's prior association with Alston & Bird, nor his spouse's current association with that firm warrant recusal. Specifically, Defendant's conclusory allegation that Judge Brown "*might* experience an … urge not to require the Material Witnesses to testify fully for fear that their testimony *might* expose the Firm to some form of liability" is not only wholly unsupported, but it also flies in the face of all logic. The only liability being determined at the upcoming trial is that of Defendant Wood for defaming Plaintiffs. Defendant has not expressed any theory of liability for Alston & Bird that could arise based upon the two attorneys testifying in this action. No real fear exists

that these witnesses will not testify fully, since they have already provided their sworn testimony in the other lawsuit. Defendant has failed to identify any reasons that an objective, disinterested, lay observer "would entertain a significant doubt about the judge's impartiality" because no such reasons exist here. *See McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990).

Finally, these witnesses' alleged interest in the testimony they may provide is not relevant to any of the disqualification grounds set forth in 28 U.S.C. § 455. They and their firm have *no* interests in the outcome of this case, including because they do not represent any of the parties in this case, they are not parties to the case, and they have no financial interest in the outcome of this case or the parties hereto.

Overall, disqualification is not warranted under any of the categories enumerated in 28 U.S.C. § 455(b), and an objective, disinterested lay person would not entertain any doubt that Judge Brown can be impartial in this case.

### iii.    This Court's impartiality cannot be reasonably questioned under § 455(a).

This Court's connections to Alston & Bird does not raise reasonable questions about Your Honor's impartiality.  28 U.S.C. § 455(a) provides that a federal judge must "disqualify himself [or herself] in any proceeding in which his [or her] impartiality might be reasonably questioned." 28 U.S.C. § 455(a). "The test is whether an objective, disinterested, lay observer fully informed of the facts

underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *McWhorter*, 906 F.2d at 678. The Court does not consider "the perceptions of idiosyncratic, hypersensitive, and cynical observers." *In re Horne*, 630 Fed. Appx. 908, 910 (11th Cir. 2015), cert. denied.

Here, Your Honor's past partnership with two witnesses, and current marriage with those witnesses' law partner, do not raise reasonable questions about Your Honor's impartiality. Indeed, judges routinely decline recusal under § 455(a) in cases in which similar connections exist with counsel who far more implicated in a case than mere witnesses who were not even deposed. For instance, a judge having been the law partner of a lawyer appearing before him or having a romantic relationship with an employee of a law firm appearing before him, is not alone sufficient to warrant recusal under § 455(a). *Cf. Smith v. Pepsico, Inc*., 434 F. Supp. 524, 525 (S.D. Fla. 1977) (noting that the judge having been a partner in a law firm now litigating before him is an insufficient basis for recusal); *In re Trafford Distrib. Ctr., Inc*., 435 B.R. 745, 752 (Bankr. S.D. Fla. 2010) (declining recusal where judge's fiancé was an attorney for the firm representing the plaintiff); *see also Matter of Billedeaux*, 972 F.2d 104, 105-06 (5th Cir. 1992) (declining recusal where judge's spouse's current law firm had actively represented the plaintiff in many other cases).

Moreover, "[c]ounsel, knowing the facts claimed to support a § 455(a) recusal for appearance of partiality may not lie in wait, raising the recusal issue only after learning the court's ruling on the merits." *Phillips v. Amoco Oil Co.*, 799 F.2d 1464, 1472 (11th Cir. 1986). From the outset, Defendant has known about Your Honor's points of connections with Alston & Bird, and he has insisted that two Alston & Bird attorneys have knowledge related to this case—including by listing them on Defendant's initial disclosures. [Dkt. 27 at 9-10]. Indeed, Defendant's brief and affidavit are transparent that his motivation for seeking recusal has everything to do with delay and his dissatisfaction with the Court's rulings, and nothing to do with information he has known for years.

Ultimately, Defendant has shown himself to be kind of idiosyncratic, hypersensitive, and cynical observer whose yard stick is not the measure of recusal. But, taking an objective view, an informed, lay observer would not entertain a significant doubt about Your Honor's impartiality merely because two Alston & Bird witnesses may testify.

## II. Defendant has failed to substantiate a personal bias or prejudice for disqualification under 28 U.S.C. § 144.

28 U.S.C. § 144 provides:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party,

such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

In affirming the denial of one of Defendant's prior groundless disqualification attempts, the Eleventh Circuit held that courts "strictly scrutinize these affidavits for sufficiency because of the disruption and delay of the judicial processes that can be caused by the disqualification of a trial judge." *L. Lin Wood v. Frederick*, 2022 WL 1742953, *3 (11th Cir. 2022) (internal quotations and alterations omitted), quoting *United States v. Womack*, 454 F.2d 1337, 1341 (5th Cir. 1972). "The alleged bias 'must stem from an extra-judicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'" *U.S. v. Meester*, 762 F.2d 867, 884 (11th Cir. 1985) (quoting *United States v. Clark*, 605 F.2d 939, 942 (5th Cir.1979) (per curiam)).

Defendant alleges a personal bias based on four of the Court's rulings without evidence of any extrajudicial conduct or factors in support. Nor has Defendant articulated some basis for the Court's orders other than what Your Honor learned in this case. For example, Defendant takes issue with this Court's denial of Defendant's

-13-

"borderline frivolous" first motion for summary judgment. [Dkt. 113-2 at ¶ 12-13]. Defendant's first motion for summary judgment, which sought to dismiss this case based on a lack of personal jurisdiction, was indeed frivolous because it lacked any justification in law or fact. [*See, e.g.*, Dkt. 68]. Most first-year law students, and especially all licensed attorneys, know that obtaining personal service on a defendant in a state where the defendant owns a business and a residence immediately confers the Court with personal jurisdiction over such a defendant, which is what happened in this matter. Defendant Wood was *personally served* process in this matter *and* in this district, and to make his argument even more frivolous, he waived any such objections to service of process by failing to raise it in his first responsive pleading and by actively participating in this litigation for nearly a year before filing the frivolous motion for summary judgment. [*See* Dkt. 79].[1]

---

[1] Defendant also claims the Court's ruling granting partial summary judgment to Plaintiffs [Dkt. 90] demonstrates the Court's personal bias against him. Plaintiffs will not belabor this point but will note that Defendant obviously ignores that summary judgment can be granted on the element of falsity, as it was here, when there is no genuine factual dispute and thus an issue can be decided as matter of law. Additionally, the Court's Order [Dkt. 90] did not rule on liability or punitive damages, and the forthcoming trial will focus on Defendant's subjective state of mind for the issues of actual malice and common law malice.

Defendant's affidavit[2] makes clear that his purported grounds for recusal here is "based on his dissatisfaction with the rulings of the district court," which are not grounds for a recusal. *See Moore v. Shands Healthcare, Inc.*, 617 Fed. Appx. 924, 927 (11th Cir. 2015). *See also In re Evergreen., Ltd.*, 570 F.3d 1257, 1274 (11th Cir. 2009) ("Challenges to adverse rulings are generally grounds for appeal, not recusal."); *Modi v. Alexander*, 2020 WL 5774390 (N.D. Ga. Sept. 28, 2020) ("Plaintiff's mere dissatisfaction with the Court's rulings or the progress of the case is not a basis for recusal. Adverse rulings are rarely grounds for recusal."). In fact, the Supreme Court has stated that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Defendant simply disagrees with this Court's rulings in this case, and there is no evidence of any personal bias against Defendant. He merely wants to delay the

---

[2] Defendant then baselessly argues that this Court's Order on Defendant's motion in limine demonstrates a personal bias against him because the Court will allow Plaintiffs to present evidence to address Defendant's argument that he purportedly believed Plaintiffs extorted him by sending a demand letter asserting claims for breach of contract and fraud. Defendant even appears to argue the Court is biased because it has created conditions under which Defendant will not know "exactly what evidence will come out of Plaintiffs' live testimony." [Dkt. 113-2 at ¶ 10]. In short, Defendant has confused a fair process for both parties to present evidence— including a process that does not require turning over a script of live testimony in advance—with a process that supposedly demonstrates bias against him.

inevitable, and his affidavit, which is also frivolous, shows the true intent behind Defendant's motion—delay. The Court has not evidenced any personal bias against Defendant in this matter, and the Court should deny Defendant's motion accordingly.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs request that the Court deny Defendant Wood's Motion for Disqualification.

Respectfully submitted this 16th day of July, 2024.

*/s/ Milinda Brown*
Andrew M. Beal
Georgia Bar No. 043842
drew@beal.law
Milinda Brown
Georgia Bar No. 363307
milinda@beal.law

Beal Sutherland Berlin & Brown LLP
2200 Century Parkway NE
Suite 100
Atlanta, GA 30345
Telephone: (678) 449-0422

*Attorneys for Plaintiffs*

## CERTIFICATE UNDER L.R. 7.1D

Pursuant to Northern District of Georgia Civil Local Rule 7.1D, the undersigned counsel certifies that the foregoing document is a computer document and was prepared in Times New Roman 14-point font, as mandated in Local Rule 5.1C.

Dated: July 16, 2024.

/s/ *Milinda Brown*
*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| NICOLE JENNINGS WADE, JONATHAN D. GRUNBERG, and G. TAYLOR WILSON, | Case No. 1:22-cv-1073-MLB |
| Plaintiffs, | |
| v. | |
| L. LIN WOOD, | |
| Defendant. | |

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing pleading upon all parties of record by filing same with the Court's electronic filing system which will deliver a copy to all counsel of record.

Respectfully submitted, this the 16th day of July 2024.

> **BEAL SUTHERLAND**
> **BERLIN & BROWN, LLC**

> */s/ Milinda Brown*
> Milinda Brown
> Georgia Bar No. 363307
> milinda@beal.law

-18-