# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

Nicole Jennings Wade, Jonathan
D. Grunberg, and G. Taylor
Wilson,

               Plaintiffs,

                         Case No. 1:22-cv-1073-MLB

v.

L. Lin Wood,

               Defendant.

_____/

## ORDER

In March 2022, Plaintiffs brought this defamation action against Defendant for falsely accusing them of criminal extortion.  The Court has since presided over a lengthy discovery period, granted partial summary judgment, set a jury trial, resolved motions in limine, ruled on deposition designations, and held a pretrial conference.  With all of that in the rearview mirror and a jury trial set to begin next month, Defendant now moves to disqualify the undersigned pursuant to 28 U.S.C. §§ 144 and

455. The Court denies Defendant's motion as untimely and, in any event, meritless.[1]

## I. Timeliness

A motion to disqualify under section 144 or 455 "must be filed within a reasonable time after the grounds for the motion are ascertained." *Summers v. Singletary*, 119 F.3d 917, 921 (11th Cir. 1997); *see Regions Bank v. Legal Outsource PA*, 800 F. App'x 799, 800 (11th Cir. 2020) (applying timeliness requirement to both sections); 13D Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Juris. § 3551 (3d ed.

---

[1] Defendant's motion also cites no supporting case law, fails to "flesh out" Defendant's arguments with "sufficient detail," and essentially asks the Court to piece together the issues for itself, all of which is improper and further supports denial. *Nat'l Mining Ass'n v. United Steel Workers*, 985 F.3d 1309, 1327 n.16 (11th Cir. 2021); *U.S. S.E.C. v. Big Apple Consulting USA, Inc.*, 783 F.3d 786, 811 (11th Cir. 2015); *see Tymar Distribution LLC v. Mitchell Grp. USA, LLC*, 558 F. Supp. 3d 1275, 1289 n.7 (S.D. Fla. 2021) ("It is simply not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones."); *Makita U.S.A., Inc. v. Factory Direct Distributors LLC*, 2014 WL 12605510, at *1 (S.D. Fla. Aug. 6, 2014) ("When parties do not fully develop their arguments and support them with citation to legal authority, the burden upon the Court is improperly increased."); *see also* LR 7.1(A)(1), NDGa ("[e]very motion" must cite "supporting authority"); *Dong Gun Shin v. Infinity Ins. Co.*, 2018 WL 8951202, at *1–2 (N.D. Ga. Oct. 1, 2018) (suggesting plaintiffs violated Local Rule 7.1(A)(1) because, even though they cited the Federal Rules of Civil Procedure, their brief "contain[ed] no legal authority defining the contours of the [relevant doctrine] or applying factually similar case law to the issue at hand").

June 2024 Update) ("courts require reasonable diligence" under section 144); *Auf v. Howard Univ.*, 2020 WL 10458573, at *3 (S.D. Fla. Mar. 25, 2020) ("courts in this circuit" require "due diligence" under section 144). Defendant's motion is untimely under this standard.[2]

## A. Section 455

The grounds for Defendant's disqualification request under section 455 are that the undersigned previously worked as an attorney at Alston & Bird LLP ("A&B"), the undersigned's wife still does, and Defendant was represented by two A&B attorneys (Joseph Burby, IV and Christopher C. Marquardt) in connection with some of the events that led to this litigation. (*See* Dkt. 113-1 at 2–6.) But Defendant has known about all these things since at least March 2022—more than two years ago—when the Court held a hearing with the parties to discuss A&B's involvement in this case and the undersigned's ties to A&B. (*See* Dkts. 9; 115.) Defendant did not seek disqualification then, and it is too late to do so now. *See Crawford v. Marriott Int'l, Inc.*, 2021 WL 5054442, at *4

---

[2] The Court recognizes that *Regions Bank* and other unpublished cases cited herein are not binding. The Court them as instructive nonetheless. *See Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 n.5 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive.").

(11th Cir. Nov. 1, 2021) (denying motion to disqualify as untimely because "[i]t was filed after more than 16 months of litigation, and the primary grounds it raised . . . long predated the filing of the motion"); *Jallali v. U.S. Funds*, 573 F. App'x 915, 916 (11th Cir. 2014) (denying motion to disqualify as untimely because movant waited 8 months to file it).

Defendant insists he is seeking disqualification now because the Court only recently denied his motion in limine, which "unexpected[ly]" and "drastically" expanded this case in ways that increase the importance of the testimony he intends to elicit at trial from his prior A&B attorneys (Messrs. Burby and Marquardt). (Dkt. 113-1 at 4.) This argument fails. The Court's motion-in-limine ruling was modest and predictable, not "drastic" or "unexpected." Defendant sought to exclude "any evidence of or related to any allegation that he allegedly breached a contract, never intended to honor a contract, and/or committed fraud." (Dkt. 103 at 9.) But no court could grant such a sweeping request on the facts here. This case is about whether Defendant defamed Plaintiffs when he characterized their offer to settle several claims—including claims against Defendant for breach of contract and fraud—as criminal

extortion.  So it would be odd (maybe impossible) to hold a trial that says nothing about those claims.  The Court's ruling does little more than make that point.  It does not pass on the admissibility of any specific evidence, and it expressly reserves the Court's right to "control" the evidence at trial. (Dkt. 111 at 3.)  Defendant admits as much in his brief. (*See* Dkt. 113-1 at 4 ("The level or amount of evidence [Plaintiffs] might be able to introduce on these issues has not been resolved by the Court.").)[3]

Even assuming the Court's motion-in-limine ruling did mark some sort of sea change in this case, Defendant does not explain why the need for his disqualification motion was apparent only after that change.  He claims the testimony of his prior A&B attorneys "will now be more important," but he does not say what that testimony will be, why it will be more important, or why the uptick in its importance converts what previously did not require disqualification into something that does. (Dkt. 113-1 at 4.)  Indeed, just weeks after this case began, Plaintiffs told

---

[3] Defendant also admits the "justifiability of Plaintiffs' settlement demand"—which necessarily depends on the merits of the claims underlying that demand, including Plaintiffs' claims for breach of contract and fraud—is "at the heart" of this case.  (Dkt. 113-2 at 2.)

Defendant his prior A&B attorneys were "material witness[es]" who "could testify as to [Defendant's] state of mind" and "get into it quite a bit." (Dkt. 115 at 5, 8, 10; *see* Dkt. 9 at 6–7.)   Then, in mid-2022, Defendant said his prior A&B attorneys were "relevant" and were "likely to have discoverable information [he] may use to support [his] claims or defenses." (Dkts. 27 at 3–4, 9–10; 116 at 26.)   A few months later, he sought leave to depose both attorneys because he could not "fully and fairly mount a defense without [their] testimony." (Dkt. 55-1 at 6.)   And, earlier this year, he filed a proposed pretrial order listing both attorneys as two of only four defense witnesses who may testify at trial. (Dkt. 102-8.)   Given this history, and the record more generally, Defendant has long been on notice of his A&B attorneys' involvement in this case and their potential role at trial.   Nothing suggests the Court's motion-in-limine ruling changed that role in a way that makes the need for disqualification apparent only now.

Finally, even assuming Defendant reasonably believed disqualification was appropriate only after the Court denied his motion in limine, Defendant still waited 20 days to seek disqualification, which was too long.   *See Middlebrooks v. City of Macon-Bibb Cnty., Georgia*,

2024 WL 555884, at *7 (M.D. Ga. Feb. 12, 2024) (denying disqualification motion as untimely because movant "clearly formed her opinion of the Court over two weeks before she" filed the motion).  That is especially so because, during the 20-day window, defense counsel participated in a lengthy pretrial conference at which he "sought to invoke the court's affirmative action" on other issues and "the court . . . ruled against [him]." 13D Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Juris. § 3551 (3d ed. June 2024 Update); *Summers*, 119 F.3d at 921; (*see* Dkt. 118).  "[W]aiting to file [a disqualification] motion until the court has ruled against a party is untimely," particularly where—as here—the motion follows a "substantial and protracted pre-trial proceeding[]." *Summers*, 119 F.3d at 921; *United States v. Hinton*, 2014 WL 12690116, at *3 (M.D. Ga. May 29, 2014); *see Kelly v. Davis*, 2015 WL 5442789, at *5 (N.D. Fla. Aug. 24, 2015) ("If the facts are known, waiting until after an adverse decision is too late.").

### B.    Section 144

Defendant's request to disqualify the undersigned pursuant to section 144, fares no better.  The grounds for that request are the Court's rulings on (1) a nonparty's motion to stay, (2) Defendant's motion for a

discovery extension, (3) the parties' motions for summary judgment, and (4) Defendant's motion in limine. (Dkt. 113-2.) The Court issued the first three rulings several months before Defendant moved to disqualify, meaning Defendant had the bulk of the information underlying his motion long before he acted on it. (October 13, 2022 Docket Entry; December 21, 2022 Docket Entry; Dkt. 90 (March 12, 2024).) And, although the Court's motion-in-limine ruling is more recent, Defendant has not shown his section 144 theory became apparent or viable only after that ruling. Defendant cannot sit on evidence of a disqualification theory for months, belatedly raise it in court, and then cure his untimeliness by citing new evidence that adds little to what he had all along. For the reasons explained above, Defendant's conduct at the pretrial conference also precludes him from using the Court's motion-in-limine ruling to seek disqualification. Defendant "was aware [of that ruling] prior to the hearing." *United States v. Slay*, 714 F.2d 1093, 1094 (11th Cir. 1983). So it is too late to complain about it now. *See id.* ("Slay's counsel was aware prior to the hearing . . . of the facts which he now contends support a § 455(a) motion. Slay's disqualification argument is therefore untimely.").

## II.  Merits

Defendant's motion also fails on the merits.  Defendant invokes sections 455(b)(2), 455(b)(4), 455(b)(5)(iii), 455(a), and 144.  (Dkt. 113 at 1.)  None of these provisions requires the undersigned to recuse.

### A.  Section 455(b)(2)

Section 455(b)(2) says a judge must disqualify himself if "[1] in private practice he served as lawyer in the matter in controversy, or [2] a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or [3] the judge or such lawyer has been a material witness concerning it."  28 U.S.C. § 455(b)(2). Defendant claims the undersigned must disqualify himself under the third clause because the undersigned was previously an attorney at A&B, Messrs. Burby and Marquardt are still attorneys at A&B, and Messrs. Burby and Marquardt will testify at trial.  (*See* Dkt. 113-1.)  The Court disagrees.

A judge is not required to "automatically disqualify [himself] every time a former colleague . . . is tapped to serve as a witness in a pending case."  *Old Republic Nat. Title Ins. Co. v. Warner*, 2013 WL 2403597, at *4 (N.D.W. Va. May 31, 2013); *see* 13D Charles Alan Wright & Arthur R.

Miller, Fed. Prac. & Proc. Juris. § 3544 n.3 (3d ed. June 2024 Update) (describing *Warner* as "thorough and convincing"). Instead, section 455(b)(2) requires "temporal overlap between the judge's association with the attorney in question and that attorney's involvement with the matter in controversy." *Warner*, 2013 WL 2403597, at *3. That overlap exists where "the judge's former colleague served as a witness in the matter in controversy during the judge's tenure with the firm" or—according to some courts—where "the judge's former colleague plans to testify in a current case concerning information he learned during the judge's tenure with the firm." *Id.* at 5; *see In re MACCO Properties, Inc.*, 2016 WL 2996894, at *5 (Bankr. W.D. Okla. May 23, 2016) (same).

No such overlap exists here. Contrary to Defendant's assertion, Mr. Burby never worked for A&B while the undersigned was there. He joined the firm afterwards. And, although Mr. Marquardt did work with the undersigned at A&B, the undersigned left the firm in 2018, long before anyone at the firm got involved in the events underlying this case in 2020 and even longer before Plaintiffs filed suit in 2022. (*See* Dkts. 1; 74-1 at 73–74.) As the Court explained in an earlier order, section 455(b)(2) does not require disqualification where, as here,

"a judge's *former* colleagues may be material witnesses in a *new* matter." (Dkt. 9 at 4).  Because the undersigned left A&B years before the firm had anything to do with this case, he need not recuse under section 455(b)(2).  *See United States v. O'Brien*, 2014 WL 535663, at *8 (D. Mass. Feb. 6, 2014) (the third clause in section 455(b)(2) applies "only where there is an overlap in time between (1) the judge's tenure at his or her former law firm and (2) the matters about which the judge's former colleague is going to testify"); *U.S. ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 2008 WL 169636, at *3 (D. Ariz. Jan. 16, 2008) (the third clause in section 455(b)(2) applies to "attorneys who both practiced law with the judge and whose testimony will concern a matter stemming from the period of their professional association").

## B.   Sections 455(b)(4) and 455(b)(5)(iii)

Sections 455(b)(4) and 455(b)(5)(iii) both require a judge to disqualify himself if his spouse has an "interest that could be substantially affected by the outcome of the proceeding."  28 U.S.C. §§ 455(b)(4), (b)(5)(iii).  Defendant says this provision applies here. (Dkt. 113-1 at 5.)  The Court disagrees.

11

This case is about whether Defendant defamed his former colleagues by accusing them of criminal extortion for—as best the Court can tell—demanding $1.25 million to settle a private dispute, making "false claims about [Defendant's] mental health," threatening to publicize those claims, "interfer[ing] with [Defendant's] relationship with [his] children," and "threatening [Defendant's] efforts to get President Trump to award Richard Jewell the Presidential Medal of Freedom." (*See* Dkts. 85-1 ¶¶ 1–16; 90 at 5.) The undersigned's spouse has nothing to do with any of these things. She has no interest in how the jury might resolve them, she was not involved in the underlying facts, and she is not—and never has been—a party, counsel to a party, or a witness in this suit.

Her only connection to this proceeding is that (1) two of her law firm partners (Messrs. Burby and Marquardt) represented Defendant in connection with some of the events that led to this litigation, and (2) both partners (Defendant says) will testify at trial. Defendant emphasizes this connection. (Dkt. 113-1 at 5.) But he never explains why it triggers sections 455(b)(4) and 455(b)(5)(iii). At most, he suggests the testimony of Messrs. Burby and Marquardt "might expose the[ir] Firm to some form

of liability." (Dkt. 113-1 at 3.)  But, since he does not elaborate on that assertion, the Court does not know what testimony he is talking about, how likely it is to occur, whether it could realistically expose A&B to liability (particularly since both attorneys have already testified in a related case (Dkts. 102 at 11; 118 at 144)), whether any such liability could impact the undersigned's wife, and whether any such impact could be substantial.  To recuse in the face of so many unknowns would require the Court to engage in "unsupported speculation" at each stage of a daisy-chain theory of disqualification. *Gabriel v. Windy Hill Foliage Inc.*, 2022 WL 2288687, at *1 (11th Cir. June 24, 2022); *see Daker v. United States*, 787 F. App'x 678, 680 (11th Cir. 2019) ("A charge of partiality must be supported by some factual basis and not simply be based on unsupported, irrational or highly tenuous speculation."); *Kelly*, 2015 WL 5442789, at *7 (rejecting disqualification theory as a "hypothetical house of cards").

Even assuming the undersigned's spouse could be substantially affected by what Messrs. Burby and Marquardt say at trial, nothing suggests she could be similarly affected by the "outcome" of the trial, which is what the statute requires to trigger disqualification.  *See*

*Outcome*, Oxford English Dictionary, https://www.oed.com (defining "outcome" as "[a] state of affairs resulting from some process; the way something turns out (*spec.* in early use: the ending of a story); a result (of a test, experiment, measurement, etc.), a consequence; a conclusion or verdict"). When the trial concludes, the jury will determine only whether Defendant is liable for defamation and, if so, how much he should pay in damages and fees. (*See* Dkts. 102 at 3–4, 7–8; 102-12.) None of those things could conceivably impact the undersigned's wife or her law firm. There will be no special verdict concerning A&B. And any verdict that is returned could not establish facts—by implication or otherwise—that foreseeably expose the firm to liability in another proceeding. Defendant's former A&B attorneys might offer testimony about the parties' dispute, but nothing suggests their testimony—or the outcome of any stage of this litigation—will substantially affect the undersigned's spouse or her law firm.

Given the record before the Court, Defendant has not shown the undersigned's wife has an interest in this case that requires disqualification under sections 455(b)(4) and 455(b)(5)(iii).[4]

---

[4] The Eleventh Circuit has adopted "a per se rule of recusal when a judge's spouse is a member of a law firm retained by one of the parties" to litigate the case before the judge. *Hunters Run Apartments Ltd. v. WCA Waste Corp.*, 2016 WL 9086970, at *3 (N.D. Fla. Apr. 25, 2016); *see Potashnick v. Port City Const. Co.*, 609 F.2d 1101, 1114 (5th Cir. 1980) ("[A] partner will always have some interest which could be affected by the outcome of a proceeding handled by [her] law firm."). That rule does not apply here because, although Defendant retained A&B in connection with some of the pre-suit events underlying the parties' dispute, A&B has never entered an appearance in this case. Courts frequently decline to disqualify a judge whose family member works for a law firm that is not counsel of record in the case before the judge, even where the law firm might otherwise be impacted by the case or have ties to the case. *See, e.g.*, *Microsoft Corp. v. United States*, 530 U.S. 1301 (2000) (recusal not required even though judge's son represented a party in related cases); *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1041–42 (9th Cir. 2011) (recusal not required where judge's husband volunteered at a legal aid foundation that received $25,000 from the case); *Kelly*, 2015 WL 5442789, at *7 (recusal not required "whenever a judge's spouse's law firm's client who is not a party to a case might somehow be impacted by a ruling"); *In re Digital Music Antitrust Litig.*, 2007 WL 632762, at *12 (S.D.N.Y. Feb. 27, 2007) ("Courts have uniformly rejected the argument that an appearance of impropriety exists in the following situation: (i) a judge's spouse is a partner in a law firm that represents a litigant in matters other than the case before the judge; and (ii) the spouse did not perform any work at the law firm for the litigant or worked for the litigant on unrelated matters."); *Diversifoods, Inc. v. Diversifoods, Inc.*, 595 F. Supp. 133, 134 (N.D. Ill. 1984) (recusal not required even though judge's husband worked at a law firm that "presently represents the defendant in other matters, and, prior to the filing of this lawsuit, had some connection with the events

## C.    Section 455(a)

Section 455(a) requires a judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).  Defendant argues the undersigned must recuse under this provision for the same reasons he must do so under section 455(b). (*See* Dkt. 113 at 1 (Defendant arguing "the Court's impartiality might be questioned" under section 455(a) "pursuant to 28 U.S.C. § 455(b)(2), (b)(4), and (b)(5)(iii)").)  But, where "an issue is within the scope of section 455(b), section 455(a) should not be read to require disqualification if section 455(b) does not." *In re Hawsawi*, 955 F.3d 152, 159–60 (D.C. Cir. 2020).  That is, Defendant cannot use section 455(a) to revive his failed attempt to invoke section 455(b).  *See Perry v. Schwarzenegger*, 630 F.3d 909, 915 (9th Cir. 2011) ("Congress gave careful consideration to the question of when a judge must recuse himself due to a relative's participation and, in § 455(b)(5), identified the specific circumstances in which a judge must do so.  Section 455(a) cannot be read so broadly as to

---

underlying this litigation"); *see also In re Medtronic, Inc. Sprint Fidelis Leads Prod. Liab. Litig.*, 601 F. Supp. 2d 1120, 1126 (D. Minn. 2009) ("[F]ederal judges . . . are free to hear cases in which a party is represented in unrelated matters by the law firms of family members.").

render that determination meaningless by proscribing under that provision what is permissible under § 455(b)(5)."); *Cafasso*, 2008 WL 169636, at \*5 ("[I]f a provision in § 455(b) specifically addresses a potential ground for disqualification, then that ground may not logically serve as a basis for questioning a judge's impartiality under § 455(a). Therefore, if a party cannot show that a judge's professional relationship with a potential witness mandates his recusal under § 455(b)(2), she may not alternatively argue that the relationship creates the appearance of impartiality.").

Even considering Defendant's arguments afresh, they do not require disqualification under section 455(a) for essentially the same reasons they failed under section 455(b). Yes, two defense witnesses work at a law firm where the undersigned used to work and where his wife still works. But the undersigned left that firm years before the events underlying this lawsuit even began. The undersigned's wife has never been involved in those events, has never had a role in this litigation, has no interest in any jury verdict that could be returned, and, as best the Court can tell, has no meaningful interest in any testimony that anyone will offer at trial. Even assuming a "cynical observer[]"

might remain suspicious, "an objective, disinterested, lay observer fully informed of the facts . . . would [not] entertain a significant doubt about the [undersigned's] impartiality." *Ellis v. United States*, 2024 WL 2933067, at *1 (11th Cir. June 11, 2024); *In re Horne*, 630 F. App'x 908, 910 (11th Cir. 2015). That precludes disqualification under section 455(a).

Defendant counters that his two A&B witnesses "may feel compelled not to testify fully, for fear of potential retribution resulting from how their testimony might ultimately be viewed by other members of the Firm." (Dkt. 113-1 at 2.) But, even crediting this speculative assertion, it does not move the needle because nothing about it depends on the identity of the judge in this case. The witnesses will testify in open court, meaning their testimony will be a matter of public record and will likely get back to A&B one way or the other. Moreover, a witness's *subjective* concerns about his *employer* do not control because "[t]he standard under section 455(a) is an *objective* one" that focuses on the *judge. McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) (emphasis added); *see Parker v. Connors Steel Co.*, 855 F.2d 1510, 1526 n.17 (11th Cir. 1988) ("Section 455(a) requires consideration of only

18

the objective facts," which must be "objectively ascertainable"). The Court declines to recuse under section 455(a).

### D.   Section 144

Section 144 requires a judge to recuse if he "has a personal bias or prejudice either against [the party seeking recusal] or in favor of any adverse party." 28 U.S.C. § 144. Defendant claims the undersigned must recuse under this language because the Court ruled against him in a few pretrial orders, referred to one of his filings as "borderline frivolous," and granted one of his motions "with great hesitation." (Dkts. 113-1 at 6; 113-2.) But "judicial rulings alone do not support a recusal motion," even when those rulings are "not legally supportable." *Wilson v. Apex Reporting Grp., Inc.*, 2019 WL 11866784, at *1 (11th Cir. Jan. 7, 2019); *Canals v. Archdiocese of Miami, Inc.*, 2006 WL 1594227, at *1 (11th Cir. June 12, 2006); *Fed. Trade Comm'n v. Nat'l Urological Grp., Inc.*, 2015 WL 13687740, at *3 (N.D. Ga. Oct. 27, 2015); *see Isaac v. United States*, 809 F. App'x 595, 600 (11th Cir. 2020) ("[A]dverse rulings, in and of themselves, are not grounds for recusal."). None of the Court's rulings "display[] a deep-seated favoritism or antagonism that would make fair judgment impossible." *Draper v. Reynolds*, 369 F.3d 1270, 1279 (11th

Cir. 2004). Defendant cites no bias or prejudice "stem[ming] from extrajudicial sources." *Ellis*, 2024 WL 2933067, at *1. And "[j]udicial remarks that are critical or disapproving of, or even hostile to, the parties[] or their cases"—much less the sort of benign passing remarks about which Defendant complains here—"ordinarily do not support a bias or partiality challenge" either. *Daker*, 787 F. App'x at 680; *see Armstrong v. U.S. Att'y Gen.*, 2024 WL 1554758, at *3 (11th Cir. Apr. 10, 2024) ("Neither the judge's comments on lack of evidence, rulings adverse to a party, nor friction between the court and counsel constitute pervasive bias."); *Hicks-Washington v. Hous. Auth. of City of Fort Lauderdale*, 803 F. App'x 295, 304 (11th Cir. 2020) (characterizing a complaint as a "shotgun pleading" did not show bias); *Canals v. Archdiocese of Miami, Inc.*, 2006 WL 1594227, at *1 (11th Cir. June 12, 2006) ("ordinary admonishments" do not show bias).

Defendant simply has not "allege[d] facts that would convince a reasonable person" of any actual bias in this case. *Postell v. City of Cordele Georgia*, 2023 WL 4364503, at *3 (11th Cir. July 6, 2023). So the Court denies his motion to recuse under section 144.

## III.   Conclusion

The Court **DENIES** Defendant's Motion for Disqualification (Dkt. 113).

**SO ORDERED** this 19th day of July, 2024.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE