**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

|                                      |     |                        |
|--------------------------------------|-----|------------------------|
| NICOLE JENNINGS WADE,                | )   |                        |
| JONATHAN D. GRUNBERG, and            | )   |                        |
| G. TAYLOR WILSON                     | )   |                        |
|                                      | )   |                        |
| Plaintiffs,                          | )   |                        |
|                                      | )   | CIVIL ACTION           |
| v.                                   | )   |                        |
|                                      | )   |                        |
| L. LIN WOOD,                         | )   | FILE NO. 1:22-CV-01073 |
|                                      | )   |                        |
| Defendant.                           | )   |                        |
| _____       | )   |                        |

## DEFENDANT'S OBJECTION TO PLAINTIFFS' NOTICE OF INTENT TO ISSUE SUBPOENAS AND MOTION TO QUASH

COMES NOW, L. LIN WOOD, Defendant to the above-styled civil action, and hereby files this his Objection to Plaintiffs' Notice of Intent to Issue Subpoenas and Motion to Quash, and respectfully shows this Honorable Court as follows:

## BRIEF ARGUMENT AND CITATION TO AUTHORITY

The Plaintiffs, on August 2, 2024, filed a Notice of Intent to Issue Subpoenas to multiple witnesses, the Defendant included. Therein, the Plaintiffs revealed for the first time, on the eve of trial, a subpoena they intend to serve upon Defendant Wood (hereinafter, the "Subpoena"). The Subpoena untimely commands the Defendant to bring with him to trial multiple, sweeping categories of financial documents (hereinafter, the "Evidence") which are (A) not contemplated by the

parties' Consolidated Pretrial Order, (B) entirely irrelevant to the defamation claims at issue in the present case, and (C) unduly burdensome and clearly intended to harass and intimidate the Defendant. *See* (Dkt. 102); *see also* Fed. R. Evid. 402 and 403.

## I.     Defendant's Objection Pursuant To Fed. R. Civ. P. 45(d)(2)(B) To Plaintiffs' Subpoena To The Extent It Seeks Information Which Is Not Discoverable Or Admissible

The Defendant, pursuant to Rule 45, objects to the Subpoena as well as the Plaintiffs' eleventh-hour notice of the same and seeks an Order from the Court quashing it. *See* Fed. R. Civ. P. 45(d)(2)(B). Defendant Wood respectfully contends that the Plaintiffs' Subpoena is a mere attempt to unfairly gather highly prejudice evidence immediately before trial, without providing sufficient notice, which is fully intended to inflame the jury and poison its verdict by inflating the Defendant's perceived financial status. The Subpoena is an effort to encourage the jury to increase any amount they might (or might not) otherwise award. The documentation request cannot be deemed admissible or discoverable in the present case and the scope of the request is patently overbroad. The Plaintiffs' command for production of documents set forth in "Exhibit A" of the Subpoena must therefore be quashed.

In Georgia, generally, it has been Established that evidence of a defendant's financial status or financial condition is inadmissible in civil cases, especially where such has not been placed at issue by the claims asserted. *See Strother v. S.*

*Expressway Radio*, 132 Ga. App. 771, 774 (1974). Georgia Courts, in fact, have determined the financial circumstances of defendants to be inadmissible in civil cases, *even where* punitive damages are sought. *See Dagne v. Schroeder*, 336 Ga. App. 36, 42 (2016): (the court, in discussing evidence related a party's financial circumstances, highlighted: "[the proffering party] cites no authority, and we have found none, *mandating* such admission in every punitive damages case.").

Such evidence, given the undoubted risk of the effect it can have on a given juror's willingness to award additional increased and additional amounts of damages, is typically deemed irrelevant and inadmissible, unless a determination has *first* been made the punitive or exemplary damages are warranted. *See* Fed. R. Evid. 403; O.C.G.A. § 24-4-403; *see also Holman v. Burgess*, 199 Ga. App. 61, 63 (1991): ("[the seeking party] was not entitled to *discover* information concerning . . . personal financial resources absent an *evidentiary showing* . . . that a factual basis existed for her punitive damage claim.") (emphasis supplied).

Moreover, the Georgia Court of Appeals has further clarified that even "[a]ssuming that a showing has been made that [a defendant] would be liable for punitive damages . . . , it is the trial court's obligation to assure that the scope of the discovery is restricted to the extent necessary to prevent an unreasonable intrusion into the defendant's privacy." *Ledee v. Devoe*, 225 Ga. App. 620, 625 (1997); *citing Holman*, 199 Ga. App. at 64. The Court explained: "[s]uch a determination requires

the careful balancing of the requesting party's interest in obtaining the information sought by each request for production or interrogatory with the privacy rights of the other party." *Id.*

Regarding the discoverability of evidence of this type, in *Merritt v. Marlin Outdoor Advert., Ltd.*, the Georgia Court of Appeals, after reviewing a Motion regarding *discovery* of the non-moving party's net worth in connection with the moving party's claim for punitive damages, ruled: "we conclude that [the moving party] has not presented clear and convincing evidence that [the non-moving party]'s actions showed sufficient fraud to raise the presumption of conscious indifference to consequences. Thus, we hold that the trial court did not err in denying [the Motion.]" 298 Ga. App. 87, 92–93 (2009). As such, where this evidence is not relevant, it should not be discoverable either.

Furthermore, before certain language regarding evidence of "worldly circumstances" of defendants was removed from O.C.G.A. 51-12-6, during its 1987 amendment, Georgia Appellate Courts consistently held that such circumstances of defendants indeed were not discoverable in civil cases, *unless* damages pursuant to O.C.G.A. § 51-12-6 are being sought, where "the entire injury is to the peace, happiness, or feelings of the plaintiff[.]" O.C.G.A. § 51-12-6. The Supreme Court of Georgia clarified that, "[a] second critical distinction is that where [O.C.G.A.] § 51–12–6 damages are at issue, the statute permits the plaintiff to undertake discovery

and offer evidence of the defendant's *worldly circumstances*, while in an action to recover § 51–12–5 damages the plaintiff is *not entitled* to present such evidence." *Stepperson, Inc. v. Long*, 256 Ga. 838, 841 (1987); *citing Wilson v. McLendon,* 225 Ga. 119 (1969).

This line of cases suggests that there is little support for the admissibility, or even the discoverability, of any evidence of a defendant's worldly circumstances in cases *other than* those involving claims brought under O.C.G.A. § 51-12-6. *See Bob Maddox Dodge, Inc. v. McKie*, 155 Ga. App. 263, 264 (1980): ("Evidence of worldly circumstances is not admissible on the issue of punitive damages[.]"); *Hodges v. Youmans*, 129 Ga. App. 481, 486 (1973): ("Only if plaintiff invokes [O.C.G.A. § 51-12-6], is the jury allowed to weigh [a] defendant's 'worldly circumstances,' that is, his wealth[.]"); *Munford, Inc. v. Anglin*, 174 Ga. App. 290, 296 (1985): ("[I]f the jury charge authorized the jury to consider evidence of worldly circumstances on the issue of punitive damages, the charge would be erroneous."); *see also Brunswick Gas & Fuel Co., Inc. v. Parrish*, 179 Ga. App. 495, 499 (1986):

> We *d[o] not hold* that the plaintiff can inquire into defendant's worldly circumstances in cases where the alleged tort resulted in injury to person or property. Because a provision for consideration of defendant's worldly circumstances exists in Georgia only in this statute, it is allowed only where the entire injury is to peace, happiness or feelings.

Moreover, the trend set by this line of cases continued even following the 1987 amendment to O.C.G.A. § 51-12-6. *See Collins v. State Farm Mut. Auto. Ins.*

- 5 -

*Co.*, 197 Ga. App. 309, 310 (1990); *citing Stepperson, Inc.*, 256 Ga. at 841:

("[E]vidence of worldly circumstances is admissible only where a party seeks

damages only for injury to peace, happiness or feelings[.] . . . The statutory

provisions regarding punitive damages were . . . applicable in determining whether

the evidence of worldly circumstances was admissible in the claim for punitive

damages. The trial court did not err in excluding that evidence."); *see also Tahamtan*

*v. Tahamtan*, 204 Ga. App. 680, 683 (1992):

> The trial judge admitted the worldly circumstances evidence as to appellee's
> claim under OCGA § 51-12-6 but informed the parties that if the jury
> determined that appellee was entitled to recover punitive damages, he would
> instruct them that the worldly circumstances evidence could not be
> considered. In light of the jury's verdict that appellee was not entitled to
> recover punitive damages, we find no error in the admission of
> the worldly circumstances evidence.

The United States District Courts, having evaluated this issue on more of a

case-by-case basis, have opined generally that where "evidence of [a defendant's]

current financial condition or wealth is irrelevant to the [claims] asserted against him

by plaintiffs[, the] probative value of such evidence is clearly outweighed by the

danger of unfair prejudice that would be created by presenting such evidence to a

jury." *Curtis Mfg. Co., Inc. v. Plasti-Clip Corp.*, 933 F. Supp. 94, 101 (D.N.H. 1995);

*citing* Fed. R. Evid. 401 and 403. In *Curtis Mfg. Co., Inc. v. Plasti-Clip Corp.*, the

court determined that "[E]vidence of [the defendant]'s current financial condition or

wealth [was] inadmissible." 933 F. Supp. at 101; *see also Dodgson v. First*

*Advantage Background Servs. Corp.*, 1:16-CV-1894-ODE, 2019 WL 2306131, at *4 (N.D. Ga. Mar. 7, 2019); *citing Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008): ("[Rule 403] gives the Court discretion to exclude evidence if the probative value of that evidence is 'substantially outweighed' by one of several dangers to a trial's efficiency and integrity . . . the Court has broad discretion to determine the admissibility of evidence under Rule 403.").

Moreover, a number of the District Courts have maintained that even in *limited instances* in which a defendant's financial condition may be deemed discoverable, such discoverability would only be allowable in connection with the jury's ultimate *determination* of the *amount* of punitive damages to be awarded, a determination which, in Georgia, is typically made during a bifurcated, secondary phase of trial. *See Ramsey v. Culpepper*, 738 F.2d 1092, 1099 (10th Cir. 1984); *see also* O.C.G.A § 51-12-5.1(d)(2). It therefore naturally follows that this evidence would not be allowable during the primary phase in which the claims in chief are tried.

The United States Court of Appeals for the Tenth Circuit has examined this issue specifically, and it has ruled that "[a]s a general rule, it is error to admit evidence of a party's financial condition unless *necessary* to determine the damages sustained." *Whiteley v. OKC Corp.*, 719 F.2d 1051, 1055 (10th Cir. 1983); *citing Blankenship v. Rowntree,* 219 F.2d 597, 598 (10th Cir.1955) (emphasis

supplied). The Court explained that "[t]o admit financial condition evidence, the damages to be *determined* must be punitive in nature." *Id* (emphasis supplied).

Additionally, this District Court has also examined the issue in *Porter Pizza Box of Florida, Inc. v. Pratt Corrugated Holdings, Inc.* 2023 WL 2731716, at *5 (N.D. Ga. Jan. 30, 2023). Therein, the Court highlighted the procedural precedent for examining issues of this type set forth by the Supreme Court of Georgia. This Court noted that, "[i]n *Chrysler Group, LLC v. Walden*, the Supreme Court of Georgia explained that 'a fact-specific analysis' should be conducted under OCGA § 24-4-403 to determine whether the unfair prejudice of party-wealth evidence outweighs its probative value." *Porter Pizza Box of Florida, Inc.,* 2023 WL 2731716, at *5; *citing Chrysler Group, LLC v. Walden*, 303 Ga. 358 (2018). In *Porter Pizza Box of Florida, Inc.,* the Court went on to note: "'[c]omments on the wealth of a party have *repeatedly* and *unequivocally* been held highly prejudicial, and often alone have warranted reversal.'" *Porter Pizza Box of Florida, Inc.,* 2023 WL 2731716, at *5; *citing Whittenburg v. Werner Enterprises Inc.*, 561 F.3d 1122, 1130 n. 1 (10th Cir. 2009). This indicates that such evidence certainly cannot be ruled admissible, or even discoverable, lightly.

In *Porter Pizza Box of Florida, Inc.*, the Court further discussed the Supreme Court of Georgia's methodology by citing, importantly:

> [I]t is frankly quite difficult to see how [party-wealth evidence] would be relevant in nearly any case, at least not involving punitive damages. . . .

Indeed, federal courts applying Federal Rules of Evidence 401 and 402 are in agreement that in cases where punitive damages are not in issue, evidence of a party's wealth or financial status is generally inadmissible unless directly relevant to issues in the case.

*Porter Pizza Box of Florida, Inc.,* 2023 WL 2731716, at *5; *citing Chrysler Group, LLC*, 303 Ga. At 366–67; *see also United States v. Bradley*, 644 F.3d 1213, 1270-1272 (11th Cir. 2011); *United States v. Barber*, 147 Fed. Appx. 941, 945 (11th Cir. 2005).

In the present case, it is clear the evidence the Plaintiffs command production of is not relevant to the Plaintiffs' *defamation* claims at issue in the present case. *See* Fed. R. Evid. 402. The evidence also, if it has probative value *at all*, has such which is *substantially outweighed* by the danger of unfair prejudice to Defendant Wood, and a danger of misleading the jury by inflaming them with unfair evidence of the Defendant's purported financial capabilities. *See* Fed. R. Evid. 403. The evidence cannot ultimately be admissible at trial in this case, and therefore cannot be deemed discoverable unless some determination is first made which sufficiently places such at issue.

## II.    Defendant's Objection Pursuant To Fed. R. Civ. P. 45(d)(1) To Plaintiffs' Subpoena To The Extent It Imposes Undue Burden And Expense Upon Defendant Wood

Defendant Wood hereby further objects to the Plaintiffs' Subpoena pursuant to Rule 45, specifically pursuant to Subsection (d)(1). This subsection, titled *Avoiding Undue Burden or Expense; Sanctions.,* reads as follows:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to *avoid imposing undue burden or expense* on a person subject to the subpoena. The *court for the district where compliance is required must enforce* this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

Fed. R. Civ. P. 45(d)(1) (emphasis supplied).

The Georgia Court of Appeals, in *Holman v. Burgess*, assessed this issue. In *Holman*, the plaintiff-appellee served a request for production upon the appellant-defendant which contained a lengthy list of requests for various financial, banking, and consumer records. *See Holman*, 199 Ga. App. at 61. The plaintiff-appellee's requests included tax return records, real-property deeds, all stock and bond certificates, and nearly all bank records spanning from 1986 through 1989, a period of roughly *three years*. *Id.* The Court does not discuss the timing within which the defendant-appellant was to comply, but it does not note that timing was a factor contributing to its determination of whether to compel compliance with the request.

The *Holman* Court ultimately determined, given the mere breadth of the plaintiff-appellee's request, that "the request for production submitted by the [plaintiff-appellee] was so manifestly burdensome and oppressive that the trial court would not have been authorized to compel responses to it ***even had*** such an evidentiary showing [that a factual basis existed for her punitive damage claim] been made." *Holman*, 199 Ga. App. at 63 (emphasis supplied). In describing the plaintiff-

appellee's request itself, the Court explained: "a more intrusive and burdensome discovery request than the one filed by the appellee is scarcely imaginable." Id.

As in *Holman,* the Subpoena the Plaintiffs intend to serve in the present case seeks a shockingly wide range and extensive breadth of records *extremely similar* to those requested by the plaintiff-appellee in *Holman*. *See* (Dkt. 124, P. 8); *see also Holman*, 199 Ga. App. at 61. The Plaintiffs' Subpoena, however, in fact requests such records for a period of *five* years, longer than the period of three years requested by the plaintiff-appellee in *Holman*. *Id.* The Plaintiffs cannot justify the scope of the request, and the Court should quash it.

While the plaintiff-appellee in *Holman* also at least attempts to justify the period of time of her request by asserting that her claim resulted from an ongoing landlord-tenant situation, the Plaintiffs here offer no such explanation as to why their request commands production of similar records for a period of time spanning *five years. Holman*, 199 Ga. App. at 61. Such expansive records certainly would not be required to ascertain a snapshot of Defendant Wood's current financial situation, the only information that is of any arguable, remote probative value to this defamation case, assuming a jury first determines that the Plaintiffs' vindictive punitive claim has any merit.

The Plaintiffs' Subpoena also provides a time of compliance of less than ***two days***[1], a factor which does not seem to have been present in the set of facts examined by the *Holman* Court, but which should nonetheless be considered here. *Id.* In addition to the fact that the Plaintiffs' Subpoena commands production of information which is outside the scope of discovery in the present case, and was never mentioned, much less requested, at any time before August 2, 2024, it imposes a massive, unfair, and undue burden on Defendant Wood. It is not even remotely tailored to the facts or evidence of this case and is being served with remarkably little time to comply. The Subpoena therefore cannot be sustained and may even be sanctionable. Fed. R. Civ. P. 45(d)(1).

Moreover, professional courtesy and a sense of good faith and fair dealing would seem to require Plaintiffs' counsel to contact Defendant's counsel in advance, instead of merely attempting to serve the Subpoena with no notice on the eve of trial. Poor form, indeed.

---

[1] The case precedent in this Court even indicates that, typically, a period of no less than ten (10) days is customary as the amount of time a party should have to produce documents pursuant to a subpoena, even after a motion is filed requesting that such production be *compelled*. *See Coventry First LLC v. 21st Servs.*, 1:05-CV-2936-JEC, 2006 WL 8432922, at *3 (N.D. Ga. Jan. 4, 2006): (the Court, in granting the moving party's Motion to Compel, ordered the defendant to produce the documentation "*within ten (10) days*") (emphasis supplied); *see also accord Brown v. Chattahoochee Tech. Coll.*, CIV.A.1:05CV1454-JOF, 2006 WL 1734267, at *2 (N.D. Ga. June 20, 2006).

**III.** **Defendant's Objection Pursuant To Fed. R. Civ. P. 45(b) To The Extent The Plaintiffs' Subpoena Was Served Improperly Upon Defendant Wood**

Finally, Defendant Wood hereby further objects to the Plaintiffs' Subpoena to the extent it has been improperly served upon him and served in a matter wholly unsupported by the controlling Federal Rule. *See* Fed. R. Civ. P. 45. Generally speaking, where a subpoena *duces tecum* is served on a person, even one who is a party to the matter pursuant to which the subpoena is served, and said subpoena commands production of documents from the person, said subpoena must be served in the manner set forth by Rule 45, which specifically governs *subpoenas*. Service pursuant to Rule 5 which dictates, more generally, how documents filed subsequent to original pleadings are to be served upon parties, will not be sufficient. *See* Fed. R. Civ. P 45(b); *see also Harrison v. Prather*, 404 F.2d 267, 273 (5th Cir. 1968); *Weiss v. Allstate Ins. Co.*, 512 F. Supp. 2d 463, 466 (E.D. La. 2007). Rule 45, in subsection (b), provides as follows:

(b) Service.

(1) *By Whom and How; Tendering Fees*. Any person who is at least 18 years old and not a party may serve a subpoena. ***Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law.*** Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.

(2) *Service in the United States*. A subpoena may be served at any place within the United States.

(3) *Service in a Foreign Country*. 28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country.

(4) *Proof of Service*. Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server.

Fed. R. Civ. P. 45(b) (emphasis supplied).

Moreover, regarding service of subpoenas, and specifically the service of subpoenas *duces tecum* (i.e., a subpoena which commands production of certain specified documents) upon parties to a given civil action, various courts in the Federal system have weighed in.

The United States Court of Appeals for the Fifth Circuit has examined the issue and has succinctly ruled that where subpoena *duces tecum* fails to comply with Rule 45, service of the same will be a *nullity. Harrison*, 404 F.2d at 273. In *Harrison*, the Fifth Circuit first noted the plaintiff's argument that he could not be compelled to produce documentation identified by the subpoena, because the same was served upon his counsel, rather than served upon him personally.

The Fifth Circuit referenced language akin to that set forth above, which at the time, was included within subsection (c) of Rule 45 and read as follows: "Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and by tendering to him the fees for one day's attendance and the mileage allowed by law." *Id.* The Fifth Circuit then held, accordingly, that "[t]his

subpoena was not served in conformity with the rule. Hence, [the recipient]'s position is well taken." *Id.* The Court indicated that as a result, it was not inclined to compel production of the documents set forth in the subpoena at issue.

The Fifth Circuit then further included, as a point of clarification, that "a deposition notice served on a party[,] or his attorney[,] cannot lawfully require the production of books and documents[,]" indicating a clear and intended distinction between a mere deposition notice, and a proper subpoena *duces tecum*. *Id*; *citing Shenker v. United States*, 25 F.R.D. 96 (E.D.N.Y. 1960); *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Loew's Int'l Corp.*, 18 F.R.D. 491 (S.D.N.Y. 1956); *Chem. Specialties Co., Inc. v. Ciba Pharm. Products, Inc.*, 10 F.R.D. 500 (D.N.J. 1950).

Rule 30, the procedural rule which governs depositions and deposition notices, supports this distinction as well. *See* Fed. R. Civ. P. 30(b)(2): ("*Producing Documents.* If a subpoena duces tecum is to be served on the deponent, the materials designated for production, as set out in the subpoena, must be listed in the notice or in an attachment. The notice to a party deponent may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition."). Rule 30, in short, clearly differentiates between a mere deposition notice and a notice that is *combined with* a request for production, i.e., a subpoena *duces tecum*. Rule 30 even sets forth specific requirements for the latter type of notice. *Id.* This shows that

these two procedural devices are clearly treated differently, and why they must be served differently.

Another case discussing this issue which is worth noting is *Weiss v. Allstate Ins. Co. See* 512 F. Supp. at 466. In *Weiss*, the plaintiffs attempted to serve subpoenas upon eight witnesses prior to trial. *Id.* The plaintiffs, however, served the subpoenas upon counsel for Allstate Insurance Company, the defendant to the matter. *Id.* The plaintiffs contended, in their response to a motion to quash by Allstate, that because the witnesses intended to be served were *agents* of Allstate, service upon Allstate's attorneys, on their behalf, was sufficient. *Id.*

The *Weiss* Court, however, did not adopt the plaintiffs' arguments. Rather, after referencing the language set forth by Rule 45(b), it "[found] that each subpoena must be quashed. Under the plain language of [Rule 45], as well as Fifth Circuit precedent, service is improper *if the person himself is not served* with a copy of the subpoena." *Weiss*, 512 F. Supp. at 466. The *Weiss* Court then further noted that, "[a]s plaintiffs concede, this was not done as to these eight individuals." *Id.* The *Weiss* Court therefore quashed the subpoenas. *Id.*

Further, the Court then specifically also addressed the Weiss plaintiff's contention that service may have been proper *because* the witnesses intended to be served were *agents* of Allstate. The *Weiss* Court, nevertheless, rejected this argument as well. In doing so, it explained: "[E]ven if the Court accepted . . . that

these individuals were all agents of Allstate, service of these subpoenas would still not be proper, as service on a party's counsel only 'renders such service a nullity.' . . . The Court therefore quashes the trial subpoenas as to these eight individuals as they were not served in conformity with the procedures set forth in Rule 45(b)." *Weiss*, 512 F. Supp. at 466; *citing Harrison*, 404 F.2d at 273.

In the present case, it is also worth noting that, at least at this point, *no* proof of service under Rule 45(b)(4) has been filed, indicating simply that the Subpoena has not yet been served. Even if such proof is submitted though, the Defendant anticipates it will reflect that he was served with the Subpoena, *through his attorneys and via email*, as shown by the attached email correspondence dated August 5, 2024 (a copy of which is submitted contemporaneously herewith as "**Exhibit A**").

There is no reasonable argument that the "service" reflected in **Exhibit A** complied with the requirements of service in Rule 45, namely, the requirement of "delivering a copy to the named person and, [because] the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b). The Plaintiffs appear to almost totally ignore these procedural requirements. Their Subpoena must therefore be quashed.

## CONCLUSION

The Plaintiffs' last-minute command for sweeping and highly prejudicial financial evidence attached as Exhibit A to their Subpoena is untimely and unfair

given the parties' Consolidated Pretrial Order. *See* (Dkt. 102). The command is also outside the scope of discovery given the current claims and pending issues in this case, as the evidence it requests is not relevant. Additionally, regarding the breadth, the Subpoena commands production of a massive range of documents, spanning a period of half of a decade, and it commands production of such within ***48 hours*** with no explanation for the delay or its scope and expansiveness. Finally, the Plaintiffs' Subpoena has also been improperly and unfairly served upon the Defendant. The command is therefore objectively unfair, massively burdensome, and must be quashed by this Court.

WHEREFORE, Defendant Wood hereby respectfully requests that this Honorable Court sustain his Objection to Plaintiffs' Notice of Intent to Issue Subpoenas and enter and order Quashing "Exhibit A" of Plaintiffs' purported August 5, 2024 Subpoena.

This 6th day of August, 2024.

[*Signatures on next page*]

Respectfully submitted,

**DOWNEY & CLEVELAND, LLP**

By:   /s/ R. Christopher Harrison
        **R. CHRISTOPHER HARRISON**
        Georgia State Bar No. 333199
        **JACKSON A. GRINER**
        Georgia State Bar No. 495020
        harrison@downeycleveland.com
        *Attorneys for Defendant*

Downey & Cleveland, LLP
288 Washington Avenue
Marietta, GA 30060-1979
T: 770-422-3233
F: 770-423-4199

**JOHN EXUM LAW, LLC**

By:   /s/ John P. Exum, Jr.
        **JOHN P. EXUM, JR.**
        Georgia State Bar No. 568819
        jexum@johnexum.com
        *Attorneys for Defendant*

John Exum Law, LLC
2625 Piedmont Road NE, Suite 56-480
Atlanta, GA 30324
T: 252-560-5325

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D) of the Northern District of Georgia, I hereby certify that this submission has been prepared in compliance with Local Rule 5.1(C), using 14-point Times New Roman Font.

This 6th day of August, 2024.

Respectfully submitted,

**DOWNEY & CLEVELAND, LLP**

By: <u>/s/ R. Christopher Harrison</u>
    **R. CHRISTOPHER HARRISON**
    Georgia State Bar No. 333199
    **JACKSON A. GRINER**
    Georgia State Bar No. 495020
    harrison@downeycleveland.com
    *Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served the following counsel of record with a true and correct copy of the foregoing pleading via electronic service and/or by depositing said copy in the United States Mail, with sufficient postage affixed thereon, and properly addressed to the following:

> Andrew M. Beal, Esq.
> Milinda Brown, Esq.
> Buckley Beal, LLP
> 600 Peachtree Street, NE
> Suite 3900
> Atlanta, GA 30308

This 6th day of August, 2024.

**DOWNEY & CLEVELAND, LLP**

By:   /s/ R. Christopher Harrison
         **R. CHRISTOPHER HARRISON**
         Georgia State Bar No. 333199
         **JACKSON A. GRINER**
         Georgia State Bar No. 495020
         *Attorneys for Defendant*