## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

NICOLE JENNINGS WADE,    )
JONATHAN D. GRUNBERG, and   )
G. TAYLOR WILSON      )
             )
      Plaintiffs,   )
             )    CIVIL ACTION
v.             )
             )
L. LIN WOOD,      )    FILE NO. 1:22-CV-01073
             )
      Defendant.   )
_____ )

## <u>DEFENDANT'S RENEWED MOTION FOR<br>JUDGMENT AS A MATTER OF LAW</u>

COMES NOW, L. LIN WOOD, Defendant to the above-styled civil action, and pursuant to Fed. R. Civ. P. 50(b), hereby files this his Renewed Motion for Judgment as a Matter of Law, and respectfully shows this Honorable Court as follows:

Defendant L. Lin Wood (hereinafter, Defendant Wood), pursuant to Fed. R. Civ. P. 50(b), hereby respectfully renews his Motion for Judgment as a Matter of Law as to the Plaintiff's O.C.G.A. § 13-6-11 claim for attorney's fees. Defendant moved this Court for such a judgment during trial following the close of the Plaintiffs' case in chief, which was denied. Defendant Wood therefore hereby renews his Motion, specifically his arguments regarding (A) the *constitutionality* of

O.C.G.A. § 13-6-11, as applied in this case, and (B) the *applicability* of O.C.G.A. § 13-6-11 to this case which is based in tort law rather than contract law.

**I.**     **O.C.G.A. § 13-6-11, As Applied, Is Unconstitutional Because It Establishes An Award Based On The Conduct Of An Opposing Party Which Is Available Only To Plaintiffs, And Therefore Treats Similarly Situated Litigants Differently.**

O.C.G.A. § 13-6-11 is unconstitutional because it, in violation of (1) Equal Protection as guaranteed by Art. 1, § 1, ¶ II; (2) Due Process as guaranteed by Art. 1, § 1, ¶ I; and (3) the Right to the Courts as guaranteed by Art. 1, § 1, ¶ XII of the Constitution of the State of Georgia, as well as Equal Protection and Due Process as guaranteed by Amendments V and XIV to the Constitution of the United States, treats similarly situated litigants differently and sets forth an award which is available to plaintiffs, but not to defendants, based on actions taken by an opposing party. In other words, the statute authorizes an award recoverable *due to conduct of an opposing party*, which is available to all Plaintiffs but not to defendants.

The code section unfairly denies defendants the ability to recover attorney's fees, regardless of how much bad faith may have been exhibited by the opposing party, and regardless of how frivolous the claim asserted against them may be. O.C.G.A. § 13-6-11 is therefore unconstitutional as it denies defendants equal access to the court system, violates equal protection, and violates defendants' right to due process. *Ga. Const.* Art. 1, § 1, ¶ II; Art. 1, § 1, ¶ I; Art. 1, § 1, ¶ XII; *see also Anderson v. Cayes*, 278 Ga. App. 592, 595 (2006) (*citing Ga. Const.* of 1983, Art.

I, Sec. I, Par. XII.): "We must be mindful of the provision of our Constitution that '[n]o person shall be deprived of the right to prosecute or defend, either in person or by an attorney, that person's own cause in any of the courts of this state.'"

Moreover, the Plaintiffs have now *recovered* upon a claim which has been wholly unavailable to the Defendant throughout the litigation. Generally, the rule by which each party is responsible for its own attorney's fees and litigation expenses applies, unless there is some statutory or contractual exception. *Smith v. Baptiste*, 287 Ga. 23, 28 (2010): *citing Ga. Subsequent Injury Trust Fund v. Muscogee Iron Works*, 265 Ga. 790-791 (1995). Exceptions to this rule might include fee-shifting statutes such as O.C.G.A. § 9-15-14, which is a penalty statute available *to both parties*.

Unlike those statutes though, O.C.G.A. § 13-6-11 is a fee-shifting provision strictly reserved for plaintiffs. Awards under O.C.G.A. § 13-6-11 must be specifically pled and prayed for in the complaint, are authorized only for plaintiffs, and are decided by the trier of fact upon proof presented at trial. *Williams v. Binion*, 227 Ga. App. 893, 894 (1997) (emphasis supplied).

A defendant cannot assert, as a counterclaim, that he is entitled to recover attorney's fees under the statute, no matter how frivolous a claim may be when filed against him. *See Tyler v. Borland*, 157 Ga. App. 332 (1981); *White v. Watson Enterprises, Inc.*, 129 Ga. App. 203 (1973); *King v. Pate*, 215 Ga. 593 (1960). A

defendant cannot recover litigation expenses under the statute from a plaintiff *even if* said plaintiff clearly engaged in bad faith during the underlying transaction. *Id.* O.C.G.A. § 13-6-11 as applied to this case therefore violates the Defendant's constitutional rights to equal protection and due process.

Furthermore, even assuming *in arguendo* that the jury had returned a verdict for the Defendant at trial or had awarded an amount significantly less than any amount offered by the Defendant pre-suit, no penalty for fees and costs could have been levied against the plaintiffs under O.C.G.A. § 13-6-11 for bringing forth said groundless claims. The statute, as utilized by the Plaintiffs here, clearly treats similarly situated litigants different and therefore violates the Defendant's constitutional right to a trial by jury and equal protection under the law. *See Old S. Duck Tours v. Mayor & Aldermen of City of Savannah*, 272 Ga. 869, 873 (2000); *citing City of Atlanta v. Watson*, 267 Ga. 185, 187-88 (1996); *see also* Ga. Const. art. I, § 1, ¶ II; U.S. Const. amend. XIV.

"We must be mindful of the provision of our Constitution that '[n]o person shall be deprived of the right to prosecute or defend, either in person or by an attorney, that person's own cause in any of the courts of this state.'" *Anderson v. Cayes*, 278 Ga. App. 592, 595 (2006); *citing* Ga. Const. of 1983, Art. I, Sec. I, Par. XII; *see also Smith*, 287 Ga. at 24–27: ("This is a privilege granted to the Defendant as well as the plaintiff. Where there is a bona fide controversy for the tribunals to

settle, and the parties cannot adjust it amicably, there should be no burdening of one with the counsel fees of the other, unless there has been wanton or excessive indulgence in litigation.").

Furthermore, "[s]ince any…statute [that provides for the award of attorney fees] is in derogation of common law, … it must be strictly construed against the award of such damages." *Horton v. Dennis*, 325 Ga. App. 212, 215 (2013); *see also Id*; *citing Monroe v. Taylor*, 259 Ga. App. 600, 601 (2003): ("[a]s a general rule, Georgia law does not provide for the award of attorney fees even to a prevailing party unless authorized by statute or contract. When awarded by statute, such fees may be obtained only pursuant to the statute under which the action was brought and decided.").

By way of a brief comparison between O.C.G.A. § 13-6-11 and other fee-shifting provisions, in *Sims v. Sims*, an appeal of an underlying alimony modification proceeding, the Supreme Court of Georgia held that Georgia's prior "live in lover" statute was unconstitutional because it provided only for the modification of alimony *awarded to a wife*, and not to a husband. 243 Ga. 275 (1979). Because the statute contained a classification by gender in violation of the equal protection clause of the 14th Amendment, it was held unconstitutional. *Id; see also* Ga. Const. art. I, § 1, ¶ II; U.S. Const. amend. XIV. The Supreme Court of Georgia, as a result, affirmed the trial court's finding that because the portion of the statute which authorized the

award of attorney fees was unconstitutional, there was *no statutory basis for an award of attorney fees* to the wife. *Sims v. Sims*, 245 Ga. 95 (1980).

This Court, similarly, should rule that O.C.G.A. § 13-6-11 is unconstitutional, thereby confirming that the Plaintiffs' claim for attorney's fees has no statutory basis. It is clear that the statute treats similarly situated litigants differently and is therefore unconstitutional. *See Old S. Duck Tours*, 272 Ga. at 873. The Plaintiffs' award of attorney's fees awarded in the instant case must therefore be set aside as it is barred as a matter of law.

Regarding an analysis of the constitutionality of O.C.G.A. § 13-6-11, typically, in order for a statute passed by given state to *remain* constitutional in the face of a constitutional challenge, it must pass the proper scrutiny test before it may be declared constitutional. Precedent from the Supreme Court of the United States is well settled, and it has been determined that:

> Unless a classification trammels fundamental personal rights or is drawn upon inherently suspect distinctions such as race, religion, or alienage, our decisions presume the constitutionality of the statutory discriminations and require only that the classification challenged be rationally related to a legitimate state interest.

*City of New Orleans v. Dukes*, 427 U.S. 297, 303 (1976); *see also Massachusetts Bd. of Ret. v. Murgia*, 427 U.S. 307, 312 (1976): (holding that "equal protection analysis requires strict scrutiny of a legislative classification only when the classification impermissibly interferes with the exercise of a fundamental right[3] or operates to the

peculiar disadvantage of a suspect class."). Under the rational basis test, also referred to as the rationality test, a statutory provision may be upheld as constitutional only if it is *rationally related* to a *legitimate* state interest. *Id.*

The application of O.C.G.A. § 13-6-11 only to plaintiffs in a tort case though, cannot be deemed to be rationally related to any legitimate state interest, especially in light of the other vehicles at a given litigant's disposal which can be used to recover fees an expenses of litigation. The statute, as a result, does not pass the rational basis test and must be ruled unconstitutional.

Regarding the interest the State of Georgia purportedly has in maintaining the statute, the United States Bankruptcy Court for the Northern District of Georgia has examined the statute and held that "the rationale is that the ***defendant*** inflicted additional and needless costs or damage ***on the plaintiff*** that can said to have been the consequence of the underlying tort." *In re Ellerbee*, 177 B.R. 731, 746 (Bankr. N.D. Ga. 1995).

For the purposes of narrowing the issues, Defendant Wood concedes that the language of O.C.G.A. § 13-6-11, as authored, may generally accomplish the purpose of the statute as described by the *Ellerbee* Court. That purpose itself though, because of the fact it specifically singles out plaintiffs versus defendants, rather than using a term such as "parties" or "litigants," violates equal protection and is not a legitimate interest. In other words, the statute takes effect when a *defendant* inflicts additional

and needless costs or damage but will not have any effect in a similar situation in which a *plaintiff* has inflicted additional and needless costs or damage. It therefore treats similarly situated persons differently.

Georgia does not have any interest though in singling out defendants, but not plaintiffs, based on their alleged litigation conduct. Georgia also does not have an interest in punishing either a plaintiff or a defendant, *singularly*, in light of the other numerous statutes Georgia has which allow recovery of fees an expenses. *See* O.C.G.A. §§ 9-15-14; 9-11-68(b); 9-11-68(e). O.C.G.A. § 13-6-11, at best, could be described as duplicative given these other states. At worst though, it is blatantly unconstitutional since it is *in no way tailored to apply equally* to similarly situated litigants. It must therefore be ruled unconstitutional.

## II.  O.C.G.A. § 1-1-8, As Amended, Precludes Application Of O.C.G.A. § 13-6-11 To This Case Because O.C.G.A. § 13-6-11 Is Contained In The Section Of The Georgia Code Titled "Contracts," Rather Than The Section Titled "Torts."

In 2021, the Georgia Legislature amended the language of two code sections contained within Title 1 of the Georgia Code. The code sections amended are those which set forth which pieces of the Georgia Code in fact have "force of law or imprimatur of the State of Georgia[.]" O.C.G.A. § 1-1-8; *see also* O.C.G.A. § 1-1-1. Crucially though, these code sections appear to have been amended specifically to provide "force of law" to the "[a]rrangement and numbering system, including, but not limited to, title, chapter, article, part, subpart, Code section, subsection,

paragraph, subparagraph, division, and subdivision numbers and designations[,]" *in addition to* the statutory text itself. O.C.G.A. § 1-1-1; O.C.G.A. § 1-1-8. It is therefore evident that the Georgia Legislature intended to attach legal significance to the arrangement and numbering system of the Georgia Code. *Id.*

Because of the Georgia Legislature's amending of O.C.G.A. §§ 1-1-1 and 1-1-8, it has become clear that O.C.G.A. § 13-6-11, from both a constitutional *and a statutory perspective*, cannot be applied to the case at bar. Simply put, because of the current language of O.C.G.A. §§ 1-1-1 and 1-1-8, O.C.G.A. § 13-6-11 is a provision that, by being included within title 13 of the Georgia Code, titled "Contacts," is a statutory remedy applicable to claims *based in contract law*. It is not, however, a statutory remedy applicable to matters arising out of *tort* law, since no such statute is included within title 51 of the Georgia Code, titled "Torts."

Specifically, regarding O.C.G.A. § 1-1-8, the Georgia General Assembly's 2021 amendment added subsection (f) to the code section. Subsection (f) reads as follows:

> Nothing in this Code section shall be construed to mean that any matter contained in the Official Code of Georgia Annotated has any force of law or imprimatur of the State of Georgia except as provided for in Code Section 1-1-1.

O.C.G.A. § 1-1-8(f). Given this addition, it is clear that O.C.G.A. § 1-1-8, particularly, does *not* grant or provide the "force of law or imprimatur of the State of Georgia" to any particular code section or piece thereof. O.C.G.A. § 1-1-1,

however, *does state* which pieces or words included within the Georgia Code have the force of statutory law.

As such, turning to O.C.G.A. § 1-1-1, it appears the Georgia General Assembly passed its 2021 amendment of this code section in order to add subsections (b) and (c). Subsection (a) was also amended, and now provides as follows:

> The statutory portion of the codification of Georgia laws prepared by the Code Revision Commission and the Michie Company pursuant to a contract entered into on June 19, 1978, is enacted and shall have the effect of statutes enacted by the General Assembly of Georgia. The statutory portion *and numbering and arrangement of such codification*, along with supplementary content determined to be useful to users, shall be published by the state and when so published shall be known and may be cited as the "Official Code of Georgia Annotated."

O.C.G.A. § 1-1-1(a) (emphasis supplied). The Georgia General Assembly then, to further clarify what wording and which numerical figures within the Georgia Code have force of law, added Subsection (b) which reads as follows:

> The following matter contained in the Official Code of Georgia Annotated, including all supplements and revised volumes thereof, shall be considered enacted by the General Assembly:
> (1) Statutory text; *and*
> (2) *Arrangement and numbering system, including, but not limited to, title, chapter, article, part, subpart, Code section, subsection, paragraph, subparagraph, division, and subdivision numbers and designations.*

O.C.G.A. § 1-1-1(b) (emphasis supplied). Thus, *not only* is the statutory text (i.e., the words included within a given section) considered to have been *enacted* by the

Georgia General Assembly, and is thus considered to be valid statutory law, but *so too* is the "[a]rrangement and numbering system, including, but not limited to, title, chapter, article, part, subpart, Code section, subsection, paragraph, subparagraph, division, and subdivision numbers and designations." O.C.G.A. § 1-1-1(b)(2). In other words, the organization and categorization of the Georgia Code now has the same force of law as the statutory text itself. *Both* are "considered [to have been] *enacted* by the General Assembly[.]" O.C.G.A. § 1-1-1(b) (emphasis supplied). Both are valid statutory law.

Moreover, this framework has been examined by the United States District Court for the Northern District of Georgia through the opinion it rendered in *Willis v. Blunt*, a recent 2022 decision. 2022 WL 1714857 (N.D. Ga. May 4, 2022). In *Willis*, specifically, the plaintiff, Ricke Willis, filed suit against Patrick Blunt and his purported employer for personal injuries allegedly sustained in a motor vehicle accident occurring on or about March 23, 2021. *Willis*, 2022 WL 1714857 at *1. Willis filed suit on June 29, 2021, and asserted entitlement to damages purportedly resulting from the vehicle collision. *Id.* Willis also asserted a claim for punitive damages and a claim for attorney's fees under O.C.G.A. § 13-6-11. *Id.*

Following initial discovery, the *Willis* defendants moved for summary judgment contending that O.C.G.A. § 13-6-11 was not applicable to the case since the claims upon which the award was based were grounded in tort law, not in

contract law. *Id.* The *Willis* defendants went on to contend that the passing of Senate Bill 238, which contained the Georgia General Assembly's aforementioned amendments to O.C.G.A. §§ 1-1-1 and 1-1-8, (hereinafter, "S.B. 238"), changed the meaning of O.C.G.A. § 13-6-11 by establishing that *the numbering of* O.C.G.A. § 13-6-11 has the same force of law as the wording of the code section itself. *Id* at *3. In other words, the location of O.C.G.A. § 13-6-11 specifically within Title 13 is as much a part of the statute as the statutory text itself. *Id.* Applying this code section to matters arising from titles *other than* Title 13, therefore, cannot be permitted. *Id.*

The *Willis* Court went on to discuss arguments made by the plaintiff and noted his citation to other prior matters which upheld a plaintiff's ability to assert claims under O.C.G.A. § 13-6-11 in tort actions. Crucially though, the *Willis* plaintiff does not appear to have cited any cases commenced *after* July 1, 2021 that allowed claims under O.C.G.A. § 13-6-11. The cases cited by the plaintiff in *Willis*, instead, were all filed before July 1, 2021, the date upon which S.B. 238 became effective.

The applicability of O.C.G.A. § 13-6-11 to actions involving tort claims only, *following the passing of S.B. 238*, therefore appears to be a matter of first impression ripe for this Honorable Court's consideration.

As alluded to, the *Willis* Court did ultimately find that the passing of S.B. 238 did not preclude the applicability of O.C.G.A. § 13-6-11, *in Willis specifically*. *Id* at *3-4. Importantly though, the *Willis* Court found that the *Willis* defendants'

argument only failed "either because S.B. 238 made a substantive change to Georgia law that cannot be retroactively applied to this case or because S.B. 238 made only procedural changes that do not alter the ability of a plaintiff suing solely in tort to recover attorneys' fees and litigation expenses pursuant to O.C.G.A. § 13-6-11." 2022 WL 1714857 at *5. The *Willis* Court was *unable* to find that S.B. 238 precluded the applicability of O.C.G.A. § 13-6-11, *because S.B. 238 could not be applied retroactively*. The *Willis* Court explained accordingly that it had no choice but to deny the defendants' motion, based on the June 29, 2021 filing date of the case. *Id.*

No such bar exists in the present case, however. This Case was commenced by the Plaintiffs on March 17, 2022, a few months *after S.B. 238 passed* on July 1, 2021. S.B. 238 therefore applies here without the need for any type of retroactive application. *Id.* O.C.G.A. §§ 1-1-1 and 1-1-8, as amended, clearly serve as a bar to claims brough under O.C.G.A. § 13-6-11 in matters merely involving tort claims.

This framework applied to the instant case, it is clear the Plaintiffs' award under O.C.G.A. § 13-6-11 should be set aside. O.C.G.A. § 13-6-11 is a code section specifically placed within Title 13, Chapter 6 of the Georgia Code. There is no such statute placed within Title 51 of the Georgia code, dealing with torts. O.C.G.A. § 13-6-11 according to its numbering arrangement therefore clearly applies only to causes of action brought until Title 13, which deals with contracts.

The Georgia General Assembly certainly could have chosen to amend O.C.G.A. § 13-6-11 to move it under a different title. It also could have crafted a similar statute to be added to Title 51. Furthermore, practically speaking, the Georgia General Assembly also had the option of deciding not to amend O.C.G.A. §§ 1-1-1 and 1-1-8, altogether.

The Georgia General Assembly, instead, specifically chose to place O.C.G.A. § 13-6-11 within title 13 of the Georgia Code and has since chosen not to move it. The Georgia General Assembly then, in 2021, elected to extend the force of the law not only to a code section's statutory language, but to its arrangement and numbering system as well. The Georgia General Assembly has therefore clearly precluded damages under O.C.G.A. § 13-6-11 from being awardable in matters *not brought under* title 13.

For the purposes of *interpreting* these code sections, it is well settled under Georgia law that "courts shall look diligently for the intention of the Georgia General Assembly, keeping in view at all times the old law, the evil, and the remedy." O.C.G.A. § 1-3-1(a). Moreover, it has also long been established that "ordinary signification shall be applied to all words" O.C.G.A. § 1-3-1(b). We therefore can only assume that the Georgia General Assembly *meant what they said and said what they meant*.

It is clear that a decision was made by the Georgia General Assembly in 1984 to place O.C.G.A. § 13-6-11 within title 13 of the Georgia Code. It then made another clear decision in 2021, by passing S.B. 238, to give equal force of law not only to the statutory text of the Georgia Code, but to the numbering system and arrangement of the code sections too. The only reasonable conclusion that can be drawn is that the Georgia General Assembly decided to preclude awards under O.C.G.A. § 13-6-11 in matters only involving tort claims. Given the clear intent of the Georgia General Assembly and considering the plain meaning of O.C.G.A. §§ 1-1-1 and 1-1-8 as amended, it is evident that O.C.G.A. § 13-6-11 does not apply to this case, and the Plaintiffs' award under the same should be set aside.

## CONCLUSION

O.C.G.A. § 13-6-11 is unconstitutional because of the fact that it unfairly treats similarly situated litigants differently. O.C.G.A. § 13-6-11 also *no longer applies* to cases involving tort claims only, because of the amendments to O.C.G.A. §§ 1-1-1 and 1-1-8. The code sections, as amended, give equal force of law not only to the statutory text found within sections of the Georgia Code, but also to the numbering system and arrangement of the code sections. O.C.G.A. § 13-6-11, specifically, is found within title 13 of the Georgia Code, titled "Contracts." This case, however, merely involves tort claims brought under Title 51 of the Georgia

code. The Plaintiffs' claim for attorney's fees under O.C.G.A. § 13-6-11 is therefore barred as a matter of law, and their award must be set aside.

WHEREFORE, the Defendant respectfully requests that this Court GRANT his Renewed Motion for Judgment as a Matter of Law and Set Aside the jury's award of expenses of litigation to the Plaintiffs under O.C.G.A. § 13-6-11.

This 12th day of September, 2024.

*[Signatures on next page]*

Respectfully submitted,

**DOWNEY & CLEVELAND, LLP**

By:   /s/ R. Christopher Harrison
      **R. CHRISTOPHER HARRISON**
      Georgia State Bar No. 333199
      **JACKSON A. GRINER**
      Georgia State Bar No. 495020
      harrison@downeycleveland.com
      *Attorneys for Defendant*

Downey & Cleveland, LLP
288 Washington Avenue
Marietta, GA 30060-1979
T: 770-422-3233
F: 770-423-4199

**JOHN EXUM LAW, LLC**

By:   /s/ John P. Exum, Jr.
      **JOHN P. EXUM, JR.**
      Georgia State Bar No. 568819
      jexum@johnexum.com
      *Attorneys for Defendant*

John Exum Law, LLC
2625 Piedmont Road NE, Suite 56-480
Atlanta, GA 30324
T: 252-560-5325

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D) of the Northern District of Georgia, I hereby certify that this submission has been prepared in compliance with Local Rule 5.1(C), using 14-point Times New Roman Font.

This 12th day of September, 2024.

Respectfully submitted,

**DOWNEY & CLEVELAND, LLP**

By: <u>/s/ R. Christopher Harrison</u>
      **R. CHRISTOPHER HARRISON**
      Georgia State Bar No. 333199
      **JACKSON A. GRINER**
      Georgia State Bar No. 495020
      harrison@downeycleveland.com
      *Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served the following counsel of record with a true and correct copy of the foregoing pleading via electronic service and/or by depositing said copy in the United States Mail, with sufficient postage affixed thereon, and properly addressed to the following:

Andrew M. Beal, Esq.
Milinda Brown, Esq.
Beal Sutherland Berlin & Brown, LLC
2200 Century Parkway NE, Suite 100
Atlanta, GA 30345

This 12th day of September, 2024.

**DOWNEY & CLEVELAND, LLP**


By:   /s/ R. Christopher Harrison
       **R. CHRISTOPHER HARRISON**
       Georgia State Bar No. 333199
       **JACKSON A. GRINER**
       Georgia State Bar No. 495020
       *Attorneys for Defendant*