# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### 2211 UNITED STATES COURTHOUSE
### 75 TED TURNER DRIVE, SW
### ATLANTA, GEORGIA 30303-3361

KEVIN P. WEIMER                                                    DOCKETING SECTION
DISTRICT COURT EXECUTIVE                                           404-215-1655
 AND CLERK OF COURT

September 16, 2024

Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth Street, NW
Atlanta, Georgia 30303

      **U.S.D.C. No.: 1:22-cv-1073-MLB**
      **U.S.C.A. No.: 00-00000-00**
      **In re:     Nicole Jennings Wade et al v. L. Lin Wood**

     Enclosed are documents regarding an appeal in this matter.   Please acknowledge receipt on the enclosed copy of this letter.

| | |
|---|---|
| **X** | **Certified copies of the Notice of Appeal, Clerk's Judgment, Opinion & Order and Docket Sheet appealed enclosed.** |
| ____ | This is not the first notice of appeal. Other notices were filed on: . |
| ____ | There is no transcript. |
| **X** | **The court reporter is Jana Colter.** |
| ____ | There is sealed material as described below: . |
| ____ | Other: Original record A/V Record Exhibits transmitted pursuant to request.   (See attached copy of request.) |
| **X** | **USCA Appeal fees HAVE been paid. (Receipt# AGANDC-13720326)** |
| ____ | Appellant has been   leave to proceed *in forma pauperis*. |
| ____ | This is a bankruptcy appeal.   The Bankruptcy Judge is . |
| ____ | The Magistrate Judge is . |
| **X** | **The District Judge is Judge Michael L. Brown.** |
| ____ | This is a **DEATH PENALTY** appeal. |

                     Sincerely,

                     Kevin P. Weimer
                     District Court Executive
                     and Clerk of Court

             By:   /s/P. McClam
                   Deputy Clerk

4months,APPEAL,AVEXH,CLOSED,EXH,MLBLC1,PROTO

# U.S. District Court
# Northern District of Georgia (Atlanta)
# CIVIL DOCKET FOR CASE #: <u>1:22–cv–01073–MLB</u>

Wade et al v. Wood

Assigned to: Judge Michael L. Brown

Cause: 28:1332 Diversity–Libel,Assault,Slander

Date Filed: 03/17/2022

Date Terminated: 08/20/2024

Jury Demand: Plaintiff

Nature of Suit: 320 Assault Libel & Slander

Jurisdiction: Diversity

**<u>Plaintiff</u>**

**Nicole Jennings Wade**

represented by **Andrew Mabon Beal**
Beal, Sutherland, Berlin, and Brown, LLC
2200 Century Parkway
Suite 100
Atlanta, GA 30345
678–439–0330
Email: <u>drew@beal.law</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Milinda Lynn Brown**
Beal, Sutherland, Berlin & Brown
2200 Century Pkwy NE
Suite 100
Atlanta, GA 30345
678–449–0422
Email: <u>milinda@beal.law</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**<u>Plaintiff</u>**

**Jonathan D. Grunberg**

represented by **Andrew Mabon Beal**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Milinda Lynn Brown**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**<u>Plaintiff</u>**

**G. Taylor Wilson**

represented by **Andrew Mabon Beal**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

1

**Milinda Lynn Brown**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**L. Lin Wood**                        represented by   **Ibrahim Reyes**
Reyes Lawyers, PA
236 Valencia Avenue
Coral Gables, FL 33134
305–218–0982
Fax: 305–445–1181
Email: ireyes@reyeslawyers.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jackson Alexander Griner**
Downey & Cleveland, LLP
288 Washington Avenue
Marietta, GA 30060
770–422–3233
Email: griner@downeycleveland.com
*ATTORNEY TO BE NOTICED*

**John Patrick Exum , II**
John Exum Law, LLC
2625 Piedmont Rd NE
Ste 56–480
Atlanta, GA 30324
252–560–5325
Email: jexum@johnexum.com
*ATTORNEY TO BE NOTICED*

**L. Lin Wood , Jr.**
L. Lin Wood, P.C.
P.O. Box 52584
Atlanta, GA 30355–0584
404–891–1402
Fax: 404–506–9111
Email: lwood@linwoodlaw.com
*ATTORNEY TO BE NOTICED*

**R. Chris Harrison**
Downey & Cleveland
288 Washington Avenue
Marietta, GA 30060
770–422–3233

Email: harrison@downeycleveland.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 03/17/2022 | 1 | | COMPLAINT with Jury Demand filed by Nicole Jennings Wade, Jonathan D. Grunberg, G. Taylor Wilson. (Filing fee $402.00, receipt number AGANDC–11663704) (Attachments: # 1 Verification –Nicole Wade, # 2 Verification –Jonathan Grunberg, # 3 Verification – Taylor Wilson, # 4 Exhibit –A, # 5 Civil Cover Sheet)(eop) Please visit our website at http://www.gand.uscourts.gov/commonly–used–forms to obtain Pretrial Instructions and Pretrial Associated Forms which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 03/17/2022) |
| 03/17/2022 | 2 | | Electronic Summons Issued as to L. Lin Wood. (eop) (Entered: 03/17/2022) |
| 03/17/2022 | 3 | | Certificate of Interested Persons by Jonathan D. Grunberg, Nicole Jennings Wade, G. Taylor Wilson. (Beal, Andrew) (Entered: 03/17/2022) |
| 03/24/2022 | 4 | | ORDER REASSIGNING CASE. Judge Amy Totenberg declined assignment of this case. Case reassigned to Judge Steve C. Jones for all further proceedings. NOTICE TO ALL COUNSEL OF RECORD: The Judge designation in the civil action number assigned to this case has been changed to 1:22–cv–01073–SCJ. Please make note of this change in order to facilitate the docketing of pleadings in this case. Signed by Judge Amy Totenberg on 3/24/2022. (bgt) (Entered: 03/25/2022) |
| 03/25/2022 | 5 | | ORDER OF RECUSAL. Judge Steve C. Jones recused. Case reassigned to Judge Michael L. Brown for all further proceedings. NOTICE TO ALL COUNSEL OF RECORD: The Judge designation in the civil action number assigned to this case has been changed to 1:22–CV–1073–MLB. Please make note of this change in order to facilitate the docketing of pleadings in this case. Signed by Judge Steve C. Jones on 03/25/2022. (ddm) (Entered: 03/25/2022) |
| 03/25/2022 | 6 | | STANDING ORDER regarding Civil Litigation. Signed by Judge Michael L. Brown on 8/26/2021. (jpk) (Entered: 03/25/2022) |
| 03/28/2022 | 7 | | Return of Service Executed by Nicole Jennings Wade, Jonathan D. Grunberg, G. Taylor Wilson. L. Lin Wood served on 3/22/2022, answer due 4/12/2022. (Beal, Andrew) (Entered: 03/28/2022) |
| 03/31/2022 | 8 | | Minute Entry for proceedings held before Judge Michael L. Brown: Telephone Conference held on 3/31/2022 regarding potential conflict. The Court STAYS thedeadline to file any responsive pleadings until the conflict issue isresolved. (Court Reporter Jana Colter)(dob) (Entered: 04/01/2022) |
| 04/21/2022 | 9 | | ORDER lifts stay and directs the Defendant to file answer or otherwise file a responsive pleading to the complaint with 30 days from the date of this order. Signed by Judge Michael L. Brown on 4/21/2022. (dob) (Entered: 04/21/2022) |
| 05/20/2022 | 10 | | NOTICE of Appearance by R. Chris Harrison on behalf of L. Lin Wood (Harrison, R.) (Entered: 05/20/2022) |
| 05/20/2022 | 11 | | First MOTION for Extension of Time to File Answer by L. Lin Wood. (Harrison, R.) (Entered: 05/20/2022) |
| 05/23/2022 | 12 | | |

| | | | |
|---|---|---|---|
| | | | ORDER granting 11 First MOTION for Extension of Time to File Answer re 1 Complaint. L. Lin Wood Answer due 6/3/2022. Signed by Judge Michael L. Brown on 5/23/2022. (dob) (Entered: 05/23/2022) |
| 05/26/2022 | 13 | | NOTICE of Appearance by L. Lin Wood, Jr on behalf of L. Lin Wood (Wood, L.) (Entered: 05/26/2022) |
| 05/26/2022 | 14 | | APPLICATION for Admission of Ibrahim Reyes Pro Hac Vice (Application fee $ 150, receipt number AGANDC−11829377).by L. Lin Wood. (Wood, L.) Documents for this entry are not available for viewing outside the courthouse. (Entered: 05/26/2022) |
| 05/31/2022 | | | APPROVAL by Clerks Office re: 14 APPLICATION for Admission of Ibrahim Reyes Pro Hac Vice (Application fee $ 150, receipt number AGANDC−11829377). Attorney Ibrahim Reyes added appearing on behalf of L. Lin Wood (cdg) (Entered: 05/31/2022) |
| 05/31/2022 | 15 | | ORDER granting 14 Application for Admission Pro Hac Vice as to Ibrahim Reyes. Signed by Judge Michael L. Brown on 5/31/2022. If the applicant does not have CM/ECF access in the Northern District of Georgia already, they must request access at http://pacer.gov. If they have electronically filed in this district in a previous case, please omit this step.(dob) (Entered: 05/31/2022) |
| 06/03/2022 | 16 | | First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM with Brief In Support by L. Lin Wood. (Attachments: # 1 Brief)(Harrison, R.) (Entered: 06/03/2022) |
| 06/07/2022 | 17 | | MOTION to Stay by Georgia Farm Bureau Mutual Insurance Company. (Groover, Duke) (Entered: 06/07/2022) |
| 06/07/2022 | 18 | | RESPONSE in Opposition re 16 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Jonathan D. Grunberg, Nicole Jennings Wade, G. Taylor Wilson. (Beal, Andrew) (Entered: 06/07/2022) |
| 06/16/2022 | 19 | | RESPONSE in Opposition re 17 MOTION to Stay filed by Jonathan D. Grunberg, Nicole Jennings Wade, G. Taylor Wilson. (Attachments: # 1 Exhibit Exhibit A, Declaration of Andrew M. Beal, Esq., # 2 Exhibit Exhibit B, Declaration of Nicole Jennings Wade)(Beal, Andrew) (Entered: 06/16/2022) |
| 06/22/2022 | | | Submission of 16 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM to District Judge Michael L. Brown. (jpk) (Entered: 06/22/2022) |
| 06/27/2022 | 20 | | Withdrawal of Motion 16 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by L. Lin Wood filed by L. Lin Wood. (Harrison, R.) (Entered: 06/27/2022) |
| 06/27/2022 | 21 | | *Def Wood's* ANSWER to 1 COMPLAINT by L. Lin Wood. Discovery ends on 11/25/2022.(Harrison, R.) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 06/27/2022) |
| 07/01/2022 | | | Submission of 17 MOTION to Stay to District Judge Michael L. Brown. (jpk) (Entered: 07/01/2022) |
| 07/05/2022 | 22 | | CERTIFICATE OF SERVICE *for Plaintiffs' Initial Disclosures* by Jonathan D. Grunberg, Nicole Jennings Wade, G. Taylor Wilson.(Beal, Andrew) (Entered: 07/05/2022) |
| 07/05/2022 | 23 | | Plaintiff's Portion of JOINT PRELIMINARY REPORT AND DISCOVERY PLAN filed by Jonathan D. Grunberg, Nicole Jennings Wade, G. Taylor Wilson. (Beal, Andrew) Modified on 7/6/2022 to edit text to reflect PDF (dob). (Entered: 07/05/2022) |
| 07/19/2022 | 24 | | |

| | | | |
|---|---|---|---|
| | | | CERTIFICATE OF SERVICE *of Discovery* by Jonathan D. Grunberg, Nicole Jennings Wade, G. Taylor Wilson.(Beal, Andrew) (Entered: 07/19/2022) |
| 07/21/2022 | 25 | | Supplemental BRIEF in Opposition re 17 MOTION to Stay *In Opposition* filed by Jonathan D. Grunberg, Nicole Jennings Wade, G. Taylor Wilson. (Beal, Andrew) Modified on 7/22/2022 to edit text to reflect PDF (dob). (Entered: 07/21/2022) |
| 07/27/2022 | 26 | | JOINT PRELIMINARY REPORT AND DISCOVERY PLAN filed by Jonathan D. Grunberg, Nicole Jennings Wade, G. Taylor Wilson. (Beal, Andrew) (Entered: 07/27/2022) |
| 07/28/2022 | 27 | | First Initial Disclosures by L. Lin Wood.(Harrison, R.) (Entered: 07/28/2022) |
| 07/28/2022 | 28 | | NOTICE by Jonathan D. Grunberg, Nicole Jennings Wade, G. Taylor Wilson *of Intent to Issue Subpoenas* (Beal, Andrew) (Entered: 07/28/2022) |
| 07/28/2022 | 29 | | CERTIFICATE OF SERVICE by Jonathan D. Grunberg, Nicole Jennings Wade, G. Taylor Wilson.(Beal, Andrew) (Entered: 07/28/2022) |
| 08/02/2022 | | | NOTICE of Hearing (by docket entry only): The Court SETS a Hearing on the parties' 26 Joint Preliminary Report and Discovery Plan for 8/17/2022 at 11:00 AM in ATLA Courtroom 1906 before Judge Michael L. Brown. (jpk) (Entered: 08/02/2022) |
| 08/05/2022 | 30 | | AFFIDAVIT of Service for Proof of Service , as to Arch Insurance Company. (Beal, Andrew) (Entered: 08/05/2022) |
| 08/05/2022 | 31 | | AFFIDAVIT of Service for Proof of Service , as to United States Liability Insurance Co.. (Beal, Andrew) (Entered: 08/05/2022) |
| 08/05/2022 | 32 | | AFFIDAVIT of Service for Proof of Service , as to Scottsdale Ins. Co.\Nationwide Ins. Co. of America. (Beal, Andrew) (Entered: 08/05/2022) |
| 08/17/2022 | 33 | | Minute Entry for proceedings held before Judge Michael L. Brown: Discovery Hearing held on 8/24/2022. Hearing held on the parties' 26 Joint Preliminary Report and Discovery Plan. The Court assigned the case to a four–month discovery track. Discovery shall be completed on or before December 16, 2022. The Court's other rulings are as stated in the record. (Court Reporter Jana Colter)(dob) Modified on 9/3/2022 to correct filing date (jpk). (Entered: 08/24/2022) |
| 08/24/2022 | | | Discovery ends on 12/16/2022. (dob) (Entered: 08/24/2022) |
| 08/29/2022 | 34 | | First NOTICE to Take Deposition of Nicole Wade filed by L. Lin Wood (Harrison, R.) (Entered: 08/29/2022) |
| 08/29/2022 | 35 | | First NOTICE to Take Deposition of Jonathan Grunberg filed by L. Lin Wood (Harrison, R.) (Entered: 08/29/2022) |
| 08/29/2022 | 36 | | First NOTICE to Take Deposition of G. Taylor Wilson filed by L. Lin Wood (Harrison, R.) (Entered: 08/29/2022) |
| 08/29/2022 | 37 | | NOTICE to Take Deposition of L. Lin Wood filed by Jonathan D. Grunberg, Nicole Jennings Wade, G. Taylor Wilson (Beal, Andrew) (Entered: 08/29/2022) |
| 08/31/2022 | 38 | | DISCOVERY FILED IN VIOLATION OF LR 5.4a RESPONSE re 24 Certificate of Service *Plaintiffs' Request for Admissions* filed by L. Lin Wood. (Harrison, R.) Modified on 9/1/2022 (dob). (Entered: 08/31/2022) |
| 08/31/2022 | 39 | | CERTIFICATE OF SERVICE *D's Discovery Responses* by L. Lin Wood.(Harrison, R.) (Entered: 08/31/2022) |

| 10/03/2022 | 40 | | CERTIFICATE OF SERVICE *of Discovery Materials* by L. Lin Wood.(Harrison, R.) (Entered: 10/03/2022) |
| 10/06/2022 | 41 | | CERTIFICATE OF SERVICE *of Discovery Materials* by L. Lin Wood.(Harrison, R.) (Entered: 10/06/2022) |
| 10/10/2022 | 42 | | NOTICE by Jonathan D. Grunberg, Nicole Jennings Wade, G. Taylor Wilson *of Intent to Issue Subpoena* (Beal, Andrew) (Entered: 10/10/2022) |
| 10/11/2022 | 43 | | CERTIFICATE OF SERVICE by Jonathan D. Grunberg, Nicole Jennings Wade, G. Taylor Wilson.(Beal, Andrew) (Entered: 10/11/2022) |
| 10/13/2022 | | | ORDER (by docket entry only): The Court DENIES Georgia Farm Bureau Mutual Insurance Company's 17 Motion to Stay for the reasons stated in Plaintiffs' opposition briefs (Dkts. 19; 25). Ordered by Judge Michael L. Brown on 10/13/2022. (jpk) (Entered: 10/13/2022) |
| 10/26/2022 | 44 | | Amended NOTICE to Take Deposition of G. Taylor Wilson filed by L. Lin Wood (Harrison, R.) (Entered: 10/26/2022) |
| 10/26/2022 | 45 | | Amended NOTICE to Take Deposition of Jonathan Grunberg filed by L. Lin Wood (Harrison, R.) (Entered: 10/26/2022) |
| 10/26/2022 | 46 | | Amended NOTICE to Take Deposition of G. Taylor Wilson filed by L. Lin Wood (Harrison, R.) (Entered: 10/26/2022) |
| 10/26/2022 | 47 | | Amended NOTICE to Take Deposition of Nicole Wade filed by L. Lin Wood (Harrison, R.) (Entered: 10/26/2022) |
| 10/27/2022 | 48 | | Second NOTICE to Take Deposition of Nicole Wade filed by L. Lin Wood (Harrison, R.) (Entered: 10/27/2022) |
| 10/27/2022 | 49 | | Second NOTICE to Take Deposition of Jonathan Grunberg filed by L. Lin Wood (Harrison, R.) (Entered: 10/27/2022) |
| 11/04/2022 | 50 | | CERTIFICATE OF SERVICE *Amended Discovery Responses* by L. Lin Wood.(Harrison, R.) (Entered: 11/04/2022) |
| 11/11/2022 | 51 | | CERTIFICATE OF SERVICE *of Discovery* by Jonathan D. Grunberg, Nicole Jennings Wade, G. Taylor Wilson.(Brown, Milinda) (Entered: 11/11/2022) |
| 11/16/2022 | 52 | | CERTIFICATE OF SERVICE *of Discovery* by Jonathan D. Grunberg, Nicole Jennings Wade, G. Taylor Wilson.(Beal, Andrew) (Entered: 11/16/2022) |
| 11/17/2022 | 53 | | CERTIFICATE OF SERVICE *of Discovery Materials* by L. Lin Wood.(Harrison, R.) (Entered: 11/17/2022) |
| 11/18/2022 | 54 | | Amended NOTICE to Take Deposition of Defendant L. Lin Wood filed by Jonathan D. Grunberg, Nicole Jennings Wade, G. Taylor Wilson (Beal, Andrew) (Entered: 11/18/2022) |
| 11/29/2022 | 55 | | MOTION for Extension of Time to Complete Discovery with Brief In Support by L. Lin Wood. (Attachments: # 1 Brief Memo of Law in Support of D's Motion to Ext Disc Period)(Harrison, R.) (Entered: 11/29/2022) |
| 12/13/2022 | 56 | | RESPONSE in Opposition re 55 MOTION for Extension of Time to Complete Discovery filed by Jonathan D. Grunberg, Nicole Jennings Wade, G. Taylor Wilson. (Attachments: # 1 Exhibit Exhibit A, Transcript of August 17, 2022 Hearing)(Beal, Andrew) (Entered: 12/13/2022) |

| 12/14/2022 | 57 | | REPLY to Response to Motion re 55 MOTION for Extension of Time to Complete Discovery *Supplemental Memo of Law in Support of Defendant's Motion to Extend Discovery Period* filed by L. Lin Wood. (Attachments: # 1 Text of Proposed Order Proposed Order Extending Discovery)(Harrison, R.) (Entered: 12/14/2022) |
| 12/16/2022 | 58 | | MOTION to Take Deposition from Defendant Wood *Outside of Discovery* with Brief In Support by Jonathan D. Grunberg, Nicole Jennings Wade, G. Taylor Wilson. (Beal, Andrew) (Entered: 12/16/2022) |
| 12/16/2022 | 59 | | CERTIFICATE OF SERVICE *of Discovery Materials* by L. Lin Wood.(Harrison, R.) (Entered: 12/16/2022) |
| 12/21/2022 | | | Submission of 55 MOTION for Extension of Time to Complete Discovery to District Judge Michael L. Brown. (jpk) (Entered: 12/21/2022) |
| 12/21/2022 | | | ORDER (by docket entry only): The Court has reviewed Defendant's motion to extend the discovery period (Dkt. 55). The Court agrees with much of what Plaintiffs say in their response brief (Dkt. 56). Defendant's motion comes less than 30 days before the close of discovery, in violation of the Court's prior instructions. And Defendant seeks an extension in order to take discovery from three witnesses that Defendant has long known about. But, to give Defendant every opportunity to mount a defense, the Court–with great hesitation–GRANTS Defendant's motion (Dkt. 55) and extends the discovery period through March 16, 2023. No further extensions will be granted. The parties should plan accordingly. The Court DENIES AS MOOT Plaintiffs' motion to depose Defendant outside the discovery period (Dkt. 58). Ordered by Judge Michael L. Brown on 12/21/2022. (jpk) (Entered: 12/21/2022) |
| 12/30/2022 | 60 | | CERTIFICATE OF SERVICE *of Discovery Materials* by L. Lin Wood.(Harrison, R.) (Entered: 12/30/2022) |
| 01/25/2023 | 61 | | Notice for Leave of Absence for the following date(s): 2/20/23–2/28/23, 4/3/23–4/7/23, 5/30/23–6/6/23, 7/3/23–7/14/23, 10/5/23–10/6/23, 11/22/23–11/27/23, 12/7/23–12/8/23, 12/26/23–1/2/24, by R. Chris Harrison. (Harrison, R.) (Entered: 01/25/2023) |
| 01/31/2023 | 62 | | CERTIFICATE OF SERVICE *of Discovery* by Jonathan D. Grunberg, Nicole Jennings Wade, G. Taylor Wilson.(Beal, Andrew) (Entered: 01/31/2023) |
| 02/16/2023 | 63 | | CERTIFICATE OF SERVICE *of Discovery* by Jonathan D. Grunberg, Nicole Jennings Wade, G. Taylor Wilson.(Brown, Milinda) (Entered: 02/16/2023) |
| 03/01/2023 | 64 | | Second NOTICE to Take Deposition of L. Lin Wood filed by Jonathan D. Grunberg, Nicole Jennings Wade, G. Taylor Wilson (Brown, Milinda) (Entered: 03/01/2023) |
| 03/16/2023 | 65 | | Consent MOTION for Protective Order by Jonathan D. Grunberg, Nicole Jennings Wade, G. Taylor Wilson. (Attachments: # 1 Exhibit Protective Order)(Beal, Andrew) (Entered: 03/16/2023) |
| 03/16/2023 | 66 | | CERTIFICATE OF SERVICE *Amended Discovery Responses* by L. Lin Wood.(Harrison, R.) (Entered: 03/16/2023) |
| 03/17/2023 | 67 | | PROTECTIVE ORDER and Confidentiality Agreement. Signed by Judge Michael L. Brown on 3/17/2023. (dob) (Entered: 03/17/2023) |
| 04/17/2023 | 68 | | First MOTION for Summary Judgment with Brief In Support by L. Lin Wood. (Attachments: # 1 Brief D's Brief in Support of MSJ, # 2 Statement of Material Facts D's Statement of Material Facts (MSJ))(Harrison, R.) ––Please refer to |

| | | |
|---|---|---|
| | | http://www.gand.uscourts.gov to obtain the Notice to Respond to Summary Judgment Motion form contained on the Court's website.–– (Entered: 04/17/2023) |
| 04/17/2023 | 69 | Second MOTION for Summary Judgment with Brief In Support by L. Lin Wood. (Attachments: # 1 Brief D's Memo of Law in Support of D's 2nd MSJ, # 2 Statement of Material Facts D's Statement of Material Facts (2nd MSJ))(Harrison, R.) ––Please refer to http://www.gand.uscourts.gov to obtain the Notice to Respond to Summary Judgment Motion form contained on the Court's website.–– Modified on 4/19/2023 to add document restriction (jpk). Modified on 4/22/2024 to remove provisional seal per 4/22/2024 Docket Order (jpk). (Entered: 04/17/2023) |
| 04/17/2023 | 70 | First MOTION for Order *Setting Oral Argument* by L. Lin Wood. (Harrison, R.) (Entered: 04/17/2023) |
| 04/17/2023 | 71 | MOTION for Summary Judgment with Brief In Support by Jonathan D. Grunberg, Nicole Jennings Wade, G. Taylor Wilson. (Attachments: # 1 Brief Plaintiffs' Brief in Support of Summary Judgment, # 2 Statement of Material Facts Plaintiffs' Statement of Material Facts, # 3 Exhibit Exhibit A, # 4 Exhibit Exhibit B, # 5 Exhibit Exhibit C, # 6 Exhibit Exhibit D)(Beal, Andrew) ––Please refer to http://www.gand.uscourts.gov to obtain the Notice to Respond to Summary Judgment Motion form contained on the Court's website.–– (Entered: 04/17/2023) |
| 04/17/2023 | 72 | NOTICE Of Filing Deposition of L. Lin Wood by Jonathan D. Grunberg, Nicole Jennings Wade, G. Taylor Wilson (Attachments: # 1 Exhibit Exhibits to Wood Deposition)(Beal, Andrew) Modified on 4/22/2024 to remove provisional seal per 4/22/2024 Docket Order (jpk). (Entered: 04/17/2023) |
| 04/17/2023 | 73 | MOTION for Leave to File Matters Under Seal re: 72 Notice of Filing with Brief In Support by Jonathan D. Grunberg, Nicole Jennings Wade, G. Taylor Wilson. (Attachments: # 1 Text of Proposed Order Proposed Order)(Beal, Andrew) (Entered: 04/17/2023) |
| 04/19/2023 | 74 | NOTICE Of Filing D's Memo of Law in Support off Second MSJ by L. Lin Wood re 69 Second MOTION for Summary Judgment *(with redacted exhibits)* (Attachments: # 1 Exhibit Exhibit A – Deposition of Lin Wood, # 2 Exhibit Redacted Exhibit B – March 17, 2020 Agreement, # 3 Exhibit Redacted Exhibit C – July 24, 2020 Correspondence, # 4 Exhibit Exhibit D – August 26, 2020 Demand, # 5 Exhibit Exhibit E – Press Release, # 6 Exhibit Redacted Exhibit F – Affidavit of Christopher Marquardt)(Harrison, R.) (Entered: 04/19/2023) |
| 04/19/2023 | 75 | First MOTION for Leave to File Matters Under Seal re: 69 Second MOTION for Summary Judgment *(D's Memo of Law in Support of 2nd MSJ)* by L. Lin Wood. (Attachments: # 1 Text of Proposed Order Proposed Order Granting D's Motion for Leave to Seal)(Harrison, R.) (Entered: 04/19/2023) |
| 05/02/2023 | 76 | Joint MOTION for Extension of Time to File Responses to the Parties' Respective Motions for Summary Judgment re: 69 Second MOTION for Summary Judgment , 68 First MOTION for Summary Judgment , 71 MOTION for Summary Judgment by Jonathan D. Grunberg, Nicole Jennings Wade, G. Taylor Wilson. (Attachments: # 1 Text of Proposed Order Proposed Order)(Beal, Andrew) (Entered: 05/02/2023) |
| 05/03/2023 | 77 | ORDER 76 Joint MOTION for Extension of Time to File Responses to the Parties' Respective Motions for Summary Judgment re: 69 Second MOTION for Summary Judgment , 68 First MOTION for Summary Judgment , 71 MOTION for Summary Judgme. Signed by Judge Michael L. Brown on 5/3/2023. (dob) (Entered: 05/04/2023) |

| 05/05/2023 | | | Submission of 70 First MOTION for Order *Setting Oral Argument* and 73 MOTION for Leave to File Matters Under Seal re: 72 Notice of Filing to District Judge Michael L. Brown. (jpk) (Entered: 05/05/2023) |
|---|---|---|---|
| 05/08/2023 | | | Submission of 75 First MOTION for Leave to File Matters Under Seal re: 69 Second MOTION for Summary Judgment *(D's Memo of Law in Support of 2nd MSJ)* to District Judge Michael L. Brown. (jpk) (Entered: 05/08/2023) |
| 05/19/2023 | 78 | | RESPONSE re 71 MOTION for Summary Judgment filed by L. Lin Wood. (Attachments: # 1 Statement of Material Facts Defendant's Response to Plaintiff's Statement of Material Facts)(Harrison, R.) (Entered: 05/19/2023) |
| 05/19/2023 | 79 | | RESPONSE in Opposition re 68 First MOTION for Summary Judgment filed by Jonathan D. Grunberg, Nicole Jennings Wade, G. Taylor Wilson. (Attachments: # 1 Statement of Material Facts Plaintiffs' Responses and Objections to Defendant's Statement of Material Facts, # 2 Statement of Material Facts Plaintiffs' Statement of Additional Material Facts, # 3 Exhibit Declaration of Wiley Dean Handley, # 4 Exhibit Declaration of Nicole Jennings Wade)(Beal, Andrew) (Entered: 05/19/2023) |
| 05/19/2023 | 80 | | RESPONSE in Opposition re 69 Second MOTION for Summary Judgment filed by Jonathan D. Grunberg, Nicole Jennings Wade, G. Taylor Wilson. (Attachments: # 1 Statement of Material Facts Plaintiffs' Response to Defendant's Statement of Material Facts, # 2 Statement of Material Facts Plaintiffs' Statement of Additional Material Facts, # 3 Exhibit Second Declaration of G. Taylor Wilson)(Beal, Andrew) (Entered: 05/19/2023) |
| 05/31/2023 | 81 | | Consent MOTION for Extension of Time File Rebuttals *in Support of Their Respective Motions for Summary Judgment* by L. Lin Wood. (Attachments: # 1 Text of Proposed Order)(Harrison, R.) (Entered: 05/31/2023) |
| 06/01/2023 | 82 | | ORDER granting e 81 Consent MOTION for Extension of Time File Rebuttals *in Support of Their Respective Motions for Summary Judgment*, 69 Second MOTION for Summary Judgment , 68 First MOTION for Summary Judgment , 71 MOTION for Summary Judgment through and including 6/9/2023. Signed by Judge Michael L. Brown on 6/1/2023. (dob) (Entered: 06/01/2023) |
| 06/09/2023 | 83 | | REPLY to Response to Motion re 69 Second MOTION for Summary Judgment filed by L. Lin Wood. (Harrison, R.) (Entered: 06/09/2023) |
| 06/09/2023 | 84 | | Amended MOTION for Oral Argument re 70 First MOTION for Order *Setting Oral Argument* by L. Lin Wood. (Harrison, R.) (Entered: 06/09/2023) |
| 06/09/2023 | 85 | | REPLY to Response to Motion re 71 MOTION for Summary Judgment filed by Jonathan D. Grunberg, Nicole Jennings Wade, G. Taylor Wilson. (Attachments: # 1 Statement of Material Facts Plaintiffs' Reply to Defendants' Response to Plaintiffs' Statement of Material Facts)(Beal, Andrew) (Entered: 06/09/2023) |
| 06/12/2023 | | | Submission of 68 First MOTION for Summary Judgment, 69 Second MOTION for Summary Judgment, and 71 MOTION for Summary Judgment to District Judge Michael L. Brown. (jpk) (Entered: 06/12/2023) |
| 06/27/2023 | | | Submission of 84 Amended MOTION for Oral Argument re 70 First MOTION for Order *Setting Oral Argument* to District Judge Michael L. Brown. (jpk) (Entered: 06/27/2023) |
| 09/28/2023 | 86 | | Notice for Leave of Absence for the following date(s): 12/20– 12/30/2023, by Andrew Mabon Beal. (Beal, Andrew) Modified to condense dates on 10/2/2023 (kng). (Entered: 09/28/2023) |

| 11/05/2023 | 87 | | NOTICE of Appearance by John Patrick Exum, II on behalf of L. Lin Wood (Exum, John) (Entered: 11/05/2023) |
|---|---|---|---|
| 12/05/2023 | 88 | | NOTICE Of Filing by Nicole Jennings Wade *Newly Acquired Evidence or in the Alternative Request for Judicial Notice* (Beal, Andrew) (Entered: 12/05/2023) |
| 03/06/2024 | 89 | | Notice for Leave of Absence for the following date(s): 4/1/24–4/8/24, 5/28/24–6/6/24, 6/24/24–7/10/24, 10/3/24–10/4/24, 11/27/24–11/29/24, 12/5/24–12/6/24, 12/13/24–1/3/25, by R. Chris Harrison. (Harrison, R.) (Entered: 03/06/2024) |
| 03/12/2024 | 90 | | OPINION & ORDER GRANTING Plaintiffs' 71 Motion for Partial Summary Judgment and DENYING Defendant's 69 Second Motion for Summary Judgment. The Court DENIES Defendant's 70 and 84 Motions for Oral Argument because Defendant has not shown oral argument is necessary. The Court also DENIES Defendant's 68 First Motion for Summary Judgment– a borderline frivolous filing– for the reasons stated in Plaintiffs' 79 response brief. The Court DENIES WITHOUT PREJUDICE the parties' 73 and 75 Motions to Seal because they are overbroad, generalized, insufficiently justified by reference to authority, and presented in a way that makes it needlessly onerous for the Court to identify the specific portions of the record for which protection is sought (and the basis for such protection). If the parties want to renew their sealing requests, they may do so in a single joint motion no later than thirty days after the entry date of this Order. Signed by Judge Michael L. Brown on 3/12/2024. (kng) (Entered: 03/12/2024) |
| 04/10/2024 | 91 | | Joint MOTION for Extension of Time to File the Consolidated Pretrial Order by Jonathan D. Grunberg, Nicole Jennings Wade, G. Taylor Wilson. (Attachments: # 1 Text of Proposed Order)(Beal, Andrew) (Entered: 04/10/2024) |
| 04/11/2024 | 92 | | ORDER GRANTING 91 Joint Motion for Extension of Time to File the Consolidated Pretrial Order. The time for the parties to file the Consolidated Pretrial Order is extended through and including 4/22/2024. Signed by Judge Michael L. Brown on 4/11/2024. (kng) (Entered: 04/11/2024) |
| 04/22/2024 | | | ORDER (by docket entry only): Given the parties' failure to renew their sealing requests in accordance with the Court's instructions (Dkt. 90 at 25–27), the Court DIRECTS the Clerk to UNSEAL documents 69–1, 72, and 72–1 on 4/22/2024. (jpk) (Entered: 04/22/2024) |
| 04/22/2024 | 93 | | MOTION to Stay with Brief In Support by L. Lin Wood. (Attachments: # 1 Brief D's Memorandum of Law in Support of Motion to Stay and Request for Relief From Filing of Consolidated Pre–Trial Order, # 2 Exhibit Memorandum Exhibits)(Harrison, R.) (Entered: 04/22/2024) |
| 04/22/2024 | 94 | | <span style="color:red">WITHDRAWN</span> Joint Motion for Extension of Time to File the Consolidated Pretrial Order by Jonathan D. Grunberg, Nicole Jennings Wade, G. Taylor Wilson. (Beal, Andrew) Modified to correct event on 4/24/2024 (kng). Modified on 4/25/2024 to add red text (jpk). (Entered: 04/22/2024) |
| 04/23/2024 | 95 | | RESPONSE re 93 MOTION to Stay *Plaintiffs' Brief in Opposition* filed by Jonathan D. Grunberg, Nicole Jennings Wade, G. Taylor Wilson. (Beal, Andrew) (Entered: 04/23/2024) |
| 04/24/2024 | | | Notification of Docket Correction re 94 Motion for Extension of Time. Modified to correct event. (kng) (Entered: 04/24/2024) |
| 04/24/2024 | 96 | | REPLY to Response to Motion re 93 MOTION to Stay filed by L. Lin Wood. (Attachments: # 1 Exhibit A)(Harrison, R.) (Entered: 04/24/2024) |

| 04/24/2024 | 97 | | Proposed Pretrial Order *Plaintiffs' Portion* by Jonathan D. Grunberg, Nicole Jennings Wade, G. Taylor Wilson. (Beal, Andrew) (Entered: 04/24/2024) |
|---|---|---|---|
| 04/24/2024 | 98 | | Withdrawal of 94 Joint Motion for Extension of Time to File the Consolidated Pretrial Order by Jonathan D. Grunberg, Nicole Jennings Wade, G. Taylor Wilson. (Beal, Andrew) Modified on 4/25/2024 to edit text (jpk). (Entered: 04/24/2024) |
| 04/26/2024 | 99 | | Notice for Leave of Absence for the following date(s): May 13, May 14, May 15, May 16 and May 17, 2024, by Andrew Mabon Beal. (Beal, Andrew) (Entered: 04/26/2024) |
| 04/29/2024 | | | ORDER Setting Hearing (by docket entry only): The Court SETS a hearing on Defendant's 93 MOTION to Stay for 4/30/2024 at 02:00 PM in ATLA Courtroom 1906 before Judge Michael L. Brown. **The parties are required to appear in person**. Signed by Judge Michael L. Brown on 4/29/2024. (jpk) (Entered: 04/29/2024) |
| 04/30/2024 | 100 | | Minute Entry for proceedings held before Judge Michael L. Brown: Hearing held on Defendant's 93 Motion to Stay. The Court DENIED the motion. The Court will set the jury trial by separate order. (Court Reporter Jana Colter)(pdt) (Entered: 05/01/2024) |
| 05/01/2024 | 101 | | ORDER. The jury trial in this case is set for August 7, 2024, at 9:00 a.m., in Courtroom 1906. A pretrial conference is set for July 9, 2024, at 2:00 p.m., in Courtroom 1906. No later than May 24, 2024, the parties shall jointly file on the docket and deliver to chambers their designations to deposition testimony as one, single document. Signed by Judge Michael L. Brown on this 1st day of May, 2024. (pdt) (Entered: 05/01/2024) |
| 05/10/2024 | 102 | | Proposed Pretrial Order by Jonathan D. Grunberg, Nicole Jennings Wade, G. Taylor Wilson. (Attachments: # 1 Exhibit Attachment A, # 2 Exhibit Attachment B–1, # 3 Exhibit Attachment B–2, # 4 Exhibit Attachment C, # 5 Exhibit Attachment D, # 6 Exhibit Attachment E, # 7 Exhibit Attachment F–1, # 8 Exhibit Attachment F–2, # 9 Exhibit Attachment G–1, # 10 Exhibit Attachment G–2, # 11 Exhibit Attachment H–2, # 12 Exhibit Attachment I)(Beal, Andrew) (Entered: 05/10/2024) |
| 05/24/2024 | 103 | | First MOTION in Limine Motion in Limine by L. Lin Wood. (Harrison, R.) (Entered: 05/24/2024) |
| 05/29/2024 | 104 | | NOTICE by Jonathan D. Grunberg, Nicole Jennings Wade, G. Taylor Wilson *JOINT DEPOSITION DESIGNATIONS AND OBJECTIONS* (Attachments: # 1 Exhibit Plaintiffs' Deposition Designations for Wood United States District Court, Case No. 1:22–cv–1073–MLB, # 2 Exhibit Plaintiffs' Deposition Designations for L. Lin Wood Fulton County Superior Court, Case No. 2020–CV–339937, # 3 Exhibit Deposition Designations for Todd V. McMurtry)(Beal, Andrew) (Entered: 05/29/2024) |
| 06/07/2024 | 105 | | Joint MOTION for Extension of Time to File the Proposed Requests to Charge by Jonathan D. Grunberg, Nicole Jennings Wade, G. Taylor Wilson. (Attachments: # 1 Text of Proposed Order)(Beal, Andrew) (Entered: 06/07/2024) |
| 06/07/2024 | 106 | | ORDER GRANTING 105 Joint MOTION for Extension of Time to File the Proposed Requests to Charge. The time for the parties to file the proposed requests to charge is extended through and including 6/14/2024. Signed by Judge Michael L. Brown on 6/7/2024. (kng) (Entered: 06/07/2024) |
| 06/07/2024 | 107 | | RESPONSE in Opposition re 103 First MOTION in Limine Motion in Limine filed by Nicole Jennings Wade. (Beal, Andrew) (Entered: 06/07/2024) |
| 06/14/2024 | 108 | | Final MOTION for Extension of Time File Proposed Requests to Charge by L. Lin Wood. (Attachments: # 1 Exhibit Proposed Order)(Harrison, R.) (Entered: 06/14/2024) |

| 06/14/2024 | 109 | | ORDER GRANTING 108 MOTION for Final Extension of Time to File Proposed Requests to Charge. The time for the parties to file the proposed requests to charge is hereby extended through and including 6/19/2024. No additional extensions will be granted. Signed by Judge Michael L. Brown on 6/14/2024. (kng) (Entered: 06/14/2024) |
|---|---|---|---|
| 06/19/2024 | 110 | | Joint Requests to Charge by Jonathan D. Grunberg, Nicole Jennings Wade, G. Taylor Wilson . (Beal, Andrew) Modified on 6/20/2024 to edit text (gww). (Entered: 06/19/2024) |
| 06/21/2024 | 111 | | ORDER. The Court DENIES Defendant's Motion in Limine 103 . To the extent Defendant's objections to Plaintiffs' deposition designations 104 are based on the same arguments as his motion in limine, the Court also OVERRULES those objections. The parties must be prepared to discuss all other deposition designation objectionsand any other trial–related issuesat the pretrial conference on July 9, 2024. Signed by Judge Michael L. Brown on this 21st day of June, 2024. (pdt) (Entered: 06/21/2024) |
| 07/09/2024 | 112 | | Minute Entry for proceedings held before Judge Michael L. Brown: Pretrial Conference held on 7/9/2024. Discussion had regarding the Court's practices and procedures for trial, deposition designations, and other matters. The Court's rulings are as stated in the record. (Court Reporter Jana Colter) (pdt) (Entered: 07/10/2024) |
| 07/11/2024 | 113 | | MOTION to Disqualify Judge with Brief In Support by L. Lin Wood. (Attachments: # 1 Brief Defendant's Memorandum of Law, # 2 Exhibit Exhibit A – Defendant's Affidavit)(Griner, Jackson) (Entered: 07/11/2024) |
| 07/11/2024 | 114 | | NOTICE by Jonathan D. Grunberg, Nicole Jennings Wade, G. Taylor Wilson re 104 Notice (Other), *Amended Joint Deposition Designations and Objections* (Attachments: # 1 Exhibit Plaintiffs' Deposition Designations for Wood U.S. District Court, Case No. 1:22–cv–1073–MLB, # 2 Exhibit Plaintiffs' Deposition Designations for L. Lin Wood Fulton County Superior Court, Case No. 2020–CV–339937, # 3 Exhibit Deposition Designations for Todd V. McMurtry)(Beal, Andrew) (Entered: 07/11/2024) |
| 07/15/2024 | 115 | | TRANSCRIPT of Proceedings (Telephone Conference) held on 03/31/2022, before Judge Michael L. Brown. Court Reporter/Transcriber Jana B. Colter, FAPR, RDR, CRR, CRC. A full directory of court reporters and their contact information can be found at www.gand.uscourts.gov/court–reporter–directory. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/5/2024. Redacted Transcript Deadline set for 8/15/2024. Release of Transcript Restriction set for 10/15/2024. (Attachments: # 1 Notice of Filing Transcript) (jbc) (Entered: 07/15/2024) |
| 07/16/2024 | 116 | | TRANSCRIPT of Proceedings (Telephone Conference) held on 08/17/2022, before Judge Michael L. Brown. Court Reporter/Transcriber Jana B. Colter, FAPR, RDR, CRR, CRC. A full directory of court reporters and their contact information can be found at www.gand.uscourts.gov/court–reporter–directory. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/6/2024. Redacted Transcript Deadline set for 8/16/2024. Release of Transcript Restriction set for 10/15/2024. (Attachments: # 1 Notice of Filing Transcript) (jbc) (Entered: 07/16/2024) |
| 07/16/2024 | 117 | | RESPONSE in Opposition re 113 MOTION to Disqualify Judge filed by Jonathan D. Grunberg, Nicole Jennings Wade, G. Taylor Wilson. (Brown, Milinda) (Entered: 07/16/2024) |

| 07/17/2024 | 118 | TRANSCRIPT of Proceedings (Pretrial Conference) held on 07/09/2024, before Judge Michael L. Brown. Court Reporter/Transcriber Jana B. Colter, FAPR, RDR, CRR, CRC. A full directory of court reporters and their contact information can be found at www.gand.uscourts.gov/court−reporter−directory. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/7/2024. Redacted Transcript Deadline set for 8/19/2024. Release of Transcript Restriction set for 10/15/2024. (Attachments: # 1 Notice of Filing Transcript) (jbc) (Entered: 07/17/2024) |
| 07/19/2024 | 119 | ORDER: The Court DENIES Defendant's 113 Motion for Disqualification. Signed by Judge Michael L. Brown on 7/19/2024. (jpk) (Entered: 07/19/2024) |
| 07/31/2024 | 120 | MOTION for Order *to Bring and Use Certain Electronic Equipment and Trial Support Material in Courtroom* by Jonathan D. Grunberg, Nicole Jennings Wade, G. Taylor Wilson. (Attachments: # 1 Text of Proposed Order)(Brown, Milinda) (Entered: 07/31/2024) |
| 07/31/2024 | 121 | ORDER granting 120 Motion to Bring Audio/Visual/Electronic Equipment in the Courtroom. IT IS HEREBY ORDERED that Plaintiffs Nicole Jennings Wade, Jonathan D. Grunberg, G. Taylor Wilson, their paralegal, Christina Mattox, their counsel, Andrew M. Beal, Milinda L. Brown, and their paralegal, Michael L. Glosup, or their designee, be allowed to bring the following equipment to the United States Courthouse, Atlanta, GA, Courtroom 1906, for the purpose of presentation of evidence at a jury trial to take place on Wednesday, August 7, 2024, at 9:00 a.m. Signed by Judge Michael L. Brown on this 31st day of July, 2024. (pdt) (Entered: 07/31/2024) |
| 08/02/2024 | 122 | First MOTION for Order *Bring and Use Certain Electronic Equipment and Trial Support Material in Courtroom* by L. Lin Wood. (Harrison, R.) (Entered: 08/02/2024) |
| 08/02/2024 | 123 | ORDER ALLOWING AUDIO/VISUAL EQUIPMENT IN THE COURTROOM. IT IS HEREBY ORDERED that Defendant, Defendants counsel, R. Christopher Harrison, Jackson Griner, and John Exum, or any of their mrepresentatives, be allowed to bring the following equipment to the United States Courthouse, Atlanta, GA, Courtroom 1906, for the purpose of presentation of evidence at a jury trial to take place on Wednesday, August 7, 2024, at 9:00 a.m. Signed by Judge Michael L. Brown on this 2nd day of August, 2024. (pdt) (Entered: 08/02/2024) |
| 08/02/2024 | | ORDER granting 122 Motion for Order. Ruled on by District Judge Michael L. Brown on 123 Order. Signed by Judge Michael L. Brown on this 2nd day of August, 2024. (pdt) (Entered: 08/02/2024) |
| 08/02/2024 | 124 | NOTICE by Jonathan D. Grunberg, Nicole Jennings Wade, G. Taylor Wilson *of Intent to Issue Subpoenas* (Beal, Andrew) (Entered: 08/02/2024) |
| 08/06/2024 | 125 | RESPONSE re 124 Notice (Other) *of Subpoena and Motion to Quash* filed by L. Lin Wood. (Attachments: # 1 Exhibit A)(Harrison, R.) (Entered: 08/06/2024) |
| 08/07/2024 | 126 | NOTICE by Jonathan D. Grunberg, Nicole Jennings Wade, G. Taylor Wilson re 124 Notice (Other) *of Intent to Issue Subpoena* (Beal, Andrew) (Entered: 08/07/2024) |
| 08/07/2024 | 127 | Minute Entry for proceedings held before Judge Michael L. Brown: Jury trial day one. Voir dire conducted. The Court empaneled an eight−person jury. The Court will swear in the jury and the parties will present their opening statements the next day of trial. (Court Reporter Jana Colter) (pdt) (Entered: 08/08/2024) |
| 08/08/2024 | 128 | |

| | | | |
|---|---|---|---|
| | | | Minute Entry for proceedings held before Judge Michael L. Brown: Jury trial day two. Jury was sworn. The parties presented their opening statements. The Plaintiffs began their case−in−chief. The Plaintiffs called the following witness: G. Taylor Wilson. The following exhibits were admitted: Plaintiffs' exhibits 11, 10, 12, 13, 16, 15, 48, 31, 27, 28, 32, 22, 22−A, 26, 26−A, 40, 42, 37, 38, 39, 19−A, 19−B, 19−C, 18−A, 18−B, and 18−C. The Plaintiffs will continue their case−in−chief the next day of trial. (Court Reporter Jana Colter)(pdt) (Entered: 08/09/2024) |
| 08/09/2024 | 129 | | Minute Entry for proceedings held before Judge Michael L. Brown: Jury trial day three. The Plaintiffs continued their case−in−chief. ThePlaintiffs called the following witnesses: G. Taylor Wilson (continued andconcluded from previous day of trial), Tyler Jones, and Jonathan Grunberg.The following exhibits were admitted: Plaintiffs' exhibits 1 (stipulated), 43,49, 50, 52, 54, 127, 128, 35, 36, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86,87, 88, 89, 90, 91, 92, 93, 94, 95, 97, 98, 99, 100, 102, 103, 105, 106, 107,108, 109, and 110. Charge conference held after the jury was dismissed forthe day. The Plaintiffs will continue their case−in−chief the next day of trial. Exhibits retained to be forwarded to the Clerks Office. (Court Reporter Jana Colter)(pdt). (Entered: 08/12/2024) |
| 08/12/2024 | 130 | | Minute Entry for proceedings held before Judge Michael L. Brown: Jury trial day four. The Plaintiffs continued their case−in−chief. The Plaintiffs called the following witnesses: Nicole Wade, Todd McMurtry (by video deposition), and L. Lin Wood (by video deposition). The Plaintiffs rested. The Defendant began his case−in−chief. The Defendant called the following witness: Chris Marquardt. The following exhibits were admitted: Plaintiffs' exhibits 14, 124, 118, 9, 112, 115, 6, 6−A, 7, 7−A, 8, 8−A, 127, 111, 129, 96, 101, 104, 30, and 41; Defense exhibits: 3, 4, and 9. Charge conference held after the jury was dismissed for the day. The Defendant will continue his case−in−chief the next day of trial. Exhibits retained to be forwarded to the Clerks Office. (Court Reporter Jana Colter) (pdt) (Entered: 08/13/2024) |
| 08/13/2024 | 131 | | Minute Entry for proceedings held before Judge Michael L. Brown: Jury trial day five. Discussion had regarding jury instructions before the jury entered the courtroom. The Defendant continued his case−in−chief. The Defendant called the following witnesses: Chris Marquardt (continued and concluded from previous day of trial), Joey Burby, and L. Lin Wood. The following exhibits were admitted: Plaintiffs exhibits 56, 130, 131, and 132; Defense exhibits 6, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, and 30. Discussion had regarding exhibits and jury instructions after the jury was dismissed for the day. The Defendant will continue his case−in−chief the next day of trial. Exhibits retained to be forwarded to the Clerks Office. (Court Reporter Jana Colter) (pdt) (Entered: 08/14/2024) |
| 08/14/2024 | 132 | | Minute Entry for proceedings held before Judge Michael L. Brown: Jury trial day six. Discussion had regarding exhibits and jury instructions before the jury entered the courtroom. The Defendant continued his casein−chief. The Defendant called the following witness: L. Lin Wood (continued and concluded from previous day of trial). The Defendant rested. The Plaintiffs began their rebuttal case. The Plaintiffs called the following rebuttal witnesses: Jonathan Grunberg and G. Taylor Wilson. The Plaintiffs rested. The following exhibits were admitted: Plaintiffs' exhibits 45, 53, 62, 34, 33, 133, 70, 134, 135, 64, 65, 67, and 69. Discussion had regarding jury instructions after the jury was dismissed for the day. The parties will present their closing arguments the next day of trial. Exhibits retained to be forwarded to the Clerks Office. (Court Reporter Jana Colter) (pdt) (Entered: 08/15/2024) |
| 08/15/2024 | 133 | | Minute Entry for proceedings held before Judge Michael L. Brown: Jury trial day seven. Discussion had regarding jury instructions before the jury entered the courtroom. The Court |

14

| | | | |
|---|---|---|---|
| | | | charged the jury. The parties presented their closing arguments. The jury rested to deliberate at 11:45 a.m. The Court addressed questions from the jury. The Court came back on the record at 3:50 p.m. The jury rendered a verdict in favor of the Plaintiffs. The following exhibits were admitted: Plaintiffs' exhibit 63; Court exhibit 1. The parties will begin phase II of the jury trial the next day of trial. Exhibits retained to be forwarded to the Clerks Office. (Court Reporter Jana Colter) (pdt) (Entered: 08/16/2024) |
| 08/15/2024 | 136 | | Defendant Exhibit and Witness List. (pdt) (Entered: 08/16/2024) |
| 08/15/2024 | 137 | | JURY VERDICT FORM. (pdt) (Entered: 08/16/2024) |
| 08/15/2024 | 139 | | Jury Notes. (pdt) (Entered: 08/16/2024) |
| 08/16/2024 | 134 | | Minute Entry for proceedings held before Judge Michael L. Brown: Jury trial day eight. Discussion had regarding jury instructions before the jury entered the courtroom. The parties began phase II of the jury trial. The Court charged the jury. The Plaintiffs presented their case–in–chief. The Plaintiffs called the following witnesses: Andrew Beal and RandolphMayer (expert witness). The following exhibits were admitted: Plaintiffs' exhibits 136 and 51; Court's exhibit 2. The Plaintiffs rested. The parties presented their closing arguments. The jury rested to deliberate at 10:20 a.m. The Court came back on the record at 11:20 a.m. The jury rendered a verdict in favor of the Plaintiffs. The Court dismissed the jury. Any post trial motions shall be filed within 60 days. Exhibits retained to be forwarded to the Clerks Office. (Court Reporter Jana Colter) (pdt) (Entered: 08/16/2024) |
| 08/16/2024 | 135 | | Plaintiff Exhibit and Witness List. (pdt) (Entered: 08/16/2024) |
| 08/16/2024 | 138 | | JURY VERDICT FORM For Phase Two of Trial. (pdt) (Entered: 08/16/2024) |
| 08/20/2024 | 140 | | JUDGMENT ON JURY VERDICT in favor of Plaintiffs against Defendant (jpk)––Please refer to http://www.ca11.uscourts.gov to obtain an appeals jurisdiction checklist–– (Entered: 08/20/2024) |
| 08/20/2024 | | | Civil Case Terminated. (jpk) (Entered: 08/20/2024) |
| 08/20/2024 | 141 | | EXHIBITS AUDIO/VIDEO (Plaintiff's Exhibits: 18A,18B,18C,22,26,30,35,37,39, and 49) admitted and retained at the 129 Jury Trial – Continued, 131 Jury Trial – Continued, 132 Jury Trial – Continued, 133 Jury Trial – Continued, 128 Jury Trial – Continued, 130 Jury Trial – Continued, 134 Jury Trial – Concluded, have been received from Courtroom Deputy and placed in the custody of the Records Clerks. (Attachments: # 1 Pltf Exhs. 18A,18B,18C,22,26,30,35,37,39,49)(sct) (Entered: 08/21/2024) |
| 08/20/2024 | 142 | | EXHIBITS (Court's Exhibits: 1 and 2) admitted and retained at the 129 Jury Trial – Continued, 131 Jury Trial – Continued, 132 Jury Trial – Continued, 133 Jury Trial – Continued, 128 Jury Trial – Continued, 130 Jury Trial – Continued, 134 Jury Trial – Concluded, have been received from Courtroom Deputy and placed in the custody of the Records Clerks. (Attachments: # 1 Court Ex. 1, # 2 Court Ex. 2)(sct) (Entered: 08/21/2024) |
| 08/20/2024 | 143 | | EXHIBITS (Defendant's Exhibits: 3,4,6,9,14,15,16,17,18,19,20,21,22,23,24,25,26,27,28,29, and 30) admitted and retained at the 129 Jury Trial – Continued, 133 Jury Trial – Continued, 128 Jury Trial – Continued, 131 Jury Trial – Continued, 132 Jury Trial – Continued, 130 Jury Trial – Continued, 134 Jury Trial – Concluded, have been received from Courtroom Deputy and placed in the custody of the Records Clerks. (Attachments: # 1 Deft Ex. 3, # 2 Deft Ex. 4, # 3 Deft Ex. 6, # 4 Deft Ex. 9, # 5 Deft Ex. 14, # 6 Deft Ex. 15, # 7 Deft Ex. 16, # 8 Deft Ex. 17, # 9 Deft Ex. 18, # 10 Deft Ex. 19, # 11 Deft Ex. 20, # 12 Deft Ex. 21, # 13 Deft Ex. 22, # 14 Deft Ex. 23, # 15 Deft Ex. 24, # 16 Deft Ex. 25, # 17 Deft Ex. 26, # 18 Deft Ex. 27, # 19 Deft Ex. 28, # 20 Deft Ex. 29, # 21 Deft Ex. 30)(sct) |

| | | | |
|---|---|---|---|
| | | | (Entered: 08/21/2024) |
| 08/20/2024 | 145 | | EXHIBITS (Plaintiff's Exhibits: 1,6,6A,7,7A,8,8A,9–16,19A,19B,19C,22A,26A,27,28,31–34,36,38,40–43,45,48,50–54,56, 62–65,67,69–70,77–112,115,118,124,127–136) admitted and retained at the 133 Jury Trial – Continued, 128 Jury Trial – Continued, 129 Jury Trial – Continued, 131 Jury Trial – Continued, 132 Jury Trial – Continued, 130 Jury Trial – Continued, 134 Jury Trial – Concluded, have been received from Courtroom Deputy and placed in the custody of the Records Clerks. (Attachments: # 1 Pltf Ex. 1, # 2 Pltf Ex. 6, # 3 Pltf Ex. 6A, # 4 Pltf Ex. 7, # 5 Pltf Ex. 7A, # 6 Pltf Ex. 8, # 7 Pltf Ex. 8A, # 8 Pltf Ex. 9, # 9 Pltf Ex. 10, # 10 Pltf Ex. 11, # 11 Pltf Ex. 12, # 12 Pltf Ex. 13, # 13 Pltf Ex. 14, # 14 Pltf Ex. 15, # 15 Pltf Ex. 16, # 16 Pltf Ex. 19A, # 17 Pltf Ex. 19B, # 18 Pltf Ex. 19C, # 19 Pltf Ex. 22A, # 20 Pltf Ex. 26A, # 21 Pltf Ex. 27, # 22 Pltf Ex. 28, # 23 Pltf Ex. 31, # 24 Pltf Ex. 32, # 25 Pltf Ex. 33, # 26 Pltf Ex. 34, # 27 Pltf Ex. 36, # 28 Pltf Ex. 38, # 29 Pltf Ex. 40, # 30 Pltf Ex. 41, # 31 Pltf Ex. 42, # 32 Pltf Ex. 43, # 33 Pltf Ex. 45, # 34 Pltf Ex. 48, # 35 Pltf Ex. 50, # 36 Pltf Ex. 51, # 37 Pltf Ex. 52, # 38 Pltf Ex. 53, # 39 Pltf Ex. 54, # 40 Pltf Ex. 56, # 41 Pltf Ex. 62, # 42 Pltf Ex. 63, # 43 Pltf Ex. 64, # 44 Pltf Ex. 65, # 45 Pltf Ex. 67, # 46 Pltf Ex. 69, # 47 Pltf Ex. 70, # 48 Pltf Ex. 76, # 49 Pltf Ex. 77, # 50 Pltf Ex. 78, # 51 Pltf Ex. 79, # 52 Pltf Ex. 80, # 53 Pltf Ex. 81, # 54 Pltf Ex. 82, # 55 Pltf Ex. 83, # 56 Pltf Ex. 84, # 57 Pltf Ex. 85, # 58 Pltf Ex. 86, # 59 Pltf Ex. 87, # 60 Pltf Ex. 88, # 61 Pltf Ex. 89, # 62 Pltf Ex. 90, # 63 Pltf Ex. 91, # 64 Pltf Ex. 92, # 65 Pltf Ex. 93, # 66 Pltf Ex. 94, # 67 Pltf Ex. 95, # 68 Pltf Ex. 96, # 69 Pltf Ex. 97, # 70 Pltf Ex. 98, # 71 Pltf Ex. 99, # 72 Pltf Ex. 100, # 73 Pltf Ex. 101, # 74 Pltf Ex. 102, # 75 Pltf Ex. 103, # 76 Pltf Ex. 104, # 77 Pltf Ex. 105, # 78 Pltf Ex. 106, # 79 Pltf Ex. 107, # 80 Pltf Ex. 108, # 81 Pltf Ex. 109, # 82 Pltf Ex. 110, # 83 Pltf Ex. 111, # 84 Pltf Ex. 112, # 85 Pltf Ex. 115, # 86 Pltf Ex. 118, # 87 Pltf Ex. 124, # 88 Pltf Ex. 127 (part 1), # 89 Pltf Ex. 127 (part 2), # 90 Pltf Ex. 128, # 91 Pltf Ex. 129, # 92 Pltf Ex. 130, # 93 Pltf Ex. 131, # 94 Pltf Ex. 132, # 95 Pltf Ex. 133, # 96 Pltf Ex. 134, # 97 Pltf Ex. 135, # 98 Pltf Ex. 136)(sct) (Entered: 08/22/2024) |
| 08/21/2024 | 144 | | NOTICE TO DEFENDANT'S COUNSEL OF RECORD regarding RECLAMATION AND DISPOSITION OF UNCLAIMED Documentary EXHIBITS from the jury trial held August 8, 2024 through August 16, 2024 pursuant to Local Rule 79.1D. Re: 143 Exhibits, (sct) (Entered: 08/21/2024) |
| 08/22/2024 | 146 | | NOTICE TO PLAINTIFF'S COUNSEL OF RECORD regarding RECLAMATION AND DISPOSITION OF UNCLAIMED Documentary EXHIBITS from the jury trial held August 8, 2024 through August 16, 2024 pursuant to Local Rule 79.1D. Re: 145 Exhibits, (sct) (Entered: 08/22/2024) |
| 09/12/2024 | 147 | | MOTION for Judgment as a Matter of Law *(Renewed pursuant to Rule 50(b))* with Brief In Support by L. Lin Wood. (Griner, Jackson) (Entered: 09/12/2024) |
| 09/13/2024 | 148 | | NOTICE OF APPEAL as to 111 Order on Motion in Limine, 90 Order on Motion for Summary Judgment,,,,,,,,,, Order on Motion for Order,,,,,,,,,, Order on Motion for Leave to File Matters Under Seal,,,,,,,,,, Order on Motion for Oral Argument,,,, 137 Jury Verdict, 138 Jury Verdict, 140 Clerk's Judgment by L. Lin Wood. Case Appealed to USCA – 11th Circuit. Filing fee $ 605, receipt number AGANDC–13720326. Transcript Order Form due on 9/27/2024 (Griner, Jackson) (Entered: 09/13/2024) |
| 09/16/2024 | 149 | | USCA Appeal Transmission Letter to USCA– 11th Circuit re: 148 Notice of Appeal, filed by L. Lin Wood. (pjm) (Entered: 09/16/2024) |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Nicole Jennings Wade, Jonathan
D. Grunberg, and G. Taylor
Wilson,

               Plaintiffs,

                              Case No. 1:22-cv-1073-MLB

v.

L. Lin Wood,

               Defendant.

_____/

## **OPINION & ORDER**

Plaintiffs bring this defamation action against Defendant for falsely accusing them of criminal extortion. Defendant now moves for summary judgment. (Dkt. 69.) Plaintiffs also move for partial summary judgment. (Dkt. 71.) The Court grants Plaintiffs' motion and denies Defendant's.

## I.    Background

The parties are attorneys who previously worked together at Defendant's law firm. (Dkt. 85-1 ¶ 17.) In February 2020, after Plaintiffs left the firm, the parties agreed to split the firm's future contingency fees in (1) three cases that had not yet settled, and (2) three cases that had

settled but for which the firm had not yet received payment. (Dkts. 72-1 at 11–12, 30–31; 85-1 ¶ 18.) The agreement entitled Plaintiffs to 50–80% of the fees depending on the case. (Dkt. 72-1 at 11–12.)[1]

Just days after the parties reached this agreement, Defendant told Plaintiffs he would not comply with it—even though it was his idea—because he believed the parties had other issues that required resolution. (See Dkts. 1 ¶¶ 36–38; 72-1 at 11–12, 19–20; 85-1 ¶ 19.) This led to a second agreement in March 2020. (Dkt. 85-1 ¶ 20.) The March agreement—which Defendant proposed and drafted—(1) incorporated the fee-splitting arrangement from the February agreement; (2) required Plaintiffs to contribute $285,000 to the firm's lease obligation; (3) required the firm to pay Plaintiffs 10% of its future contingency fees

---

[1] The Court generally disregards any evidence or facts not included in the parties' statements of material facts in the required form. *See* LR 56.1, NDGa.; *Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008) (compliance with Local Rule 56.1, which the Eleventh Circuit holds in "high esteem," is "the only permissible way . . . to establish a genuine issue of material fact"); *see also Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) ("[D]istrict court judges are not required to ferret out delectable facts buried in a massive record."). The Court also declines to "distill every potential argument that could be made based upon the materials before it on summary judgment. . . . [T]he onus is upon the parties to formulate arguments." *Resolution Tr. Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995).

in two additional cases that were still pending; (4) required the firm to pay Plaintiffs 80% of any fees it recovered from a client who owed the firm almost $200,000; and (5) prohibited Defendant from disparaging Plaintiffs. (Dkts. 71-4 ¶ 25; 72-1 at 30–36; 85-1 ¶¶ 20–21.) To effectuate some of these terms, the agreement required Defendant's firm to pay Plaintiffs a lump sum of $647,949.99 (Plaintiffs' total fees for the three settled cases minus Plaintiffs' $285,000 lease contribution) within 72 hours after the firm received fees in the largest settled case. (Dkts. 72-1 at 30–32; 85-1 ¶¶ 22–23.) The agreement also required Defendant's firm to pay Plaintiffs fees from the *un*settled cases within 72 hours after the firm received those fees. (Dkts. 72-1 at 31–32; 85-1 ¶ 23.)

In July 2020, Defendant's firm received fees that appeared to trigger its obligation to pay Plaintiffs the $647,949.99 lump sum plus 10% of the firm's recovery for a case that settled after the March agreement. (Dkt. 85-1 ¶¶ 24–25.) Plaintiffs repeatedly asked Defendant for those payments. (Dkt. 85-1 ¶¶ 26–29.) Defendant refused. (Dkt. 85-1 ¶¶ 26–29.)

On August 25, 2020, Plaintiffs told Defendant they would sue him for breach of contract and fraud if he did not pay what they demanded.

(Dkt. 85-1 ¶ 30.)  Defendant asked Plaintiffs to hold off on filing suit so they could discuss settlement.  (Dkt. 85-1 ¶ 31.)  To accommodate that request, and with the agreement of both sides, Plaintiffs sent Defendant a copy of their draft complaint and confirmed they would not file suit before August 27, 2020.  (Dkt. 85-1 ¶¶ 32–33.)

On August 26, 2020, Defendant contacted some of Plaintiffs' clients and co-counsel and said Plaintiffs were "extortionists" who were threatening to sue him in order to "extort" money from him.  (Dkts. 71-4 ¶ 37; 85-1 ¶ 35.)  Later that day, after the parties agreed to exchange settlement offers, Plaintiffs sent Defendant a written demand for $1.25 million.  (Dkt. 85-1 ¶¶ 36–37.)  Plaintiffs said this amount would "buy them out of" the March agreement and resolve Plaintiffs' claims for breach of contract, fraud, attorneys' fees, defamation, and breach of the non-disparagement clause in the March agreement.  (Dkts. 71-4 at 109; 85-1 ¶ 37.)  Plaintiffs initially gave Defendant one day to accept the offer. (Dkts. 71-4 at 109; 85-1 ¶ 42.)   But, at Defendant's request, Plaintiffs extended the deadline by four days.  (Dkts. 71-4 at 110–111; 85-1 ¶ 43.) Defendant ultimately rejected Plaintiffs' settlement offer, and Plaintiffs filed their complaint in state court.  (Dkt. 85-1 ¶¶ 45–46.)

During a five-week period the following year, Defendant repeatedly accused Plaintiffs of criminal extortion in a series of messages he posted on a social media platform called Telegram.  (*See* Dkt. 85-1 ¶¶ 1–16.) Some of the messages accused Plaintiffs of extortion without much explanation.  (*See* Dkt. 85-1 ¶¶ 2, 4, 8.)  Some claimed Plaintiffs' $1.25 million settlement demand was extortion.  (*See* Dkt. 85-1 ¶¶ 3, 9, 12–14, 16.)  And some claimed Plaintiffs extorted Defendant into the March agreement—or otherwise sought to extort money from him—by making "false claims about [his] mental health," threatening to publicize those claims, "interfer[ing] with [his] relationship with [his] children," and "threatening [his] efforts to get President Trump to award Richard Jewell the Presidential Medal of Freedom."  (Dkt. 85-1 ¶¶ 1, 13, 16.) Hundreds of thousands of people viewed Defendant's messages.  (Dkt. 85-1 ¶ 58.)

In March 2022, Plaintiffs sued Defendant in this case for defamation based on his extortion accusations.  (Dkt. 1.)  The parties now move for summary judgment.  (Dkts. 69; 71.)

5

## II.    Standard of Review

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

## III.   Discussion

Under Georgia law, which applies here, "a claim for defamation has four elements: (1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault by the defendant amounting at least to negligence; and (4) special harm or the actionability of the statement irrespective of special harm."  *Am. C.L. Union, Inc. v. Zeh*, 864 S.E.2d 422, 427 (Ga. 2021).   The parties cross-move   for   summary   judgment   on   elements   (1),   (2),   and   (4). Defendant also moves for summary judgment on element (3).  The Court sides with Plaintiffs on all four elements.

### A.    First Element: False and Defamatory Statement

The first element of a defamation claim requires a statement that was false, defamatory, and about the plaintiff.  *Id.*  It is undisputed that Defendant's extortion accusations were about Plaintiffs.  (*See* Dkt. 85-1 ¶¶ 1–16, 57.)  So the question is whether the accusations were false and

defamatory. Plaintiffs say they were as a matter of law. (Dkt. 71-1 at 12–18.) The Court agrees.

### 1. False

Defendant's Telegram posts claimed Plaintiffs committed—or attempted to commit—criminal extortion when they threatened to sue him if he did not accept their $1.25 million settlement demand. This claim was false because "demand letters" and "mere threats to sue" "cannot constitute criminal extortion." *State v. Cohen*, 807 S.E.2d 861, 868 (Ga. 2017); *Buckley v. DIRECTV, Inc.*, 276 F. Supp. 2d 1271, 1276 (N.D. Ga. 2003). Under a narrow exception, a threat to sue may involve extortion if it is "based on intentional falsehoods or on knowingly frivolous claims." *Cohen*, 807 S.E.2d at 869 n. 9; *see Rogers v. Dupree*, 824 S.E.2d 823, 831 (Ga. Ct. App. 2019). Defendant does not invoke that exception here, and the record does not support it.

Defendant's posts also claimed Plaintiffs extorted him by making "false claims about [his] mental health," threatening to publicize those claims, "interfer[ing] with [his] relationship with [his] children," and "threatening [his] efforts to get President Trump to award Richard Jewell the Presidential Medal of Freedom." (Dkt. 85-1 ¶¶ 1, 13.) These

7

statements were also untrue. In Georgia, a person commits extortion when he "unlawfully obtains [the] property" of another by "threatening" to take one of the actions listed in O.C.G.A. § 16-8-16(a).[2] Making mental-health claims and interfering with family relationships does not constitute extortion under this language because it does not involve a "threat," much less a threat to take one of the specified actions set forth in the extortion statute. *See Dial HD, Inc. v. Clearone Commc'ns, Inc.*, 2010 WL 3732115, at *16 (S.D. Ga. Sept. 7, 2010) (no extortion because

---

[2] Section 16-8-16(a) encompasses threats to:

> (1) Inflict bodily injury on anyone or commit any other criminal offense;
>
> (2) Accuse anyone of a criminal offense;
>
> (3) Disseminate any information tending to subject any person to hatred, contempt, or ridicule or to impair his credit or business repute;
>
> (4) Take or withhold action as a public official or cause an official to take or withhold action;
>
> (5) Bring about or continue a strike, boycott, or other collective unofficial action . . . ; or
>
> (6) Testify or provide information or withhold testimony or information with respect to another's legal claim or defense.

O.C.G.A. § 16-8-16(a).

defendant did not "threaten[] to take any of the actions set forth in § 16-8-16(a)"); *G-I Holdings, Inc. v. Baron & Budd*, 179 F. Supp. 2d 233, 256 (S.D.N.Y. 2001) ("The extortion paradigm is 'Give me X or else I *will* do Y.'" (emphasis added)).

Even assuming the extortion statute covered Plaintiffs' other alleged conduct—threatening to publicly question Defendant's mental health and interfere with his Medal-of-Freedom efforts—no reasonable jury could conclude Plaintiffs actually made those threats. Plaintiffs swear they did not. (*See* Dkts. 71-4 ¶¶ 49–50; 71-5 ¶¶ 3–4, 42–43; 71-6 ¶¶ 3, 7.) And Defendant's cited evidence—a few snippets from his own deposition testimony—is too generalized and conclusory to permit a reasonable inference to the contrary. (*See* Dkts. 80-1 ¶¶ 11–12; 85-1 ¶¶ 54–56); *see Leigh v. Warner Bros.*, 212 F.3d 1210, 1217 (11th Cir. 2000) ("conclusory allegations without specific supporting facts have no probative value" at summary judgment); *Jackson v. West*, 787 F.3d 1345, 1357 n.6 (11th Cir. 2015) (finding a declaration "too cursory and too vague to create a genuine issue of fact").

At most, the evidence suggests Plaintiffs discussed Defendant's mental health with one another and told Defendant and his children they

9

were concerned, Defendant was worried this "could be leaked out into the public," and Defendant was worried such a leak would damage his client work and his advocacy for Richard Jewell. (*See, e.g.*, Dkts. 74-1 at 67–68, 121, 157–164; 80-2 ¶¶ 26, 28–30.) But, while Defendant's perception of these possibilities may have motivated him to enter into the March agreement or otherwise to pacify Plaintiffs, it does not mean Plaintiffs communicated any specific threat to him—much less a Section 16-8-16 threat—with the intent to "unlawfully obtain[] [his] property." O.C.G.A. § 16-8-16(a). No reasonable jury could conclude otherwise.

Tellingly, Defendant does not even try to show his accusations were true. Indeed, he admits Plaintiffs did *not* commit "the crime of extortion." (*See* Dkt. 78 at 6 ("Defendant still does not contend that the acts exhibited by the Plaintiffs during the timeline relevant to this matter constituted fulfillment of the specific elements of the crime of extortion.").) But he insists his extortion accusations were still non-false because they contained "loose, figurative, or hyperbolic language" that no reasonable person could construe as a genuine accusation of criminal conduct. *Bryant v. Cox Enterprises, Inc.*, 715 S.E.2d 458, 469 (Ga. Ct. App. 2011); (*see* Dkt. 78 at 4–6; *see also* Dkt. 69-1 at 17–22). The Court disagrees.

10

Defendant's posts included a slew of assertions that preclude any inference of non-literalness, including that Plaintiffs engaged in "criminal extortion," "committed the crime of attempted extortion," and were "guilty of the crime"; "[t]he law does not sanction lawyers' engaging in such conduct"; "other lawyers . . . agree"; Defendant was "considering whether to pursue criminal actions against Plaintiffs"; Plaintiffs were "extortionist lawyers who should be disbarred"; and "[t]he public should file bar complaints against them." (Dkt. 85-1 ¶¶ 1, 3–4, 8–9, 12, 14.) Defendant made some of these statements in a *discovery response* that he posted on Telegram, further bolstering the impression he meant them. (Dkt. 85-1 ¶¶ 10–12.) He also told readers his discovery response was "correct and truthful" because, "[a]s a trial lawyer with 43 years experience," he knew it had to be. (Dkt. 85-1 ¶¶ 10); *see Punturo v. Kern*, 2018 WL 5276142, at *8 (Mich. Ct. App. Oct. 16, 2018) (noting in the context of an attorney's extortion accusation that, "when [an attorney] uses a specific legal term to describe a person's behavior, a reasonable juror would be well-supported in understanding that term as an accusation of a specific crime, not rhetorical hyperbole"). Defendant even posted a link for "concerned citizens [to] file Bar complaints" against

11

Case 1:22-cv-01073-MLB   Document 91   Filed 09/26/24   Page 29 of 61

Plaintiffs for engaging in the "criminal conduct" of "attempted extortion." (Dkt. 85-1 ¶ 8.)   Given the totality of these statements and the record more generally, and construing Defendant's posts together as he asks the Court to do, no reasonable jury could believe his extortion accusations were anything but literal and genuine.  (*See* Dkts. 69-1 at 24; 78 at 8.)[3]

Defendant also claims his accusations were not false because they were "mere opinions."  (Dkts. 69-1 at 22–25; 78 at 3–8.)  The Court again disagrees.  A statement is not an opinion if it is "capable of being proved false."  *Gettner v. Fitzgerald*, 677 S.E.2d 149, 154 (Ga. Ct. App. 2009); *see Empire S. Realty Advisors, LLC v. Younan*, 883 S.E.2d 397, 399 (Ga. Ct. App. 2023) ("[A] statement that reflects an opinion . . . cannot be proved false.").  "[T]he accusation that [a person] is guilty of a crime punishable by law is susceptible of being proved false."  *Eidson v. Berry*, 415 S.E.2d

---

[3] Even assuming Defendant *intended* his accusations to be rhetorical hyperbole, that would not change the outcome here because what matters is how "the average person would . . . have understood" them.  *Johnson v. Lindsay Pope Brayfield & Assocs., Inc.*, 875 S.E.2d 856, 862 (Ga. Ct. App. 2022); *see Lucas v. Cranshaw*, 659 S.E.2d 612, 615 (Ga. Ct. App. 2008) ("A publication claimed to be defamatory must be read and construed in the sense in which the readers to whom it is addressed would ordinarily understand it.").  As explained above, the average person would have understood Defendant's posts as literal, genuine accusations of criminal conduct.

16, 17 (Ga. Ct. App. 1992); *see Andrews v. D'Souza*, 2023 WL 6456517, at
*14 (N.D. Ga. Sept. 30, 2023) (accusations of "highly illegal" conduct and
"organized crime" were "not statements of opinion" because they were
"capable of being proved false"). So, too, is the more specific accusation
that a person is guilty of criminal extortion. *See Friedman v. Bloomberg
L.P.*, 884 F.3d 83, 97 (2d Cir. 2017) (the assertion that someone "actually
committed the criminal act of extortion" is "capable of being proven
false"); *Stavros v. Marrese*, 753 N.E.2d 1013, 1018 (Ill. App. Ct. 2001)
("We consider the assertion that plaintiff committed extortion to be
objectively verifiable and therefore actionable [as defamation]."); *Kern*,
2018 WL 5276142, at *6–7 (extortion accusation was not an opinion
because it was "provable as false"). Because a statement cannot
constitute an opinion if it is verifiable and because Defendant's extortion
accusations *were* verifiable, Defendant's accusations were not opinions.

Even assuming the accusations did involve opinion, they would still
be actionable because they "contain[ed] a provably false factual
*connotation*." *Milkovich v. Lorain J. Co.*, 497 U.S. 1, 20 (1990) (emphasis
added); *see Eidson*, 415 S.E.2d at 17 ("expressions of opinion may often
imply an assertion of objective fact" that is provably false). In *Eidson*, for

13

example, defendant publicly claimed a government attorney "act[ed] improperly" when he gave the news media an audio recording of a racist conversation between other government officials. *Eidson*, 415 S.E.2d at 17. The defendant said the attorney "should . . . be prosecuted" and "barred from practicing law because he knowingly violated federal law." *Id.* The trial court held these statements were not defamation because they were merely opinions. *Id.* The Court of Appeals reversed. The court said what mattered was not whether the statements were opinions but whether they "impl[ied] defamatory facts" that were "false." The court concluded defendant's statements were actionable under this principle because they could "easily be taken as an assertion that [the attorney was] guilty of a crime punishable by law," which was an assertion "susceptible of being proved false." *Id.*

So too here. Whether or not Defendant's Telegram posts contained opinion, they—like the statements in *Eidson*—claimed Plaintiffs should be disbarred and potentially prosecuted for committing a crime. This "impl[ied]" Plaintiffs were "guilty of a crime punishable by law," which— on the facts here—was both "susceptible of being proved false" and actually *was* false. Thus, as in *Eidson*, Defendant's posts are actionable

14

regardless of any opinion content.  *See Milkovich*, 497 U.S. at 21 (alleged opinions were actionable because they contained "the connotation that petitioner committed perjury," which was "susceptible of being proved true or false"); *Kern*, 2018 WL 5276142, at *6 ("even if words suggesting personal opinions were used, they implied an assertion of objective fact"—namely, that plaintiff "committed extortion"—and thus were "actionable").

Finally, to the extent Defendant's accusations were opinions, they are still actionable because Defendant's public description of "the facts upon which he base[d]" those opinions was "incorrect or incomplete." *Milkovich*, 497 U.S. at 19; *see N. Atlanta Golf Operations, LLC v. Ward*, 870 S.E.2d 814, 819 (Ga. Ct. App. 2022) ("The explanation [for an opinion] must have been truthful to avoid potential liability for defamation.").[4]  To be sure, one of Defendant's Telegram posts did include

---

[4] *See also Deeb v. Saati*, 778 F. App'x 683, 687–88 (11th Cir. 2019) ("A speaker cannot invoke a 'pure opinion' defense . . . if the facts underlying the opinion are false or inaccurately presented." (applying Florida law)); *Gast v. Brittain*, 589 S.E.2d 63, 64 n.6 (Ga. 2003) (an opinion is actionable if it is "so intertwined with false statements of fact that the false total stated constitutes defamation").  The Court recognizes *Deeb* is unpublished and not binding but cites it as instructive, nonetheless.  *See Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342,

a copy of the $1.25 million settlement demand that animated some of his extortion accusations. (Dkt. 85-1 ¶¶6–7.) But the posts also included several misrepresentations, including that Plaintiffs were really seeking $1.5 million, Plaintiffs admitted they were only entitled to $647,000, and Plaintiffs were "threatening" to publicly question Defendant's mental health and interfere with his work for Richard Jewell. (Dkt. 85-1 ¶¶ 1, 14, 16.) The posts omitted other pertinent facts too, including that Defendant was the one who drafted and proposed the March agreement, several of its terms were his idea, he received fees that ostensibly triggered his obligation to pay Plaintiffs under the agreement, Plaintiffs sent him their draft complaint and settlement demand with the agreement of all parties, Plaintiffs granted his request for extra time to consider the demand, Plaintiffs baked into the demand their entitlement to future fees in several cases (not just the $647,949.99 for previously settled cases), at least two such cases involved high-value claims with the potential to generate substantial fees, and Defendant recently told key third parties that Plaintiffs were guilty of extortion, which arguably

---

1355 n.5 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive.").

16

entitled Plaintiffs to additional damages under the non-disparagement clause in the March agreement.  (*See* Dkts. 71-5 ¶¶ 35–38 (discussing the bases for Plaintiffs' $1.25 million demand); 85-1 ¶¶ 37–41 (same), 48 (state court issued an October 2020 injunction enjoining Defendant from breaching the non-disparagement clause).)  Taken together, these statements and omissions created a false and misleading picture of the facts underlying Defendant's accusations.  So the accusations are actionable even if they were opinions.

### 2. Defamatory

To ground a claim for defamation, a false statement must also be defamatory.  A statement is "per se defamatory if it [asserts] one is guilty of a crime."  *Harris v. Pierce Cnty., Ga.*, 2014 WL 3974668, at *17 (S.D. Ga. Aug. 14, 2014); *see* O.C.G.A. § 51-5-4(a)(1) ("[i]mputing to another a crime punishable by law" is per se defamatory).  As explained above, that is exactly what Defendant's extortion accusations did here, regardless of whether Defendant subjectively intended them to do so.  *See StopLoss Specialists, LLC v. VeriClaim, Inc.*, 340 F. Supp. 3d 1334, 1351 (N.D. Ga. 2018) (whether a statement "imput[es] a crime to plaintiff" depends on how "the average reader" would construe it); *Hoffman-Pugh v. Ramsey*,

193 F. Supp. 2d 1295, 1299 (N.D. Ga. 2002) ("[W]hat the Plaintiff understood or the Defendants intended is irrelevant.").  No reasonable jury could reach a different conclusion.  So the statements are defamatory.  *See Hoffman-Pugh v. Ramsey*, 312 F.3d 1222, 1225 (11th Cir. 2002) ("the question of whether a published statement is defamatory . . . is one of law for the court" if "the statement is not ambiguous and can reasonably have but one interpretation").

### 3. Conclusion

Given the totality of the record, including the parties' factual submissions and legal arguments, a reasonable jury could only conclude Defendant's extortion accusations were false and defamatory.  Plaintiffs are thus entitled to summary judgment on the first element of their defamation claim.  Plaintiffs are also entitled to summary judgment on the fifth and sixth defenses in Defendant's answer, namely, that Defendant's statements "were true or substantially true" (fifth defense) and "constitute protected opinion" (sixth defense).  (Dkt. 21 at 2–3.)

### B.    Second Element: Unprivileged Publication

The second element of a defamation claim "requires both that the statement is not privileged and that it is published to a third party."

18

*StopLoss*, 340 F. Supp. 3d at 1347.  It is undisputed that Defendant published his extortion accusations to third parties when he posted them on Telegram.  (*See* Dkts. 74-1 at 185; 80-1 ¶ 18; 85-1 ¶ 58.)  So the only question is whether those accusations were privileged.  Defendant says they were because they fell within O.C.G.A. § 51-5-7(9), which protects "[c]omments upon the acts of public men or public women in their public capacity."  (Dkts. 69-1 at 9–16; 78 at 8–10.)  Defendant cites no authority for the proposition that this language includes persons other than public *officials*.  Nor does he claim Plaintiffs were public persons *generally* (which they clearly weren't).  But he insists Section 51-5-7(9) still applies because Plaintiffs were "*limited-purpose* public figures" under a First Amendment doctrine that governs the level of fault required for an entirely different element (the third element) of Plaintiffs' claim.  (Dkts. 69-1 at 9–16; 78 at 8–10.)  The Court rejects this argument.  Even assuming Section 51-5-7(9) includes public figures as well as public officials, even assuming it includes limited-purpose as well as general public figures, and even assuming it incorporates the First Amendment standard for limited-purpose public figures, Defendant's argument would still fail because Plaintiffs do not qualify as limited-purpose public

19

figures under that standard. *See Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 702 (11th Cir. 2016) ("Determining whether an individual is a public figure . . . is a question of law for the court to decide.").

A plaintiff is a limited-purpose public figure if he or she "voluntarily injects himself [or herself] or is drawn into a particular *public controversy*" with respect to which he or she is allegedly defamed. *Little v. Breland*, 93 F.3d 755, 57 (11th Cir. 1996) (emphasis added). A public controversy is an issue that (1) is "debated publicly" and (2) has "foreseeable and substantial ramifications for nonparticipants." *Id.*; *see Grlpwr, LLC v. Rodriguez*, 2023 WL 5666203, at *6 n.6 (N.D. Fla. Aug. 25, 2023). With respect to (1), the public debate must involve actual discussion of a "specific question," not just "general concern or interest." *Waldbaum v. Fairchild Publications, Inc.*, 627 F.2d 1287, 1297 (D.C. Cir. 1980).[5] With respect to (2), the issue must "affect[] the general public or some segment of it in an appreciable way." *Id.* at 1296. "The public controversy must [also] have preexisted the alleged defamation." *Little*, 93 F.3d at 757. And plaintiff must have knowingly assumed "a special

---

[5] The Eleventh Circuit has endorsed *Waldbaum's* "standards for determining whether plaintiffs are limited public figures." *Silvester v. Am. Broad. Companies, Inc.*, 839 F.2d 1491, 1494 (11th Cir. 1988).

20

prominence" in it.  *Waldbaum*, 627 F.2d at 1297; *see Silvester*, 839 F.2d at 1496–97.

Defendant repeatedly claims Plaintiffs were central figures in "the controversy that arose from the conclusion of the business relationship between the Parties."  (Dkt. 69-1 at 12; *see* Dkts. 78 at 9; 83 at 2, 8.)  But he never defines this controversy with any specificity, which makes it impossible to evaluate.  *See Little*, 93 F.3d at 757 (the first step in the public-figure analysis is to "isolate the public controversy").  And, looking through the record, the Court sees no defamation-related issue in which Plaintiffs were "intimately involved" that would even come close to a public controversy (not before Defendant's accusations, anyway).  *Id.* at 758.

The parties were essentially involved in a run-of-the-mill fee dispute, which led to settlement discussions, a couple of agreements, and a lawsuit.  Nothing suggests any of those things were particularly "newsworthy" at the time, much less "the subject of extensive public debate" with "foreseeable and substantial ramifications for nonparticipants."  *Id.* at 757.  No one cites any "official state investigations," "television news stories," "documentar[ies]," "newspaper

21

articles," "coverage in the local media," or the like.  *Id.* at 757–58; *Berisha v. Lawson*, 973 F.3d 1304, 1310 (11th Cir. 2020).  And a dispute over attorneys' fees is hardly the kind of "legitimate public concern" that promises to "affect[] the general public or some segment of it in an appreciable way." *Silvester*, 839 F.2d at 1495; *Waldbaum*, 627 F.2d at 1296; *see Foretich v. Cap. Cities/ABC, Inc.*, 37 F.3d 1541, 1554 (4th Cir. 1994) ("[T]he mere facts that a dispute was litigated and that the litigation garnered some news coverage do not, by themselves, render the dispute a public controversy.").

The Eleventh Circuit has also noted public figures "usually have greater access to the media" and "voluntarily expose themselves" to a heightened risk of defamation by "invit[ing] attention and comment." *Silvester*, 839 F.2d at 1494.  Neither of these things holds true for Plaintiffs, whose pre-defamation "activities and public profile[s]"—as best we can tell—were "much like those of countless members of [their] profession." *Hutchinson v. Proxmire*, 443 U.S. 111, 135 (1979); (*see* Dkt. 80-3 ¶¶ 23–25).  That Plaintiffs lacked these "fundamental" characteristics of a public figure is another reason to conclude they were not public figures at all. *Berisha*, 973 F.3d at 1310.

Plaintiffs were not limited-purpose public figures under the First Amendment because Defendant has not identified a relevant public controversy in which they assumed a role of special prominence. This kills Defendant's privilege argument under Section 51-5-7(9). No reasonable jury could conclude Defendant's accusations were privileged. So Plaintiffs are entitled to summary judgment on the second element of their defamation claim.[6]

## C.  Third Element: Fault

The third element of a defamation claim requires "fault by the defendant amounting at least to negligence." *Zeh*, 864 S.E.2d at 427. Only Defendant moves for summary judgment on this element. His sole argument is that, because Plaintiffs are limited-purpose public figures under the First Amendment, they must show he published his

---

[6] Several courts have said that, to establish a privilege under O.C.G.A. § 51-5-7, a defamation defendant must show "good faith, an interest to be upheld, a statement properly limited in its scope, a proper occasion, and publication to proper persons." *Zeh*, 864 S.E.2d at 435 n.16; *see Hammer v. Slater*, 20 F.3d 1137, 1141 (11th Cir. 1994); *StopLoss*, 340 F. Supp. 3d at 1348; *RCO Legal, P.S., Inc. v. Johnson*, 820 S.E.2d 491, 501 (Ga. Ct. App. 2018); *Richardson v. King*, 316 S.E.2d 582, 583 (Ga. Ct. App. 1984). Defendant does not explicitly address these elements or respond to Plaintiffs' argument that he is required to do so. (*See* Dkts. 80 at 16; 83 at 2.) This further supports the Court's conclusion that summary judgment is proper here.

accusations with "actual malice," which they cannot do. (*See* Dkt. 69-1 at 9–16.) This argument fails because the Court has already concluded Plaintiffs are *not* limited-purpose public figures. Defendant offers no other argument on the third element of Plaintiffs' claim. So Defendant's motion for summary judgment on that element is denied.[7]

### D.    Fourth Element: Harm

The final element of a defamation claim requires either "special damages" or "a statement [that] is defamatory per se." *StopLoss*, 340 F. Supp. 3d at 1349–50. The Court has already concluded Defendant's extortion accusations were defamatory per se because they "[i]mput[ed] to another a crime punishable by law." O.C.G.A. § 51-5-4(a)(1). This means "damage is inferred," no showing of special damages is required, and Plaintiffs are entitled to summary judgment on the fourth element of their claim. *Id.*; *see StopLoss*, 340 F. Supp. 3d at 1349–50.

---

[7] Even if Plaintiffs were limited-purpose public figures, summary judgment would still be inappropriate because, as explained in Plaintiffs' brief, a jury could conclude Defendant acted maliciously. (*See* Dkt. 80 at 16–23.) That also precludes summary judgment on Plaintiffs' request for punitive damages. (*See* Dkt. 69-1 at 13.)

## IV.   Conclusion

The Court **GRANTS** Plaintiffs' Motion for Partial Summary Judgment (Dkt. 71) and **DENIES** Defendant's Second Motion for Summary Judgment (Dkt. 69).  The Court **DENIES** Defendant's Motions for Oral Argument (Dkts. 70; 84) because Defendant has not shown oral argument is necessary.

The Court also **DENIES** Defendant's First Motion for Summary Judgment (Dkt. 68)—a borderline frivolous filing—for the reasons stated in Plaintiffs' response brief (Dkt. 79).  This motion claimed the Court lacks personal jurisdiction over him because he is a nonresident.  But, as Plaintiffs explained in their brief, the Court "has jurisdiction over Defendant Wood because he was personally served in Georgia, he waived any such objection by failing to raise it in his first responsive pleading, and he waived any such objection by actively participating in this litigation for nearly a year."  (Dkt. 79 at 17.)

Finally, the Court **DENIES WITHOUT PREJUDICE** the parties' Motions to Seal (Dkts. 73; 75) because they are overbroad, generalized, insufficiently justified by reference to authority, and presented in a way that makes it needlessly onerous for the Court to identify the specific

portions of the record for which protection is sought (and the basis for such protection). For example, neither side cites any caselaw or fleshes out any legal arguments, in violation of the Local Rules. *See* LR 7.1(A)(1), NDGa. Plaintiffs move to seal Defendant's deposition transcript even though it is already public. (*Compare* Dkt. 74-1 *with* Dkt. 72.) Defendant also seeks to redact public information. (*Compare* Dkt. 71-3 at 48–50 *with* Dkt. 74-2 at 1–3, and Dkt. 71-3 at 55–56 *with* Dkt. 74-3.) And the parties have filed under provisional seal hundreds of pages of discrete documents—cumbersomely bunched together in only three filings—without clearly pinpointing the specific content that supposedly requires protection. (*See* Dkts. 69-1; 72; 72-1.)

If the parties want to renew their sealing requests, they may do so in a single joint motion **no later than thirty days after the entry date of this Order**. Any such motion must identify the specific portions of the record sought to be sealed (by page and line number where appropriate), explain with specificity why each such portion requires sealing, include a robust discussion and application of relevant authority, and make it as simple as possible for the Court to understand, evaluate, and effectuate each sealing request. The parties also must attach a

proposed order containing everything necessary to effectuate the sealing they seek (and everything necessary to ensure the docket otherwise remains clean, orderly, and accessible to the public). Documents 69-1, 72, and 72-1 shall remain provisionally sealed until the Court orders otherwise.

     **SO ORDERED** this 12th day of March, 2024.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

Nicole Jennings Wade, Jonathan
D. Grunberg, G. Taylor Wilson,

        Plaintiffs,

                        Case No. 1:22-cv-1073-MLB

v.

L. Lin Wood,

        Defendant.

_____/

## <u>ORDER</u>

Plaintiffs bring this defamation action against Defendant for falsely accusing them of criminal extortion. The Court previously granted partial summary judgment to Plaintiffs and set a jury trial for August 7, 2024. (Dkts. 90; 101.) Defendant now moves to exclude from trial any evidence that he "breached a contract, never intended to honor a contract, and/or committed fraud." (Dkt. 103 at 9.) Defendant claims this evidence should be excluded because it is irrelevant, unfairly prejudicial, and confusing. (Dkt. 103 at 9.) The Court denies Defendant's motion.

The evidence Defendant seeks to exclude is clearly relevant. Plaintiffs are suing Defendant for falsely characterizing their offer to settle several claims—including claims against Defendant for breach of contract and fraud—as criminal extortion. This means evidence about those claims is inextricably tied up with Defendant's alleged defamation and is necessary for the jury to understand the basic story and dispute in this case. The evidence is also relevant to Defendant's intent, which goes to malice, punitive damages, and attorneys' fees—all live issues for trial. (*See* Dkt. 102 at 3–4, 7–8.) If Plaintiffs' claims for breach of contract and fraud were obviously valid or strong, for example, a jury might find it more likely that Defendant knowingly lied when he accused Plaintiffs of committing criminal extortion for offering to settle those claims. Likewise, if the parties had a strained relationship that led to litigation involving contract and fraud claims shortly before Defendant made his allegedly defamatory statements, a jury might find it more likely that Defendant made those statements not with the intent to tell the truth but with the intent to retaliate or otherwise harm Plaintiffs. Indeed, Defendant explicitly admits that the evidence he seeks to exclude suggests he "intended to harm the Plaintiffs" (Dkt. 103 at 4)—exactly the

2

kind of intent that supports a malice finding or an award of punitive damages and attorneys' fees. *See, e.g.*, O.C.G.A. § 51-12-5.1(b) (punitive damages requires "willful misconduct, malice, fraud, wantonness, oppression, or . . . conscious indifference to consequences"); O.C.G.A. § 51-12-5.1(f) (uncapped punitive damages requires "specific intent to cause harm"); *Wilson v. Redmond Constr., Inc.*, 860 S.E.2d 118, 123 (Ga. Ct. App. 2021) (attorneys' fees warranted where defendant acts with "sinister motive" or "ill will").

The Court does not believe any unfair prejudice or jury confusion will occur if Plaintiffs introduce evidence about their underlying claims for breach of contract and fraud. But, even if the Court were wrong about that, it would still deny Defendant's motion given the substantial relevance of Plaintiffs' evidence, the Court's ability to control that evidence at trial, Plaintiffs' representation that they "do not intend to engage in a mini-trial on [these] issues" (Dkt. 107 at 15), and the Court's ability to give a limiting instruction to the jury if necessary. *See United States v. Gibson*, 708 F.3d 1256, 1281 (11th Cir. 2013) ("Rule 403 is an extraordinary remedy which should be used only sparingly" and, in doubtful cases, "the balance . . . should be struck in favor of

admissibility"); *IVC US, Inc. v. Linden Bulk Transportation SW, LLC*, 2017 WL 5203055, at *3 (N.D. Ga. Apr. 4, 2017) ("[T]he evidence at issue is not unduly prejudicial so as to warrant its exclusion under Rule 403, and, with proper instructions to the jury, it should not confuse the jury or waste time."); *see also United States v. Colston*, 4 F.4th 1179, 1192 (11th Cir. 2021) ("We always presume that a jury follows its instructions."). At any rate, the Court can see no unfair prejudice that substantially outweighs the probative value of the evidence and thus warrants exclusion under Rule 403—at least not on the current record.

Defendant counters that Plaintiffs' complaint fails to plausibly allege claims for breach of contract and fraud under the pleading standards set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). (Dkt. 103 at 5–7.) But this objection fails because Plaintiffs do not assert standalone claims for breach of contract and fraud in this litigation—their sole claim is for defamation—and, in any event, we are well past the pleading stage where *Twombly* and *Iqbal* apply.

Defendant also asks the Court to "postpone the trial until such time as dispositive motions concerning the allegations of breach of contract

4

and fraud have been fully and finally adjudicated in . . . the Superior Court of Fulton County." (Dkt. 103 at 8.) The Court denies this request as untimely because the Fulton County litigation has been pending since 2020—well before Plaintiffs filed this lawsuit in 2022—and the Court held a hearing less than two months ago at which all parties agreed to specially set the trial for August 7, 2024. (Dkts. 85-1 ¶¶ 46–47; 100; 101.) Defendant's request—which cites no supporting authority and is improperly embedded in a motion in limine—also fails on the merits because it does not identify a specific risk of material prejudice that will occur absent a stay. The jury in this case will not adjudicate Plaintiffs' underlying claims for breach of contract and fraud—only the state court will do that—and Defendant never explains how admitting evidence on those claims here will harm him there.

For all these reasons, the Court **DENIES** Defendant's Motion in Limine (Dkt. 103). To the extent Defendant's objections to Plaintiffs' deposition designations (Dkt. 104) are based on the same arguments as his motion in limine, the Court also **OVERRULES** those objections. The parties must be prepared to discuss ***all other deposition designation***

5

*objections*—and any other trial-related issues—at the pretrial

conference on July 9, 2024.[1]

     **SO ORDERED** this 21st day of June, 2024.


                                      _____

                                      MICHAEL L. BROWN

                                      UNITED STATES DISTRICT JUDGE

---

[1] Defendant's motion in limine includes a passing request to exclude evidence that he "fraudulently transferred assets to avoid payment of the judgments that are anticipated to be entered against him." (Dkt. 103 at 3, 7–8.) Plaintiffs do not respond to this request, so the Court assumes they do not intend to introduce such evidence. If the Court is mistaken, the parties must be prepared to discuss Defendant's request at the pretrial conference.

FILED IN OPEN COURT
U.S.D.C. - Atlanta

AUG 15 2024

KEVIN P. WEIMER, Clerk
By: J. Kelley Deputy Clerk

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

NICOLE JENNINGS WADE,
JONATHAN D. GRUNBERG, and
G. TAYLOR WILSON,

        Plaintiffs,

    v.

L. LIN WOOD,

        Defendant.

Case No. 1:22-CV-01073

## JURY VERDICT FORM

WE THE JURY answer the questions submitted to us as follows:

1.    Have Plaintiffs proved by a preponderance of the evidence that Defendant L. Lin Wood made one or more of the statements at issue accusing them of extortion at least negligently?

        ✓ Yes. We the jury find in favor of Plaintiffs Nicole Wade, Jonathan Grunberg, and Taylor Wilson.

OR

        _____ No. We the jury find in favor of Defendant L. Lin Wood.

*If you checked "yes," finding in favor of Plaintiffs with respect to Question 1, please proceed to Question 2. After answering Question 2, please proceed to Questions 3 through 4 below. If you checked "no," finding in favor of Defendant with respect to Question 1, this ends your deliberations, and your foreperson should sign and date this verdict form.*

2. As actual damages for defamation, we the jury award to Plaintiffs the amount of
$_____ 3.75 million _____.

3. Have Plaintiffs proved by a preponderance of the evidence that they are entitled
to recovery of expenses of litigation from Defendant L. Lin Wood?

_____✓_____ Yes        OR        _____ No

4. Have Plaintiffs proved by clear and convincing evidence that Defendant L. Lin
Wood made one or more of the statements at issue accusing them of extortion with
actual malice?

_____ Yes        OR        _____✓_____ No

*If you checked "yes," finding in favor of Plaintiffs with respect to Question 4, please
proceed to Questions 5 through 7 below regarding damages. If you checked "no,"
finding in favor of Defendant with respect to Question 4, this ends your deliberations,
and your foreperson should sign and date this verdict form.*

5. As presumed damages for harm to reputation, we the jury award to Plaintiffs
the additional amount of $_____.

6. Have Plaintiffs proved by clear and convincing evidence that they are entitled to
recovery of punitive damages from Defendant L. Lin Wood?

_____ Yes        OR        _____ No

7. Have Plaintiffs proved by a preponderance of the evidence that Defendant L. Lin
Wood had a specific intent to cause harm when he published the statements at
issue accusing Plaintiffs of extortion?

_____ Yes        OR        _____ No

2

*This ends your deliberations. Your foreperson should sign and date this verdict form.*

SO SAY WE ALL.

Corey Holdenread
Foreperson's Signature

Date: 8 / 15 / 2 4

3

Case 1:22-cv-01073-MLB Document 538 Filed 08/16/24 Page 54 of 61
FILED IN OPEN COURT
U.S.D.C. - Atlanta

AUG 1 6 2024

KEVIN P. WEIMER, Clerk
By: J. Kelley Deputy Clerk

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

NICOLE JENNINGS WADE,
JONATHAN D. GRUNBERG, and
G. TAYLOR WILSON,

      Plaintiffs,

      v.

L. LIN WOOD,

      Defendant.

Case No. 1:22-CV-01073

## JURY VERDICT FORM
## FOR PHASE TWO OF TRIAL

Regarding Plaintiffs' claim for expenses of litigation, WE THE JURY find:

      In favor of Plaintiffs Nicole Wade, Jonathan Grunberg, and Taylor

Wilson in the amount of $ _750,000_ .

***This ends your deliberations. Your foreperson should sign and date this verdict form.***

      SO SAY WE ALL.

_Corey Holdernead_
Foreperson's Signature

Date: _8/16/24_

1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

Nicole Jennings Wade, Jonathan
D. Grunberg, and G. Taylor
Wilson,

                    Plaintiffs,       Case No. 1:22-cv-1073-MLB

v.

L. Lin Wood,

                    Defendant.

_____/

## JUDGMENT ON JURY VERDICT

This action having come before the Court for a trial by jury and the jury having rendered its verdict in favor of Plaintiffs Nicole Jennings Wade, Jonathan D. Grunberg, and G. Taylor Wilson on August 15, 2024 and August 16, 2024, it is

**ORDERED AND ADJUDGED** that judgment is hereby entered in favor of Plaintiffs Nicole Jennings Wade, Jonathan D. Grunberg, and G. Taylor Wilson and against Defendant L. Lin Wood for actual damages

for defamation in the amount of $3,750,000, and expenses of litigation in

the amount of $750,000, for judgment in the total amount of $4,500,000.

Dated at Atlanta, Georgia, this 20th day of August, 2024.

KEVIN P. WEIMER, Clerk of Court

By:   s/Jessica Kelley
      Deputy Clerk

Prepared, Filed, and Entered
in the Clerk's Office
August 20, 2024
Kevin P. Weimer
Clerk of Court

By: s/Jessica Kelley
      Deputy Clerk

-2-

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| NICOLE JENNINGS WADE, | ) | |
| JONATHAN D. GRUNBERG, and | ) | |
| G. TAYLOR WILSON | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | |
| L. LIN WOOD, | ) | FILE NO. 1:22-CV-01073 |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## <u>DEFENDANT'S NOTICE OF APPEAL</u>

COMES NOW, L. LIN WOOD, Defendant to the above-styled civil action, and hereby files this his Notice of Appeal, and respectfully shows this Honorable Court as follows:

Defendant L. Lin Wood (hereinafter, Defendant Wood) hereby respectfully notifies this Court of his Appeal to the United States Court of Appeals for the Eleventh Circuit from the following Orders and Judgment entered by this Court:

1. Opinion & Order dated March 12, 2024 (*See* Dkt. 90);

2. Order dated June 21, 2024 (*See* Dkt. 111);

3. Denial during trial of Defendant's Motion for Judgment as a Matter of Law, made orally by counsel for Defendant following the close of the Plaintiff's case-in-chief; and

- 1 -

4.  Judgment on Jury Verdict dated August 20, 2024 (*See* Dkt. 140);

Defendant Wood respectfully, as part of the appellate record, hereby designates the entirety of the trial court docket, including the entirety of all documents referenced therein as part of the appellate record for this matter. Defendant Wood likewise respectfully designates all hearing and trial transcripts as part of the appellate record for this matter. In particular, Defendant Wood hereby designates as part of the appellate record:

1.  All parts of the Transcript of Proceedings dated August 17, 2022;

2.  All parts of the Transcript of Proceedings dated July 9, 2024;

3.  All parts of the Trial Transcript dated August 7, 2024; August 8, 2024; August 9, 2024; August 12, 2024; August 13, 2024; August 14, 2024; August 15, 2024; August 16, 2024.

WHEREFORE, Defendant Wood hereby respectfully requests that the Clerk of this Honorable Court include all parts of all transcripts identified above as part of the appellate record of this case.

This 13th day of September, 2024.

[*Signatures on next page*]

- 2 -

Respectfully submitted,

**DOWNEY & CLEVELAND, LLP**

By:   /s/ R. Christopher Harrison
       **R. CHRISTOPHER HARRISON**
       Georgia State Bar No. 333199
       **JACKSON A. GRINER**
       Georgia State Bar No. 495020
       harrison@downeycleveland.com
       *Attorneys for Defendant*

Downey & Cleveland, LLP
288 Washington Avenue
Marietta, GA 30060-1979
T: 770-422-3233
F: 770-423-4199

**JOHN EXUM LAW, LLC**

By:   /s/ John P. Exum, Jr.
       **JOHN P. EXUM, JR.**
       Georgia State Bar No. 568819
       jexum@johnexum.com
       *Attorneys for Defendant*

John Exum Law, LLC
2625 Piedmont Road NE, Suite 56-480
Atlanta, GA 30324
T: 252-560-5325

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D) of the Northern District of Georgia, I hereby certify that this submission has been prepared in compliance with Local Rule 5.1(C), using 14-point Times New Roman Font.

This 13th day of September, 2024.

Respectfully submitted,

**DOWNEY & CLEVELAND, LLP**

By: /s/ R. Christopher Harrison
       **R. CHRISTOPHER HARRISON**
       Georgia State Bar No. 333199
       **JACKSON A. GRINER**
       Georgia State Bar No. 495020
       harrison@downeycleveland.com
       *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served the following counsel of record with a true and correct copy of the foregoing pleading via electronic service and/or by depositing said copy in the United States Mail, with sufficient postage affixed thereon, and properly addressed to the following:

Andrew M. Beal, Esq.
Milinda Brown, Esq.
Buckley Beal, LLP
600 Peachtree Street, NE
Suite 3900
Atlanta, GA 30308

This 13th day of September, 2024.

**DOWNEY & CLEVELAND, LLP**


By:   /s/ R. Christopher Harrison
      **R. CHRISTOPHER HARRISON**
      Georgia State Bar No. 333199
      **JACKSON A. GRINER**
      Georgia State Bar No. 495020
      *Attorneys for Defendant*
