# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| NICOLE JENNINGS WADE, JONATHAN D. GRUNBERG, and G. TAYLOR WILSON,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>L. LIN WOOD,<br><br>　　　　Defendant. | Case No. 1:22-CV-1073-MLB |

## PLAINTIFFS' MOTION TO REQUIRE DEFENDANT TO POST SUPERSEDEAS BOND AND BRIEF IN SUPPORT

Plaintiffs Nicole Wade, Jonathan Grunberg, and Taylor Wilson file this motion and brief in support asking this Court to require Defendant L. Lin Wood ("Wood") to post a Supersedeas Bond in the minimum amount of $4,731,807.61 in light of the Notice of Appeal filed by Wood on September 13, 2024.

## ARGUMENT

Applicable federal and Georgia law requires Wood to post a bond to effect a stay of judgment during the duration of his appeal upon motion by Plaintiffs.

Namely, Federal Rule of Civil Procedure 62(f) provides that a "[i]f a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state

-1-

court would give." O.C.G.A. § 9-12-80 provides that "[a]ll judgments . . . shall bind all the property of the defendant in judgment, both real and personal, from the date of such judgments except as otherwise provided in this Code." In Georgia, the filing of a notice of appeal serves as supersedeas unless the prevailing party moves for a supersedeas bond. O.C.G.A. § 5-6-46(a).

As this Court has recognized, Georgia law provides that where the prevailing party moves for the imposition of a supersedeas bond, "it is entitled to that bond, and the Court's discretion on the question of whether a bond is necessary vanishes." *Auto. Prot. Corp.—APCO v. NBA Auto., Inc.*, No. 1:18-cv-620-MLB, 2022 WL 18459153, at *1 (N.D. Ga. Jan. 21, 2022) (quoting *Bennett v. Hendrix*, 2007 WL 2668134, at *1 (N.D. Ga. Sept. 5, 2007)).

The determination of the amount of the supersedeas bond is within the discretion of the Court but is guided by O.C.G.A. § 5-6-46(a), which provides that:

> upon motion by the appellee, made in the trial court before or after the appeal is docketed in the appellate court, the trial court shall require that supersedeas bond or other form of security be given with such surety and in such amount as the court may require, conditioned for the **satisfaction of the judgment in full, together with costs, interest, and damages for delay** if the appeal is found to be frivolous.

(Emphasis added). The Court should require a bond that will "preserve the status quo while protecting the non-appealing party's rights pending appeal," and such a bond "generally should cover the potential judgment, appeal costs, interest and

damages for the delay." *Auto. Prot. Corp.*, 2022 WL at *1 (quotations omitted). *See, e.g.*, *Poplar Grove plainting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-91 (5th Cir. 1979) (noting purpose of supersedeas bond is to preserve status quo); *Chalfonte Condominium Apartment Ass'n, Inc. v. QBE Ins. Corp.*, 695 F.3d 1215, 1232 (11th Cir. 2012) (noting purpose of supersedeas bond is to secure prevailing party against risk while appeal is pending).

The judgment entered by the Court on August 20, 2024, was in the amount of $4,500,000. (Dkt. 140). Additionally, on September 16, 2024, Plaintiffs filed a Bill of Costs in the amount of $29,779.45. (Dkt. 153). Post-judgment interest accrues at the rate of 4.46% pursuant to 28 U.S.C.A. § 1961(a).[1] 28 U.S.C.A. § 1961(a) ("Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.").

---

[1] 4.46% is the weekly average of the 1-year constant maturity (nominal) Treasury yield for the week ending August 16, 2024, which is the week before the judgment was entered. *See* https://www.federalreserve.gov/datadownload/Download.aspx?rel=H15&series=c3ec77dedd37c9aa112f71c9eba34b50&lastObs=52&from=&to=&filetype=csv&label=include&layout=seriescolumn&type=package.

Plaintiffs contend that a supersedeas bond of $4,731,807.61, which is the amount of judgment, including the Bill of Costs, plus post-judgment interest accruing through August 19, 2025, is the minimum amount necessary to provide adequate security to Plaintiffs during the appeal. *See Auto. Prot. Corp.*, 2022 WL 18459153 at *1.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs request that the Court grant their motion for supersedeas bond in the minimum amount of $4,731,807.61.

Respectfully submitted this 16th day of September, 2024.

/s/Milinda Brown
Andrew M. Beal
Georgia Bar No. 043842
drew@beal.law
Milinda Brown
Georgia Bar No. 363307
milinda@beal.law

Beal Sutherland Berlin & Brown LLP
2200 Century Parkway NE
Suite 100
Atlanta, GA 30345
Telephone: (678) 449-0422

*Attorneys for Plaintiffs*

## CERTIFICATE UNDER L.R. 7.1D

Pursuant to Northern District of Georgia Civil Local Rule 7.1D, the undersigned counsel certifies that the foregoing document is a computer document and was prepared in Times New Roman 14-point font, as mandated in Local Rule 5.1C.

Dated: September 16, 2024.

>/s/ *Milinda Brown*
>*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| NICOLE JENNINGS WADE, JONATHAN D. GRUNBERG, and G. TAYLOR WILSON,<br><br>   Plaintiffs,<br><br>  v.<br><br>L. LIN WOOD,<br><br>   Defendant. | Case No. 1:22-cv-1073-MLB |

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the foregoing pleading upon all parties of record by filing same with the Court's electronic filing system which will deliver a copy to all counsel of record.

Respectfully submitted, this the 16th day of September, 2024.

            **BEAL SUTHERLAND
            BERLIN & BROWN, LLC**

            /s/ *Milinda Brown*
            Milinda Brown
            Georgia Bar No. 363307