## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| NICOLE JENNINGS WADE, | ) | |
| JONATHAN D. GRUNBERG, and | ) | |
| G. TAYLOR WILSON | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | |
| L. LIN WOOD, | ) | FILE NO. 1:22-CV-01073 |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## DEFENDANT'S MOTION FOR APPROVAL OF SUPERSEDEAS BOND AND MOTION TO STAY EXECUTION OF JUDGMENT PENDING APPEAL

COMES NOW, L. LIN WOOD, Defendant to the above-styled civil action, and pursuant to Fed. R. Civ. P. 62, hereby files this his Motion for Approval of Supersedeas Bond and Motion to Stay Execution of Judgment Pending Appeal, and respectfully shows this Honorable Court as follows:

Defendant respectfully seeks a stay of execution of this Court's Judgment on Jury Verdict, dated August 20, 2024, pending his appeal to the United States Court of Appeals for the Eleventh Circuit. Defendant further hereby notifies this Honorable Court of his ability and intention to post a supersedeas bond, pursuant to Fed. R. Civ. P. 62(b), to allow him to exercise his right to appeal before enforcement of this Court's Judgment on Jury Verdict.

- 1 -

## I.   Defendant Wood Has Satisfied The Requirements Of Rule 62(b) And Is Entitled To Stay Of Enforcement Of This Court's Judgment On Jury Verdict Pending His Appeal.

Defendant has previously notified this Court of his appeal to the Eleventh Circuit, through his Notice of Appeal submitted on September 13, 2024. (*See* Dkt. 148). Defendant further hereby submits, as evidence of his ability and intention to post a supersedeas bond, both (A) the attached Affidavit of Todd L Crosby, Founder and Broker in Charge of Crosby Land Company, a copy of which is attached as "**Exhibit A**," and (B) the attached Affidavit of L. Lin Wood, Jr., a copy of which is attached as "**Exhibit B**."

Defendant respectfully seeks to satisfy the requirement of Fed. R. Civ. P. 62(b), stating a defendant is to provide a bond *or other security* if he wishes to obtain a stay of the execution of a judgment entered against him, by providing surety through identifying collateral (*See* **Exhibits A & B**). Defendant specifically offers as collateral his parcels of real property located at (A) 200 Cotton Hall Road, Yemassee, South Carolina 29945, otherwise known colloquially as "Cotton Hall Plantation" (hereinafter, "Cotton Hall"), and (B) 663 Greenview Avenue, Atlanta, Georgia 30305 (hereinafter, "Greenview").

In terms of value, and to ensure that Defendant Wood's security sufficiently surpasses the amount of the Court's Judgment on Jury Verdict, Defendant hereby shows that Cotton Hall, according to appraiser and Broker in Charge of Crosby Land

Company Todd L Crosby, Cotton Hall caries a current estimated value of $5,100,000.00. *See* **Exhibit A**. It also has an estimated sale price of between $4,800,000.00 and $4,900,000.00. *Id.* Defendant, as a result, respectfully contends this property, in and of itself, may very well serve to satisfy the security requirement discussed here.

Nevertheless, out of an abundance of caution, and in an effort to demonstrate to the Court his commitment to meeting said requirements of Rule 62, Defendant hereby further offers as security his Greenview property.

Greenview was purchased by the Defendant on or about October 15, 2014, for an $675,000.00. The same, however, has understandably appreciated over time, and has been improved by the Defendant to the tune of roughly $500,000.00. *See* **Exhibit B**. Currently, Greenview likely carries value of between $1,140,000.00 and $1,360,000.00 as shown by multiple online real estate search tools, and another, comparable sale in the area. *Id.* Specifically, another parcel of property located across the street from Greenview in fact sold for $1,385,000.00 less than one month before the filing of this Motion, on September 3, 2024. Greenview, therefore, at minimum, would certainly sell for a figure greater than $1,000,000.00 if sold today. Greenview and Cotton Hall together, then, likely carry value of greater than $6,000,000.00, a figure that should easily be sufficient to satisfy the bond requirements of Rule 62.

Regarding ownership, it is also clear that these properties are both clearly owned by Defendant Wood, be it either directly or indirectly. Both are also unencumbered and are thus *fully* owned by Defendant Wood. *See* **Exhibit B**.

Regarding Cotton Hall, specifically, and by way of explanation, Defendant Wood hereby states that he did purchase this property through a company known by the name, The Tomotley Crew, LLC. *See* **Exhibit B**. This is shown clearly by Defendant's *Buyer's Settlement Statement*, a copy of which is attached as "**Exhibit C**." Defendant, however, owns all shares of The Tomotley Crew, LLC. This is evident from the operating agreement of the company, a copy of which is attached as "**Exhibit D**." *See also* **Exhibit B**, paragraph 8. He therefore owns and exclusively controls the property. *See* **Exhibits B & D**.

By way of further explanation, and in addition to the above, Defendant does note here that a *portion* of Cotton Hall was conveyed to a New York based not-for-profit corporation known as Open Space Institute Land Trust, Inc., on or about May 10, 2023, *long before* it was appraised by Mr. Crosby in connection with the present Motion. This is shown by the associated *General Warranty Deed and Quit Claim Deed*, a copy of which is attached as "**Exhibit E**."

In **Exhibit E**, though, it is clearly shown in the "Legal Description" of the parcel that 232.18 acres were conveyed to Open Space Institute Land Trust, Inc. That left approximately 483.96 acres remaining, since Cotton Hall, at the point when

Defendant Wood purchased it, comprised of 716.14 acres. Nevertheless, the *current state* of the property, or in other words, the post-sale acreage of Cotton Hall, is what was considered by Mr. Crosby as he conducted his appraisal of the property. *See* **Exhibit A**. This 2023 conveyance of a portion of Cotton Hall therefore does not effect on the appraisals set forth hereinabove. It is therefore clear that Cotton Hall is owned by Defendant Wood, is fully owned by him without any encumbrances, and that it carries value of between $4,800,000.00 and $5,100,000.00.

Greenview, on the other hand, was purchased by Defendant Wood directly, as shown by the attached, Limited Warranty Deed, a copy of which is attached as "**Exhibit F**." It then became fully owned by him, and unencumbered, on or about July 7, 2015, as shown by the *Cancellation of Security Deed*, a copy of which is attached as "**Exhibit G**." It is therefore clear that Greenview is also owned by Defendant Wood, is fully owned by him without any encumbrances, and carries value of between $1,140,000.00 and $1,360,000.00. Together, then, Cotton Hall and Greenview likely carry value of more than $6,000,000.00, well above what is required to satisfy the bond requirements of Rule 62.

Defendant respectfully submits that, in complying with the requirements of Fed. R. Civ. P. 62(b), he ought to be able to offer these parcels of real property as security. Under the Federal Rules, "a party may obtain a stay by providing a bond *or other security*. The stay takes effect when the court approves the bond or other

security and remains in effect for the time specified in the bond or other security." This language in Rule 62(b) seems to suggest that something *other than* a cash bond might suffice as a surety bond. Other Courts that have examined this language have also ruled similarly.

In reviewing this issue, other United States District Courts have determined that forms of surety other than liquidated funds may be sufficient for the purposes of posting a security bond. *See Richardson v. Prisoner Transp. Servs. of Am.*, 2019 WL 1003624, at *2 (M.D. Pa. Feb. 27, 2019): (in discussing Rule 62, the court noted: "the rule's text makes explicit the opportunity to post security in a form other than a bond."); *citing* Fed. R. Civ. P. 62, advisory committee's notes (2018 amendments). A form of *other security* offered by a defendant should be sufficient as long as it "provide[s] sufficient protection" for the judgment creditor. *See Richardson*, 2019 WL 1003624 at *2; *citing Deutsche Bank Nat'l Tr. Co. v. Cornish*, 2019 WL 462484, at *7 (7th Cir. Feb. 6, 2019).

Examining the issue further, the United States Court of Appeals for the Seventh Circuit has explained that "[u]nder ordinary circumstances, security provides sufficient protection if it covers the judgment in full (plus costs and interest) and remains in force through post-trial and appellate proceedings." *See Richardson*, 2019 WL 1003624 at *2; *citing Olympia Equip. Leasing Co. v. W. Union Tel. Co.*, 786 F.2d 794, 800 (7th Cir. 1986). Expounding further, the Seventh Circuit has also

ruled that "'a bond or irrevocable letter of credit' [which] '*assures* the judgment creditor of payment in full," come what may, is adequate security. *Id.* Moreover, "[u]pon a court's approval of security, the stay provided for by Rule 62(b) is 'automatic.'" *Id*; *citing Becker v. United States*, 451 U.S. 1306, 1308 (1981); *Cornish*, 2019 WL 462484, at *4.

Furthermore, regarding the usage of real property as part of security bond specifically, it appears an amount of real property which is appraised at an amount sufficient to cover the judgment (plus costs and interest) should suffice as a security bond. *See Uballe v. Lieberman*, 2023 WL 5621914, at *3 (W.D. Tenn. Aug. 30, 2023).

In *Uballe*, the defendant requested a stay of execution of a default judgment previously granted against her. The *Uballe* court first declined to *vacate* the default judgment granted against Liberman, a decision she appealed. After Liberman initiated her appeal, she requested a stay of enforcement of the default judgment until her appeal was complete, and until the original trial court had had an opportunity to rule on her prior motion to vacate. *See Uballe*, 2023 WL 5621914 at *1.

The *Uballe* court ruled that Lieberman's motion requesting the stay was "not supported by an appropriate bond or surety." *Id* at 2. As the court explained, Lieberman attempted "to show, through tax notices from the Trustee of Weakley County, Tennessee, that the properties she offer[ed] as surety [we]re sufficiently

valuable to satisfy Plaintiffs' judgment against her should she not prevail on her motion to vacate[.]" The court went on to rule, consequently, that "Lieberman fail[ed] to demonstrate, beyond her own conclusory statements, that these properties [we]re unencumbered or [we]re actually worth the stated values." *Id.* As a result, the *Uballe* Court denied Lieberman's motion.

In the instant case, however, the proof of the security offered by the Defendant is of an entirely different sort than that offered by Lieberman in *Uballe*. Defendant Wood's security includes direct appraisals, and direct research of the values potentially assignable to his properties. *See* **Exhibits A & B**. It also includes clear evidence of his unencumbered ownership of said properties. *See* **Exhibits B, C, D, E, F & G**. The parcels, as shown by the attached exhibits, are certainly appraised at an amount sufficient to cover the Judgment on Jury Verdict (plus costs and interest). It should therefore be sufficient to serve as Defendant's security bond in this Case.

Defendant Wood offers significantly more than "conclusory statements" in support of his contention that the parcels of real property he offers as part of his security bond is sufficient to cover the Judgment on Jury Verdict (plus costs and interest). *See Uballe*, 2023 WL 5621914 at *2. He in fact provides straight-forward appraisals of the property, clearly showing their estimated sale amount. The Defendant's evidence therefore certainly shows that his offered parcels are

"unencumbered [and are] actually worth the stated values. *Id.* His surety should therefore be approved.

**II.    Defendant Is Entitled To A Stay Under Georgia Law In Light Of The Provisions Of Fed. R. Civ. P. 62(f) Because He Has Timely Filed A Renewed Motion For Judgment As A Matter Of Law.**

Separately, Defendant Wood hereby also notifies the Court that, in light of his recent filings, he may be statutorily entitled to a stay of enforcement of the Court's Judgement on Jury Demand. Specifically, Defendant Wood recently filed a Renewed Motion for Judgment as a Matter of Law pursuant to Rule 50(b), which was filed on September 12, 2024. (*See* Dkt. 147). The Federal Rules set forth that this submission may serve to require that this matter be stayed unless/until said Motion as been resolved. *See* Fed. R. Civ. P. 62(f). The subsection, titled "**Stay in Favor of a Judgment Debtor Under State Law**[,]" states that: "If a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is *entitled to the same stay of execution the state court would give*." Fed. R. Civ. P. 62(f) (emphasis supplied).

In many states, *including Georgia*, a judgment does constitute a lien that can be attached to property owned by a non-prevailing party. *See* O.C.G.A. § 9-12-80. Georgia law, specifically, provides that "[a]ll judgments obtained in . . . courts of this state shall be of equal dignity and *shall bind all the property* of the defendant in

judgment, both real and personal, from the date of such judgments except as otherwise provided in this Code." O.C.G.A. § 9-12-80 (emphasis supplied).

A number of Federal District and Bankruptcy courts, in examining the language of O.C.G.A. § 9-12-80, have determined that Georgia law indeed provides that a judgment constitutes a judgment lien on a non-prevailing party's property. *See Matter of Tinsley*, 421 F. Supp. 1007, 1011 (M.D. Ga. 1976); *In re Andrews*, 500 B.R. 214, 217 (Bankr. N.D. Ga. 2013): ("the general rule in Georgia is that a judgment constitutes a lien on all of the judgment debtor's real and personal property from the date of its rendition."); *see also Matter of Smith*, 17 B.R. 541, 544 (Bankr. M.D. Ga. 1982); *citing Tinsley*, 421 F. Supp. at 1007: ("a judicial lien attaches to 'all of the property' of a judgment debtor upon the date of the judgment."); *In re Veterans Choice Mortgage*, 291 B.R. 894, 897 (Bankr. S.D. Ga. 2003): ("[u]nder Georgia law, once the judgment lien is effective, it binds all of the debtor's property at that time and property thereafter acquired by the debtor."); *In re DotMD, LLC*, 303 B.R. 519, 525 (Bankr. N.D. Ga. 2003): ("a judgment creditor in Georgia acquires a lien on personal property on the day the creditor obtains the judgment.").

Furthermore, *in Georgia*, parties who submit a Motion for New Trial or a Motion for Judgment Notwithstanding the Verdict (a submission akin to a Renewed Motion for Judgment as a Matter of Law in the Federal System) are typically entitled to a stay of enforcement automatically, unless otherwise ordered by the Court. *See*

O.C.G.A. § 9-11-62(b). Georgia's version of Rule 62, codified as O.C.G.A. § 9-11-62, sets forth that:

> The filing of a motion for a new trial or motion for judgment notwithstanding the verdict shall act as supersedeas unless otherwise ordered by the court; but the court may condition supersedeas upon the giving of bond with good security in such amounts as the court may order.

O.C.G.A. § 9-11-62(b).

The above considered, it is clear that Georgia law provides that a judgment shall constitute a lien on a non-prevailing party's property. O.C.G.A. § 9-12-80. It is then clear, therefore, that the previsions of Rule 62(f) should apply to the instant case. Fed. R. Civ. P. 62(f).

Pursuant to Georgia law, though, considering the language set forth in O.C.G.A. § 9-11-62(b), a party who files a Motion under Rule 50(b), referred to as a Motion for Judgment Notwithstanding the Verdict in Georgia state courts, but referred to as a Renewed Motion for Judgment as a Matter of Law in the Federal system, "shall act as supersedeas" unless the court orders otherwise. O.C.G.A. § 9-11-62(b). Defendant's Motion under Rule 50(b) should therefore function as a supersedeas in the instant case well.

## <u>CONCLUSION</u>

By properly and timely noticing his appeal, and by offering the information set forth in the attached **Exhibits**, Defendant respectfully contends that he hereby satisfies the requirements set forth by Rule 62(b), requiring the posting of a

supersedeas bond before a stay is granted. Defendant further respectfully shows that as a result of his submission of his Renewed Motion for Judgment as a Matter of Law, pursuant to Rule 50(b), he may be entitled to an automatic stay at least until said Motion has been resolved. Defendant therefore respectfully requests that his Motion be Granted, his supersedeas bond be approved, and that enforcement of the Judgment on Jury Verdict be stayed until Defendant Wood has exhausted his right of appeal.

WHEREFORE, Defendant Wood hereby respectfully requests that this Honorable Court Grant the present Motion, approve his supersedeas bond, and Stay enforcement of the Judgment on Jury Verdict pending his Appeal.

This 16th day of September, 2024.

[*Signatures on next page*]

Respectfully submitted,

**DOWNEY & CLEVELAND, LLP**

By:   /s/ R. Christopher Harrison
      **R. CHRISTOPHER HARRISON**
      Georgia State Bar No. 333199
      **JACKSON A. GRINER**
      Georgia State Bar No. 495020
      harrison@downeycleveland.com
      *Attorneys for Defendant*

Downey & Cleveland, LLP
288 Washington Avenue
Marietta, GA 30060-1979
T: 770-422-3233
F: 770-423-4199

**JOHN EXUM LAW, LLC**

By:   /s/ John P. Exum, Jr.
      **JOHN P. EXUM, JR.**
      Georgia State Bar No. 568819
      jexum@johnexum.com
      *Attorneys for Defendant*

John Exum Law, LLC
2625 Piedmont Road NE, Suite 56-480
Atlanta, GA 30324
T: 252-560-5325

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D) of the Northern District of Georgia, I hereby certify that this submission has been prepared in compliance with Local Rule 5.1(C), using 14-point Times New Roman Font.

This 16th day of September, 2024.

Respectfully submitted,

**DOWNEY & CLEVELAND, LLP**

By: /s/ R. Christopher Harrison
      **R. CHRISTOPHER HARRISON**
      Georgia State Bar No. 333199
      **JACKSON A. GRINER**
      Georgia State Bar No. 495020
      harrison@downeycleveland.com
      *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served the following counsel of record with a true and correct copy of the foregoing pleading via electronic service and/or by depositing said copy in the United States Mail, with sufficient postage affixed thereon, and properly addressed to the following:

Andrew M. Beal, Esq.
Milinda Brown, Esq.
Buckley Beal, LLP
600 Peachtree Street, NE
Suite 3900
Atlanta, GA 30308

This 16th day of September, 2024.

**DOWNEY & CLEVELAND, LLP**

By:   /s/ R. Christopher Harrison
        **R. CHRISTOPHER HARRISON**
        Georgia State Bar No. 333199
        **JACKSON A. GRINER**
        Georgia State Bar No. 495020
        *Attorneys for Defendant*