**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

NICOLE JENNINGS WADE,
JONATHAN D. GRUNBERG, and
G. TAYLOR WILSON,

          Plaintiffs,

    v.

L. LIN WOOD,

          Defendant.

Case No. 1:22-CV-1073-MLB

**PLAINTIFFS' EMERGENCY MOTION TO CONSIDER ON AN
EMERGENCY BASIS PLAINTIFFS' MOTION TO REQUIRE
DEFENDANT TO POST
SUPERSEDEAS BOND AND BRIEF IN SUPPORT**

Plaintiffs have just learned that Defendant Wood sold a piece of real property, Huspah Plantation, for $4 million last week—just four days after he filed his Motion for Approval of Supersedeas Bond, (Dkt. 155), claiming that he could not post a bond. (*See* Declaration of Nicole Wade dated September 24, 2024, submitted herewith as Exhibit 1 ("Wade Decl."), at ¶ 3 and Exhibit A).

Last week, on September 16, Plaintiffs moved for an order requiring Wood to post a supersedeas bond in the amount of $4,731,807.61. (Dkt. 154). On the same day, Wood filed a Motion for Approval of Supersedeas Bond and Motion to Stay Execution of Judgment Pending Appeal. (Dkt. 155). In his Motion filed on Monday, September 16, Wood claimed that he "cannot obtain a surety bond because I do not

have the liquid cash necessary for the issuance of a bond." (Dkt. 155-2 ¶ 10). Wood purported to offer certain properties as collateral—never mentioning the Huspah Plantation property that he was planning to sell on Friday—even falsely representing to the Court that he still owned property that he had already sold. (*See id*; *see also* Dkt. 155 at 4-5; Dkt. 157 at 2-8; Dkt. 157-1 ¶ 5 and Ex. C).  Then, **on Friday, September 20, Wood sold the Huspah Plantation property for $4 million dollars**. (Wade Decl. ¶ 3 and Ex. A).

## ARGUMENT

Plaintiffs respectfully request that the Court hear this Motion on an emergency basis and thereby either: (1) rule upon Plaintiffs' Motion to Require Defendant to Post Supersedes Bond (Dkt. 154) and Defendant's Motion for Approval of Supersedeas Bond (Dkt. 155) on an expedited basis, including by construing Defendant's Motion (Dkt. 155) as a response brief to Plaintiff's Motion (Dkt. 154); or (2) grant an immediate hearing on Plaintiffs' Motion to Require Defendant to Post Supersedes Bond (Dkt. 154) and Defendant's Motion for Approval of Supersedeas Bond (Dkt. 155).

Pursuant to Local Rule 7.2(B), upon good cause shown, the court may waive the "time requirements of this rule and grant an immediate hearing on any matter requiring such expedited procedure."

Good cause exists for expedited relief given: (1) Wood's outright lies to this Court about his assets as they relate to the issue of a supersedeas bond (*see* Dkts. 157 at 5-7; 157-1 ¶ 5 and Ex. C (describing Defendant's false statements about his ownership of property he seeks to pledge as security)); (2) Wood's Motion (Dkt. 155) failing to discuss Huspah or his plans to sell it four days after he filed the Motion; (3) Wood currently being in control of assets from the sale of Huspah that would almost entirely satisfy the amount necessary for a supersedeas bond;[1] and (4) the risk that Wood may dissipate those assets he controls unless they are put towards a supersedeas bond.

## CONCLUSION

For the foregoing reasons, Plaintiffs request that this Court grant this emergency motion to hear on an emergency basis Plaintiffs' Motion to Require Defendant to Post Supersedes Bond (Dkt. 154) and Defendant's Motion for Approval of Supersedeas Bond (Dkt. 155).

Respectfully submitted this 24th day of September, 2024.

/s/Andrew M. Beal
Andrew M. Beal
Georgia Bar No. 043842
drew@beal.law
Milinda L. Brown

---

[1] Wood has asserted that the entity that owned Huspah—The Tomotley Crew, LLC—is his alter ego and that he has complete control of all of its assets, characterizing property owned by The Tomotley Crew, LLC as "his parcels of real property." (*See* Dkt. 155 at 2 (discussing Cotton Hall)).

Georgia Bar No. 363307
milinda@beal.law

Beal Sutherland Berlin & Brown LLP
2200 Century Parkway NE, Suite 100
Atlanta, GA 30345
Telephone: (678) 449-0422
*Attorneys for Plaintiffs*

## CERTIFICATE UNDER L.R. 7.1D

Pursuant to Northern District of Georgia Civil Local Rule 7.1D, the undersigned counsel certifies that the foregoing document is a computer document and was prepared in Times New Roman 14-point font, as mandated in Local Rule 5.1C.

Dated: September 24, 2024.

/s/ *Andrew M. Beal*
*Counsel for Plaintiffs*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| NICOLE JENNINGS WADE, JONATHAN D. GRUNBERG, and G. TAYLOR WILSON,<br><br>              Plaintiffs,<br><br>     v.<br><br>L. LIN WOOD,<br><br>              Defendant. | Case No. 1:22-cv-1073-MLB |

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing pleading upon all parties of record by filing same with the Court's electronic filing system which will deliver a copy to all counsel of record.

Respectfully submitted, this the 24th day of September, 2024.

**BEAL SUTHERLAND**
**BERLIN & BROWN, LLC**


<u>/s/ Andrew M. Beal</u>
Andrew M. Beal
Georgia Bar No. 043842