**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| NICOLE WADE, JONATHAN GRUNBERG, and G. TAYLOR WILSON,<br><br>Plaintiffs,<br><br>v.<br><br>L. LIN WOOD,<br><br>Defendant. | Case No: 1:22-CV-1073-MLB |

## DEFENDANT L. LIN WOOD'S REPLY IN SUPPORT OF HIS MOTION FOR APPROVAL OF A SUPERSEDEAS BOND

COMES NOW Defendant L. Lin Wood and respectfully files this Reply to Plaintiffs Nicole Wade, Jonathan Grunberg, Taylor Wilson (collectively, "Plaintiffs" or "WGW")'s Response in Opposition, and In Support Of His Motion For Approval Of A Supersedeas Bond, showing this Honorable Court as follows:

Plaintiffs Nicole Wade, Jonathan Grunberg, and Taylor ("Plaintiffs") fundamentally misunderstand the facts. Mr. Wood has not lied about the property he is offering the Court. Moreover, as this Court will soon find out, property is no longer the only security that Mr. Wood is prepared to offer. As Plaintiffs are clearly aware, Mr. Wood does now have $2.48 Million in cash, $2 Million he proposes as a partial

1

supersedeas bond to supplement his already proposed alternate security. As for what Mr. Wood plans to do with the net proceeds of $2.48 Million is to leave them for the time being in a separate account until such time he might need it as a partial supersedeas bond.

Plaintiffs' statement that Mr. Wood is offering as security property that he no longer possesses is false. Their alarmist and hyperbolic accusations that not just he, but also Mr. Crosby, are lying about the value of Mr. Wood's property appraised are unfounded. What Mr. Crosby appraised was indeed the 191 acres that remained after Mr. Wood's sale. *See* Ex. 7.

Mr. Wood also recognizes, however, that his statement on page 4 of Doc. 155 was erroneous. However, his omissions of the August 10 portion of the sale and the failure to mention the conservation easement was not intentional. *See*, Supp. Wood Aff. at ¶ 10 (a true and correct copy is attached hereto as Ex. 5[1]).

It is Mr. Crosby's assessment, that the property of Cotton Hall is worth the amount he said. So far Mr. Crosby's assessments have been credible. Mr. Crosby's recommended list value of Huspah was for $3.972 Million. See Letter from Todd Crosby, to L. Lin Wood (Aug. 20, 2024) (a true and correct copy is attached hereto

---

[1] Exhibits 1-4 are the exhibits referenced within the Supplemental Affidavit of L. Lin Wood, Jr. attached as Ex. 5.

as Ex. 6). As Plaintiffs were quick to point out, the gross proceeds of the Huspah sale was $4 Million. Doc. 166, at 1.

What Plaintiffs do not recognize is that the net proceeds from the $4 Million sale, after payment of an outstanding mortgage and real estate closing expenses was $2.48 Million. Mr. Wood will also need to set aside another $500 thousand to pay his capital gains taxes. *See* Ex. 5, at ¶ 11.

Plaintiffs do not know all the facts. Plaintiffs continue to ignore the reality that Mr. Wood no longer enjoys a lucrative law practice, thanks in no small part to their litigation against him. Plaintiffs point to his sales of property in 2023 that total approximately $6 Million, but are apparently unaware that there had been a $3 Million mortgage to pay off, not to mention capital gains taxes. Plaintiffs likewise are unaware of the expenses necessary to maintain the operation of Mr. Wood's properties, which range from $75,000 to $100,000 per month, plus the amounts the amounts he's had to pay in penalties and sanctions from Plaintiffs various suits against him.

Plaintiffs also vaguely allude to "other real estate to the tune of ~ $4 Million" is false. Mr. Wood had one sale for $1.8 million in late 2020 for fair market value to an uninterested third party. Mr. Wood has undertaken no actions or transactions to dissipate his assets.

What Mr. Wood means by "liquid cash" is that he has limited liquid assets. He has some cash, but no securities such as stock market investments that he could easily convert to cash. Supp. Wood Aff., at ¶ 11. Mr. Wood's investments have primarily been in real estate. Some generate modest revenue, but they are not profitable. The majority of his cash on hand is from the proceeds of his real property sales, and this money is set aside to pay property expenses.

Mr. Wood should not be required to post a supersedeas bond. Mr. Wood only has enough liquidity to post a partial supersedeas bond of $2 Million, in the event the Court does not find the security of the two parcels to be adequate, which Mr. Wood contends are. To force Mr. Wood to post a full supersedeas bond, rather than assets as security, would be unjust. Under that scenario, Mr. Wood would effectively have to choose between selling off either his home Tomotley, or his innkeeping of the Inn at Cotton Hall, which is essentially his only source of income. Given the uncertainty of an appellate ruling, Mr. Wood should not be forced to liquidate his real estate assets prematurely and unnecessarily, in the event his appeal is successful.

Respectfully submitted this 4th day of October, 2024.

(Signatures on the following page).

4

**JOHN EXUM LAW, LLC**

By: /s/ John P. Exum, Jr.
    **JOHN P. EXUM, JR.**
    Georgia State Bar No. 568819
    jexum@johnexum.com
    *Attorney for Defendant*

JOHN EXUM LAW, LLC
2625 Piedmont Rd NE, Ste 56-480
Atlanta, GA 30324
T:252-560-5325

**DOWNEY & CLEVELAND, LLP**

By: /s/ R. Christopher Harrison
    **R. CHRISTOPHER HARRISON**
    Georgia State Bar No. 333199
    harrison@downeycleveland.com
    *Attorney for Defendant*

Downey & Cleveland, LLP
288 Washington Avenue
Marietta, GA 30060-1979
T: 770-422-3233
F: 770-423-4199

<u>**CERTIFICATE OF COMPLIANCE**</u>

Pursuant to Local Rule 7.1(D) of the Northern District of Georgia, I hereby

certify that this submission has been prepared in compliance with Local Rule

5.1(C), using 14-point Times New Roman font.

This 4th day of October, 2024.

Respectfully submitted,

**JOHN EXUM LAW, LLC**

By: <u>/s/ John P. Exum, Jr.</u>
    **JOHN P. EXUM, JR.**
    Georgia State Bar No. 568819
    jexum@johnexum.com
    *Attorney for Defendant*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 25th day of September, 2024, I electronically

served a copy of the foregoing pleading upon all parties of record by filing the same

with the Court's electronic filing system, which will deliver a copy to all counsel of

record.

Respectfully submitted this 25th day of September, 2024.

<u>*/s/ John P. Exum, Jr.*</u>
John Exum, Esquire