UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NICOLE WADE, JONATHAN GRUNBERG, and G. TAYLOR WILSON,<br><br>Plaintiffs,<br><br>v.<br><br>L. LIN WOOD,<br><br>Defendant. | Case No: 1:22-CV-1073-MLB |

**DEFENDANT L. LIN WOOD'S REPLY IN OPPOSITION TO PLAINTIFFS' RESPONSE TO DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW**

Defendant L. Lin Wood files this Response In Opposition to Plaintiffs Nicole Wade, Jonathan Grunberg, and Taylor Wilson's ("Plaintiffs") Response to Defendant's Renewed Motion for Judgment as a Matter of Law (the "Response") (Dkt. 167).

## INTRODUCTION

With respect to litigation expenses, the Georgia statute at issue does not provide a level playing field between plaintiffs and defendants. O.C.G.A. 13-6-11 allows plaintiffs, but not defendants, the opportunity assert such claims merely by

1

pleading them in their complaint, but no Georgia statute allows defendants the opportunity to make any make similar claims against plaintiffs via counterclaims. Defendants may only make such claims via specific motion under O.C.G.A. § 9-15-14 and § 9-11-68. The Georgia legislature had no rational basis for creating O.C.G.A. § 13-6-11 in a way that would favor only plaintiffs because doing so would treat similarly situated litigants differently in violation of the Fourteenth Amendment to the United States Constitution.

Because of the amendments to O.C.G.A. §§ 1-1-1 and 1-1-8, O.C.G.A. § 13-6-11 no longer applies to cases that merely involve tort claims. The code sections, as amended, give equal force of law not only to the statutory text found within sections of the Georgia Code, but also to the numbering system and arrangement of the code sections. O.C.G.A. § 13-6-11, specifically, is found within Title 13 of the Georgia Code, which is entitled "Contracts." This case, however, merely involves tort claims brought under Title 51 of the Georgia Code. The Plaintiffs' claim for attorney's fees under O.C.G.A. § 13-6-11 is therefore barred as a matter of law, and their award must be set aside.

Accordingly, this Court must rule O.C.G.A. § 13-6-11 as unconstitutional and/or determine that attorney's fees claim pursuant to the above statute are restricted to contract claims.

# FACTUAL BACKGROUND

1. Plaintiffs asserted defamation claims for statements Mr. Wood made between May 12 and June 18, 2021. [Dkt. 102-4, 9].

2. A trial was held on these claims and the jury determined Mr. Wood was liable for defamation.

3. The jury further determined that the Plaintiffs were entitled to $750,000 in attorney's fees, pursuant to O.C.G.A. § 13-6-11 [Dkt. 138].

4. Mr. Wood orally moved for Judgment as a Matter of Law after the verdict was returned. The oral motion was denied.

5. On September 12, 2024, Mr. Wood submitted his Renewed Motion for Judgment as a Matter of Law.

6. Plaintiffs filed their Response to this Motion on September 26, 2024. In their Response, Plaintiffs claimed that Mr. Wood's Motion should be denied as §13-6-11 is not unconstitutional, that S.B. 238 had no effect on the Plaintiffs' §13-6-11 claim, and that amendments to O.C.G.A. §§ 1-1-1 and 1-1-8 do not impact the application of O.C.G.A. § 13-6-11.

7. For the following reasons Plaintiffs' arguments are incorrect.

# ARGUMENT AND CITATION TO AUTHORITY

**A. §13-6-11 Is Unconstitutional As Applied Because It Establishes An Award Based On The Conduct Of An Opposing Party Which Is Available Only To Plaintiffs, And Therefore Treats Similarly Situated Litigants Differently.**

O.C.G.A. § 13-6-11 is unconstitutional because it violates (1) Equal Protection as guaranteed by Art. 1, § 1, ¶ II; (2) Due Process as guaranteed by Art. 1, § 1, ¶ I; and (3) the Right to the Courts as guaranteed by Art. 1, § 1, ¶ XII of the Constitution of the State of Georgia, as well as Equal Protection and Due Process as guaranteed by Amendments V and XIV to the Constitution of the United States by treating similarly situated litigants differently and by setting forth an award which is available to plaintiffs – but not to defendants – based on actions taken by an opposing party. In other words, the statute authorizes an award recoverable due to conduct of an opposing party, which is available to all Plaintiffs but not to a single defendant.

Plaintiffs claim that Mr. Wood is not "similarly situated" within the meaning of §13-6-11 to have standing to challenge the law. Plaintiffs contend that only those with a claim to make them a "plaintiff" within the meaning of the statute would be similarly situated to challenge the statue at issue. However, Mr. Wood is denied the opportunity to present a defense or even challenge the applicability of the statute at issue simply because he is a defendant. Under §13-6-11, plaintiffs have the opportunity to prove bad faith at trial while Mr. Wood would need to wait until after prevailing at trial to present the evidence of bad faith under options available under

4

Georgia law §9-11-68. Therefore, litigants – not plaintiffs – are the proper class for "similarly situated" individuals for an equal protection analysis.

Plaintiffs respond to Mr. Wood's Motion by pointing to specific statutes which do afford Mr. Wood the opportunity to present a claim that the Plaintiffs' claims were frivolous: §§ 9-15-14, 9-11-68, and Federal Rule of Civil Procedure 11. [Dkt. 167, 9-10]. However, Plaintiffs miss the mark, as these statutes deny *defendants* equal protection and due process *s* by not affording to defendants the same protections afforded to plaintiffs available to them under O.C.G.A. § 13-6-11.

"In addition to having different grounds for an award, the procedures for seeking such awards differ. Awards under O.C.G.A. § 9–15–14 are made on motion and are **decided by the trial court**." *Williams v. Binion*, 227 Ga. App. 893, 894 (1997) (emphasis added). "Awards under O.C.G.A. § 13–6–11, however, must be specifically pled and prayed for in the complaint, **are authorized only for plaintiffs**, and are **decided by the trier of fact upon proof presented at trial**." *Id.* (emphasis added). Separately, O.C.G.A. §9-11-68 provides:

> [u]pon motion by the prevailing party **at the time that the verdict or judgment is rendered**, the moving party may request that the finder of fact determine whether the opposing party presented a frivolous claim or defense. In such event, the **court shall hold a separate bifurcated hearing** at which the finder of fact shall make a determination of whether such frivolous claims or defenses were asserted and to award damages, if any, against the party presenting such frivolous claims or defenses.

O.C.G.A. § 9-11-68(e) (emphasis added).

Finally, Rule 11 of the Federal Rules of Civil Procedure ("FRCP 11") provides:

> (1) In General. If, after notice and a reasonable opportunity to respond, **the court** determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation…
> (2) A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the **court may award** to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(c) (emphasis added).

The Plaintiffs contend that these mechanisms afford defendants and plaintiffs the same opportunity to receive attorneys' fees for frivolous litigation. However, these statutes require more from the successful defendant than from the successful plaintiff, if not a different process entirely. The successful Plaintiff need only plead for damages under O.C.G.A. §13-6-11 and the jury may make the determination on evidence presented at trial.

Under O.C.G.A. §9-15-14, the successful defendant has a higher burden and does not receive the same substantive process. First, the defendant must specifically make a motion for attorneys' fees. *Glass v. Glover*, 241 Ga. App. 838, 839 (2000).

6

Second, a mere answer or counterclaim is insufficient. *Id.* Finally, the court makes the determination of attorneys' fees. O.C.G.A. § 9-15-14(f).

Under O.C.G.A. §9-11-68, the process for the successful defendant is again not equal to that of the plaintiff under O.C.G.A. § 13-6-11. Under O.C.G.A. §9-11-68, the jury is the decider of fact for the issue of attorneys' fees. Yet, the successful defendant is required to present its case through the adversarial process and prevail. The defendant would then be required to further prove its case that the plaintiff was acting frivolously or overly litigiously, whereas the plaintiffs under O.C.G.A. §13-6-11 are given the opportunity to present their case for both their underlying claim and attorney fees in the same hearing.

Finally, under FRCP 11, the successful defendant is not offered the same protections as the plaintiff. The defendant under FRCP 11 must file a motion seeking sanctions and allow the plaintiff to withdraw their frivolous claims or bad faith. The court also determines the sanctions, not the jury.

Additionally, Plaintiffs contend that there is a rational basis for Defendant's only being entitled to §13-6-11 damages when they file a counterclaim to prevent the filing of a second suit for attorneys' fees later. However, Plaintiffs fail to acknowledge that the statute forces a presupposition that the defendant is the only party that would have motivation to have acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense. If the

7

defendant wishes to prove that the plaintiff has acted in bad faith, has been stubbornly litigious, or has caused the defendant unnecessary trouble and expense, the defendant would have additional burdens to prove, i.e., filing an additional motion, having to be subject to a bifurcated process, or having a different finder of fact.

Georgia does not have any interest, though, in singling out defendants based on their alleged litigation conduct. Georgia courts also do not have an interest in punishing either a plaintiff or a defendant, singularly, in light of the other numerous statutes Georgia which allow recovery of fees and expenses. *See* O.C.G.A. §§ 9-15-14; 9-11-68(b); 9-11-68(e). O.C.G.A. § 13-6-11, at best, could be described as duplicative given these other states. At worst, it is blatantly unconstitutional, since it is in no way tailored to apply equally to similarly situated litigants.

Therefore, O.C.G.A. § 13-6-11 is a violation of Amendment V and XIV of the United States Constitution.

**B. O.C.G.A. § 1-1-8, As Amended, Precludes Application Of O.C.G.A. § 13- 6-11 To This Case Because O.C.G.A. § 13-6-11 Is Contained In The Section Of The Georgia Code Titled "Contracts," Rather Than The Section Titled "Torts."**

In 2021, the Georgia Legislature amended the language of two code sections contained within Title 1 of the Georgia Code. The code sections amended are those which set forth which pieces of the Georgia Code in fact have "force of law or imprimatur of the State of Georgia[.]" O.C.G.A. § 1-1-8; see also O.C.G.A. § 1-1-1.

Crucially, these code sections appear to have been amended specifically to provide "force of law" to the "[a]rrangement and numbering system, including, but not limited to, title, chapter, article, part, subpart, Code section, subsection, paragraph, subparagraph, division, and subdivision numbers and designations[,]" in addition to the statutory text itself. O.C.G.A. § 1-1-1; O.C.G.A. § 1-1-8. It is therefore evident that the Georgia Legislature intended to attach legal significance to the arrangement and numbering system of the Georgia Code.

Plaintiffs contend that it was not the intent of the General Assembly to prevent the application of §13-6-11 in torts cases. However, the plain text of Title 13 requires that §13-6-11 be applied only to contracts cases.

In interpreting statutes, the role of the court is to:

> "presume that the **General Assembly meant what it said and said what it meant**. And toward that end, we must **afford the statutory text its plain and ordinary meaning**, consider the text contextually, read the text in its most natural and reasonable way, as an ordinary speaker of the English language would, and seek to avoid a construction that makes some language mere surplusage. In summary, when the language of a statute is **plain and susceptible of only one natural and reasonable construction**, courts must **construe the statute accordingly**."

*Monumedia II, LLC v. Dep't of Transportation*, 343 Ga. App. 49, 51–52 (2017) (internal citations omitted) (emphasis added).

Furthermore, a Court "does not have the authority to rewrite statutes. Indeed, the doctrine of separation of powers is an immutable constitutional principle which must be strictly enforced, and under that doctrine, statutory construction belongs to

9

the courts, legislation to the legislature. Thus, we cannot and will not "add a line to the law." *Harris v. Mahone*, 340 Ga. App. 415, 422 (2017) (internal citations omitted).

Plaintiffs rely on mere dicta in *Taylor v. Devereux Found., Inc*., 316 Ga. 44, 81 (2023) for their unsupported position that the General Assembly has acquiesced to the judicial interpretation of §13-6-11 as applying to torts outside of Title 13. By inserting the provision in Title 13, the General Assembly had the clear intention of the provision only applying in contract cases. Again, "the General Assembly meant what it said and said what it meant. . . . consider the text contextually, read the text in its most natural and reasonable way, as an ordinary speaker of the English language would, and seek to avoid a construction that makes some language mere surplusage." Were this court to hold that §13-6-11 applies to claims other than contract claims, the entire purpose of inserting the provision into Title 13 would be frustrated, and the language of the law would become complete surplusage.

Accordingly, the Court should find that O.C.G.A. § 13-6-11 does not apply to tort cases arising under Title 51.

## CONCLUSION

WHEREFORE, the Defendant respectfully requests that this Court GRANT his Renewed Motion for Judgment as a Matter of Law and Set Aside the jury's award of expenses of litigation to the Plaintiffs under O.C.G.A. § 13-6-11.

Respectfully submitted this 10th day of October, 2024.

                                              **DOWNEY & CLEVELAND, LLP**

                                              By: /s/ R. Christopher Harrison
                                                   **R. CHRISTOPHER HARRISON**
                                                   Georgia State Bar No. 333199
                                                   harrison@downeycleveland.com
                                                   *Attorney for Defendant*

Downey & Cleveland, LLP
288 Washington Avenue
Marietta, GA 30060-1979
T: 770-422-3233
F: 770-423-4199

                                              **JOHN EXUM LAW, LLC**

                                              By: /s/ John P. Exum, Jr.
                                                   **JOHN P. EXUM, JR.**
                                                   Georgia State Bar No. 568819
                                                   jexum@johnexum.com
                                                   *Attorney for Defendant*

JOHN EXUM LAW, LLC
2625 Piedmont Rd NE, Ste 56-480
Atlanta, GA 30324
T:252-560-5325

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D) of the Northern District of Georgia, I hereby certify that this submission has been prepared in compliance with Local Rule 5.1(C), using 14-point Times New Roman font.

This 10th day of October, 2024.

Respectfully submitted,

**DOWNEY & CLEVELAND, LLP**

By: /s/ R. Christopher Harrison
    **R. CHRISTOPHER HARRISON**
    Georgia State Bar No. 333199
    harrison@downeycleveland.com
    *Attorney for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of October, 2024, I electronically served a copy of the foregoing pleading upon all parties of record by filing the same with the Court's electronic filing system, which will deliver a copy to all counsel of record.

Respectfully submitted this 10th day of October, 2024, 2024.

*/s/ John P. Exum, Jr.*
John Exum, Esquire