# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| NICOLE WADE, JONATHAN GRUNBERG, and G. TAYLOR WILSON,<br><br>Plaintiffs,<br><br>v.<br><br>L. LIN WOOD,<br><br>Defendant. | Case No: 1:22-CV-1073-MLB |

### DEFENDANT L. LIN WOOD'S RESPONSE TO PLAINTIFFS' OPPOSITION TO DEFENDANT L. LIN WOOD'S PROPOSAL OF SECURITY IN LIEU OF A SUPERSEDEAS BOND

COMES NOW Defendant L. Lin Wood and respectfully files this Response in Opposition to Plaintiffs Nicole Wade, Jonathan Grunberg, Taylor Wilson (collectively, "Plaintiffs" or "WGW")'s Opposition to Defendant L. Lin Wood's Motion for Security In Lieu of a Supersedeas Bond, showing this Honorable Court as follows:

What Mr. Wood proposed is both the simplest and safest solution that covers all parties' legitimate interests.

1

Plaintiffs first request for $3.25 Million supersedeas bond from an approved surety company. Doc. 177, at 5. Mr. Wood does not have sufficient liquidity to cover this demand for $3.25 Million for the reasons already explained in prior filings. Plaintiffs once again seem to forget that $1.3 Million of the Huspah sale proceeds went toward paying off the Huspah mortgage, and there were additional closing costs. This ended up netting Mr. Wood about $2.4 Million. At some point, Mr. Wood will need to pay capital gains tax. This fact alone prevents Mr. Wood from putting up $3.25 Million in cash.

Mr. Wood's proposal of $2 Million in cash guarantees that Plaintiffs have a substantial amount of cash in the event that Plaintiffs prevail on appeal. Mr. Wood has offered to place the money in an interest-bearing joint account that would require consent from both account holders before any withdrawal. *See* Doc. 178, at 2.

Mr. Wood will not refuse to provide consent for Plaintiffs' removal of the $2 Million in the event their judgment is upheld on appeal. In fact, he has agreed to consent to an Order from the Court that he "promptly execute the necessary documents to vest 100 percent ownership of the joint interest-bearing account to the designee of the Plaintiffs." *See* Affidavit of L. Lin Wood, Jr., at ¶ 7 (a true and correct copy is attached hereto as Exhibit 1).

Second, what Defendant Wood has proposed is also the safest way to ensure Plaintiffs get their money. Mr. Wood's overall proposal allows him to maximize the

sales price of the properties, as opposed to quitclaim deals or mortgage foreclosure liens that would all but ensure less revenue.

To maintain his properties, Mr. Wood needs the interest generated from the joint account along with whatever cash remains after setting aside the $2 Million into the joint account. Plaintiffs should understand the need to maintain the properties, as it was Plaintiffs themselves who raised the issue of the potential risk of pledged properties' going into disrepair.

Plaintiffs' unfeasible demand for cash would, if anything, increase that very type of risk. Plaintiffs' proposal does not realize the same amount of money as Mr. Wood's. *See*, Ex. 1, at ¶ 8.

As to Mr. Wood's Greenview property in Atlanta that he proposes as collateral, Mr. Wood already provided documentation proving that there are no encumbrances. *See*, *generally*, Doc. 171-2.

As to the South Carolina properties proposed as collateral, Plaintiffs know that Mr. Wood is the 100% shareholder of Tomotley Crew, LLC. Neither the Cotton Hall property, nor Huspah plantation formerly owned by Mr. Wood were part of the Tomotley Crew Trust. *See*, Ex. 1, at ¶ 5. More importantly, Mr. Wood would consent to the Court's ordering he is

> prohibited from encumbering or transferring my ownership interest in Greenview and Cotton Hall during the pendency of the appellate process and further, that I be ordered to sell my interests in Greenview and Cotton Hall as soon as practical if the appeal is unsuccessful and a

3

sale of the pledged properties is necessary to fully satisfy the verdict and judgement.

See Ex. 1, at ¶ 8.

Plaintiffs do not need for the Tomotley Plantation to be pledged as additional collateral. In conjunction with the partially proposed cash bond of $2 Million, plaintiffs have an additional $6 Million in real property. This already amounts to $8 Million. Consistent with Plaintiffs' cited case law, this $8 Million is already "well in excess" by totaling "nearly twice the amount of the [ $4.5 Million] judgment it seeks to secure" against Mr. Wood. Doc. 183 at 6.

Accordingly, the Court should grant Mr. Wood's Motion for Security in Lieu of a supersedeas bond, as his proposal is more than adequate to protect Plaintiffs' interest in their judgment. Also, it is a simpler process at significantly less cost.

Respectfully submitted this 10th day of November, 2024.

          **JOHN EXUM LAW, LLC**

          By: /s/ John P. Exum, Jr.
          **JOHN P. EXUM, JR.**
          Georgia State Bar No. 568819
          jexum@johnexum.com
          *Attorney for Defendant*

JOHN EXUM LAW, LLC
2625 Piedmont Rd NE, Ste 56-480
Atlanta, GA 30324

| | |
|---|---|
| T:252-560-5325 | **DOWNEY & CLEVELAND, LLP**<br><br>By: /s/ R. Christopher Harrison<br>    **R. CHRISTOPHER HARRISON**<br>    Georgia State Bar No. 333199<br>    harrison@downeycleveland.com<br>    *Attorney for Defendant* |
| Downey & Cleveland, LLP<br>288 Washington Avenue<br>Marietta, GA 30060-1979<br>T: 770-422-3233<br>F: 770-423-4199 | |

# **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D) of the Northern District of Georgia, I hereby certify that this submission has been prepared in compliance with Local Rule 5.1(C), using 14-point Times New Roman font.

This 10th day of November, 2024.

        Respectfully submitted,

        **JOHN EXUM LAW, LLC**

        By: /s/ John P. Exum, Jr.
            **JOHN P. EXUM, JR.**
            Georgia State Bar No. 568819
            jexum@johnexum.com
            *Attorney for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of September, 2024, I electronically served a copy of the foregoing pleading upon all parties of record by filing the same with the Court's electronic filing system, which will deliver a copy to all counsel of record.

Respectfully submitted this 10th day of November, 2024.

*/s/ John P. Exum, Jr.*
John Exum, Esquire