# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NICOLE WADE, JONATHAN GRUNBERG, and G. TAYLOR WILSON<br><br>Plaintiffs,<br><br>v.<br><br>L. LIN WOOD,<br><br>Defendant. | CIVIL ACTION<br><br>FILE NO. 1:22-CV-01073 |

**AFFIDAVIT OF L. LIN WOOD, JR.**

I, L. Lin Wood, being duly sworn, depose and state as follows:

1. My name is L. Lin Wood. I am over 18 years of age and of sound mind, and I am capable of making this affidavit.

2. In lieu of posting a supersedeas bond, I have pledged as security on the verdict and judgment rendered against me a combination of cash and my unencumbered ownership interests in two parcels of real property, to wit, Greenview and Cotton Hall.

3. I have pledged a total of at least $8 Million in security, to wit, $2 Million to be deposited in an interest-bearing account with joint ownership between myself and a individual designated by Plaintiffs and property with a value as established by evidence of at least $6 Million (Greenview at least $1 Million and Cotton Hall at least $5 Million).

4. The Cotton Hall property is NOT part of the trust I established in May of 2020, first amended on July 9, 2020, and amended for the second and final time on September 15, 2020. Patrick Norris is the attorney who drafted and prepared the original trust and each of the

1

two amendments to the trust. *See* Second Amendment to The Tomotley Crew Trust, ¶ 9.07(i) (defining "the Plantation" as "The Tomotley Plantation located in the State of South Carolina while it is owned by this trust, either individually, or indirectly through ownership in The Tomotley Crew, LLC, a South Carolina limited liability company") (a true and correct copy is attached hereto as Exhibit 2).

5.   I did not purchase Cotton Hall until late November of 2020. Cotton Hall and a subsequent property I purchased in December of 2020, Huspah, were NOT part of the corpus of the trust I set up with respect to my purchase of the real property known as Tomotley which I purchased in April of 2020.

6.   I request that during the pendency of that appeal that I receive the interest earned from the joint account in order to use those funds to offset the ongoing cost of upkeep and maintenance of the pledged properties of Greenview and Cotton Hall.

7.   In the event of an affirmance of the verdict and judgment, I consent to the Court's ordering that I be ordered to promptly execute the necessary documents to vest 100 percent ownership of the joint interest-bearing account to the designee of Plaintiffs.

8.   I consent to the Court's ordering that I am prohibited from encumbering or transferring my ownership interest in Greenview and Cotton Hall during the pendency of the appellate process and further, that I be ordered to sell my interests in Greenview and Cotton Hall as soon as practical if the appeal is unsuccessful and a sale of the pledged properties is necessary to fully satisfy the verdict and judgement. A sale of either or both of these properties by me as the owner will result in maximizing the value received from any such sale of the properties as opposed to a foreclosure or a sale by Plaintiffs pursuant to a quit claim deed, a mortgage lien, or a deed of foreclosure.

9. The process suggested by Plaintiffs is unnecessary, unduly burdensome, and would also require advice from a real estate and tax attorney, costs which would further lessen my liquidity and the funds available for the upkeep and maintenance of the pledged properties.

10. I have a secondary residence at Greenview. I also operate a bed and breakfast and wedding venue as Cotton Hall, the income from which is used to offset the costs of upkeep and maintenance of the pledged properties. I consent to the court ordering that I continue to maintain that pledged properties during the pendency of the appellate process, including payment of insurance and taxes on the pledge properties.

11. I do not employ a "host of caretakers and personal attendants." *See* Doc. 183 at 3. The Tomotley Crew has a handful of employees who are responsible for the necessary operation, upkeep, and maintenance of Cotton Hall. I have a part-time housekeeper and cook at Tomotley. I live a frugal lifestyle. I do not travel except as necessary for court appearances. I do not dine out or expend money for entertainment. I have only made purchases of underwear and trousers when necessary. I exercise my best efforts to be a good steward of the monies God has given me and the properties over which He blessed me to the temporary steward.

12. I have no present intention of filing for bankruptcy. In the event that situation changes, the bankruptcy court will adequately protect the interest of Plaintiffs as judgement creditors.

13. I am a defendant in two other civil actions brought against me by Plaintiffs, and these cases continue to diminish my liquidity.

14. I am unable to practice law and have lost my livelihood.

15. In my opinion, my offer of security is straightforward, more than adequate to provide protection to Plaintiffs while minimizing costs and avoiding cumbersome and unnecessary burdens on all parties.

FURTHER AFFIANT SAYETH NOT.  _____
L. Lin Wood, Jr.

Sworn to and subscribed before me this
10 day of November, 2024.

_____
Notary Public
My commission expires: 03/04/2025

[Notary Seal: Kimberly Bennett, Notary Public, DeKalb County, Georgia]

4