# EXHIBIT 2

# THE TOMOTLEY CREW TRUST
# SECOND AMENDMENT

## September 15, 2020

PREPARED BY

NORRIS LEGAL ATLANTA LAW GROUP, LLC

1100 Peachtree Street, NE, Suite 690, Atlanta, Georgia 30309

# Second Amendment to The Tomotley Crew Trust

## Article One
## Amending the Trust

This Second Amendment to The Tomotley Crew Trust is executed this 15th day of September, 2020. The parties to this Second Amendment to The Tomotley Crew Trust are **LUCIAN LINCOLN WOOD** ("the *Grantor*") and **LUCIAN LINCOLN WOOD** ("the *Trustee*").

The Tomotley Crew Trust ("*the Trust*") was originally executed by Grantor and Trustee on May 20, 2020 and first amended and restated on July 9, 2020. Section 1.04(b) of the Trust provides that Grantor may amend the Trust; and Grantor desires to amend and restate the original trust agreement of the Trust dated May 20, 2020 and the First Amendment of the Trust dated July 9, 2020, IN TOTAL, IN WHOLE and IN FULL, by substituting the following provisions in lieu of each provision, the attachments and exhibits thereto, of the original trust agreement dated May 20, 2020 and the First Amendment of the Trust dated July 9, 2020 to wit:

Grantor intends to create a valid trust under the laws of Georgia and under the laws of any state in which any trust created under this trust document is administered. The terms of this trust prevail over any provision of Georgia law, except those provisions that are mandatory and may not be waived.

I have five (5) children. They are: CHANDLER CURRIN WOOD, CHARLES WALTER JAMISON WOOD, ELIZABETH ASHLEY WOOD, EUGENIA RAMSEY HENDERSON BRIDGES and MATTHEW CARLTON WOOD. All references in this document to *my children* are references to these five (5) children.

As of the execution of this trust, I have one (1) living grandchild: NASH LINCOLN WOOD. All references in this document to *my grandchildren* are references to him and to any other direct descendants of the first lineage hereafter born to my children.

### Section 1.01    Identifying the Trust

For convenience, the trust may be referred to as: **"THE TOMOTLEY CREW TRUST."**

To the extent practicable, for the purpose of transferring property to the trust or identifying the trust in any beneficiary or pay-on-death designation, the trust should be identified as: (a) LUCIAN LINCOLN WOOD, or any successor trustee thereto, Trustee of The Tomotley Crew Trust; or (b) any description referring to the trust which reasonably identifies the trust as set forth in O.C.G.A. §53-12-25(a).

**Section 1.02        Reliance by Third Parties**

Third parties may require documentation to verify the existence of this trust, or particular provisions of it, including the name of the Trustee or the powers held by the Trustee. To protect the confidentiality of this instrument, the Trustee may use an affidavit or a certification of trust that identifies the Trustee and sets forth the authority of the Trustee to transact business on behalf of the trust instead of providing a copy of this instrument. The affidavit or certification may include pertinent pages from this instrument, including title or signature pages.

A third party may rely upon an affidavit or certification of trust that is signed by the Trustee with respect to the representations contained in it. A third party relying upon an affidavit or certification of trust will be exonerated from any liability for actions the third party takes or does not take in reliance upon the representations contained in the affidavit or certification of trust.

**Section 1.03        Transferring Property to the Trust**

Any person or entity may transfer any property to the trust in any manner authorized by law.

**(a)        Funding of the Trust**

By executing this instrument, I transfer, convey, and assign the Plantation and the property described in the attached Schedule A to the Trustee.

**(b)        Acceptance by the Trustee**

By executing this instrument, the Trustee accepts and agrees to hold the Plantation and other property transferred to the trust as trust property. All property transferred to the trust after the date of this trust must be acceptable to the Trustee. The Trustee may refuse to accept any property. The Trustee shall hold, administer, and dispose of all accepted trust property for my benefit and for the benefit of my beneficiaries, in accordance with the terms of this trust.

**Section 1.04        Powers Reserved by Me as Grantor**

As Grantor, I retain the powers set forth in this Section in addition to any powers that I reserve in other provisions of this instrument.

**(a)        Action on Behalf of the Trust**

Whenever I am serving as Trustee, I may act for and conduct business on behalf of the trust without the consent of any other Trustee.

**(b)     Amendment, Restatement, or Revocation**

I may amend, restate, or revoke this instrument, in whole or in part, for any purpose.

Any amendment, restatement, or revocation must be made in writing and delivered to the then-serving Trustee.

**(c)     Addition or Removal of Trust Property**

I may add property to the trust and may remove any property from the trust at any time.

**(d)     Control of Income and Principal Distributions**

I retain the right to control the distribution of income and principal from the trust. I may direct the Trustee to distribute as much of the net income and principal of the trust property as I consider advisable to me or to other persons or entities. The Trustee may distribute the net income and principal to me or for my unrestricted use and benefit, even to the exhaustion of all trust property. Any undistributed net income is to be added to the principal of the trust.

**(e)     Approval of Investment Decisions**

I reserve the absolute right to review and change the Trustee's investment decisions. But the Trustee is not required to seek my approval before making investment decisions.

**Section 1.05     Grantor Trust Status**

By reserving the broad rights and powers set forth in Section 1.04 of this Article, I intend to qualify the trust as a *Grantor Trust* under Internal Revenue Code Sections 671 to 677. This means that, for federal income tax purposes, I will be treated as the owner of all the assets held in the trust during my lifetime, as if I held them in my individual capacity.

During any period that the trust is a Grantor Trust, the Taxpayer Identification Number of the trust will be my Social Security number, in accordance with Treasury Regulation Section 301.6109-1(a)(2).

# Article Two
# Trustee Succession Provisions

**Section 2.01     Resignation of a Trustee**

A Trustee may resign by giving written notice to the successor Trustee named under this Article II and the trust's Income Beneficiaries.

**Section 2.02      Trustee Succession during My Incapacity**

During any time that I am incapacitated, CHANDLER CURRIN WOOD and CHARLES WALTER JAMISON WOOD, or such of them as shall be willing and able, shall serve as Trustee(s). In any event where CHANDLER CURRIN WOOD and CHARLES WALTER JAMISON WOOD shall both be unable or unwilling to serve as Trustee, then KIMBERLY HART BENNETT shall serve as sole Trustee.

**Section 2.03      Trustee Succession after My Death**

After my death, CHANDLER CURRIN WOOD and CHARLES WALTER JAMISON WOOD, or such of them as shall be willing and able, shall serve as Trustee(s). In any event where CHANDLER CURRIN WOOD and CHARLES WALTER JAMISON WOOD shall both be unable or unwilling to serve as Trustee, then KIMBERLY HART BENNETT shall serve as sole Trustee.

**Section 2.04      Default Designation**

In any event where no successor Trustee is named, my then-serving Trustee shall have the power to nominate the successor Trustee(s). If the trusteeship of this trust becomes vacant and no successor Trustee has been nominated, the power to nominate the successor Trustee(s) shall be exercisable by the trust's Income Beneficiaries.

**Section 2.05      Incapacity of a Trustee**

If any individual Trustee becomes incapacitated, it will not be necessary for the incapacitated Trustee to resign as Trustee. A written opinion of incapacity signed by a physician who has examined the incapacitated Trustee will terminate the trusteeship. If, however, the Trustee designated in the written declaration objects, in writing, to termination of the trusteeship within 21 days of receiving the declaration of incapacity, a written opinion of incapacity signed by a second physician who has examined the incapacitated Trustee must be obtained before the trusteeship will be terminated. The Trustee objecting to termination of trusteeship must sign the necessary medical releases needed to obtain the second physician's written opinion of incapacity or the trusteeship will be terminated without the second physician's written opinion.

**Section 2.06      Rights and Obligations of Successor Trustees**

Each successor Trustee serving under this agreement, whether corporate or individual, will have all of the title, rights, powers and privileges granted to the initial Trustee. In addition, each successor Trustee is subject to all of the restrictions imposed upon, as well as all obligations and duties, both discretionary and ministerial, given to the initial Trustee named under this agreement.

# Article Three
# Administration of the Trust While Grantor is Living

### Section 3.01      Management of Trust Property

While Grantor is serving as Trustee, Trustee is authorized to sell, assign or otherwise transfer the Plantation or any property of this trust upon such terms as Trustee shall determine in Trustee's sole discretion. While Grantor is living, any then-serving Trustee other than Grantor shall be authorized to sell the Plantation only as absolutely needed to provide for the health and well-being of Grantor, but not before taking into consideration all other sources of income known to be available to Grantor.

### Section 3.02      Grantor is sole Beneficiary While Grantor is Living

While Grantor is living, Grantor shall have sole and unfettered access, use and enjoyment of the Plantation and all trust property, as the sole beneficiary of all trust property. The Plantation and all trust property shall be held, administered, utilized and distributed by the Trustee for the sole, and absolute, benefit of Grantor. The Trustee shall distribute the income and principal of the trust to Grantor in such amounts as Grantor may direct. All trust income not distributed to, or appointed by, Grantor shall be accumulated, invested and used to establish reserves for maintenance and improvements to the Plantation and the trust property in Trustee's discretion.

# Article Four
# Administration of the Trust upon Grantor's Death

### Section 4.01      The Trust Becomes Irrevocable

After Grantor's death, the trust is irrevocable and the Grantor's Social Security number may no longer be used to identify the trust. The Trustee may need to apply for a separate Taxpayer Identification Number for the trust.

### Section 4.02      Coordination with The Executor

The provisions of this Section 4.02 are intended to help facilitate the coordination between the Executor and the Trustee. These provisions apply even if the Executor and the Trustee are the same person or entity.

#### (a)      Reliance on Information from The Executor

If a payment is made under this Article to the Executor, in the Trustee's discretion, the Trustee shall have no duty to inquire into the application of the payment.

**(b)    Discretionary Distributions to My Executor**

The Trustee may distribute cash, accrued income, or other trust property to
the probate estate in the Trustee's discretion. To the extent practicable, my
Executor shall not sell, or use, the Plantation for the payment of any
administrative expenses related to my Estate or any death taxes arising as a
result of my death, unless the Trustee determines in the Trustee's discretion
that such distribution is in the best interests of the trust's Income
Beneficiaries.

## Section 4.03    Authority to Make Tax Elections

After my death, the Trustee may make tax elections as provided in this Section. But if an
Executor is appointed for the probate estate, the discretionary authority granted to the
Trustee as to any tax election will be subordinate to the Executor's statutorily delegated
authority.

**(a)    Elections Regarding Valuations**

The Trustee may make any tax elections necessary for valuing the
Plantation and other trust assets according to an alternate valuation date to
step up the basis of the Plantation under Section 1014(a) of the Internal
Revenue Code or electing any special-use valuation.

**(b)    Allocation of GST Exemption**

The Trustee may elect to allocate any portion of Grantor's Available GST
Exemption to trust property under Internal Revenue Code Section 2631.
The exercise of the Trustee's discretion should be based on the transfers,
gift tax returns, and other information known to the Trustee, with no
requirement that allocations benefit the various transferees or beneficiaries
in any particular manner.

**(c)    Qualified Conservation Easements**

The Trustee may create a qualified conservation easement, as defined in
Internal Revenue Code Section 2031(c)(8)(A), in the Plantation and may
make the necessary election provided by Section 2031(c)(6).

# Article Five
# Administration After Grantor's Death While Either Chandler Currin Wood or Charles Walter Jamison Wood is Living

### Section 5.01    Administration

If CHANDLER CURRIN WOOD or CHARLES WALTER JAMISON WOOD (*hereinafter, individually, a "Life Beneficiary", and collectively the "Life Beneficiaries"*) shall survive Grantor, then the Plantation and all trust property shall be held by Trustee upon Grantor's death, IN TRUST, in accordance with this Article Five for the benefit of those of the Life Beneficiaries who are living and who shall become the primary beneficiary of this trust while either Life Beneficiary is living. Trustee shall not sell, mortgage or encumber the Plantation while either Life Beneficiary is the primary beneficiary of this trust.

### Section 5.02    Primary Beneficiary

After the death of Grantor and while either Life Beneficiary is living, the Life Beneficiaries who are living shall have sole and unfettered access, use and enjoyment of the Plantation and all trust property, as the sole beneficiary of all trust property. The Plantation and all trust property shall be held, administered and utilized by the Trustee for the sole, and absolute, benefit of each Life Beneficiary while he or she is living. The Trustee shall distribute the income of the Plantation and any other trust property to the Life Beneficiaries, while they are living, in such amounts as the Trustee determines in the Trustee's discretion to be necessary for maintaining the Plantation. All trust income not distributed shall be accumulated, invested and used to establish reserves for maintenance and improvements to the Plantation in Trustee's discretion. The Trustee shall not invade the principal of this trust, including the Plantation, while either of the Life Beneficiaries is living, except for maintenance of the Plantation.

### Section 5.03    Restrictions and Obligations of the Life Beneficiaries

While either Life Beneficiary is living, he or she shall timely pay all taxes, insurance and other assessments for the Plantation, and repair and maintain the Plantation and all trust property, at all times, in reasonable condition. While the Plantation is held in trust under this Article Five, at least one (1) Life Beneficiary shall also utilize the Plantation as a primary residence; or in lieu thereof, the Life Beneficiaries who are then-living may instead lease, rent, or otherwise exchange their use and enjoyment of the Plantation for money or any other form of consideration from any other party in a manner approved, in writing, by

my grandchildren (or their Guardians if they are under the age of 18) as being consistent with my goals of preserving the Plantation for my grandchildren and/or the mission of Allie's Place, i.e., A Place for All, Inc., a Georgia nonprofit corporation.

### Section 5.04    Termination of Trust for the Life Beneficiaries

Each Life Beneficiary shall cease to be the primary beneficiary of this trust, and the trust administered for the benefit of the Life Beneficiaries under this Article Five shall terminate, upon the first to occur of (a) mutual agreement of the Life Beneficiaries who are living and my grandchildren (or their Guardians if they are under the age of 18); (b) the death of both of the Life Beneficiaries; or (c) breach by either Life Beneficiary of any obligations set forth in Sections 5.01 or 5.03.

# Article Six

# Trust Distribution upon Death of Grantor and Termination of Trust for Chandler Currin Wood and Charles Walter Jamison Wood

### Section 6.01    Division of Remaining Trust Property

Upon the death of Grantor and termination of the trust held for the benefit of Chandler Currin Wood and Charles Walter Jamison Wood under Article Five, the Trustee shall divide the remaining trust property into separate and equal shares as follows: one share for each of my grandchildren who is then-living and one share for each of my grandchildren who is not then-living but who has one or more descendants who are then-living. Each share set aside for the descendants of one of my grandchildren who is not then-living shall be further divided into portions for such descendants *per stirpes*.

Each share hereby set aside for one of my grandchildren who is then-living and each share or portion hereby set aside for a descendant of one of my grandchildren who is not then-living shall constitute a separate trust and the records of my Trustee shall be kept accordingly. Each such trust shall be known by the name of my grandchild or other descendant for whom it is created (hereafter called the "Beneficiary" of his or her trust), which grandchild or other descendant shall be the primary beneficiary of such trust during such Beneficiary's lifetime.

The Trustee shall administer the Beneficiary's share in a separate trust for the benefit of the Beneficiary as provided in Section 6.02.

### Section 6.02    Administration of the Beneficiary's Trust

The Trustee may distribute to the Beneficiary as much of the income and principal of the Beneficiary's trust as the Trustee, in its sole and absolute discretion, determines is

necessary or advisable for the health, education, maintenance or support of the Beneficiary. The Trustee shall add any undistributed net income to principal.

### Section 6.03    Election to Serve as Trustee

One year after Grantor's death and termination of the trust for the benefit of Chandler Currin Wood and Charles Walter Jamison Wood under Article Five, each Beneficiary of a trust who has attained age 18 may elect at any time to become sole trustee of such Beneficiary's trust.

### Section 6.04    Distribution Upon the Death of the Beneficiary

If the Beneficiary dies after the Beneficiary's trust is established, but before the complete distribution of the Beneficiary's trust, the Trustee shall distribute the remaining trust property *per stirpes* in trusts to the Beneficiary's descendants, and each share or portion so allotted shall be held by the Trustee as a separate trust for the benefit of such descendant (who will then be the "Beneficiary" of his or her trust) and shall be held, administered and distributed in accordance with the provisions of this Article Six. If the beneficiary has no then-living descendants, the Trustee shall distribute the balance of the trust property pursuant to the provisions set forth in Section 6.01.

# Article Seven
# Trust Administration

### Section 7.01    Distributions to Beneficiaries

Whenever this trust authorizes or directs the Trustee to make a net income or principal distribution to a Beneficiary, the Trustee may apply any property that otherwise could be distributed directly to the Beneficiary for his or her benefit. The Trustee is not required to inquire into the Beneficiary's ultimate disposition of the distributed property unless specifically directed otherwise by this trust.

The Trustee may make cash distributions, in-kind distributions, or distributions partly in each, in proportions and at values determined by the Trustee. The Trustee may allocate undivided interests in specific assets to a beneficiary or trust in any proportion or manner that the Trustee determines, even though the property allocated to one beneficiary may be different from that allocated to another beneficiary.

The Trustee may make these determinations without regard to the income tax attributes of the property and without the consent of any beneficiary.

### Section 7.02    No Court Proceedings

The Trustee shall administer this trust with efficiency, with attention to the provisions of this trust, and with freedom from judicial intervention. If the Trustee or another interested

party institutes a legal proceeding, the court will acquire jurisdiction only to the extent necessary for that proceeding. Any proceeding to seek instructions or a court determination may only be initiated in the court with original jurisdiction over matters relating to the construction and administration of trusts. Seeking instructions or a court determination is not to be construed as subjecting this trust to the court's continuing jurisdiction.

### Section 7.03    No Bond

The Trustee is not required to furnish any bond for the faithful performance of the Trustee's duties unless required by a court of competent jurisdiction, and only if the court finds that a bond is needed to protect the beneficiaries' interests. No surety will be required on any bond required by any law or court rule, unless the court specifies its necessity.

### Section 7.04    Exoneration of the Trustee

No successor Trustee is obligated to examine the accounts, records, or actions of any previous Trustee or the Executor of my estate. No successor Trustee may be held responsible for any act, omission, or forbearance by any previous Trustee or of the Executor of my estate.

Any Trustee may obtain written agreements from the beneficiaries or their Legal Representatives releasing and indemnifying the Trustee from any liability that may have arisen from the Trustee's acts, omissions, or forbearances. If acquired from all the trust's living beneficiaries or their Legal Representatives, any agreement is conclusive and binding on all parties, born or unborn, who may have or who may later acquire an interest in the trust.

### Section 7.05    Trustee Compensation

An individual serving as Trustee is entitled to fair and reasonable compensation for the services provided as a fiduciary. A corporate fiduciary serving as Trustee will be compensated by agreement between an individual serving as Trustee and the corporate fiduciary. In the absence of an individual Trustee or an agreement, a corporate fiduciary will be compensated in accordance with the corporate fiduciary's current published fee schedule.

A Trustee may charge additional fees for services provided that are beyond the ordinary scope of duties, such as fees for legal services, tax return preparation, and corporate finance or investment banking services.

In addition to receiving compensation, a Trustee may be reimbursed for reasonable costs and expenses incurred in carrying out the Trustee's duties under this trust.

### Section 7.06    Employment of Professionals

The Trustee may appoint, employ, and remove investment advisors, accountants, auditors, depositories, custodians, brokers, consultants, attorneys, advisors, agents, and employees

to advise or assist in the performance of the Trustee's duties. The Trustee may act on the recommendations of the persons or entities employed, with or without independent investigation.

The Trustee may reasonably compensate an individual or entity employed to assist or advise the Trustee, regardless of any other relationship existing between the individual or entity and the Trustee.

The Trustee may compensate providers of contracted services at the usual rate out of the trust's income or principal, as the Trustee deems advisable. The Trustee may compensate an individual or entity employed to assist or advise the Trustee without diminishing the compensation the Trustee is entitled to under this trust. A Trustee who is a partner, stockholder, officer, director, or corporate affiliate in any entity employed to assist or advise the Trustee may still receive the Trustee's share of the compensation paid to the entity.

### Section 7.07    Trust Accounting

Except to the extent required by law, the Trustee is not required to file accountings in any jurisdiction. During my lifetime, if I am not serving as Trustee, the Trustee must provide an accounting to me at least annually. If I am incapacitated the Trustee must provide the accounting to my Legal Representative, unless waived by my Legal Representative. After my death, the Trustee must provide an annual accounting to the Income Beneficiaries of any trust created under this trust unless waived by the Income Beneficiaries.

The annual accounting must include the receipts, expenditures, and distributions of income and principal and the assets on hand for the accounting period. A copy of the federal fiduciary tax return filed for a trust during the accounting will satisfy this reporting requirement.

In the absence of fraud or obvious error, assent by all Income Beneficiaries to a Trustee's accounting will make the matters disclosed in the accounting binding and conclusive upon all persons, including those living on this date and those born in the future who have or will have a vested or contingent interest in the trust property.

### Section 7.08    Information to Beneficiaries

This Section defines the Trustee's duties to inform, account, and report to beneficiaries of various trusts created under this trust, and to other individuals during my lifetime and after my death. Except to the extent required by law, the Trustee is not required to comply with a request to furnish a copy of this trust to a beneficiary more frequently than annually.

### Section 7.09    Action of Trustees and Delegation of Trustee Authority

When Grantor is not serving as a Trustee, if two Trustees are eligible to act with respect to a given matter, they must agree unanimously for action to be taken unless the express terms

of the Trustees' appointment provide otherwise. If more than two Trustees are eligible to act with respect to a given matter, the Trustees must agree by majority for action to be taken.

### Section 7.10    Trustee May Disclaim or Release Any Power

Notwithstanding any provision of this trust to the contrary, any Trustee may relinquish any Trustee power in whole or in part, irrevocably or for any specified period of time, by a written instrument. The Trustee may relinquish a power personally or may relinquish the power for all subsequent Trustees.

### Section 7.11    Trustee May Execute a Power of Attorney

The Trustee may appoint any individual or entity to serve as the Trustee's agent under a power of attorney to transact any business on behalf of the trust or any other trust created under this trust.

### Section 7.12    Authority to Merge or Sever Trusts

The Trustee may merge a trust created under this trust with any other trust, if the two trusts contain substantially the same terms for the same beneficiaries and have at least one Trustee in common. The Trustee may administer the merged trust under the provisions of the instrument governing the other trust, and this trust will no longer exist if it merges into another trust. Accordingly, in the event another trust is merged into this trust or a trust created under the provisions of this trust document, the Trustee may shorten the period during which this trust subsists to comply with Section 9.01, if necessary, to effect the merger. But if a merger does not appear feasible, the Trustee may consolidate the trusts' assets for purposes of investment and trust administration while retaining separate records and accounts for each respective trust.

The Trustee may sever any trust on a fractional basis into two or more separate and identical trusts, or may segregate a specific amount or asset from the trust property by allocating it to a separate account or trust. The separate trusts may be funded on a *non pro rata* basis, but the funding must be based on the assets' total fair market value on the funding date. After the segregation, income earned on a segregated amount or specific asset passes with the amount or asset segregated. The Trustee shall hold and administer each severed trust upon terms and conditions identical to those of the original trust.

Subject to the trust's terms, the Trustee may consider differences in federal tax attributes and other pertinent factors in administering the trust property of any separate account or trust, in making applicable tax elections and in making distributions. A separate trust created by severance must be treated as a separate trust for all purposes from the effective severance date; however, the effective severance date may be retroactive to a date before the Trustee exercises the power.

## Section 7.13      Authority to Terminate Trusts

The Trustee may terminate any trust created under this trust at any time, if the Trustee, in its sole and absolute discretion, determines that administering a trust created under this trust is no longer economical.   Once distributed, the Trustee will have no further responsibility with respect to that trust property.   The Trustee will distribute the trust property from a terminated trust to the Income Beneficiaries.

## Section 7.14      Generation-Skipping Transfer Tax Provisions

If any trust created under this agreement would be partially exempt from generation-skipping transfer tax after the intended allocation of Grantor's Available GST Exemption to the trust then the Trustee may divide the partially-exempt trust so that the allocation of Grantor's Available GST Exemption can be made to a trust that will be entirely exempt from generation-skipping transfer tax.  If the Trustee chooses to divide a trust that would otherwise be a partially exempt trust, the Trustee shall create and administer the separate trusts as provided in this Section.

### (a)      Division into Exempt and Nonexempt Trusts

The Trustee shall divide the property of the otherwise partially-exempt trust into two separate trusts, the "exempt trust" and the "nonexempt trust."  The exempt trust will consist of the largest fractional share of the total assets of the otherwise partially-exempt trust that will permit the exempt trust to be entirely exempt from generation-skipping transfer tax. The "nonexempt trust" will consist of the balance of the total assets of the otherwise-partially exempt trust.

For purposes of computing the fractional share, the Trustee shall use asset values as finally determined for federal estate tax purposes.  The Trustee shall then apply the fraction to the assets at their actual value on the effective date or dates of distribution so that the actual value of the fractional share resulting from the application of the fraction will include fluctuations in the value of the trust property.

### (b)      Administration of the Trusts

The Trustee shall administer the exempt and non-exempt trusts created under this Section as separate and independent trusts but under the same terms as the original trust.  To the extent possible, the Trustee should make distributions to a non-skip person as defined by Section 2613 of the Internal Revenue Code from the nonexempt trust and distributions to a skip person as defined by Section 2613 from an exempt trust.  The Trustee may designate names for the exempt and nonexempt trusts.

If an exempt trust and a nonexempt trust are further divided under the terms of this agreement, the Trustee may allocate property from the exempt trust first to the trust from which a generation skipping transfer is more likely to occur.

The Tomotley Crew Trust

A - 13

### (c)    Additions of Property to Exempt and Nonexempt Trusts

If at any time any property that has an inclusion ratio greater than zero for generation-skipping transfer tax purposes would be added to a trust with property that has an inclusion ratio of zero, then the Trustee will instead hold the property in a separate trust on the same terms and conditions as the original trust.

### (d)    Re-Allocation

In the event that the Trustee's determination of whether a trust in this agreement is partially, entirely or not exempt from GST taxes is later determined to be incorrect (for example, if the Congress by law or the Service by regulation or ruling applies the generation-skipping transfer tax retroactively to the trust), the Trustee may re-allocate the assets as of the initial division date, as provided in this Section.

### Section 7.15    General Power of Appointment Over Property Subject to Taxable Generation-Skipping Transfers

Notwithstanding any provision to the contrary, any Beneficiary of any separate trust created in this agreement has the unlimited and unrestricted testamentary general power to appoint among one or more persons or entities, including the creditors of the Beneficiary's estate any property remaining in the trust for which, in the absence of the power of appointment, would cause a taxable generation-skipping transfer in excess of any Available GST Exemption. The Beneficiary has the sole and exclusive right to exercise this general power of appointment.

The Trustee shall distribute any property in the trust that is not distributed under the exercise of the general power of appointment or is not subject to such power because it is not taxable as a generation-skipping transfer under the provisions of the Beneficiary's trust.

This provision applies to all trusts created for a Beneficiary under this agreement and supersedes any contrary provisions unless the provisions of a separate trust, by reference to this provision, provide otherwise.

# Article Eight
# The Trustee's Powers

### Section 8.01    Introduction to Trustee's Powers

Except as otherwise specifically provided in this trust, the Trustee may exercise the powers granted by this trust without prior approval from any court, including those powers set forth under the laws of the State of Georgia or any other jurisdiction whose law applies to this trust. The powers set forth in Official Code of Georgia Annotated Sections 53-12-261, 53-12-262, 53-12-280, 53-6-63, 53-12-214, and 53-12-270, as amended, are specifically incorporated into this trust.

The Trustee shall exercise the Trustee powers in the manner the Trustee determines to be in the beneficiaries' best interests for maximizing the long-term value of the Plantation and other trust property. The Trustee must not exercise any power inconsistent with the beneficiaries' right to the enjoyment of the Plantation in accordance with the general principles of trust law.

The Trustee may have duties and responsibilities in addition to those described in this trust. I encourage any individual or corporate fiduciary serving as Trustee to obtain appropriate legal advice if the Trustee has any questions concerning the duties and responsibilities as Trustee.

### Section 8.02    Execution of Documents by the Trustee

The Trustee may execute and deliver any written instruments that the Trustee considers necessary to carry out any powers granted in this trust.

### Section 8.03    Investment Powers in General

The Trustee may invest in any type of investment that the Trustee determines is consistent with preserving the Plantation for the long term and in the best interest of my grandchildren.

Without limiting the Trustee's investment authority in any way, I request that the Trustee exercise reasonable care and skill in selecting and retaining trust investments. I also request that the Trustee take into account the following factors in choosing investments:

> the potential return from the investment, both in income and appreciation;

> the potential income tax consequences of the investment;

> the long-term preservation of the Plantation;

> the investment's potential for volatility; and

> the role the investment will play in the trust's portfolio.

I request that the Trustee also consider the possible effects of inflation or deflation, changes in global and US economic conditions, transaction expenses, and the trust's need for liquidity while arranging the trust's investment portfolio.

The Trustee may delegate his or her discretion to manage the Plantation to any property managers or real estate advisors deemed to be in the best long-term interest of my beneficiaries in preserving the Plantation.

### Section 8.04    Banking Powers

The Trustee may establish any type of bank account in any banking institutions that the Trustee chooses. If the Trustee makes frequent disbursements from an account, the account does not need to be interest bearing. The Trustee may authorize withdrawals from an account in any manner.

The Trustee may open accounts in the name of the Trustee, with or without disclosing fiduciary capacity, and may open accounts in the name of the trust. When an account is in the name of the trust, checks on that account and authorized signatures need not disclose the account's fiduciary nature or refer to any trust or Trustee.

### Section 8.05    Business Powers

The Trustee may act individually in the Trustee's personal capacity and independently with The Tomotley Crew, LLC and any other business entity in which the trust has an interest, separate from any duties owed to the trust as the Trustee. This includes serving and receiving compensation for services as an officer, director, general partner, manager, or any other capacity for the business entity. The compensation the Trustee receives from this entity will not affect the compensation the Trustee may be entitled to for serving as the Trustee. The Trustee may exercise any voting power for any matter, whether the voting power is held as the Trustee or independently as a stockholder, officer, director, general partner, member, manager, or other capacity of The Tomotley Crew, LLC and any other business entity.

If any trust created under this trust is funded with subchapter S stock, the Trustee may either elect to qualify the trust as a Qualified Subchapter S Trust (QSST) under Internal Revenue Code Section 1361(d)(3) or as an Electing Small Business Trust under Section 1361(e)(1) to administer the trust in accordance with the requirements of the corresponding Section.

### Section 8.06    Contract Powers

Except as specifically set forth herein in Section 3.01 and 5.01, the Trustee may sell at public or private sale, transfer, exchange for other property, and otherwise dispose of trust property for consideration and upon terms and conditions that the Trustee deems advisable. The Trustee may grant options of any duration for any sales, exchanges, or transfers of trust property.

### Section 8.07    Common Investments

For purposes of convenience with regard to the trust property's administration and investment, the Trustee may invest part or all of the trust property jointly with property of other trusts for which the Trustee is also serving as a Trustee. A corporate fiduciary acting as the Trustee may use common funds for investment. When trust property is managed and invested in this manner, the Trustee will maintain records that sufficiently identify this trust's portion of the jointly invested assets.

### Section 8.08    Environmental Powers

The Trustee may inspect trust property to determine compliance with or to respond to any environmental law affecting the Plantation or any other trust property. For purposes of this

trust, *environmental law* means any federal, state, or local law, rule, regulation, or ordinance protecting the environment or human health.

The Trustee may refuse to accept property if the Trustee determines that the property is or may be contaminated by any hazardous substance or is or was used for any purpose involving hazardous substances that could create liability to the trust or to any Trustee.

The Trustee may use the Plantation and other trust property to:

> conduct environmental assessments, audits, or site monitoring;

> take remedial action to contain, clean up, or remove any hazardous substance including a spill, discharge, or contamination;

> institute, contest, or settle legal proceedings brought by a private litigant or any local, state, or federal agency concerned with environmental compliance;

> comply with any order issued by any court or by any local, state, or federal agency directing an assessment, abatement, or cleanup of any hazardous substance; and

> employ agents, consultants, and legal counsel to assist the Trustee in these actions.

The Trustee is not liable for any loss or reduction in value sustained by the trust as a result of the Trustee's decision to retain property on which hazardous materials or substances requiring remedial action are discovered, unless the Trustee contributed to that loss through willful misconduct or gross negligence.

The Trustee is not liable to any beneficiary or to any other party for any decrease in the value of property as a result of the Trustee's actions to comply with any environmental law, including any reporting requirement.

The Trustee may release, relinquish, or disclaim any power held by the Trustee that the Trustee determines may cause the Trustee to incur individual liability under any environmental law.

### Section 8.09    Farm, Ranch, and Other Agricultural Powers

The Trustee may retain, acquire, and sell any farm or ranching operation, whether as a sole proprietorship, partnership, or corporation.

The Trustee may engage in the production, harvesting, and marketing of farm and ranch products, either by operating directly or indirectly with management agencies, hired labor, tenants, or sharecroppers.

The Trustee may engage and participate in any government farm program, whether state or federally sponsored.

The Trustee may purchase or rent machinery, equipment, livestock, poultry, feed, and seed.

The Trustee may improve and repair the Plantation and all farm and ranch properties; construct buildings, fences, and drainage facilities; and acquire, retain, improve, and dispose of wells, water rights, ditch rights, and priorities of any nature.

The Trustee may do all things customary or desirable to operate a farm or ranch operation on the Plantation for the benefit of the beneficiaries.

### Section 8.10    Insurance Powers

The Trustee may purchase, accept, hold, and deal with as owner, any insurance policies deemed necessary by the Trustee for protection and preservation of the Plantation.

The Trustee may execute or cancel any automatic premium loan agreement with respect to any policy. The Trustee may borrow money to pay premiums due on any policy, either by borrowing from the company issuing the policy or from another source. The Trustee may assign the policy as security for the loan.

Upon termination of the trust, the Trustee may transfer and assign the policies held by the trust as a distribution of trust property.

### Section 8.11    Loans and Borrowing Powers

Except as specifically limited by Section 5.01, the Trustee may encumber any trust property by mortgages, pledges, or otherwise, and may negotiate, refinance, or enter into any mortgage or other secured or unsecured financial arrangement, whether as a mortgagee or mortgagor. The term may extend beyond the trust's termination and beyond the period required for an interest created under this trust to vest in order to be valid under the rule against perpetuities.

The Trustee may enter into, negotiate, or modify the terms of any mortgage or any other secured or unsecured agreement granted in connection with any loan entered into by me individually or by any Trustee, and may release or foreclose on any mortgage or security interest payable to me or to the trust.

The Trustee may borrow money at interest rates and on other terms that the Trustee deems advisable from any person, institution, or other source including, in the case of a corporate fiduciary, its own banking or commercial lending department.

The Trustee may purchase, sell at public or private sale, trade, renew, modify, and extend mortgages. The Trustee may accept deeds instead of foreclosing.

### Section 8.12    Nominee Powers

The Trustee may hold real estate, securities, and any other property in the name of a nominee or in any other form, without disclosing the existence of any trust or fiduciary capacity.

### Section 8.13    Oil, Gas and Mineral Interests

The Trustee may acquire, maintain, develop, and exploit, either alone or jointly with others, any oil, gas, coal, mineral, or other natural resource rights or interests.

The Trustee may drill, test, explore, mine, develop, extract, remove, convert, manage, retain, store, sell, and exchange any of those rights and interests on terms and for a price that the Trustee deems advisable.

The Trustee may execute leases, pooling, unitization, and other types of agreements in connection with oil, gas, coal, mineral, and other natural resource rights and interests, even though the terms of those arrangements may extend beyond the trust's termination.

The Trustee may execute division orders, transfer orders, releases, assignments, farm outs, and any other instruments that it considers proper.

The Trustee may employ the services of consultants and outside specialists in connection with the evaluation, management, acquisition, disposition, and development of any mineral interest, and may pay the cost of the services from the trust's principal and income.

### Section 8.14    Payment of Property Taxes and Expenses

Except as otherwise provided in this trust, the Trustee may pay any property taxes, assessments, fees, charges, and other expenses incurred in the administration or protection of the Plantation and the trust. All payments will be a charge against the trust property and will be paid by the Trustee out of income. If the income is insufficient, then the Trustee may make any payments of property taxes or expenses out of the trust property's principal. The Trustee's determination with respect to this payment will be conclusive on the beneficiaries.

### Section 8.15    Qualified Real Property Valuation

The Trustee has the power to amend the terms of a trust holding *qualified real property* as defined in Internal Revenue Code Section 2032A, in order to permit the qualified real property to qualify for special use valuation permitted under Section 2032A, even if the amendment changes beneficial interests and that directs the segregation of trust property into more than one trust.

### Section 8.16    Real Estate Powers

Except as limited by Sections 3.01 and 5.01, the Trustee may sell at public or private sale, convey, purchase, exchange, lease for any period, mortgage, manage, alter, improve, and in general deal in and with the Plantation in any manner accustomed by the Grantor while the Grantor was living and on the terms and conditions as the Trustee deems appropriate and consistent with Grantor's administration of the Plantation during his life.

The Trustee may grant or release easements in or over, subdivide, partition, develop, raze improvements to, the Plantation.

The Trustee may manage the Plantation in any manner considered consistent with Grantor's administration of the Plantation during his life, and may exercise all other real estate powers necessary to effect this purpose.

The Trustee may enter into leases only for the general maintenance and upkeep of certain portions of the Plantation, even though the term of the agreement extends beyond the termination of any trusts established under this trust and beyond the period that is required for an interest created under this trust to vest in order to be valid under the rule against perpetuities.  The Trustee may enter into any contracts, covenants, and warranty agreements that the Trustee deems appropriate to the Plantation's maintenance and preservation.

### Section 8.17    Residences and Tangible Personal Property

The Trustee may maintain, and invest in any residence on the Plantation for the beneficiaries' use and benefit, whether or not the residence is income producing and without regard to the proportion that the residence's value may bear to the trust property's total value, even if retaining the residence involves financial risks that Trustees would not ordinarily incur.  The Trustee may pay or make arrangements for others to pay all carrying costs of any residence for the beneficiaries' use and benefit, including taxes, assessments, insurance, maintenance, and other related expenses.

The Trustee is not required to convert the property referred to in this Section to income-producing property.

The Trustee may permit any Income Beneficiary of the trust to occupy any real property or use any personal property owned by the trust on terms or arrangements that the Trustee determines, including rent free or in consideration for the payment of taxes, insurance, maintenance, repairs, or other charges.

The Trustee is not liable for any depreciation or loss resulting from any decision to retain or acquire any property as authorized by this Section.

### Section 8.18    Securities, Brokerage and Margin Powers

The Trustee may buy, sell, trade, and otherwise deal in stocks, bonds, investment companies, mutual funds, common trust funds, commodities, and other securities.

The Trustee may place all or any part of the securities held by the trust in the custody of a bank or trust company.  The Trustee may have all securities registered in the name of the bank or trust company or in the name of the bank's nominee or trust company's nominee. The Trustee may appoint the bank or trust company as the agent or attorney in fact to collect, receive, receipt for, and disburse any income, and generally to perform the duties and services incident to a custodian of accounts.

The Trustee may employ a broker-dealer as a custodian for securities held by the trust, and may register the securities in the name of the broker-dealer or in the name of a nominee; words indicating that the securities are held in a fiduciary capacity are optional.

### Section 8.19     Settlement Powers

The Trustee may settle any claims and demands in favor of or against the trust by compromise, adjustment, arbitration, or other means. The Trustee may release or abandon any claim in favor of the trust.

### Section 8.20     Discharge of Legal Obligations

The Trustee may not exercise or participate in the exercise of discretion with respect to the distribution of income or principal that would in any manner discharge a legal obligation of the Trustee, including the obligation of support.

If a beneficiary or any other person has the power to remove a Trustee, that Trustee may not exercise or participate in the exercise of discretion with respect to the distribution of income or principal that would in any manner discharge a legal obligation of the person having the power to remove the Trustee, including that person's obligation of support.

# Article Nine
# General Provisions

### Section 9.01     Maximum Term for Trusts

Notwithstanding anything to the contrary contained in this Trust Agreement, each trust created herein, unless earlier terminated according to the terms set forth herein, shall terminate one day less than 360 years after the creation of such trust, and upon such termination the remaining property of such trust shall be distributed to the Beneficiary thereof. If, however, no rule against perpetuities, or other limitation, is applicable because of its repeal or otherwise, then this Section 9.01 shall not apply and each trust created herein shall continue until such a limitation is determined to be applicable under local law or otherwise. In addition, if applicable law enables the Trustee to choose between the applicability of a rule against perpetuities or other limitation and no limitation, it is Grantor's desire that no rule against perpetuities or other limitation apply to any trust created herein.

### Section 9.02     Spendthrift Provision

The interest of any beneficiary in any trust created hereunder shall not voluntarily or involuntarily be transferred, assigned, or conveyed and shall not be subject to the claims of any creditors of such beneficiary, and the Trustee shall continue distributing trust property directly to or for the benefit of such beneficiary as provided for hereunder, notwithstanding any transfer, assignment, or conveyance, and notwithstanding any action by creditors. A

creditor of a beneficiary shall be specifically prohibited from compelling any Trustee to pay any amount that is payable only in the Trustee's discretion regardless of whether the discretion is expressed in the form of a standard of distribution, including, but not limited to, health, education, maintenance, and support. If, however, the Trustee is prevented by any transfer, assignment or conveyance, or by any proceeding brought by any creditor, or by any bankruptcy, receivership or other proceeding, from distributing property directly to or for the benefit of any beneficiary, then and thereafter the Trustee shall hold and accumulate the property that would otherwise have been distributed until the Trustee is able to distribute such property directly to or for the benefit of such beneficiary, or until the death of such beneficiary, any such property so held and accumulated shall become a part of the principal of the trust and shall be disposed of as provided for the principal.

**Section 9.03    Contest Provision**

The right of a beneficiary to take any interest given to him or her under this trust or any trust created under this trust instrument will be determined as if the beneficiary predeceased me without leaving any surviving descendants if that beneficiary, alone or in conjunction with any other person, engages in any of these actions:

> contests by a claim of undue influence, fraud, menace, duress, or lack of testamentary capacity, or otherwise objects in any court to the validity of this trust, any trust created under the terms of this instrument, my Will, or any beneficiary designation of an annuity, retirement plan, IRA, Keogh, pension, profit-sharing plan, or insurance policy signed by me, (collectively referred to in this Section as *Document* or *Documents*) or any amendments or codicils to any Document;

> seeks to obtain adjudication in any court proceeding that a Document or any of its provisions is void, or otherwise seeks to void, nullify, or set aside a Document or any of its provisions;

> files suit on a creditor's claim filed in a probate of my estate, against the trust estate, or any other Document, after rejection or lack of action by the respective fiduciary;

> files a petition or other pleading to change the character (community, separate, joint tenancy, partnership, domestic partnership, real or personal, tangible or intangible) of property already characterized by a Document;

> files a petition to impose a constructive trust or resulting trust on any assets of the trust estate; or

> participates in any of the above actions in a manner adverse to the trust estate, such as conspiring with or assisting any person who takes any of these actions.

The Trustee may defend any violation of this Section at the expense of the trust estate. A *contest* includes any action described above in an arbitration proceeding, but does not include any action described above solely in a mediation not preceded by a filing of a contest with a court.

### Section 9.04        Survivorship Presumption

If any beneficiary is living at my death, but dies within 30 days after my death, then the beneficiary will be considered to have predeceased me for this trust's purposes.

### Section 9.05        Changing the Governing Law and Situs of Administration

At any time, the Trustee may change the governing law of the trust; change the situs of the administration of the trust; and remove all or any part of the property from one jurisdiction to another. The Trustee may elect, by filing an instrument with the trust records, that the trust will then be construed, regulated, and governed by the new jurisdiction's laws. The Trustee may take action under this Section for any purpose the Trustee considers appropriate, including the minimization of any taxes in respect of the trust or any trust beneficiary.

### Section 9.06        Antilapse Statutes

Whether existing now or enacted later, no *antilapse* statute of Georgia or any other jurisdiction will be applied in construing any provision of this trust.

### Section 9.07        Definitions

For purposes of this trust, the following terms have these meanings:

#### (a)        Adopted and Afterborn Persons

A person who is legally adopted by my children before reaching 18 years of age shall have the same rights as my grandchildren and will be treated in the same manner under this trust as my grandchildren.

#### (b)        Available GST Exemption

Grantor's "Available GST Exemption" means the GST exemption provided in Section 2631 of the Internal Revenue Code in effect at the time; reduced by the aggregate of (1) the amount, if any, of GST exemption allocated to lifetime transfers and (2) the amount, if any, of allocations of GST exemption made or deemed made to transfers other than allocations to transfers under this agreement.

#### (c)        Descendants

The term *descendants* means persons who directly descend from a person, such as children, grandchildren, or great-grandchildren. The term

*descendants* does not include collateral descendants, such as nieces and nephews.

**(d)    Good Faith**

For the purposes of this trust, a Trustee has acted in good faith if:

> an action or inaction is not a result of intentional wrongdoing;
>
> the Trustee did not make the decision to act or not act with reckless indifference to the beneficiaries' interests; and
>
> an action or inaction does not result in an improper personal benefit to the Trustee.

Further, all parties subject to the provisions of this trust will treat any action or inaction made in reliance on information, consent, or directions received from the Personal Representative of my estate as made in good faith for the purposes of this Section, except for cases of willful misconduct or malfeasance on the Trustee's part.

**(e)    Income Beneficiary**

The term *Income Beneficiary* means any beneficiary who is then entitled to receive distributions of the trust's net income, whether mandatory or discretionary.

**(f)    Internal Revenue Code and Treasury Regulations**

References to the *Internal Revenue Code* or to its provisions are to the Internal Revenue Code of 1986, as amended, and any corresponding Treasury Regulations. References to the *Treasury Regulations*, are to the Treasury Regulations under the Internal Revenue Code in effect. If a particular provision of the Internal Revenue Code is renumbered or the Internal Revenue Code is superseded by a subsequent federal tax law, any reference is considered to be made to the renumbered provision or to the corresponding provision of the subsequent law, unless to do so would clearly be contrary to my intent as expressed in this trust. The same rule applies to references to the Treasury Regulations.

**(g)    Legal Representative or Personal Representative**

As used in this trust document, the term *Legal Representative* or *Personal Representative* means a person's guardian, conservator, executor, administrator, Trustee, attorney in fact under a Durable Power of Attorney, or any other person or entity representing a person or the person's estate. In the case of a minor beneficiary, the beneficiary's parent or another adult with custody of the beneficiary, except for any transferor to a trust created

under this instrument, will be considered the beneficiary's Legal Representative for purposes of this trust.

**(h)    Per Stirpes**

Whenever a distribution is to be made to a person's descendants *per stirpes*, the distribution will be divided into as many equal shares as there are then-living children and deceased children who left then-living descendants. Each then-living child will receive one share, and the share of each deceased child will be divided among the deceased child's then-living descendants in the same manner.

**(i)    Plantation**

The term "*Plantation*" shall refer to The Tomotley Plantation located in the State of South Carolina while it is owned by this trust, either individually, or indirectly through ownership in The Tomotley Crew, LLC, a South Carolina limited liability company.

**(j)    Shall and May**

Unless otherwise specifically provided in this trust or by the context in which used, I use the word *shall* in this trust to impose a duty, command, direct, or require, and the word *may* to allow or permit, but not require. In the context of the Trustee, when I use the word *shall* I intend to impose a fiduciary duty on the Trustee. When I use the word *may* I intend to empower the Trustee to act with the Trustee's sole and absolute discretion unless otherwise stated in this trust. When I use the words *may not* in reference to the Trustee, I specifically mean the Trustee *is not permitted to*.

**(k)    Trust**

The terms *this trust, this document, instrument,* and *this trust document* refer to this trust and all trusts created under the terms of this trust.

**(l)    Trustee**

The terms *the Trustee* and *Trustee* refer to the Initial Trustee named in Article One and to any successor, substitute, replacement, or additional person, corporation, or other entity that ever acts as the Trustee of any trust created under the terms of this trust. The term *Trustee* refers to singular or plural as the context may require.

**(m)    Trust Property**

The term *trust property* means the Plantation and all property acquired from any source and held by a Trustee under this trust.

## Section 9.08    General Provisions and Rules of Construction

The following general provisions and rules of construction apply to this trust.

### (a)    Multiple Originals; Validity of Paper or Electronic Copies

This trust may be executed in any number of counterparts, each of which will be considered an original.

Any person may rely on a paper or electronic copy of this trust that the Trustee certifies to be a true copy as if it were an original.

### (b)    Singular and Plural; Gender

Unless the context requires otherwise, singular words may be construed as plural, and plural words may be construed as singular. Words of one gender may be construed as denoting another gender as is appropriate within the context. The word *or,* when used in a list of more than two items, may function as both a conjunction and a disjunction as the context requires.

### (c)    Headings of Articles, Sections, and Subsections

The headings of Articles, Sections, and Subsections used within this trust are included solely for the convenience of the reader. They have no significance in the interpretation or construction of this trust.

### (d)    Governing State Law

This trust is governed, construed, and administered according to the laws of Georgia, as amended, except as to trust property required by law to be governed by the laws of another jurisdiction and unless the situs of administration is changed under Section 9.05.

### (e)    Notices

Unless otherwise stated, any notice required under this trust will be in writing. The notice may be personally delivered with proof of delivery to the party requiring notice and will be effective on the date personally delivered. Notice may also be mailed, postage prepaid, by certified mail with return receipt requested to the last known address of the party requiring notice. Mailed notice is effective on the date of the return receipt. If a party giving notice does not receive the return receipt but has proof that he or she mailed the notice, notice will be effective on the date it would normally have been received via certified mail. If the party requiring notice is a minor or incapacitated individual, notice will be given to the parent or Legal Representative.

**(f)    Severability**

The invalidity or unenforceability of any provision of this trust does not affect the validity or enforceability of any other provision of this trust. If a court of competent jurisdiction determines that any provision is invalid, the remaining provisions of this trust are to be interpreted as if the invalid provision had never been included.

IN WITNESS WHEREOF, Grantor and Trustee have executed this Second Amendment to The Tomotley Crew Trust this 15th day of September, 2020.

_____
Lucian Lincoln Wood, Grantor

_____
Lucian Lincoln Wood, Trustee

Sworn to and subscribed before me by LUCIAN LINCOLN WOOD, personally known to me to be the same person whose named is signed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed the instrument as his free and voluntary act, for the uses and purposes set forth therein this 15th day of September, 2020.

(SEAL)

_____
Notary Public

NANCY PESHKE
NOTARY PUBLIC
SOUTH CAROLINA
MY COMMISSION EXPIRES 06-21-28

# Schedule A

### September 15, 2020

Ten Dollars cash

100% Membership Interest in The Tomotley Crew, LLC