IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Nicole Jennings Wade, Jonathan D. Grunberg, and G. Taylor Wilson,

    Plaintiffs,

v.

L. Lin Wood,

    Defendant.

_____/

Case No. 1:22-cv-1073-MLB

## ORDER

In August 2024, a jury found Defendant liable for defamation, awarded Plaintiffs $3.75 million in compensatory damages, and awarded Plaintiffs $750,000 in litigation expenses under O.C.G.A. § 13-6-11. (Dkts. 137; 138.) Defendant now moves under Federal Rule of Civil Procedure 50(b) to set aside the jury's award of litigation expenses. (Dkt. 147.) The Court denies Defendant's motion.

Defendant argues Plaintiffs are not entitled to litigation expenses as a matter of law because (1) in 2021 the Georgia legislature amended O.C.G.A. § 1-1-1 to say the "[a]rrangement and numbering system" in the

Georgia Code "shall be considered enacted by the General Assembly"; (2) Section 13-6-11 appears in the "Contracts" title of the Georgia Code; (3) this means Section 13-6-11 applies only in contract cases; (4) this is a tort case, not a contract case; and (5) Section 13-6-11 is thus inapplicable. (Dkt. 147 at 8–15.) The Court rejects this argument. "Georgia's appellate courts have applied O.C.G.A. § 13-6-11 . . . to both contract *and* tort actions since at least 1873," even though the provision has always "appeared in the title of the Georgia Code . . . concerning contracts." *Willis v. Blunt*, 2022 WL 1714857, at *3 (N.D. Ga. May 4, 2022); *see Vogtle v. Coleman*, 376 S.E.2d 861, 863 n.2 (Ga. 1989) ("While OCGA § 13-6-11 appears in the contracts section of our code, it has been universally applied where the underlying suit is not in contract."). Courts have continued to note the statute's application in tort cases even after Georgia amended Section 1-1-1 in 2021. *See Brooks v. Brooks*, 883 S.E.2d 880, 888 (Ga. Ct. App. 2023) ("OCGA § 13-6-11 is not only available in contract cases. . . . . Expenses of litigation are recoverable under OCGA § 13-6-11 in both tort and contract actions."); *Taylor v. Devereux Found., Inc.*, 885 S.E.2d 671, 723 n.95 (Ga. 2023) (Ellington, J. dissenting in part and concurring in part) ("[E]ven if this Court in the

2

past incorrectly allowed the predecessors to OCGA § 13-6-11 to authorize expenses of litigation in tort cases, the General Assembly has since embraced that interpretation."). And the Court cannot say the modest language in the 2021 amendment shows "clearly and unquestionably" that the legislature intended to reverse 150 years of jurisprudence on an unrelated substantive provision—the fee-shifting provision in Section 13-6-11—located 12 titles away in the Georgia Code. *Carter v. Oxford*, 118 S.E.2d 216, 219 (Ga. Ct. App. 1960) ("[T]he intention of the legislature to amend an existing law by implication must be clearly and unquestionably shown by the provisions of the amending act."); *see Brooks v. State*, 317 S.E.2d 552, 554 (Ga. Ct. App. 1984) ("The General Assembly may amend an existing law by implication; but such amendments are not favored, and never occur except where the later act is clearly and indubitably contrary to the existing law.").

Defendant also argues Section 13-6-1 unconstitutionally "treats similarly situated litigants differently" because it permits *plaintiffs*—but not *defendants*—to recover litigation expenses for bad faith, stubborn litigiousness, or unnecessary trouble and expense. (Dkt. 147 at 2–8.) The Court rejects this argument. Section 13-6-1 has been around (in one form

3

or another) for over 150 years. *See Willis*, 2022 WL 1714857, at \*3. No court has ever suggested it is unconstitutional. (*See* Dkt. 161 at 208–209.) It is unclear how the statute could be unconstitutional "as applied in this case" (Dkt. 147 at 2.)—or how any ruling to that effect could be anything but advisory—when Defendant has never sought to assert a claim under Section 13-6-1, does not say he would have asserted such a claim were the statute available to him here, and has not shown Plaintiffs actually acted in bad faith, were stubbornly litigious, or caused him unnecessary trouble and expense, as required for an award under the statute. Section 13-6-11 treats plaintiffs and defendants the same because it allows both to recover litigation expenses "as a part of [their] damages" for an underlying claim, even if the underlying claim is a *counter*claim brought by defendants. O.C.G.A. § 13-6-11; *see Beall v. F.H.H. Const., Inc.*, 388 S.E.2d 342, 345 (Ga. Ct. App. 1989) (defendant may seek litigation expenses under Section 13-6-11 if he asserts an independent counterclaim); *Junior v. Graham*, 870 S.E.2d 378, 382 (Ga. 2022) (Section 13-6-11 damages are for "conduct arising from the transaction underlying the cause of action being litigated, not conduct during the course of the litigation itself"). It is not unconstitutional to

"compensate an injured party for the costs incurred as a result of having to seek legal redress for the injured party's legitimate grievance" (and, if it were, numerous well-known statutes would be at risk of invalidation). *Forsyth Cnty. v. Martin*, 610 S.E.2d 512, 516–17 (Ga. 2005); (Dkt. 167 at 7 (listing at-risk statutes)). A statute authorizing such compensation rationally pursues several legitimate goals, including to ensure victims of unlawful conduct are made whole in obvious or egregious cases they are forced to litigate. (*See* Dkts. 147 at 6–7; 167 at 11 (parties agree Section 13-6-11 is subject to rational basis review).) Other statutes also allow defendants who do not possess a cause of action, to seek attorneys' fees against an abusive plaintiff. *See, e.g.*, O.C.G.A. §§ 9-11-68, 9-15-14; Fed. R. Civ. P. 11. Defendant has not shown Section 13-6-1 is unconstitutional and the Court **DENIES** his Motion for Judgment as a Matter of Law (Dkt. 147).

    **SO ORDERED** this 27th day of June, 2025.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE